Rakesh M. Kilaru (*pro hac vice*)
Anastasia N. Pastan (*pro hac vice*)
Jenna Pavelec (*pro hac vice*)
WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
rkilaru@wilkinsonstekloff.com
apastan@wilkinsonstekloff.com
jpavelec@wilkinsonstekloff.com

Valarie C. Williams (Bar No. 335347)
Tania Rice (Bar No. 294387)
Alston & Bird LLP
5600 Mission Street, Suite 2100
San Francisco, CA 94105
Telephone: (415) 243-1000
Fax: (415) 243-1001
valarie.williams@alston.com
tania.rice@alston.com

*Counsel for Defendant Microsoft Corp.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| DANTE DEMARTINI, CURTIS BURNS, JR., NICHOLAS ELDEN, JESSIE GALVAN, CHRISTOPHER JOSEPH GIDDINGS-LAFAYE, STEVE HERRERA, HUNTER JOSEPH JAKUPKO, DANIEL DERMOT ALFRED LOFTUS, BEOWULF EDWARD OWEN, and IVAN CALVO-PEREZ,<br><br>Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION, a Washington Corporation,<br><br>Defendant. | Case No. 3:22-cv-08991-JSC<br><br>**DEFENDANT MICROSOFT CORPORATION'S NOTICE OF MOTION AND ADMINISTRATIVE MOTION TO EXPEDITE BRIEFING; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF**<br><br>Civ. L.R. 6-3, 7-11<br><br>The Honorable Jacqueline Scott Corley<br><br>No Hearing Date Set Pursuant to L.R. 7-11(c) |

**NOTICE OF MOTION AND ADMINISTRATIVE MOTION**

**TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendant Microsoft Corporation will, and hereby does, move this Court to expedite the briefing schedule on the pending Motion to Stay.

The motion will be made based on this Notice of Motion and Administrative Motion, the Memorandum of Points and Authorities herein, the accompanying Declaration of Rakesh Kilaru, the Proposed Order, all other papers and pleadings on file in this action, and any other written or oral argument or evidence that Microsoft might present to the Court.

**REQUESTED RELIEF**

1. Microsoft requests that the Court exercise its discretion to expedite briefing and any hearing on its motion to stay.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

Microsoft respectfully requests that the Court expedite the briefing schedule on the pending motion to stay this case.  *See* Motion to Stay, Dkt. # 27.  Plaintiffs seek to litigate this case prematurely, in parallel proceedings that largely duplicate those initiated by the Federal Trade Commission ("FTC") on December 8, 2022.  *See* Ex. A to Mot. to Stay, FTC Complaint.  Microsoft has asked this Court to stay proceedings pending the resolution of multiple regulatory proceedings that prevent the parties from closing the transaction.  *See* Motion to Stay, Dkt. # 27.  Absent an expedited briefing schedule on the motion to stay, Microsoft will have to expend resources on its opposition to the preliminary injunction motion, which is due on January 20, 2023.  But Plaintiffs have no need for urgent, preliminary relief because the transaction they seek to enjoin (Microsoft's acquisition of Activision Blizzard King), cannot close until at least April 26, 2023.  *See* Ex. G. to Mot. To Stay, Competition & Markets Authority Notice of Extension (Jan. 5, 2023).

Microsoft also seeks expedited briefing on its motion because Plaintiffs recently indicated that they seek to begin discovery immediately, including by attempting to depose senior leaders at Microsoft and other third parties and to collect large swathes of highly sensitive business documents.  *See* Decl. of R. Kilaru ISO Mot. to Expedite Briefing ¶ 5.  Without relief, Microsoft will be taxed by burdensome and duplicative discovery requests while it awaits a decision on the motion to stay.

**STATEMENT OF ISSUES TO BE DECIDED**

Whether to expedite the briefing on the pending motion to stay all proceedings in this case.

**STATEMENT OF FACTS**

This case challenges the proposed transaction between the third-place manufacturer of gaming consoles, Xbox, and one of many publishers of popular video games, Activision Blizzard King ("Activision").  On January 18, 2022, Microsoft announced its agreement to acquire Activision.  Microsoft and Activision's agreement imposes a termination date of July 18, 2023.

1  *See* Ex. H to Mot. to Stay, Microsoft/Activision Merger Agreement (Jan. 18, 2022), at 84. Cognizant of that deadline, Microsoft and Activision have worked diligently to ensure that they have the global regulatory approval to proceed with the acquisition. Microsoft cannot close the transaction while certain foreign regulatory reviews remain open; the European Commission's current deadline for completing review is April 11, 2023, and the United Kingdom Competition and Markets Authority's deadline is April 26, 2023. *See* Ex. F to Mot. to Stay, European Commission Docket Notice (Nov. 18, 2022); Ex. G to Mot. to Stay, Competition & Markets Authority Notice of Extension (Jan. 5, 2023).

On December 8, 2022, the FTC filed a complaint against Microsoft and Activision before the agency's Administrative Law Judge ("ALJ"), alleging that the proposed acquisition would violate federal antitrust laws. *See* Ex. A to Mot. to Stay, FTC Complaint (Dec. 8, 2022). The FTC seeks to prohibit Microsoft acquiring Activision, and trial is currently scheduled for August 2, 2023. Given the time constraints on closing the deal, Microsoft, Activision, and the FTC's complaint counsel agreed to an expedited schedule, with fact discovery scheduled to close on April 7, 2023. *See* Ex. E to Mot. to Stay, FTC Scheduling Order (Jan. 4, 2023). The schedule maximizes the likelihood that any proceedings by the FTC (either trial before the ALJ or a preliminary injunction hearing in federal court, which the FTC has indicated it will pursue if necessary) can be litigated and resolved by July 18, 2023.

Against that regulatory backdrop, and just weeks after the FTC filed its complaint, Plaintiffs filed this lawsuit and simultaneously moved for a preliminary injunction to block the proposed transaction on December 20, 2022. Like the FTC, Plaintiffs allege that the proposed acquisition would lessen competition in various markets within the video game industry, violating Section 7 of the Clayton Act. And Plaintiffs seek precisely the same relief—to block the proposed transaction.

On December 30, 2022, the parties in this case entered a stipulation to extend all deadlines by two weeks. *See* Stipulation, Dkt. # 16. On January 9, 2023, the parties held a teleconference to discuss the filing of the motion to stay and discovery. Plaintiffs indicated they would oppose

the motion to stay. On January 11, 2023, counsel for Microsoft notified Plaintiffs of their intention to file this motion.

## ARGUMENT

**I.      This Court should enter an expedited briefing schedule on the motion to stay.**

Pursuant to Civil Local Rules 6-3 and 7-11, Microsoft requests an expedited briefing schedule and any hearing on its motion to stay. *See* Civ. L.R. 6-3; Civ. L.R. 7-11.

**A.      An expedited briefing schedule would avoid litigating this case prematurely and conserve the parties' resources.**

Without an expedited briefing schedule on the motion to stay, Microsoft will very likely suffer substantial harm—the unnecessary expenditure of resources to respond to Plaintiffs' preliminary injunction motion, which prematurely seeks to enjoin a transaction that cannot close for several months. Defendant's opposition to the preliminary injunction motion is due on January 20, 2023, well before briefing on the motion to stay would be complete on February 1, 2023. But requiring Microsoft to litigate the preliminary injunction motion while this Court considers the stay motion would undermine the very purpose of the stay: to avoid forcing Microsoft to defend this case on two fronts.

Moreover, Plaintiffs have made clear that they intend to start discovery as soon as possible. Before filing the stay motion, defense counsel sought to meet and confer with Plaintiffs' counsel. Decl. of R. Kilaru ¶ 3. A teleconference was held on January 9, 2023, during which Plaintiffs stated their intent to begin fact discovery as soon as possible, including by attempting to notice depositions and demanding the production of voluminous sensitive business documents. *See id.* ¶¶ 3–4.

In light of this information, Microsoft seeks to expedite the briefing schedule on the motion to stay. Without certainty concerning the status of this litigation, Microsoft will have to expend resources opposing Plaintiffs' motion and potentially beginning the discovery process, and the Court may be asked to resolve disputes that would not occur if a stay is granted.

Any harm to Plaintiffs posed by an expedited briefing schedule is outweighed by the

benefits of a speedy resolution of the motion to stay.  Plaintiffs' interest, as evidenced by their representations to counsel for Microsoft, are to advance this litigation as quickly as possible. Expediting the briefing schedule on the motion to stay would further that interest.  In the event that the Court decides to deny the stay, Plaintiffs will be in the same position as they are today; namely, they can litigate their motion for preliminary injunction, and if that is unsuccessful, the case will proceed to discovery.  Meanwhile, Microsoft and Activision still will not be able to close the transaction.

As explained in the brief in support of Microsoft's motion to stay, a stay is especially appropriate here, where there is no risk of harm to Plaintiffs from staying their case while regulatory proceedings are ongoing.  Plaintiffs' interests are aligned with those of the FTC, which is investigating the same issues raised by the Plaintiffs' complaint; the transaction cannot close because of ongoing investigations; and the FTC can seek an injunction in federal court to block the transaction to the extent there is any risk of the parties to the transaction closing before that case is resolved.  For the same reasons, it makes sense to expedite consideration of the stay.

## CONCLUSION

For these reasons, Microsoft respectfully requests that the Court grant its administrative motion to expedite the briefing schedule on the pending motion to stay.

Dated: January 11, 2023

By: /s/ *Rakesh N. Kilaru*
Rakesh N. Kilaru (*pro hac vice*)
Anastasia M. Pastan (*pro hac vice*)
Jenna Pavelec (*pro hac vice*)
WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
rkilaru@wilkinsonstekloff.com
apastan@wilkinsonstekloff.com
jpavelec@wilkinsonstekloff.com

Valarie C. Williams (Bar No. 335347)
Tania Rice (Bar No. 294387)
Alston & Bird LLP
5600 Mission Street, Suite 2100
San Francisco, CA 94105
Telephone: (415) 243-1000
Fax: (415) 243-1001
valarie.williams@alston.com
tania.rice@alston.com

*Counsel for Defendant Microsoft Corp.*

Rakesh N. Kilaru (*pro hac vice*)
Anastasia M. Pastan (*pro hac vice*)
Jenna Pavelec (*pro hac vice*)
WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
rkilaru@wilkinsonstekloff.com
apastan@wilkinsonstekloff.com
jpavelec@wilkinsonstekloff.com

Valarie C. Williams (Bar No. 335347)
Tania Rice (Bar No. 294387)
Alston & Bird LLP
5600 Mission Street, Suite 2100
San Francisco, CA 94105
Telephone: (415) 243-1000
Fax: (415) 243-1001
valarie.williams@alston.com
tania.rice@alston.com

*Counsel for Defendant Microsoft Corp.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| DANTE DEMARTINI, CURTIS BURNS, JR., NICHOLAS ELDEN, JESSIE GALVAN, CHRISTOPHER JOSEPH GIDDINGS-LAFAYE, STEVE HERRERA, HUNTER JOSEPH JAKUPKO, DANIEL DERMOT ALFRED LOFTUS, BEOWULF EDWARD OWEN, and IVAN CALVO-PEREZ,<br><br>Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION, a Washington Corporation,<br><br>Defendant. | Case No. 3:22-cv-08991-JSC<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT MICROSOFT CORPORATION'S NOTICE OF MOTION AND ADMINISTRATIVE MOTION TO EXPEDITE BRIEFING**<br><br>Civ. L.R. 6-3, 7-11<br><br>The Honorable Jacqueline Scott Corley<br><br>No Hearing Date Set Pursuant to L.R. 7-11(c) |

-2-

# [PROPOSED] ORDER

Defendant Microsoft moved to expedite the briefing of its motion to stay the action pending the resolution of *In re Microsoft/Activision Blizzard*, No. 9412, brought by the Federal Trade Commission before the agency's Administrative Law Judge.  Plaintiffs' opposition to this motion is due _____, 2023, and any reply by Defendant Microsoft is due _____, 2023.  A hearing on this motion will be held on _____, 2023.

After considering the briefs, the arguments of counsel, and the evidence of record, the Court GRANTS Defendant's Administrative Motion to Expedite Briefing.

**IT IS SO ORDERED.**

Date: _____    _____

Hon. Jacqueline Scott Corley

UNITED STATES DISTRICT COURT JUDGE