Pages 1 - 20

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Jacqueline Scott Corley, Judge

| | | |
|---|---|---|
| DANTE DEMARTINI, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| VS. | ) | **NO. C 22-08991 JSC** |
| | ) | |
| MICROSOFT CORPORATION, a | ) | |
| Washington Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

San Francisco, California
Thursday, January 19, 2023

**TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND
RECORDING 10:01 - 10:23 a.m.**

**APPEARANCES**:

For Plaintiffs:
        ALIOTO LAW FIRM
        One Sansome Street - 35th Floor
        San Francisco, California  94104
    **BY:  JOSEPH M. ALIOTO, ATTORNEY AT LAW
        TATIANA V. WALLACE, ATTORNEY AT LAW**

        JOSEPH SAVERI LAW FIRM, LLP
        601 California Street - Suite 1000
        San Francisco, California  94108
    **BY:  JOSEPH R. SAVERI, ATTORNEY AT LAW**
        DAVID H. SEIDEL, ATTORNEY AT LAW
        STEVEN N. WILLIAMS, ATTORNEY AT LAW

**(APPEARANCES CONTINUED ON THE FOLLOWING PAGE)**

Transcribed By:     Marla F. Knox, RPR, CRR, RMR
           United States Official Court Reporter

```
 1   APPEARANCES:   (cont'd)

 2   For Defendant:
                         WILKINSON STEKLOFF LLP
 3                       2001 M Street, NW - 10th Floor
                         Washington, D.C.  20036
 4               BY:  ANASTASIA M. PASTAN, ATTORNEY AT LAW
                      JENNIFER PAVELEC, ATTORNEY AT LAW
 5
                         ALSTON & BIRD
 6                       560 Mission Street - Suite 2100
                         San Francisco, California  94105
 7               BY:  VALARIE C. WILLIAMS, ATTORNEY AT LAW

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1   Thursday - January 19, 2023                    10:01 a.m.

 2                      P R O C E E D I N G S

 3                          ---o0o---

 4       THE CLERK:  Calling civil action 22-8991, DeMartini,

 5   et al. versus Microsoft.

 6       Counsel, please come to the podium and state your

 7   appearance.

 8       MR. ALIOTO:  May it please the Court, Joseph Alioto

 9   for the Plaintiffs.

10       THE COURT:  Good morning.

11       MS. PASTAN:  Anastasia Pastan for the Defense.

12       THE COURT:  All right.  I think Mr. Alioto is going to

13   introduce the rest of his team.

14       MR. ALIOTO:  Absolutely.  Cannot survive without them,

15   Your Honor.  Come on, Joseph.  Come on, Tatiana.

16       MR. SAVERI:  Good morning, Your Honor, Joseph Saveri

17   on behalf of the Plaintiff.

18       THE COURT:  Good morning.

19       MR. SEIDEL:  Good morning, David Seidel on behalf of

20   the Plaintiff.

21       MS. WALLACE:  Good morning, Your Honor, Tatiana

22   Wallace.

23       MR. WILLIAMS:  And good morning, Your Honor, Steve

24   Williams.

25       THE COURT:  Good morning.  All right.  Now for
```

1   Microsoft.

2          **MS. PASTAN:**  Good morning, Anastasia Pastan for

3   Microsoft.

4                      (Pause in proceedings.)

5          **MS. WILLIAMS:**  Valarie Williams for Microsoft.

6          **MS. PAVELEC:**  Jennifer Pavelec for Microsoft.

7          **THE COURT:**  All right.  Good morning.  Okay, so

8   whoever is going to argue if you can come up for each side.

9   For the Plaintiff, is that you, Mr. Alioto?

10         **MR. ALIOTO:**  It is, Your Honor.

11         **THE COURT:**  All right.  So -- oh, first, I need to

12  make a disclosure.  My 25-year-old son works for Microsoft in

13  their medical AI division.  So it's not a disqualifiable

14  conflict because he is an adult and has nothing whatsoever to

15  do with video games.  So I disclosed that my children did play

16  Call of Duty as kids, and I probably have it sitting somewhere

17  in my house.

18                          (Laughter)

19         **MR. ALIOTO:**  Not an issue, Your Honor.

20         **THE COURT:**  All right.  Anyway, I just wanted --

21         **MR. ALIOTO:**  I would play the games if I understood

22  how to do it.

23         **THE COURT:**  I just wanted to put it out there because

24  someone could say "Oh, Judge Corley's son works for

25  Microsoft" -- he is 25 and he has been there since August, I

1    think.

2        **MR. ALIOTO:**  No issue.  No issue, Your Honor.

3        **THE COURT:**  Okay.  So let's start -- so reading the

4    papers, I am -- it is established, I think, that the Plaintiffs

5    have to have the opportunity to bring a motion for preliminary

6    injunction before the merger.  So what is Microsoft's proposal

7    to ensure that they have that opportunity?

8        **MS. PASTAN:**  Microsoft's position is that while it is

9    not appropriate for a preliminary injunction to proceed right

10   now, if the opportunity for the transaction to close arises and

11   the FTC has not moved for a preliminary injunction and

12   prevented it from closing, then that would be the appropriate

13   time for the Plaintiff to bring a motion for a preliminary

14   injunction.

15       **THE COURT:**  But what is Microsoft willing to stipulate

16   to ensure that the Plaintiffs don't lose that opportunity?

17       **MS. PASTAN:**  Your Honor, if you were concerned that

18   the Plaintiffs would lose that opportunity, we would recommend

19   that you shape the relief to require Microsoft to inform the

20   Court that closing was imminent and provide the Plaintiffs with

21   the opportunity to move for preliminary injunction and prevent

22   the closing.

23       **THE COURT:**  Well, but -- so what you are saying is

24   Microsoft is not willing to stipulate that it will not -- will

25   not close the deal without giving the Plaintiff, whatever, X

1  amount of time to bring their motion for preliminary injunction

2  and have it heard?

3       **MS. PASTAN:**  I think we may be saying something that

4  is very similar and that if the -- if that is what the Court

5  was inclined to require, we would stand ready --

6       **THE COURT:**  This is your motion to stay; right.  It is

7  your motion to stay, not their motion for preliminary

8  injunction, which is pending.  So that's why I asked you.  It

9  is your motion.

10      I'm not going to grant the motion to stay for all the

11  reasons they said -- and I haven't heard any argument against

12  it, which is that they could lose their opportunity to bring

13  their motion for preliminary injunction because you -- the deal

14  could close in a month or two months or, you know, something.

15      I mean, if Microsoft were willing to stipulate, the deal

16  won't close before March 31st, then at least we could drag out.

17      Here is what I think the issue is in terms of doing it all

18  now is what the merger looks like, if it goes forward, may

19  change; right.

20      FTC may require certain things that changes and so that

21  you will be shooting at something that is then different than

22  what is actually in front of it.  We don't want to waste that

23  time in terms of the briefing or the preliminary injunction.

24      On the other hand, without some stipulation in place,

25  then, as they point out, they could be irreparably harmed

1  because the merger could occur without them having the

2  opportunity to bring their motion.

3       **MS. PASTAN:**  Microsoft is willing to allow Plaintiffs

4  the opportunity to litigate.  We believe that we would win.  We

5  have good reasons to think that they would not be able to stop

6  the transaction from closing, but we are very willing to

7  litigate.

8      And we agree with the Court that it is appropriate to wait

9  to litigate to make sure that the discovery is -- is

10  commensurate with the shape of the case at the appropriate

11  time.

12      Whether that looks like a stipulation for a particular

13  amount of time, I think that's something that we would have to

14  confer with the Plaintiffs about how much time they would need.

15       **THE COURT:**  Well, let me ask Mr. Alioto.

16       **MR. ALIOTO:**  Yes, Your Honor.

17       **THE COURT:**  So I agree with your papers that you have

18  to have the opportunity to bring the motion.  What I don't want

19  to go -- like if we were just to go forward now, I would say:

20  Okay, answer -- you know, do your response in a week and we

21  have a motion; but then it all might change, right, what the --

22  what the merger looks like.

23      And I think what your concern is you want to have the

24  opportunity to understand and go forward with the discovery.

25      Putting that aside, what -- do you have a proposal that

1  would work short of going forward with the motion right now?

2       **MR. ALIOTO:**  Your Honor, since the -- since Microsoft

3  in response to your question didn't answer it and since they

4  are not willing to stipulate here that they will not go forward

5  until this Court has the opportunity to look at the preliminary

6  injunction, then I think that the Court should make it clear to

7  them today that they best not close the merger.

8       Under their agreement, which is Exhibit E to what they

9  filed, they can close the merger at any time that it is agreed.

10      **THE COURT:**  No.  I understand.

11      **MR. ALIOTO:**  Okay.

12      **THE COURT:**  I understand.

13      **MR. ALIOTO:**  And these other -- and the so-called

14 Europeans -- as if we were subservant to the Europeans -- they

15 are going to be finished in April, and the Federal Trade

16 Commission will not have their trial until August.

17      **THE COURT:**  Well, what I was thinking, would Microsoft

18 be willing to stipulate that they would not close before

19 March 31st?

20      **MS. PASTAN:**  There is no chance that the deal can

21 close before March 31st.

22      **THE COURT:**  Does that mean that Microsoft would be

23 willing to stipulate?

24      **MS. PASTAN:**  Yes.

25      **MR. ALIOTO:**  Okay.

1          THE COURT:  Okay, all right.  So, having heard that

2     then --

3          MR. ALIOTO:  Okay.

4          THE COURT:  -- perhaps what we could do then -- all

5     right.  So now let's talk about discovery.  So now there isn't

6     an urgency in sort of having the motion heard this month or

7     even in February.  We have to have it heard before March 31st.

8          MR. ALIOTO:  I believe -- I would make this respectful

9     suggestion.  I believe that the discovery could not -- would

10    not take more than two, maybe three weeks maximum.  We have

11    approximately six very important decision -- depositions.  They

12    will be very short, as a matter of fact.

13        The Court should be aware that we are entitled to the

14    Hart-Scott-Rodino documents, which there is no real need to

15    seek discovery of the documents as usual; and we would be

16    prepared to go to trial certainly in the first week of April,

17    if not the last week of March.

18         THE COURT:  Okay.  Well, but we are talking about your

19    preliminary injunction motion; right.

20         MR. ALIOTO:  Well, okay.  May I make this suggestion

21    or the Court might consider this?  It has been my experience in

22    a number of these cases that the preliminary injunction is

23    joined with the preliminary injunction [sic] and the evidence

24    is pretty much the same.

25        They were supposed to respond to the preliminary

1    injunction tomorrow and -- which shows, by the way, that they

2    are not prejudiced by any of this -- but I would suggest

3    that -- that with the concession now that they will not be --

4    they will not close any merger until March 31 --

5              **THE COURT:**  At the earliest.

6              **MR. ALIOTO:**  Pardon me?

7              **THE COURT:**  At the earliest.

8              **MR. ALIOTO:**  All right.  At the earliest.  Well, okay,

9    I didn't hear her say that one.

10             **THE COURT:**  If they won't close by March 31st, that's

11   the earliest.  It is not that they will close on March 31st.

12             **MR. ALIOTO:**  Okay, that's right.  Yeah, okay.  So then

13   I don't see why we could not have the trial, if it please

14   Your Honor prior to that.

15             **THE COURT:**  Well, I haven't looked at it.  I don't

16   know.  Usually, as you know, the Judge decides whether to

17   consolidate preliminary injunction with trial on the merits

18   until you have reviewed --

19             **MR. ALIOTO:**  That's true.

20             **THE COURT:**  -- the papers, and I don't know what

21   Microsoft's position is.

22             **MS. PASTAN:**  So, our position -- and I think this goes

23   back to what you said a moment ago, Your Honor -- is that it

24   wouldn't be appropriate to consolidate them in this case

25   because there are these ongoing proceedings that will shape the

1    transaction and possibly obviate the need for any relief at all

2    depending on what happens not only in the foreign proceedings

3    that are going on but also in the FTC litigation.

4        So consolidating them at this time would be -- would make

5    little sense because it could very much lead to kind of -- like

6    an unnecessary ruling or an inconsistent one.

7            THE COURT:  I mean, I can decide that at any time.  I

8    can decide that at the preliminary injunction hearing; right.

9            MR. ALIOTO:  Yeah.

10            THE COURT:  If I look at it and decide I need an

11    evidentiary hearing, for example, to resolve it, maybe we will

12    decide to do it that way.

13            MR. ALIOTO:  Yes.

14            THE COURT:  So what about discovery?  Oh, no, this is

15    for Microsoft.

16            MR. ALIOTO:  Oh, sorry.

17            MS. PASTAN:  Again, consistent with our papers and

18    what I said a moment ago, our position is that the discovery

19    doesn't make sense at this stage because it will very likely be

20    shaped by the regulatory proceedings that will shape the

21    transaction.  And, in fact, those regulatory proceedings could

22    fully obviate the need for any discovery or resolution of

23    discovery disputes.

24            THE COURT:  Well, let's do this, if we were to --

25    let's see.  We need to set the hearing on the preliminary

1  injunction far enough in advance of the 31st so I can make a

2  decision.

3       So, this is what I'm going to do.  I'm going to set a

4  schedule, and we could always pull that schedule out depending

5  on Microsoft's willingness to stipulate that it won't close the

6  deal; you see.

7       So my concern is that I have the hearing and I can rule on

8  it far enough in advance that the relief they seek isn't

9  mooted; okay.

10      So if right now -- and I understand maybe you will go back

11 and you will be able to stipulate to some later date -- but for

12 right now, if it is the 31st, the preliminary injunction

13 hearing would be the 23rd of March.

14      And so your opposition, let's say -- well, so the -- so

15 the discovery you want -- it's going to be with your reply.

16 I'm trying to figure out -- because you filed a motion for

17 preliminary injunction without that discovery.

18      **MR. ALIOTO:**  Yes, Your Honor, because the preliminary

19 injunction is only pending the permanent injunction.  So it's

20 between the preliminary and permanent injunction that we would

21 conduct the discovery.

22      Under their agreement with the Federal Trade Commission,

23 they are supposed to finish their discovery April 7th, and they

24 have these decisions -- you know, and they have these drop-dead

25 dates of April 18 and things like that.  You know, it's a big

1    concern to us.

2        Now the Court has the concession that they are not going

3    to do anything until March 31 at the earliest.  So, I think

4    that we should have -- our discovery is relatively limited,

5    Your Honor.  We haven't gotten the documents.  We were supposed

6    to have got them.

7        If you have the Hart-Scott-Rodino documents, you have the

8    basic documents that are going to be used during the trial and

9    the case.

10       The depositions are relatively simple.  We have the Chief

11   Executive Officer, Mr. Nadella, Mr. Kotick, Mr. Smith, and the

12   representatives of Sony and Nintendo.

13       **THE COURT:**  Have you consulted with the FTC yet about

14   the possibility of coordinating discovery?

15       **MR. ALIOTO:**  No, I haven't, Your Honor.  And under

16   their schedule, they do things a lot different than the

17   Plaintiffs would do it.

18                        (Laughter)

19       **THE COURT:**  I don't know.  I mean, often, right, we

20   seek coordination.  I'm just wondering is that not a -- I mean,

21   I don't know.  You have probably more experience with the FTC.

22   Is that not a possibility?

23       **MR. ALIOTO:**  Because the issues are different,

24   generally speaking we do not consolidate with the government.

25   We may consolidate with state governments maybe but the Federal

1  Trade Commission with regard to their discovery are -- is with

2  regard to the merger guidelines, which we do not use.

3        **THE COURT:**  No.  I understand that.  I was more

4  thinking if the same person is going to be deposed in both

5  cases --

6        **MR. ALIOTO:**  I don't know that they --

7        **THE COURT:**  -- if you coordinate that and you still

8  get your seven hours or whatever it may be.

9        **MR. ALIOTO:**  I don't know that they generally take the

10  Chief Executive Officer, Your Honor.

11        **THE COURT:**  Okay.

12        **MR. ALIOTO:**  We do.  If they do, I mean, I can call

13  and ask them --

14        **THE COURT:**  All right.  This is --

15        **MR. ALIOTO:**  -- and inquire like that.

16        **THE COURT:**  I don't know.  I was just throwing that

17  out there because -- yes?

18        **MS. PASTAN:**  No.  I just wanted to flag that most of

19  the people that Plaintiff has listed that they intended to

20  depose are actually third parties who are not part of the

21  proceeding and Microsoft has no control over.  As a matter of

22  fact, I think that would extend discovery significantly

23  bringing those parties in.

24        **THE COURT:**  Well, maybe that's a reason why they

25  should get the subpoenas served now then.

1                    (Pause in proceedings.)

2          **MS. PASTAN:**  As I mentioned a moment ago -- you know,

3    whether those people even need to be deposed may -- it may be

4    fully unnecessary to depose them and to involve --

5          **THE COURT:**  Yes.  But what I hear Microsoft saying is

6    it is not willing to stipulate -- and I understand because you

7    have a July drop-dead date; right -- is not willing to

8    stipulate that it will hold off on the merger pending

9    Plaintiffs getting the discovery they believe they need.

10         So, I think at least with the third-party discovery, they

11   should serve the subpoenas because I bet you are correct; that

12   there will probably be some fights about this from those third

13   parties.

14         So, anyway, this is what I think we should do -- I mean,

15   I'm not granting the motion to stay.  What I am doing is I'm

16   scheduling the -- putting out the motion for preliminary

17   injunction to March 23rd; okay?

18         And then what I want you to do -- because I'm not sure

19   that you have talked -- is now talk.  So, now knowing that we

20   have until March 23rd for the preliminary injunction hearing, I

21   want you to meet and confer and see how much time.

22         I agree, if your opposition could be due as late as

23   possible, that will give us the most up-to-date information;

24   right.  That will give us the most up-to-date, but you still

25   then have to leave enough room for them to reply.  And I want

1  the reply in by the 9th of March.

2      So just work out a schedule in that sense, and then what I

3  think I will do is I will see you again -- are you here or are

4  you in Seattle or D.C. -- we can do a status.  We can do it by

5  video unless you want a trip out here.

6                      (Laughter)

7          MS. PASTAN:  The weather is nice.

8          THE COURT:  In two weeks.  And then we can talk more

9  about discovery.  In the meantime, I want you to -- you know,

10  because I think what I understood was that you hadn't really

11  had conversations yet about discovery because Microsoft's

12  position was that they wanted a stay.

13          MR. ALIOTO:  Well, no.  We did have discussions,

14  Your Honor, and we had set previous dates, as Your Honor may

15  know.  And then they changed their mind.  We did have

16  discussions about the Hart-Scott-Rodino documents and those are

17  easy for them to get us.

18          THE COURT:  Documents, there is no reason for that not

19  to go forward.

20          MR. ALIOTO:  Yes.  Thank you.

21          MS. PASTAN:  Your Honor, the -- as mentioned in the

22  motion to expedite, we had asked Plaintiffs to confer about the

23  motion to stay before we filed it; and we believe that they

24  wanted to schedule a Rule 26 conference but instead they

25  suggested that they were ready to go forward with the Rule 26

1  conference on that day and we were simply just not ready to

2  proceed.  We are happy to set and date and time and confer with

3  them about February.

4       **THE COURT:**  Okay, all right.  So what I will do,

5  though, is, let's set a CMC for -- today is the 19th -- for

6  February 2nd; is that right?  Is that two weeks from today?

7       **THE CLERK:**  Yes.

8       **THE COURT:**  And then by January 31st give me your

9  updated statement and tell me what the plan is; when is the

10  reply going to be for the preliminary injunction, when is the

11  opposition, and what are the positions in where you are with

12  respect to discovery.

13     And then at least -- I'm not staying anything; okay.  I'm

14  not staying anything but then we can discuss it again on

15  February 2nd.

16       **MR. ALIOTO:**  I do want to -- if I might, Your Honor --

17  the Court mentioned they have a drop-dead date of July.  They

18  said that but they expect to get these responses from these

19  foreign governments in April, first week; and they have also

20  set in their merger documents April 18 as the date in which

21  they are making these payments to the stockholders.

22     And obviously we are concerned but we now have the

23  assurance that they are not going to close until the 31st and

24  that the part of the merger agreement, which is Exhibit E to

25  their deal, where they say they can close at any time, you

1  know, if they both agree and they can do it overnight, that is

2  no longer on the table, as I understand it.  And so they are

3  compelled not to close before the 31st of March.

4          **THE COURT:**  Correct.

5          **MR. ALIOTO:**  Thank you.

6          **MS. PASTAN:**  Your Honor, I think it really

7  mischaracterizes things to suggest that we could close

8  overnight.

9          As we have said, a deal cannot close -- at the moment

10  cannot close until multiple regulatory proceedings go forward.

11  The FTC has said even if we reach the ability to close, they

12  would move in federal court for their own preliminary

13  injunction to prevent the deal from closing and --

14          **THE COURT:**  Then all that means is that Microsoft

15  should stipulate.  It is either -- put your money where your

16  mouth is.  Stipulate then to whatever date.

17          You have stipulated to March 31st.  Any date after that,

18  if Microsoft is unwilling to stipulate, then I can't accept

19  that the merger won't happen.  Otherwise, you would stipulate

20  because it's no big deal.

21          Just stipulate.  It can't happen before, you know,

22  June 15th.  It just can't as a legal matter or a practical

23  matter.  Okay.  Then stipulate.  There is no reason not to.

24          The only reason not to would be to leave open the

25  possibility that you could actually close before then at least

1   as far as I can see.

2            **MS. PASTAN:**  Even if the deal were to close, it's not

3   as though the harm that Plaintiff alleged would occur

4   overnight.  As I stated at the beginning of this argument,

5   Microsoft is ready to litigate this case, you know, should the

6   opportunity to close arise.  It just hasn't arisen.

7            **THE COURT:**  So, the opportunity to close has arisen.

8   The merger has been announced and things are moving forward and

9   Microsoft is moving to get its approval.  So, it is moving

10  forward.

11       But, look, to your point, we have now on calendar

12  March 23rd is the preliminary injunction.

13       To Microsoft's point, that drags it out a bit so that we

14  can have at least at that point the most up-to-date

15  information.

16       If Microsoft wants to drag it out beyond that, Microsoft

17  needs to stipulate that it will not close.

18       Right now on the record -- and I accept that they will not

19  close -- earliest would be March 31st, but you can drag the

20  schedule out further by stipulating to a later date.

21            **MS. PASTAN:**  If Microsoft were willing to stipulate to

22  a later date, could we move to the Court to that effect?

23            **THE COURT:**  You could stipulate probably; right.  They

24  want to have the most up-to-date information as well, I would

25  think.

1        **MR. ALIOTO:**  We would stipulate, of course.

2        **THE COURT:**  Yeah, yeah.  They just need a stipulation.

3   They need a stipulation.  That's what they need.  But for

4   now -- for now it will be March 31st is the stipulation.  That

5   would be the earliest possible date for a closing.

6        Preliminary injunction hearing March 23rd.

7        There is no stay in place but I will see you back on

8   February 2nd.  So now you can go -- since you are here, you can

9   go down to the attorney lounge on the 18th floor.  You can meet

10  and have your Rule 26 conference and sort of figure it out and

11  then give me a statement by January 31st, joint statement, so

12  that I can help you manage discovery in a way that makes sense.

13       So I think they want to do it in a way that makes sense as

14  well, as do I; but I just have to ensure that they are not

15  prejudiced in terms of having their motion -- their preliminary

16  injunction heard before Microsoft could close.

17       **MR. ALIOTO:**  Thank you, Your Honor.

18       **MS. PASTAN:**  Thank you, Your Honor.

19       **THE COURT:**  Okay.  Thank you.

20            (Proceedings adjourned at 10:23 a.m.)

21                       ---oOo---

22

23

24

25

1

2                          <u>**CERTIFICATE OF REPORTER**</u>

3          I certify that the foregoing is a true and correct

4    transcript, to the best of my ability, of the official

5    electronic sound recording provided to me by the U.S. District

6    Court, Northern District of California, of the proceedings

7    taken on the date and time previously stated in the

8    above-entitled matter.

9          I further certify that I am neither counsel for, related

10   to, nor employed by any of the parties to the action in which

11   this proceeding was taken; and, further, that I am not

12   financially nor otherwise interested in the outcome of the

13   action.

14

15   DATE:   Friday, January 20, 2023

16

17

18                _____

19                     *Marla Knox*

20                     Marla F. Knox, RPR, CRR, RMR
                       United States Court Reporter

21

22

23

24

25