Joseph M. Alioto (SBN 42680)
Tatiana V. Wallace (SBN 233939)
**ALIOTO LAW FIRM**
One Sansome Street, 35th Floor
San Francisco, CA  94104
Telephone:      (415) 434-8900
Facsimile:       (415) 434-9200
Email:             jmalioto@aliotolaw.com

Joseph R. Saveri (SBN 130064)
Steven N. Williams (SBN 175489)
Cadio Zirpoli (SBN 179108)
Elissa Buchanan (SBN 249996)
David H. Seidel (SBN 307135)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:      (415) 500-6800
Facsimile:       (415) 395-9940
Email:             jsaveri@saverilawfirm.com
                       swilliams@saverilawfirm.com
                       czirpoli@saverilawfirm.com
                       eabuchanan@saverilawfirm.com
                       dseidel@saverilawfirm.com

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANTE DEMARTINI, et al.,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>MICROSOFT CORPORATION, a Washington corporation,<br><br>　　　　　　　　Defendant. | Case No. 3:22-cv-08991-JSC<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO ENTER PROTECTIVE ORDER**<br><br>Date:　　　　March, 9, 2023<br>Time:　　　　10:00 a.m.<br>Location:　　Courtroom 8 – 19th Floor<br>Judge:　　　　Hon. Jacqueline Scott Corley |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on March 9, 2023, at 10:00 a.m., or as soon as the Court deems practicable, this Motion may be heard in Courtroom 8 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiffs[1] will, and hereby do, move the Court pursuant to Federal Rule of Civil Procedure 26(c) for the entry of a protective order limiting the use and disposition of the information and documents produced in the course of discovery in this action.

By this motion, Plaintiffs request that the Court enter the [Proposed] Protective Order filed herewith.

This motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Joseph Saveri, the [Proposed] Protective Order, the Court's files and records in this matter, and any further matters as the Court may consider.

Dated: January 31, 2023

Respectfully Submitted,

JOSEPH SAVERI LAW FIRM LLP

  /s/ Joseph R. Saveri

Joseph R. Saveri (SBN 130064)
Steven N. Williams (SBN 175489)
Cadio Zirpoli (SBN 179108)
Elissa Buchanan (SBN 249996)
David H. Seidel (SBN 307135)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email: jsaveri@saverilawfirm.com
swilliams@saverilawfirm.com
eabuchanan@saverilawfirm.com
amaggard@saverilawfirm.com

*Attorney for Plaintiffs and the Proposed Class*

---

[1] Dante DeMartini, Curtis Burns Jr., Nicholas Elden, Jessie Galvan, Christopher Joseph Giddings-Lafaye, Steve Herrera, Hunter Joseph Jakupko, Daniel Dermot Alfred Loftus, Beowulf Edward Owen, and Ivan Calvo-Pérez ("Plaintiffs")

# MEMORANDUM AND POINTS OF AUTHORITY

## I. INTRODUCTION

Plaintiffs respectfully move the Court to enter the [Proposed] Protective Order based on the Court's Model Protective Order for Standard Litigation, with one minor substantive addition. Microsoft has expressed to Plaintiffs that Microsoft believes it will be producing documents in this case that warrant protection from public disclosure under the standards of the Federal Rules. *See* Fed. R. Civ. Pro. 26(c). Plaintiffs have expressed to Microsoft that Plaintiffs remain skeptical that Microsoft has good cause to enter a protective order at all. Plaintiffs have expressed to Microsoft that Plaintiffs do not believe Microsoft will be producing numerous documents that Microsoft will be able to meet its heavy burden in establishing confidentiality. *See id*.

However, given Microsoft's expressed unwillingness to proceed with discovery without a Protective Order, and on the assumption that Microsoft can show good cause and will be judicious and careful in its confidentiality designations, Plaintiffs ask the Court to enter the [Proposed] Protective Order.

Attached as Exhibit A to the Declaration of Joseph Saveri filed in Support of this Motion ("Saveri Decl.") is a redline comparing Plaintiffs' [Proposed] Protective Order to the Northern District's Model Protective Order for Standard Litigation.[2] The only substantive change is that Plaintiffs propose the addition of a clause stating that for the Hart-Scott-Rodino documents that Microsoft will be producing to Plaintiffs, Microsoft may choose to use the confidentiality designation Microsoft used in its production to the FTC, and those documents would be deemed to have been designated by Microsoft as "Confidential" in this matter. *See* Saveri Decl. Ex. A at 5; Saveri Decl. ¶ 3. This change was requested by Microsoft during meet and confers so that Microsoft could choose to use the confidentiality designation from its FTC production where it intends to make the same designation in this case, without having to "rebrand" the document.

Plaintiffs see no reason to delay the filing of the Protective Order, especially as discovery is currently open. Because Defendants have refused to produce documents until a protective

---

[2] Available at https://www.cand.uscourts.gov/forms/model-protective-orders/

order is in place, including the documents produced to the FTC under the Hart-Scott-Rodino Act, Plaintiffs ask the Court to enter the [Proposed] Protective Order, based off the Court's Model Protective Order for Standard Litigation with the single substantive addition, and allow discovery to proceed.

## II.   BACKGROUND

During the parties' meet and confer sessions, Microsoft expressed its desire to enter a protective order in this case. Saveri Decl. ¶ 5. Plaintiffs expressed their position that a Protective Order was not necessary in this case, given the heavy burden for establishing confidentiality under the Federal Rules. Saveri Decl. ¶ 6. Nonetheless, Plaintiffs expressed their willingness to enter the Model Protective for Standard Litigation to move discovery forward. Saveri Decl. ¶ 4. On January 20, 2023, Plaintiffs sent the Model Protective Order for Standard Litigation to Defendants and asked if they had any concerns with the Northern District's model order. *Id*.

During subsequent meet and confers, Microsoft informed Plaintiffs that the Model Protective Order was insufficient for Microsoft, and that it would not produce any documents without a Protective Order being ordered by the Court. Saveri Decl. ¶ 5. On January 27, 2023, Defendant sent Plaintiffs a revised Protective Order, which was highly modified from the Model Protective Order in numerous respects. Saveri Decl. ¶ 8; Saveri Decl. Ex. B [Defendant's proposed Protective Order]. The changes were not agreeable to Plaintiffs. And Defendant's did not provide justification for the numerous proposed changes. It became clear that the parties would be unable to agree on a Protective Order.

Pursuant to this Court's Standing Order, modifications to the model protective orders require a declaration justifying any proposed modifications. Defendants have provided no explanation to Plaintiffs as to why the Model Protective Order for Standard Litigation is insufficient for this case, and why the excessive modifications are necessary, other than the one proposed change that Plaintiffs do not object to and have included in Plaintiffs' [Proposed] Protective Order. At the same time, Microsoft has declared it will not produce documents to Plaintiffs until a protective order is entered by the Court. Saveri Decl. ¶ 5. Microsoft has also

refused Plaintiffs' offer to treat the documents as confidential until a Protective Order was entered by the Court. Saveri Decl. ¶ 7. Thus, Plaintiffs desire a quick resolution of this issue, so that discovery can continue.

### III. ARGUMENT AND LEGAL STANDARD

The Northern District of California has model protective orders which contain presumptively reasonable conditions regarding the treatment of highly confidential information. *See Kelora Systems, LLC v. Target Corp.*, 2011 WL 6000759, at *2 (N.D. Cal. Aug. 29, 2011). Defendants have not articulated any reason that the model protective order is insufficient or why their proposed substantial modifications are necessary under the standards set forth by the Federal Rules. *See* Fed. R. Civ. P. 26(c).

Plaintiffs believe that their Model Protective Order for Standard Litigation is more than sufficient for this case. Plaintiffs propose one substantive modification, which would allow Microsoft to efficiently maintain the confidentiality designation of documents produced to the FTC as confidential, should it choose to do so. This modification would allow Microsoft not to have to "rebrand" those documents for which Microsoft chooses to maintain the confidentiality designation.. The ability to maintain the confidentiality designations without "rebranding" was requested by Microsoft, and Plaintiffs do not object to it.

To allow discovery to proceed, Plaintiffs ask the Court to enter the [Proposed] Protective Order submitted with this motion, based on the assumption that Microsoft demonstrates good cause to enter the Protective Order, and that Microsoft will be careful and judicious in its confidentiality designations, and only designate documents as confidential that it can establish lawful grounds for protection under the Federal Rules. *See* Fed. R. Civ. P. 26(c).

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter the [Proposed] Protective Order.

| | | |
|---|---|---|
| Dated: January 31, 2023 | By: | /s/ Joseph M. Alioto |
| | | Joseph M. Alioto |

Joseph M. Alioto (SBN 42680)
Tatiana V. Wallace (SBN 233939)
**ALIOTO LAW FIRM**
One Sansome Street, 35th Floor
San Francisco, CA  94104
Telephone:  (415) 434-8900
Facsimile:  (415) 434-9200
Email:  jmalioto@aliotolaw.com

| | | |
|---|---|---|
| Dated:  January 31, 2023 | By: | /s/ Joseph R. Saveri |
| | | Joseph R. Saveri |

Joseph R. Saveri (SBN 130064)
Steven N. Williams (SBN 175489)
Cadio Zirpoli (SBN 179108)
Elissa Buchanan (SBN 249996)
David H. Seidel (SBN 307135)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:  (415) 500-6800
Facsimile:  (415) 395-9940
Email:  jsaveri@saverilawfirm.com
  swilliams@saverilawfirm.com
  czirpoli@saverilawfirm.com
  eabuchanan@saverilawfirm.com
  dseidel@saverilawfirm.com

Joseph M. Alioto Jr. (SBN 215544)
**ALIOTO LEGAL**
100 Pine Street, Suite 1250
San Francisco, California 94111
Tel: (415) 398-3800
Email:  joseph@aliotolegal.com

Plaintiffs' Counsel