Joseph M. Alioto (State Bar No 42680)
Tatiana V. Wallace (State Bar No. 233939)
**ALIOTO LAW FIRM**
One Sansome Street, 35th Floor
San Francisco, CA  94104
Telephone:    (415) 434-8900
Facsimile:     (415) 434-9200
Email:         jmalioto@aliotolaw.com

Joseph R. Saveri (State Bar No. 130064)
Steven N. Williams (State Bar No. 175489)
Cadio Zirpoli (State Bar No. 179108)
Elissa Buchanan (State Bar No. 249996)
David H. Seidel (State Bar No. 307135)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:    (415) 500-6800
Facsimile:     (415) 395-9940
Email:         jsaveri@saverilawfirm.com
               swilliams@saverilawfirm.com
               czirpoli@saverilawfirm.com
               eabuchanan@saverilawfirm.com
               dseidel@saverilawfirm.com

(Additional Counsel on Signature Page)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANTE DEMARTINI, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MICROSOFT CORPORATION, a Washington corporation, <br><br> Defendant. | Case No. 3:22-cv-08991-JSC <br><br> **JOINT STATEMENT RELATED TO FURTHER STATUS CONFERENCE [DKT. 33]** <br><br> Status Conference Date: Feb. 2, 2023 <br> Time: 1:30 p.m. <br> Location: Zoom videoconference <br> Judge: Hon. Jacqueline Scott Corley |

The parties submit this statement ahead of the February 2, 2023 further status conference.

**Plaintiffs' Preliminary Statement**

Pursuant to Federal Rule of Civil Procedure 26(f), counsel for Plaintiffs[1] and Defendant Microsoft Corporation ("Microsoft") met and conferred over discovery on January 9, 2023, and then again on January 24, 2023. Plaintiffs hereby submit this Joint Rule 26(f) Report pursuant to Civil L. R. 16-9 in anticipation of the Case Management Conference pursuant to Fed. R. Civ. P. 16(b) and Civil L. R. 16-10, scheduled for February 2, 2023, at 1:30 p.m.

The Court directed the parties to address "a proposed briefing schedule for the motion for a preliminary injunction which has the reply brief filed by March 9, 2023." ECF No. 33. Microsoft informed Plaintiffs that they would stipulate not to merge until May 1, 2023, and therefore proposed that the hearing on the motion for Preliminary Injunction should be postponed, as well as the briefing. Plaintiffs agreed to Microsoft's stipulation and sent Microsoft a draft stipulation for the parties to sign. Microsoft never responded. Microsoft now says they will stipulate on the record before the Court. Assuming Microsoft stipulates not to merge until at least May 1, 2023, Plaintiffs propose that the hearing on the Motion for Preliminary Injunction be combined with the hearing on the merits in early April. A trial in early April will give enough time for the trial and the Court to rule prior to May 1, 2023. If Microsoft stipulates not to merge until at least May 1, 2023, and the Court holds a hearing on the merits prior to that date, there is no need to have a preliminary injunction hearing. Plaintiffs are prepared to set a trial date of April 3, 2023.

If the hearing on the Motion for Preliminary Injunction remains as it is currently set on March 23, 2023, with Plaintiffs' Reply due March 9, 2023, Plaintiffs propose that Microsoft's opposition to the Motion for Preliminary Injunction be due on February 16, 2023. That would give Microsoft over 8 weeks to oppose the motion.

Defendant's position on discovery attempts to relitigate its Motion to Stay, which this

---

[1] Dante DeMartini, Curtis Burns Jr., Nicholas Elden, Jessie Galvan, Christopher Joseph Giddings-Lafaye, Steve Herrera, Hunter Joseph Jakupko, Daniel Dermot Alfred Loftus, Beowulf Edward Owen, and Ivan Calvo-Pérez ("Plaintiffs")

| | |
|---|---|
| 1 | Court already denied. ECF No. 33. Microsoft states that discovery should be stayed pending their |
| 2 | newly filed motion to dismiss, and pending "regulatory review," with the exception of the HSR |
| 3 | documents produced to the FTC and possible "access to deposition transcripts from the FTC |
| 4 | litigation as they become available." And Microsoft states that any discovery beyond that, should |
| 5 | proceed only if Plaintiffs prevail on their Motion for Preliminary Injunction. Despite Microsoft's |
| 6 | claims to the contrary, Microsoft is yet again seeking to stay this action for the same reasons as |
| 7 | their previously denied Motion to Stay. As was previously argued and ruled upon by the Court, |
| 8 | Plaintiffs would be significantly prejudiced by a stay of discovery. *See* Plaintiffs' Opposition to |
| 9 | Microsoft's Motion to Stay, ECF No. 30. |
| 10 | **Defendant's Preliminary Statement** |
| 11 | Following the January 19, 2023 hearing, and in light of Microsoft's stipulation on the |
| 12 | record that the merger would not close before March 31, 2023, the Court reset the hearing on |
| 13 | Plaintiffs' pending motion for preliminary injunction to March 23, 2023. (Dkt. 33.) The court |
| 14 | set this further status conference and ordered the parties to file a joint statement setting forth: |
| 15 | "(1) a proposed briefing schedule for the motion for a preliminary injunction which has the reply |
| 16 | brief filed by March 9, 2023, and (2) a discovery plan." (*Id.*) |
| 17 | Microsoft has since informed Plaintiffs that the transaction will not close prior to May 1, |
| 18 | 2023. Microsoft has also filed a Motion to Dismiss the complaint for failure to state a claim, |
| 19 | lack of jurisdiction and lack of standing. At the January 19 hearing, the Court discussed two |
| 20 | concerns: that Plaintiffs "could lose their opportunity to bring their motion for preliminary |
| 21 | injunction" if the transaction closes before the preliminary injunction hearing, but also that the |
| 22 | transaction "may change" and efforts to shoot at something different from the final transaction |
| 23 | may be wasted time. (*See* Dkt. 39, Tr. at 6:10-23, 15:22-24.) The Court set the preliminary |
| 24 | injunction hearing to be a week prior to Microsoft's stipulated earliest transaction date, but the |
| 25 | parties and Court discussed that if Microsoft further stipulated to a later date, that could move the |
| 26 | preliminary injunction hearing back further. (*Id.* at 12:3-13, 19:21-20:5.) Microsoft has |
| 27 | proposed a schedule below that would reset the preliminary injunction hearing for April 24, |
| 28 | |

2023.

Microsoft is not asking the court to stay discovery pending its motion to dismiss. To the contrary, Microsoft has proposed a discovery plan that would allow Plaintiffs immediate access to a large volume of documents already produced to the FTC as well as access to deposition transcripts from the FTC litigation as they become available, with non-duplicative discovery to follow if Plaintiffs prevail on their motion for Preliminary Injunction. It is not proportional to the needs of the case for Plaintiffs to take the duplicative and burdensome depositions of Microsoft's top executives at this stage. Further, Plaintiffs' rush to set a trial in this court in early April, prior to the scheduled FTC trial, is unprecedented and would waste judicial resources.

**A. Jurisdiction & Service**

This Court has subject matter jurisdiction over all of Plaintiffs' claims under 28 U.S.C. 1331. There are no issues regarding personal jurisdiction or venue. No parties remain to be served.

**B. Facts**

Plaintiffs commenced this private antitrust action seeking an order of the Court prohibiting the proposed acquisition of Activision Blizzard, Inc. by Microsoft Corporation as a violation of Section 7 of the Clayton Antitrust Act (15 U.S.C. § 18). On January 18, 2022, Microsoft announced plans to acquire Activision Blizzard. Microsoft agreed to pay $68.7 billion ($68,700,000,000), or approximately $95 per share in an all-cash transaction. Under the proposed terms of the merger, Microsoft would acquire all the outstanding stock of Activision Blizzard. Upon completion of the deal, Activision Blizzard would be wholly owned by Microsoft.

Plaintiffs are gamers and concerned consumers who seek to stop this merger that they believe may significantly harm competition in the video game industry. Defendant believes the merger will not harm competition and continue to seek regulatory approval from government regulatory agencies across the globe.

**C. Legal Issues**

Plaintiffs bring this case under Section 7 of the Clayton Antitrust Act (15 U.S.C. § 18) believing the merger may harm competition. They also seek a preliminary injunction under Section 16 of the Clayton Act, (15 U.S.C. § 26). Section 7 of the Clayton Act prohibits mergers in which the effect "may be substantially to lessen competition" in "any line of commerce . . . in any section of the country." 15 U.S.C.A. § 18.

**D. Motions**

The currently pending motions are as follows: Plaintiffs' Motion for Preliminary Injunction (ECF No. 4), Plaintiffs' Motion to Enter a Protective Order (ECF No. 44), , and Microsoft's Motion to Dismiss (ECF No. 42), which asserts that Plaintiffs' Complaint should be dismissed because it fails to state a claim upon which relief can be granted, the Plaintiffs' claim is unripe and Plaintiffs lack standing.

**E. Amendments to Pleadings**

The last day to amend pleadings should be February 17, 2023.

**F. Evidence Preservation**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in the case. The Parties will continue to meet and confer to ensure relevant evidence is preserved.

**G. Disclosures**

<u>**Plaintiffs' Position**</u>:

The Parties have not yet exchanged Initial Disclosures as required by Fed. R. Civ. P. 26(a)(1)(A). Plaintiffs suggest exchanging initial disclosures on February 7, 2023. The Parties will supplement Initial Disclosures as necessary as required by Fed. R. Civ. P. 26(e).

<u>**Defendant's Position**</u>:

As discussed below, Microsoft submits that full discovery, including initial disclosures

1  is premature.

2  **H.  Discovery**

3  **Plaintiffs' Position:**

4        **a.  Scope of Discovery**

5  Discovery extends to the issues concerning the challenged merger.

6        **b.  Subjects of Discovery from Defendant Microsoft**

7  Plaintiffs have served the following document requests on Defendant Microsoft:

- The Hart-Scott-Rodino Documents that Microsoft has already produced to the FTC and/or the DOJ regarding the pending merger;
- Unredacted copies of all filings in the FTC proceeding, titled *In re Microsoft/Activision Blizzard*, FTC No. 9412.
- The operative agreement for Microsoft's pending acquisition of Activision Blizzard;
- Agreement(s) between Microsoft and Sony concerning Activision Blizzard's video games post-merger.
- Agreement(s) between Microsoft and Nintendo concerning Activision Blizzard's video games post-merger.
- Profit and loss statements for Microsoft's gaming division(s) and gaming studios.
- Transcripts of all depositions or interviews of Microsoft employees conducted by the FTC or the DOJ concerning Microsoft's acquisition of Activation Blizzard.
- Communications between Microsoft's board of directors and the negotiators of the merger related to the merger.
- Communications between Microsoft and Sony regarding Activision Blizzard's video games post-merger.
- Communications between Microsoft and Nintendo regarding Activision

Blizzard's video games post-merger

c. **Changes to Default Discovery Limit**

The parties are not seeking to expand the default limits set forth in the Federal Rules of Civil Procedure.

d. **Electronically Stored Information**

The Parties have met and conferred pursuant to Fed. R. Civ. 26(f) and have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines").

e. **Names of All Known Witnesses to be Called to Testify at Trial**

Plaintiffs currently are aware of the following witnesses who may be called to testify at trial.

- Plaintiffs;
  - Dante DeMartini,
  - Christopher Joseph Giddings-LaFaye;
  - Curtis Burns Jr.;
  - Hunter Jakupko
  - Daniel Loftus;
  - Steve Herrera;
  - Ivan Calvo-Pérez;
  - Jessie Galvan;
  - Beowulf Owen;
  - Nicolas Elden;
- Robert A. Kotick, CEO, Activision Blizzard, Inc.;
- Phil Spencer, CEO of Microsoft Gaming;
- Satya Nadella, CEO of Microsoft;
- Brad Smith, President of Microsoft;
- Doug Bowser, CEO and President, Nintendo of America Inc.;
- Jim Ryan, President and CEO, Sony Interactive Entertainment, LLC

6
JOINT STATEMENT

- Employees and agents of Defendant Microsoft;
- Expert witnesses as becomes necessary during the course of the litigation; and,
- Any other such witnesses found to be necessary throughout the course of the litigation.

**f. Formal Written Discovery**

Plaintiffs have served two sets of requests for production on Microsoft Corp.

**g. Identity and Number of Potential Fact Depositions**

Plaintiffs anticipate approximately ten total depositions including non-parties, but reserve the right to seek to take more if necessary. Plaintiffs have served subpoenas on the following witnesses for depositions.

- Activision Blizzard, Inc.
- Nintendo of America Inc.
- Sony Interactive Entertainment, LLC
- Robert Kotick, CEO of Activision Blizzard, Inc.
- Doug Bowser, CEO and President, Nintendo of America Inc.
- Jim Ryan, President and CEO, Sony Interactive Entertainment, LLC

**h. Identity and Number of Potential Trial Depositions**

Plaintiffs believe that at this time it is premature to identify potential trial depositions to be taken in this case.

**i. Deposition Logistics**

Plaintiffs believe depositions should be in person, at the deponent's place of business, and are working with the parties subpoenaed and Defendant to find mutually agreeable locations and times for proceeding with depositions. All depositions will be recorded.

**j. Expert Witnesses**

Plaintiffs expect to call expert witnesses to testify to the impact to competition if the merger is allowed to commence.

**k. Discovery Issues and Potential Disputes**

**Plaintiffs' Position:**

Plaintiffs disagree with Microsoft that discovery should be stayed, for the same reasons addressed and ruled on by the Court, in Plaintiffs' Opposition to Microsoft's Motion to Stay. *See* ECF No. 30. Microsoft's arguments asking the Court to stay discovery are a repeat of their prior Motion to Stay, which the Court denied. As the Supreme Court held in *United States v. Borden*, private actions for injunctive relief under Section 16 of the Clayton Act, and governmental actions seeking identical injunctive relief, "may proceed simultaneously or in disregard of each other." 347 U.S. 514, 519 (1954). Moreover, Plaintiffs must be able to get the discovery they need in time to prepare their case for trial, particularly in light of Microsoft's rapidly approaching merger close. Further, the Court has already addressed discovery at the hearing on Microsoft's Motion to Stay and ordered discovery to proceed. *See* Hr'g Tr. Jan. 19, 2023 at 16:18–19 ("Documents, there is no reason for that not to go forward."). Microsoft has not produced a single document in this case to date.

Currently there is a dispute between the Parties on the implementation of a protective order. Defendant has so far not produced the HSR documents they have already produced to the FTC. Defendant has stated they will not produce any documents until a protective order is filed and approved by the Court, but the Parties disagree on the scope of the protective order.

Plaintiffs have moved for the entry of a protective order based on the Model Protective Order for Standard Litigation provided by the Northern District of California, so long as the Court is satisfied that Defendant has shown good cause that a protective order is necessary under the standards set forth by the Federal Rules. Pending resolution of the dispute over the protective order, Plaintiffs have offered to treat the HSR documents already produced to the FTC as "attorneys' eyes only," to help facilitate production.

**Defendant's Position:**

Microsoft submits that full discovery is premature until there is more information available concerning the final terms of the merger and the scope of this litigation and the Motion to Dismiss is resolved. Plaintiffs have claimed that they only need limited discovery that they

can complete within a matter of a few weeks. (Dkt. 39, Tr. at 9:8-12.) That assertion is at odds with the list of expensive and burdensome discovery that Plaintiffs laid out above, including depositions of top executives at Microsoft and third parties *before the FTC deposes the same witnesses on the same transaction*. Specifically, Microsoft submits that depositions should be deferred – Microsoft has offered to provide Plaintiffs with deposition transcripts from the FTC litigation and document discovery that Plaintiffs can use to prepare for depositions at a later date if those are needed. If Plaintiffs establish entitlement to a preliminary injunction (for which they claim they need no discovery), they would have the opportunity to take relevant, non-duplicative discovery thereafter.

Microsoft submits that full discovery is premature for four reasons:

1) Microsoft's agreement to not close the transaction until May 1 (at the earliest) gives this litigation the opportunity to proceed in regular order, including evaluating the sufficiency of the allegations and the jurisdiction of the Court over the claims as pled.

2) The proposed merger is subject to review by regulators and litigation by the FTC and is subject to change. If the terms of the prospective merger change due to the regulatory reviews, Plaintiffs will likely assert the need to re-take discovery related to the final terms. The FTC's administrative action is in discovery in the short term (scheduled to end on April 7). Microsoft expects that the FTC will depose all of the Microsoft witnesses requested by Plaintiffs.

3) Plaintiffs' demands for immediate discovery, including depositions in February of Microsoft and third-parties Activision Blizzard, Sony, Nintendo and others, are inefficient, wasteful, and not proportionate to the needs of the case. Further, if the terms of the prospective merger change due to the regulatory reviews, Plaintiffs may assert the need to re-take discovery related to the final terms.

4) Microsoft is willing to provide Plaintiffs with a large volume of documents and deposition transcripts while the Motion to Dismiss is pending and the transaction is under regulatory review. Microsoft has offered to produce 9.5 million pages of documents that

it provided to the FTC following the entry of an appropriate protective order. This includes the initial documents provided to the FTC with the Hart-Scott-Rodino filing, documents provided in response to a Voluntary Access Letter from the FTC, as well as the voluminous response to the FTC's Second Request. Plaintiffs have propounded RFPs requesting specific documents and Microsoft is in the process of determining whether those documents are included in these productions. Microsoft has offered to produce the transcripts of any Microsoft or Activision depositions taken in the FTC action, which are scheduled to move forward in March.

At the January 19 hearing, Plaintiffs stated that: "the preliminary injunction is only pending the permanent injunction. So it's between the preliminary and permanent injunction that we would conduct the discovery." (Dkt. 39, Tr. at 12:14-21.) In any event, Microsoft has offered to provide substantial discovery and Plaintiffs have not articulated an argument that they need additional, duplicative, expensive discovery at this time.

If the Complaint is not dismissed and Plaintiffs' motion for a preliminary injunction is granted, the parties can conduct any additional discovery at that time and prepare for a trial on Plaintiffs' request for a permanent injunction that would be scheduled after the FTC trial and other regulatory proceedings are concluded (if these proceedings do not dispose of Plaintiffs claims)

As the dispute on the protective order, Microsoft's position is below.

**I. Related Cases**

The FTC has initiated an administrative proceeding against the proposed merger titled *In re Microsoft/Activision Blizzard*, FTC No. 9412.

**J. Relief**

Plaintiffs seek a permanent injunction of the merger.

**K. Protective Orders**

**Plaintiffs' Position:**

Plaintiffs propose using the model Stipulated Protective Order for Standard Litigation,

1  with only a single substantive change, as requested by Microsoft. *See* Plaintiffs' Motion to Enter Protective Order, ECF No. 44.. Defendant has not agreed to the model protective order, and Plaintiffs have moved the court for its adoption. *See id.*

Defendant states that "Plaintiffs have not provided any specific objections to the terms of [Microsoft's] Proposed Protective Order." But Plaintiffs sent Microsoft the Northern District's model order on January 20, 2023, and Microsoft did not explain the numerous modifications it proposed a week later on January 27, 2023. It is Defendant's burden to establish good cause and grounds for a protective order and their proposed modifications. Fed. R. Civ. P. 26(c). *See also* Civil Standing Order For District Judge Jacqueline Scott Corley.

**Defendant's Position:**

On January 27, Microsoft provided a Proposed Protective Order.  The Proposed Prospective Order is closely based on the Stipulated Protective for Standard Litigation with narrow changes to match the needs of this specific litigation, such as the production of the FTC documents in this litigation without rebranding or relabeling.  The changes also anticipate that third parties will want substantial protection for their sensitive documents in this litigation. Finally, Microsoft's narrow, but important changes, are all changes that have been accepted in stipulated protective orders in similar litigation in the Northern District *with this Plaintiffs' counsel.  See In re: Juul Labs, Inc. Antitrust Litigation*, Case No. 3:20-cv-02345-WHO, Dkt. 269 (Aug. 6, 2021 N.D. Cal.).

Plaintiffs have not provided any specific objections to the terms of the Proposed Protective Order, instead simply insisting that they will only agree to use the Stipulated Protective Order for Standard Litigation without modifications.

**L.  Narrowing of Issues**

**Plaintiffs' Position:**

No issues have yet been narrowed by agreement or by motion. Plaintiffs are willing to continue to meet and confer about narrowing potential issues.

Plaintiffs disagree with Microsoft's assertion that this case should be stayed or delayed

pending the FTC administrative action, for the same reasons addressed in Plaintiffs' Opposition to Microsoft's Motion to Stay. *See* ECF No. 30.

**Defendant's Position:**

Microsoft is also willing to meet and confer, and further submits that the issues in this case may be narrowed by the ongoing regulatory proceedings. For example, if the regulatory reviews result in Microsoft agreeing or being ordered to continue making Activision Blizzard video games available on competitors' platforms, Plaintiffs vertical merger theory (in which they allege that Microsoft will harm competition by foreclosing access to the games on competitors' consoles) may become moot. Additionally, Microsoft has offered to provide Plaintiffs with the transcripts of the depositions that the FTC is scheduled to take before April 7, which are largely duplicative of the depositions that Plaintiffs wish to take in this parallel action and which may narrow the discovery that Plaintiffs need to take.

**M. Microsoft's Stipulation Not to Close the Merger**

Microsoft has proposed to Plaintiffs that Microsoft is willing to stipulate that it will not close the merger until at least May 1, 2023. Plaintiffs agreed to Microsoft's proposed stipulation, and drafted a proposed stipulation reflecting that Microsoft would not close until at least May 1, 2023. Plaintiffs sent Microsoft the proposed stipulation on January 26, 2023. Defendant has not responded. Microsoft submits that stipulating on the record should be adequate.

**N. Expedited Trial Procedures**

The Parties agree this case is inappropriate for the Expedited Trial Procedure of General Order 64.

**O. Proposed Trial Date**

**Plaintiffs' Position:**

If Microsoft stipulates not to close before May 1, 2023, Plaintiffs believe that the hearing on the Motion for Preliminary Injunction should be combined with the trial on the merits, which seeks a permanent injunction. Given that Plaintiffs are prepared to go to trial in early April, Plaintiffs submit that there is no reason to have a preliminary injunction hearing, which would

only preclude Microsoft from merging until the trial. A trial in early April would provide enough time for the trial and the Court to rule before Microsoft closes its merger on May 1, 2023, the earliest possible date. Thus, Plaintiffs propose the following schedule:

      Start of Trial – April 3, 2023.

      Pretrial Conference – March 22, 2023.

      Close of Fact Discovery – March 17, 2023.

      Further Case Management Conference on Discovery – March 3, 2023.

**Defendant's Position:**

As discussed elsewhere, setting a trial date at this time is incredibly premature given the outstanding regulatory approvals and FTC litigation. Microsoft proposes the schedule below, which gives Plaintiffs the opportunity to be heard on their preliminary injunction motion prior to the transaction closing, while endeavoring to give the Court and parties the "most up-to-date information" ahead of closing such that judicial resources are not wasted. This schedule is based on Microsoft's current stipulation that the transaction will not close earlier than May 1.

| Action | Date |
|---|---|
| Opposition to Motion to Dismiss | February 17 |
| Reply to Motion to Dismiss | February 24 |
| Hearing on Motion to Dismiss | March 9 |
| Opposition to Motion for Preliminary Injunction | March 20 |
| Reply to Motion for Preliminary Injunction | April 10 |
| Hearing on Motion for Preliminary Injunction | April 24 |

**P.  Length of Trial**

**Plaintiffs' Position:**

Plaintiffs believe trial will last two weeks, with trial between 8:30 a.m. and 2:00 p.m., Monday through Friday pursuant to the Court's calendar schedule. Trial then would end on April 17, 2023. Plaintiffs propose that time be split evenly between Defendant and Plaintiffs.

**Defendant's Position:**

Microsoft submits that it is premature to discuss the length of trial, because the scope of

this litigation is subject to change in light of the pending motion to dismiss and the fact that the transaction remains under regulatory review.

**Q. Settlement Possibilities and Schedule**

The Parties have not discussed settlement.

**R. Disclosure of Non-party Interested Entities or Persons**

Plaintiffs filed their certificate of interested entities or person pursuant to Local Rule 3-15 on December 23, 2022. (ECF No. 13). Microsoft filed its certificate on January 31, 2023.

**S. Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated: January 31, 2023

By:    */s/ Joseph Saveri*
Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)

Steven N. Williams (State Bar No. 175489)
Cadio Zirpoli (State Bar No. 179108)
Elissa Buchanan (State Bar No. 249996)
David H. Seidel (State Bar No. 307135)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:    (415) 500-6800
Facsimile:    (415) 395-9940
Email:    jsaveri@saverilawfirm.com
swilliams@saverilawfirm.com
czirpoli@saverilawfirm.com
eabuchanan@saverilawfirm.com
dseidel@saverilawfirm.com

Plaintiffs' Counsel

Dated: January 31, 2023

By:   */s/ Tania Rice*

Valarie C. Williams
B. Parker Miller
Tania Rice

| | |
|---|---|
| 1 | Tyler Blake |
| 2 | Alston & Bird LLP |
| 3 | Rakesh N. Kilaru |
| 4 | Anastasia M. Pastan<br>Jenna Pavelec |
| 5 | Wilkinson Stekloff LLP |
| 6 | *Counsel for Defendant Microsoft Corporation* |