Valarie C. Williams (Bar No. 335347)
Tania Rice (Bar No. 294387)
Tyler Blake (Bar No. 316623)
Alston & Bird LLP
560 Mission Street, Suite 2100
San Francisco, CA 94105
Telephone: (415) 243-1000
valarie.williams@alston.com
tania.rice@alston.com
tyler.blake@alston.com

B. Parker Miller (*pro hac vice*)
Alston & Bird LLP
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
Telephone: (404) 881-7000
parker.miller@alston.com

Rakesh N. Kilaru (*pro hac vice*)
Anastasia M. Pastan (*pro hac vice*)
Jenna Pavelec (*pro hac vice*)
Wilkinson Stekloff LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
rkilaru@wilkinsonstekloff.com
apastan@wilkinsonstekloff.com
jpavelec@wilkinsonstekloff.com

*Counsel for Defendant Microsoft Corporation*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANTE DEMARTINI, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MICROSOFT CORPORATION, <br><br> Defendant. | Case No. 3:22-cv-08991-JSC <br><br> **DEFENDANT MICROSOFT CORPORATION'S BRIEF IN SUPPORT OF PROPOSED PROTECTIVE ORDER** <br><br> Hon. Jacqueline Scott Corley |

1

**DEFENDANT'S BRIEF IN SUPPORT OF PROPOSED PROTECTIVE ORDER**

Defendant Microsoft Corporation asks the Court to enter a protective order that will meet the specific needs of this case. Microsoft believes that certain modifications should be made to the Model Protective Order for Standard Litigation given the highly sensitive nature of the data Plaintiffs have requested, the need to quickly produce a large volume of materials produced in parallel litigation with the Federal Trade Commission, and to protect the interests of third-party competitors who will likely also be producing competitively sensitive materials. A copy of Microsoft's proposed protective order is attached to this brief as Exhibit A. After the February 2, 2023 status conference with the Court, Microsoft met and conferred with Plaintiffs and Exhibit A reflects some modifications from the draft previously sent to Plaintiffs. Unfortunately, the parties were not able to reach agreement.

All of Microsoft's requested modifications are taken directly from a protective order previously approved by both Judge Orrick of this Court and Plaintiffs' counsel, who stipulated to these exact provisions in a prior antitrust litigation. *See* Order Entering Amended Protective Order [Dkt. No. 269], *In re Juul Labs, Inc.*, No. 3:20-cv-02345 (N.D. Cal. Aug. 6, 2021) (attached as Exhibit B). These provisions guarantee that this highly sensitive information will remain protected from disclosure while providing Plaintiffs with discovery on an expedited timeline.

**Argument**

**I.      Plaintiffs Seek Highly Sensitive, Confidential Information**

The Court may, for good cause, issue a protective order designed to balance "one party's need for the information against the other party's interest in protection from . . . competitive harm from disclosure." *Cabell v. Zorro Prods.*, No. 15-cv-00771-EJD (HRL)2017 U.S. Dist. LEXIS 103749, at *2 (N.D. Cal. July 5, 2017); *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992) (stating that a "balancing test" should be used to "resolve protective order disputes" because "responding parties are entitled to protection from 'undue burden' in discovery, including protection from misuse of trade secrets by competitors"). After initially rejecting Microsoft's request for a protective order, Plaintiffs' counsel have now agreed that one should be entered "to move discovery forward." [Dkt. No. 44 at 4]. Plaintiffs seek to enter the Model Protective Order for Standard

Litigation promulgated by the Northern District. [*Id.* at 3]. But this litigation is far from "standard." The information that Plaintiffs seek in this matter is among the most competitively and commercially sensitive information in Microsoft's possession. There is good reason why Microsoft seeks a protective order with enhanced confidentiality and data security provisions to safeguard this information and which imposes only a *de minimis* burden on Plaintiffs in the process.

Microsoft provided over 9 million pages of documents to the FTC, some of which included highly competitively sensitive documents such as strategic planning documents, financial statements, budgets, profit and loss statements, profitability reports for the company as a whole as well as for each video game development studio, manufacturing facility, and distribution facility, as well as future plans for the development of gaming products or services   All of these documents are subject to the protective order in the FTC litigation and are covered by protections similar to the "Highly Confidential" designation in Microsoft's proposed order. Plaintiffs' Requests for Production also seek commercially sensitive documents, including communications between Microsoft's senior management and Board of Directors, and communications with Sony and Nintendo regarding the terms of yet-to-be-finalized business deals.

## II. Microsoft's Proposed Changes

In light of the confidentiality concerns above, Microsoft has proposed carefully considered changes to the Model Protective Order along the lines of those that have been previously accepted by this Court in other litigation involving competitively sensitive information. The chart below shows the proposed change, the rationale for the change, and the source for the change:

| Proposed Change | Rationale and Source |
|---|---|
| **Para. 2.1** | Identifies this case; clarifies that the Protective Order applies to the instant litigation and all cases that may be consolidated with this case. The language ensures that third parties and new litigants are bound by this Protective Order. (Source: *In re Juul Labs*, Para. 8) |
| **Para. 2.6** | Clarifies that "Disclosure or Discovery Material" includes written discovery, deposition and hearing transcripts (or a portion of the transcripts). |
| **Paras. 2.7 & 7.4** | Adds a "Highly Confidential" designation and clarifies how "Highly Confidential" designated information may be used by Plaintiffs' counsel. Courts in this district have previously embraced a two-tier "confidential" and "highly confidential" designation structure. *Apple Inc. v. Samsung Elecs. Co.*, No.: C 11- |

| Proposed Change | Rationale and Source |
|---|---|
|  | 1846 LHK (PSG), 2012 U.S. Dist. LEXIS 9921, at *10 (N.D. Cal. Jan. 27, 2012). As show in Section III below, the Standard Protective Order is often modified to incorporate multiple tiers of protected information. Moreover, the Northern District's "Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets" includes a "Highly Confidential" designation for "extremely sensitive 'Confidential Information or Items,' disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means." (Para. 2.8) |
| Para. 2.9 | Defines and clarifies what Protected Material may qualify as a "Trade Secret." This Protected Material may be either Confidential or Highly Confidential. (Source: *In re Juul Labs*, Para. 18) |
| Paras. 5.1 & 5.2 | Adds language stating that designations must be made "in good faith" and not be designed to impede litigation. This modification will allow Microsoft to expeditiously produce documents which are branded with a designation under a different Protective Order regime from the FTC proceeding, while protecting Plaintiffs' right to challenge the designation. (Source: *In re Juul Labs*, Para. 30-31) |
| Para. 7.1 | Prohibits using information from the Protected Materials to contact individuals whose identity or contact information is ascertained from the Protected Materials. (Source: *In re Juul Labs*, Para. 39) |
| Paras. 7.2 & 7.5 | Clarifies how parties may use Protected Materials during depositions. Neither Microsoft nor any other third-party should have Protected Material disclosed to employees of competitors during a deposition, except as delineated in the Protective Order. Given the potential for depositions of third-party competitors, this language is needed to protect material from disclosure during those depositions. (Source: *In re Juul Labs*, Para. 40) |
| Para. 8.1 | Adds language requiring the parties to use care when handling Protected Material. Microsoft is willing to meet and confer with Plaintiffs about reasonable language outlining how the parties should safeguard data. If there are specific terms which are unworkable for the Plaintiffs, we are open to further discussion. This language is taken from *In re Juul Labs*, Para. 45. |
| Para. 13.4 | Clarifies the obligations of a party who violates the Protective Order by disclosing third party information. (Source: *In re Juul Labs*, Para. 60) |

### III. Courts in the Northern District have Routinely Granted Protective Orders that Modify the Model Protective Order in Antitrust Cases

| Case | Deviation from Model Protective Order |
|---|---|
| *Klein v. Facebook, Inc.*, No. 20-cv-08570 (N.D. Cal. May 3, 2021) (ECF No. 91) | Allows bulk import of documents previously produced to the FTC and House Judiciary Committee; adds multiple levels of designations, including Confidential and Highly Confidential; adds export control provision |

BRIEF IN SUPPORT OF PROTECTIVE ORDER
Case No. 3:22-cv-08991-JSC

| | |
|---|---|
| *In re Google Play Consumer Antitrust Litig.*, No. 20-cv-05761 (N.D. Cal. Dec. 7, 2020) (ECF Nos. 109, 117) | Adds multiple levels of designations, including Confidential and Highly Confidential; adds export control provision; |
| *Epic Games, Inc. v. Apple Inc.*, No. 20-cv-05640 (N.D. Cal. Oct. 2, 2020) (ECF No. 112) | Adds multiple levels of designations, including Confidential and two Highly Confidential designations |
| *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, No. 16-cv-06370 (N.D. Cal. Jun. 9, 2017) (ECF No. 34) | Adds multiple levels of designations, including Confidential and Highly Confidential |
| *Malaney v. UAL Corp.*, No. 10-cv-02858 (N.D. Cal. Aug. 9, 2010) (ECF No. 40) | Adds clarification that the parties are not restricted from using their own designated materials; adds provision that persons shown protected material must not retain copies of that material |

## IV.    SUMMARY

Microsoft requests that this Court enter the Microsoft Proposed Protective Order because it is Microsoft's highly confidential, sensitive business information at stake. The changes allow Microsoft to designate the FTC documents "Highly Confidential," which is appropriate because the documents were not previously reviewed for different levels of confidentiality under FTC practice. Finally, Plaintiffs have served third party subpoenas. And those third parties will object to having their competitively sensitive discovery material disseminated to Microsoft. If the Model Order for Standard Litigation is entered, it is highly likely this Court will be adjudicating third party requests for amendments to the protective order similar to those requested here. For all of these reasons, Microsoft request that the Court enter its Proposed Order.

Dated: February 3, 2023

Respectfully submitted,

By:   */s/Valarie C. Williams*

Valarie C. Williams
B. Parker Miller
Tania Rice
Tyler Blake
Alston & Bird LLP

Rakesh N. Kilaru
Anastasia M. Pastan
Jenna Pavelec
Wilkinson Stekloff LLP

*Counsel for Defendant Microsoft Corporation*