Pages 1-21

1                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF CALIFORNIA
2                        SAN FRANCISCO DIVISION

3

4  DANTE DEMARTINI, et al.,      )  Case No.  22-cv-08991-JSC
                                 )
5            Plaintiffs,         )  San Francisco, California
                                 )  Thursday, February 2, 2023
6      v.                        )
                                 )  ZOOM WEBINAR PROCEEDINGS
7  MICROSOFT CORPORATION, a      )
   Washington corporation,       )
8                                )
             Defendant.          )
9                                )
   _____)
10

11

12                  TRANSCRIPT OF STATUS CONFERENCE
            BEFORE THE HONORABLE JACQUELINE SCOTT CORLEY
13              UNITED STATES DISTRICT COURT JUDGE

14

15  APPEARANCES:  (Via Zoom Webinar)

    For Plaintiffs:            JOSEPH M. ALIOTO, SR., ESQ.
16                             Alioto Law Firm
                               One Sansome Street, 35th Floor
17                             San Francisco, California 94104
                               (415) 434-8900
18
                               JOSEPH R. SAVERI, ESQ.
19                             DAVID H. SEIDEL, ESQ.
                               Joseph Saveri Law Firm, LLP
20                             601 California Street, Suite 1000
                               San Francisco, California 94108
21                             (415) 500-6800

22
    **[Additional Counsel Appearances on following page]**
23

24

25  Proceedings recorded by electronic sound recording; transcript
    produced by transcription service.

2

```
1   APPEARANCES:  (Cont'd.)

2   For Defendant:              VALARIE C. WILLIAMS, ESQ.
                                Alston & Bird, LLP
3                               560 Mission Street, Suite 2100
                                San Francisco, California 94105
4                               (415) 243-1000

5                               B. PARKER MILLER, ESQ.
                                Alston & Bird, LLP
6                               1201 W. Peachtree Street
                                Atlanta, Georgia 30309
7                               (404) 881-4970

8   Transcription Service:      Peggy Schuerger
                                Ad Hoc Reporting
9                               2220 Otay Lakes Road, Suite 502-85
                                Chula Vista, California 91915
10                              (619) 236-9325

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

<u>SAN FRANCISCO, CALIFORNIA  THURSDAY, FEBRUARY 2, 2023  1:39 P.M.</u>

--oOo--

THE CLERK:  Calling Civil Action C-22-8991, DeMartini, et al. v. Microsoft.  Counsel, no need to state your appearance. Thank you.

THE COURT:  All right.  Good afternoon, everyone, and thank you for your statement.  To begin with, I understand that Microsoft has agreed to stipulate that it will not close the merger before May 1st, 2023; is that correct?

MS. WILLIAMS:  Good afternoon, Your Honor.  That is correct.

THE COURT:  Okay.  So pursuant to that stipulation, that will be the order of the Court -- that it will not close the merger before May 1st.  Good.  That gives us all breathing room.

So let's talk now about the protective order and the protective order that Plaintiffs filed with their motion, does Microsoft have an objection to that version?  I believe it incorporated something at least that you had requested.

MR. MILLER:  Yes, Your Honor.  This is Parker Miller. We do object to the Plaintiffs' order and had proposed an order that we thought more met the needs of this case.

THE COURT:  Okay.  All right.  This is what I want you to do because we've got to get the discovery moving.  By tomorrow 4:00 p.m., you each -- and I don't know.  Plaintiffs, you already submitted yours, but you can submit additional argument as to why

1   you believe -- do you have -- did the Plaintiffs have your last

2   proposal so they know what you're going to submit, Microsoft?

3   Yes.

4           MR. MILLER:  They do.

5           MS. WILLIAMS:  Yes.

6           THE COURT:  Okay.  Four p.m., give me your competing

7   proposals and why, and so I'll put that so we can get the

8   discovery moving.

9           MR. SEIDEL:  Yes, Your Honor.

10          THE COURT:  All right.  We don't need to wait and have

11  a 35-day motion on that.  Let's just get that moving.

12          MS. WILLIAMS:  Understood.

13          THE COURT:  All right.  So we have the motion to dismiss

14  which is scheduled to be heard on March 9.  I need to hear it on

15  March 16th, but still before anything else.  But the briefing

16  schedule remains the same.  That will be March 16th at 10:00 a.m.

17  in person -- in person.

18          MS. WILLIAMS:  We will be there.

19          THE COURT:  All right.  Okay.  The next issue is we need

20  to reschedule the preliminary injunction.  Plaintiff -- Plaintiffs

21  want it to be at trial.  Well, let me tell you why I'm going to

22  leave it as a preliminary injunction.  First is normally combining

23  them helps the defense because -- especially this type of case.

24  It's their witnesses mostly.  They don't have to put them up

25  twice.  On preliminary injunction, Plaintiff has a lower burden

1    than the trial on the merits.  And, finally, there are a lot of

2    moving parts here.  I think it would be a mistake probably for me

3    to enter a permanent injunction -- if I did that.  I have no idea,

4    no opinion -- in April.  Therefore, I don't see that Plaintiffs

5    are prejudiced by moving forward with just a preliminary

6    injunction, and that's Microsoft's preference.

7         So I was going to schedule the preliminary injunction

8    hearing for April 12th at 1:00 p.m.  That's specially set.  There

9    are no other matters to be heard at that time.  Then -- to give me

10   enough time to rule thoughtfully before May 1st.

11        Now, again, we can adjust that schedule depending on

12   what Microsoft's willing to stipulate to with respect to the

13   merger but now, as it stands, it's only May 1st.  So it would be

14   April 12th at 1:00 p.m., and I'd like all the briefing complete by

15   March 23rd.  And, again, I'll leave it to you to figure all that

16   out by Monday.  Just file a stip on when the opposition and reply

17   will come in.  The reply must be in at least -- oh, by March 23rd.

18   Right.

19        Anybody want to be heard on any of that?  Oh, you're on

20   mute, Mr. Alioto.  Hopefully that's not a sign.

21        MR. ALIOTO:  I've had plenty of courts try to put me on

22   mute.  Okay.  Your Honor, I heard what the Court said about --

23   about joining.  Sometimes under the rules, of course, that's

24   allowed and sometimes it's preferred.  I think that the witnesses

25   will be the same.  I think that we'll be able to be finished with

1   the discovery.  And I think that the preliminary injunction is in

2   effect and as a matter of fact, they cannot merge until May 1st

3   anyway, so they are -- and the Court just issued an order -- so

4   they're enjoined from completing this merger.

5           They have certain dates that I think might be relevant

6   to Your Honor.  If they -- if they -- if there's any decision

7   prior to April 18 -- this is in their merger document, which is

8   Exhibit -- I think it's H -- it was H to their -- to their motion

9   to  stay.    If  the  Court  enters  any  orders  for  a  permanent

10  injunction or give up the combination prior to April 18, then they

11  have to pay Activision two and a half billion dollars.  If it's

12  after April 18, then they have to pay Activision -- and it's

13  prohibited -- three billion dollars.

14          So I'm here to argue on behalf of Microsoft to save --

15          THE COURT:  Well, don't bother.

16          (Simultaneous speaking.)

17          MR. ALIOTO:  -- (indiscernible).

18          THE COURT:  Don't bother.  You have no --

19          MR. ALIOTO:  I want to save them money.

20          THE COURT:  You have no standing to do so, Mr. Alioto.

21          MR. ALIOTO:  I'm going to save them money, Your Honor.

22          THE COURT:  No, no.  The only thing I want to hear is

23  why you're somehow prejudiced -- and I don't see how you are given

24  that it's a lower burden on a preliminary injunction.  If I issue

25  the preliminary injunction, the merger's not going forward until

1    I order otherwise.  So I don't see how you're burdened.  I see how

2    Microsoft is burdened, but Microsoft wants it to be a preliminary

3    injunction.

4              MR. ALIOTO:  Oh, Your Honor, may I ask this?  Then at

5    the preliminary injunction, can we have witnesses?

6              THE COURT:  Oh, maybe.  Yeah, maybe.

7              MR. ALIOTO:  Oh -- oh, --

8              THE COURT:  Yeah -- no.  Preliminary injunction often --

9    sometimes --

10             MR. ALIOTO:  Yeah.

11             THE COURT:  -- involves an evidentiary hearing.

12             MR. ALIOTO:  Oh, okay.  Great.  Okay.  That -- all

13   right.  Then if I said anything, I withdraw it.

14             THE COURT:  About wanting to save Microsoft money.

15             MR. ALIOTO:  I'm going to save money from --

16             THE COURT:  Which that's a good point.  We should

17   probably set -- let's see.  I set the hearing for April 12th.  We

18   should probably set a pre-preliminary injunction hearing for April

19   5th by video.  That's going to be 3:00 p.m.  I'm in trial that

20   week, so 3:00 p.m. -- so we can talk about what the hearing will

21   look like the following week.

22             MR. ALIOTO:  Would the -- would Your Honor want any

23   documents that are going to be used designated by that time?

24             THE COURT:  I'll let you guys -- whatever you want,

25   whatever you think is helpful.

1          MR. ALIOTO:  Okay.

2          THE COURT:  That's interesting.  It's not a trial, so

3  I'm not going to issue a trial order.

4          MR. ALIOTO:  Okay.

5          THE COURT:  But obviously whatever is the most useful

6  and helpful to me would be appreciated.  It's a big decision.

7          MR. ALIOTO:  That's what we're trying to do, Your Honor.

8          THE COURT:  Yeah.  And just work together on that so

9  each side can present it in an effective way.

10          Okay.  All right.  So tomorrow by 4:00 p.m., your

11  competing proposals on protective order.  By Monday, stipulation

12  on the opposition.  And the reply will be March 23rd, so I guess

13  the only thing I'll need to know is when you agree the opposition

14  will be filed for the preliminary injunction.  The hearing, April

15  12th and April 5th at 3:00 p.m. a pre-preliminary injunction

16  hearing conference.  We will all be together on March 16th, in any

17  event, and that can be a status as well because we have that here.

18          So now let's talk about discovery.  And as I understand

19  it, Microsoft, you're prepared to turn over everything that's been

20  turned over to the FTC?

21          MS. WILLIAMS:  Yes.  We're prepared to turn over the HSR

22  file that -- that the Plaintiffs have requested, which is the

23  initial HSR filing, the voluntary access letter responses, and

24  then the responses to the second request.

25          THE COURT:  But my question was a little bit different.

1   It was everything that's been turned over to the FTC.

2            MS. WILLIAMS:  I think there may be some additional

3   productions after that.  What we have ready to go is around 9 or

4   10 million pages of documents that were that initial production,

5   and that's what we have ready to go right now and that's what

6   we've agreed to produce.

7            THE COURT:  But why -- what would be the argument as to

8   why you shouldn't produce to the Plaintiffs what you produced to

9   the FTC?

10           MS. WILLIAMS:  I just need to find out what those

11  additional productions are.  I think there may have been some

12  additional documents that -- that have gone in.  And what the

13  Plaintiffs had requested was the HSR file and so that's what we

14  have -- that's what we've copied and gotten ready to produce so

15  far.  I'm not making an argument right now that we won't produce

16  them.

17           THE COURT:  Yeah.  I guess I just don't -- if you're

18  producing them to the FTC, it seems like there's no burden or a

19  relatively small burden to produce that as well to the Plaintiffs.

20  And I understand you've also agreed to produce transcripts of the

21  depositions.

22           MS. WILLIAMS:  That's correct.

23           THE COURT:  Okay.  So, Mr. Alioto, you're not -- you're

24  not -- you have your own case and you get to take your own

25  depositions.

1          MR. ALIOTO:  Thank you, Your Honor.

2          THE COURT:  And, Microsoft, it's their position that
3    they would rather that you take them later which, again, could be
4    burdensome to their -- to their witnesses, but that's the burden
5    they're willing to take on at that point.

6          Given that and given your representation you don't need
7    them for the preliminary injunction, it seems to me the most
8    efficient way to proceed, you get those transcripts, you're going
9    to get all the documents that FTC comes (ph), and then once we
10   resolve the preliminary injunction, the case moves forward, then
11   you get to take your depositions.

12         What's wrong with that approach?

13         MR. ALIOTO:  Your Honor, the law is different and the
14   depositions, therefore, are not seeking the same things that we
15   would be seeking.

16         THE COURT:  No, I understand.  I'm saying you get to
17   take them from scratch.

18         MR. ALIOTO:  Oh, oh.

19         THE COURT:  You get to take them from scratch.

20         MR. ALIOTO:  Okay.

21         THE COURT:  It's just -- you are not bound by them.  You
22   are not bound by how the FTC asked their questions.

23         MR. ALIOTO:  Okay.

24         THE COURT:  You may be going into the same topic area
25   but they're not your -- they're not your clients' lawyer.  You --

1    it's just a matter of timing.

2             MR. ALIOTO:  I think -- I think, Your Honor, that if we

3    were able to be allowed to proceed, we anticipate that the

4    depositions will only be about four hours or so, not very much --

5    currently.  We represented -- we made that representation to the

6    people that we served the subpoenas on as well.  I think that we

7    would be helpful to the FTC, if anything.

8             THE COURT:  Okay.  Well, you are just always trying to

9    help everybody out, but FTC is not here asking.  So what I -- I

10   think -- and we're meeting again on March 16th, so if somebody

11   wants to raise something --

12            MR. ALIOTO:  If there's any --

13            THE COURT:  -- now -- no depositions by the Plaintiffs

14   but Microsoft should turn over everything that's going to the FTC

15   and, as they agreed, the transcripts of all the depositions.

16            MR. SAVERI:  Your Honor, --

17            THE COURT:  Yes.

18            MR. SAVERI:  -- this is Joseph Saveri -- excuse me, Your

19   Honor.  Just with respect to the first kind of bucket of things

20   we're talking about, the materials that were going to be produced,

21   the first thing we did ask for is the HSR materials that were

22   turned over by Microsoft to the FTC and we talked about that.

23            We have asked for some additional materials that relate

24   to that proceeding and I want to be clear about that as long as

25   we're here today.  So first is we asked for unredacted copies of

1    the filings in the FTC proceeding and we are not party to that and

2    I don't think that's within the ambit of the -- the materials that

3    were turned over to the FTC pursuant to the Hart-Scott-Rodino.  So

4    the extent there are materials that were filed in FTC proceedings

5    that were redacted and not in the public docket, we would -- we

6    would want those.

7           THE COURT:  Okay.  What you're looking for are not in

8    the public -- what's under seal.

9           MR. SAVERI:  Correct, Your Honor.

10          THE COURT:  Let me ask --

11          MR. SAVERI:  If I said something different, I misspoke.

12          THE COURT:  No, no, no, no, no.  I'm just -- I don't

13    think so.  I'm just framing it a little bit differently.

14          Ms. Williams, what's your response to that?

15          MS. WILLIAMS:  So we have looked into that and there are

16    some issues with third party protected information, and so we --

17    we can look into going through and taking off the Microsoft-

18    redacted information.  But I don't think there's anything we can

19    do under the confidentiality rules to unredact any other party's

20    information.

21          THE COURT:  Yeah.  I just -- often -- I mean, sometimes

22    you have to go into that court.

23          MR. SAVERI:  But, excuse me, Your Honor.  There isn't

24    like -- because of this, there isn't a Rule 45 third party

25    subpoena practice in this case.  We can -- we can take it up with

1  the third parties that produced it, I suppose, but I just wanted

2  to make sure it was clear with respect to you that our ask was

3  clear and we'll -- to the extent Microsoft can, they should.  And

4  if they can't and they won't, we'll pursue other avenues.  So I

5  just wanted to let --

6        THE COURT:  No.  I think Ms. Williams agreed to look

7  into it to the extent that they can.

8        MR. SAVERI:  And then --

9        MS. WILLIAMS:  I --

10        MS. WILLIAMS:  Excuseme.

11        MS. WILLIAMS:  I wanted to correct something real quick

12  on the -- on the deposition transcripts that -- a mistake that we

13  made in the report is we are producing Microsoft witness

14  transcripts, and I did say Activision in there, and that is not

15  something that we're authorized to do.  So that -- I know they

16  have subpoenas out to Activision, so they'll have to go that route

17  to get Activision transcripts.

18        THE COURT:  Okay.  Or they may -- I'm sure you know --

19  you're in contact with their attorneys -- they may agree.

20        MR. SAVERI:  And, Your Honor, just to -- just to finish

21  this point up about the FTC materials, we -- we understand, but do

22  not know, that frequently in a case of this type that the FTC will

23  conduct interviews which look like depositions perhaps, but those

24  are statements taken by witnesses.  To the extent that those have

25  been taken, they're not depositions per se, but Microsoft likely

1   has transcripts of those.  We would request those as well.

2            MS. WILLIAMS:  That -- this is the first I've heard of

3   this request, so I just don't know if any of those are in

4   existence or what the status is.  I can look into it.

5            THE COURT:  Okay.

6            MR. SAVERI:  Your Honor, those are in the requests for

7   production that we've --

8            THE COURT:  No, I -- okay.  Yeah.  No.  I understand.

9   Just talk to Ms. Williams and -- I don't know if they exist or --

10           MS. WILLIAMS:  I mean, --

11           THE COURT:  -- who takes it down.  I don't know if it's

12   work product.  I have no idea.

13           MS. WILLIAMS:  Yeah.  Exactly.  I -- they've asked us

14   for various items and we've been looking into whether those items

15   are contained in this huge production or not or whether we need to

16   go look elsewhere for them, so we are currently working on that.

17           MR. SAVERI:  And then, Your Honor, we do have additional

18   categories of documents that we've -- that are contained in our

19   requests for production.

20           THE COURT:  Yes.

21           MR. SAVERI:  And we described those in the JSR.

22           THE COURT:  Why do you need them now?

23           MR. SAVERI:  We need them now generally because of the

24   shortness of time, Your Honor.  We're -- we are in a very

25   compressed schedule by any stretch of the imagination.  And so the

1    sooner we --

2              THE COURT:  Less compressed than you wanted.

3              MR. SAVERI:  Fair enough, Your Honor, but nonetheless --

4    but I think it's a fair point that by any reasonable estimation,

5    we are in a compressed schedule and these are important things,

6    including documents like whatever the -- whatever the operative

7    version of the agreement is.

8              THE COURT:  I can't imagine hasn't that been produced

9    to the FTC?  I just assumed that the FTC would have it.  I mean,

10   how can they bring an action to --

11             MS. WILLIAMS:  The operative merger agreement is public

12   and they have it, so --

13             MR. SAVERI:  Excuse me, Your Honor.  Maybe I wasn't

14   being -- when we were last in front of you, we wanted to make sure

15   that we had an opportunity to kind of shoot at the right target,

16   so to the extent that that agreement has been modified or changed

17   in any way, that might not necessarily be reflected in the merger

18   document itself.  And so whatever the operative version of the

19   agreement is, I think we would like to have that.

20             Let me address one other thing, though, Your Honor.  You

21   know, we are -- we set the schedule for the preliminary injunction

22   hearing and we've talked about whether it would be -- I mean, it's

23   in the nature of an evidentiary hearing.  And we would certainly

24   want to be on the same footing as Microsoft.  And right now, you

25   know, the discovery is asymmetric.  They have more than we.  And

1  so there are other things that would be key to that which are
2  narrow, carefully tailored to the issues before the Court, and we
3  would like to proceed with obtaining those, and they are described
4  in the JSR.
5          THE COURT:  Okay.  That's different than what was
6  represented to me the last time we were together.  Mr. Alioto said
7  you didn't need the more discovery that it was for.  So what I --
8  so everything the FTC has, you should get, and then maybe
9  certainly the operative agreement.  I think probably Microsoft
10  wants you to have that because it's the anything assigned (ph).
11          The other discovery should be moving forward, right,
12  just so you say, but I'm not saying it has to all be produced in
13  time to be used, you know, in connection with the preliminary
14  injunction hearing, but I'm not staying written discovery.
15  Obviously Microsoft -- it's going to take a little while to gather
16  some of these communications that you asked for --
17          MR. SAVERI:  Yes, Your Honor.
18          THE COURT:  -- and you should be working with them,
19  meeting and conferring and going forward.  I guess the only thing
20  I'm actually staying is the depositions.
21          MR. ALIOTO:  May I ask -- may I ask one thing, if it
22  please, Your Honor?
23          THE COURT:  Yes.
24          MR. ALIOTO:  Okay.  Under the FTC, they're supposed to
25  conclude their discovery by April -- what is it? -- April 7th.

 1 | They're supposed -- and conclude their fact discovery by April
 2 | 7th.
 3 |             THE COURT:  Yes.
 4 |             MR. ALIOTO:  Okay.  That means that they have taken the
 5 | depositions, I assume.  We only have five or six depositions --
 6 |             THE COURT:  I'm not going to speculate because you don't
 7 | know what that schedule is, Mr. Alioto.
 8 |             MR. ALIOTO:  Okay.
 9 |             THE COURT:  So we can have a conversation when you
10 | actually know and you've met and conferred with Ms. Williams about
11 | that.  Okay?
12 |             MR. ALIOTO:  About the depositions?
13 |             THE COURT:  Yes.
14 |             MS. WILLIAMS:  I can make a representation that those
15 | depositions are happening in March.
16 |             THE COURT:  Okay.  There you go.
17 |             MR. ALIOTO:  Yeah.
18 |             THE COURT:  You've got to talk.  You've got to talk to
19 | the other side before you bring it up with me.  Okay?
20 |             MR. ALIOTO:  Sure.
21 |             THE COURT:  All right.  All right.
22 |             MS. WILLIAMS:  Can I -- can I say one thing about the
23 | depositions, Your Honor?
24 |             THE COURT:  Yes.
25 |             MS. WILLIAMS:  And I appreciate your rulings so far.

1  These are -- these are Apex depositions, and you had said that the

2  Plaintiffs could take duplicative -- ask duplicative questions.

3  And I would just like to suggest that for efficiencies and because

4  these are the very top executives at Microsoft, that we would like

5  to submit that the Plaintiffs should not ask duplicative

6  questions.

7         THE COURT:  Well, you can bring a motion if you want on

8  the Apex.  Yeah, you can bring a motion.  I guess what I'm saying

9  is -- I mean, Plaintiffs weren't proposing to do them together,

10  anyway.

11        MS. WILLIAMS:  No.

12        THE COURT:  Right.  So -- but I guess what I was saying

13  to Mr. Alioto, I'm not ruling that they have to rely on what the

14  FTC does at all.

15        MR. ALIOTO:  And, Your Honor, by the way, since you just

16  mentioned it, we'd be happy to take them at the same time that

17  they take them.

18        THE COURT:  Well, I raised that last time about

19  coordinating with the FTC and you said, "Ah, we don't really do

20  that.  I don't know."

21        MR. ALIOTO:  Hey, well, they brought it up.  Hey, I'd

22  be happy --

23        THE COURT:  The FTC may not want to.  I don't know.

24  Anyway, seems a little late now.  They're scheduled and we

25  can't -- we can't get in the way of that.  So --

1          MR. ALIOTO:  All right, Your Honor.

2          THE COURT:  So we're not going to get in the way of it.

3          MR. ALIOTO:  Thank you.

4          THE COURT:  All right.  I will write a little order, try

5     to summarize what we decided today.

6          MR. SAVERI:  And, Your Honor --

7          THE COURT:  Okay.  Excuse me, Your Honor.  I apologize.

8     Just to report, we are proceeding with the third party discovery,

9     as we talked about at the last hearing.  The subpoenas are out and

10    we're negotiating those and hopefully we can move those along.  I

11    just wanted to make sure you were aware of that.

12         THE COURT:  Yes.  No.  I'm not -- I'm not staying

13    written discovery.  It's just the depositions.  I think it makes

14    sense to let those go forward.  We'll have our preliminary

15    injunction hearing.  We'll have all your written discovery

16    hopefully by that point, so then we can move immediately to

17    depositions.

18         MR. SAVERI:  And we -- the subpoenas include documents

19    from the third parties.  That's part of it, so --

20         THE COURT:  Yeah, of course.

21         MR. ALIOTO:  But they also include the depositions, so

22    those depositions of --

23         THE COURT:  No.  I don't have them in front of me, so

24    I'm not staying them, right?  I have no idea what they're going to

25    say.

1          MR. SAVERI:  Okay.

2          THE COURT:  I'm not -- I'm not making any ruling on

3  that.

4          MR. ALIOTO:  Thank you.  Thank you.

5          THE COURT:  This is to Microsoft.

6          MR. ALIOTO:  Yes.  Okay.

7          THE COURT:  All right.  Anything further?

8          MR. ALIOTO:  No.

9          THE COURT:  Okay.

10          MS. WILLIAMS:  No.

11          THE COURT:  Okay.  Yes, Mr. Saveri.

12          MR. SAVERI:  No.  Your Honor, I was going to say I think

13  I've interrupted enough and I did it again, Your Honor.

14          THE COURT:  That's quite all right.  Everyone can speak.

15  We just want to get it right.

16          MR. SAVERI:  Thank you.

17          THE COURT:  I will see you in person then on March 16th.

18          MS. WILLIAMS:  Thank you, Your Honor.

19          THE COURT:  Oh, and maybe, actually, can you give me an

20  updated statement then since we'll do a status as well -- March

21  14th, just two days before so that I get the most up-to-date

22  information of how everything's going.

23          MR. ALIOTO:  All right, Your Honor.  Thank you very

24  much.

25          THE COURT:  Okay.  Thank you.

1          ALL:  [Thank you, Your Honor.]

2      (Proceedings adjourned at 2:01 p.m.)

3

4          I, Peggy Schuerger, certify that the foregoing is a

5  correct transcript from the official electronic sound recording

6  provided to me of the proceedings in the above-entitled matter.

7

8          *Peggy Schuerger*
   _____          February 4, 2023
   Signature of Approved Transcriber          Date

9
   Peggy Schuerger
   _____
10  **Ad Hoc Reporting**
   Approved Transcription Provider
11  for the U.S. District Court,
   Northern District of California

12

13

14

15

16

17

18

19

20

21

22

23

24

25