UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANTE DEMARTINI, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>  Defendant. | Case No. 22-cv-08991-JSC<br><br>**ORDER RE: PROTECTIVE ORDER DISPUTE**<br><br>Re: Dkt. Nos. 44, 52, 53 |

As discussed at the February 2, 2023 status conference, the parties submitted proposed protective orders to govern discovery in this action. (Dkt. Nos. 52, 53.) Plaintiffs propose that the Court adopt the Northern District of California's model protective order without modification. (Dkt. Nos. 44, 52.) Microsoft insists more rigorous protections are necessary because the "information that Plaintiffs seek in this matter is among the most competitively and commercially sensitive information in Microsoft's possession." (Dkt. No. 53 at 3.) In particular, because Plaintiffs seek the documents produced to the FTC, which include strategic planning documents, financial statements, budgets, profit and loss statements, profitability reports, and future development plans, as well as communications between Microsoft, Sony, and Nintendo regarding yet-to-be finalized business deals, additional protections are necessary.

Upon review of the parties' submissions, the Court provides the following ruling/guidance.

<u>First</u>, the Court understands the primary dispute to be whether Microsoft can designate documents produced to the FTC with a confidentiality designation as "highly confidential" because when it produced them to the FTC it did not distinguish between highly confidential and confidential. Allowing it to do so, it contends, will speed production and reduce burden. The Court agrees. Highly confidential merely limits disclosure to the plaintiffs themselves, in-house

counsel and the like. (Dkt. No. 53-1 at 13, § 7.4.)  Plaintiffs are not companies with in-house counsel and they do not articulate any prejudice from the highly confidential designation.  So, it is most consistent with Federal Rules of Civil Procedure 1 to allow Microsoft to designate the documents produced to the FTC as confidential as "highly confidential."

<u>Second</u>, there is no good reason for Microsoft to not perform a confidentiality review for all documents which have *not* previously been produced to the FTC.  As in all other litigation, Microsoft shall review such documents and determine what designation, if any, applies.

<u>Third</u>, Microsoft has not shown good cause for the Section 7.1 language prohibiting a party from contacting anyone they learn about from Protected Material.  Microsoft should bear the burden of getting a court order for a specific person.

<u>Finally</u>, the Section 8.1 language places numerous restrictions on the storage of confidential material.  (Dkt. No. 53-1 at 15.)  Microsoft indicates that it is "willing to meet and confer with Plaintiffs about reasonable language outlining how the parties should safeguard the data." (Dkt. No. 53 at 4.)  It shall do so.

Accordingly, the parties are ordered to meet and confer by video by 5:00 p.m. today, February 6, 2023, regarding a revised protective order consistent with this Order.  The parties shall file a stipulated protective order or separate statements with proposed protective orders if they are still unable to agree by 5:00 p.m., February 7, 2023.

This Order disposes of Docket No. 44.

**IT IS SO ORDERED.**

Dated: February 6, 2023

JACQUELINE SCOTT CORLEY
United States District Judge