Valarie C. Williams (Bar No. 335347)
Tania Rice (Bar No. 294387)
Tyler Blake (Bar No. 316623)
Alston & Bird LLP
560 Mission Street, Suite 2100
San Francisco, CA 94105
Telephone: (415) 243-1000
valarie.williams@alston.com
tania.rice@alston.com
tyler.blake@alston.com

B. Parker Miller (*pro hac vice*)
Alston & Bird LLP
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
Telephone: (404) 881-7000
parker.miller@alston.com

Rakesh N. Kilaru (*pro hac vice*)
Anastasia M. Pastan (*pro hac vice*)
Jenna Pavelec (*pro hac vice*)
Wilkinson Stekloff LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
rkilaru@wilkinsonstekloff.com
apastan@wilkinsonstekloff.com
jpavelec@wilkinsonstekloff.com

*Counsel for Defendant Microsoft Corporation*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANTE DEMARTINI, *et al.*,<br><br>                    Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>                    Defendant. | Case No. 3:22-cv-08991-JSC<br><br>**DEFENDANT MICROSOFT CORPORATION'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**<br><br>Hon. Jacqueline Scott Corley |

Defendant Microsoft Corporation ("Microsoft") hereby moves the Court, pursuant to Civil Local Rules 7-11 and 79-5(c), for an administrative order to file under seal the following documents or portions thereof:

- Opposition to Plaintiffs' Motion for Preliminary Injunction ("Opposition"), at pages 2:11-12, 2:16, 2:19, 9:26-10:11, 10:19, footnote 3, 11:2-10, 12:9-16, 16:17-19, 19:11-12

- Kilaru Decl., Ex. A (Microsoft's confidential 10-Year Licensing Agreement with Nintendo)

- Kilaru Decl., Ex. B (Microsoft's confidential 10-Year Licensing Agreement with NVIDIA)

- Kilaru Decl., Ex. C (internal emails discussing business strategy)

- Kilaru Decl., Ex. D (Microsoft's confidential Licensing Offer to Sony)

- Kilaru Decl., Ex. E (private email communication discussing potential agreement and business strategy)

- Kilaru Decl., Ex. F (Board of Directors presentation)

- Kilaru Decl., Ex. G (Excerpt of Nadella Transcript)

- Kilaru Decl., Exs. H - M (HHI Tables with Market Share Information)

- Williams Decl., Ex. D (IBISWorld Inc. Report)

Pursuant to Local Rule 79-5(d) and (e), unredacted versions of these materials are attached hereto. With respect to the Opposition, the portions for which sealing is sought are highlighted in grey.

The Ninth Circuit applies a "compelling reasons" standard for sealing documents where the "motion at issue is more than tangentially related to the underlying cause of action." *Auto Safety v. Chrysler Grp.,* 809 F.3d 1092, 1099 (9th Cir. 2016). For records attached to nondispositive motions, courts apply "the lower 'good cause' standard." *Santelices v. Apttus Corp.*, 2020 U.S. Dist. LEXIS 183322, at *10 (N.D. Cal. Oct. 2, 2020). Though there is a "strong presumption in favor of access," *Auto Safety,* 809 F.3d at 1099, a movant may overcome this presumption by articulating "'compelling reasons' in favor of sealing." *Fujitsu Ltd. v. Belkin Int'l, Inc*., No. 10-cv-3972, 2012 WL 6019754, at *2 (N.D. Cal. Dec. 3, 2012) ("[C]ompelling reasons may exist if sealing is required to prevent judicial documents from being used 'as sources of business information that might harm a litigant's

competitive standing.'"); *see also Kamakana v. Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). Under either the compelling reasons or good cause standard, Microsoft's motion passes muster.

The materials that Microsoft seeks to seal fall into the following categories: (1) confidential contracts, (2) communications discussing business strategy, (3) Microsoft's market data, and (4) a confidential third-party report.

## Confidential Contracts

### (Exhibits A, B, D, and E to the Declaration of Rakesh N. Kilaru)

Exhibits A and B are agreements that contain confidential terms.  They each contain a confidentiality provision that prohibits Microsoft from disclosing their terms.  Exhibit D is a draft contract that similarly contains confidential terms and a draft confidentiality provision.  Exhibit E is a private communication between the executives of two companies discussing business strategy related to the potential agreement and negotiating confidential terms of the potential agreement.  There is a public interest in maintaining the confidentiality of contracts and contract negotiations generally. Microsoft and the third parties that it contracted/negotiated with have an interest in maintaining the confidentiality of the terms of these agreements.  It would cause competitive harm to Microsoft and those third parties if these documents were publicly disclosed.  (Randall Decl., ¶ 3.)  For example, Microsoft negotiates agreements with other video game developers, and it could harm Microsoft's negotiating position if those developers could compare the terms of these agreements (or offered agreement).  (*Id.*)  The terms of the agreements also divulge Microsoft's strategy in the market, which could be copied or used by its competitors to obtain a competitive advantage.  (*Id.*)  Microsoft takes reasonable steps to maintain the confidentiality of these documents.  (*Id.*)  It produced them to the FTC and in this action as Highly Confidential.  (*Id.*)

## Business Strategy

### (Exhibits C, F, and G to the Declaration of Rakesh N. Kilaru; page 16:17-19 of the Opposition)

These materials reflect confidential communications that discuss business strategy and planning.  Exhibits C and F are internal communications discussing strategy related to a proposed merger.  Exhibit G is a narrow excerpt of a "Highly Confidential" investigatory interview with the FTC, in which Microsoft's CEO testified regarding that business strategy.  Page 16 of the Opposition

2

quotes that testimony.  Microsoft has an interest in maintaining the confidentiality of these business strategy and planning documents.  It would cause competitive harm to Microsoft if these documents were publicly disclosed.  (Randall Decl., ¶ 4.)  For example, competitors could copy Microsoft's business strategies or use them to obtain a competitive advantage.  (*Id.*)  Microsoft takes reasonable steps to maintain the confidentiality of these documents.  (*Id.*)  It produced them to the FTC and in this action as Highly Confidential.  (*Id.*)

### Market Data

(Exhibits H to M to the Declaration of Rakesh N. Kilaru; pages 2:11-12, 2:16, 10:19, 11:2-10, 12:9-16, 19:11-12 of the Opposition)

Exhibits H to M contain data that Microsoft prepared using its own internal, confidential data as well as data it obtained by researching the market (including confidential data prepared and sold by third parties that may not be publicly distributed).  This data concerns Microsoft's particular market shares.  It could cause competitive harm to Microsoft if these documents were publicly disclosed.  (Randall Decl., ¶ 5.)  For example, competitors could use this information to obtain a competitive advantage or to avoid spending the resources to obtain the data themselves.  (*Id.*)  Microsoft takes reasonable steps to maintain the confidentiality of this information.  (*Id.*)  It produced it to the FTC and in this action as Highly Confidential.  (*Id.*)

### IBISWorld Inc. Report

(Exhibit D to the Declaration of Valarie C. Williams; pages 9:26-10:11 and footnote 3 of the Opposition)

Counsel for Microsoft purchased this report, which was prepared by a third party and kept confidential behind a paywall.  (Williams Decl., ¶ 2.)  In conjunction with purchasing the report, counsel agreed to maintain its confidentiality and not distribute it.  (*Id.*)  Accordingly, third party IBISWorld Inc. has an interest in maintaining the confidentiality of its reports and counsel is under an obligation to maintain that confidentiality.

No less restrictive alternative to sealing is sufficient.  Microsoft has sought to seal only narrow portions of its Opposition that quote or reference these confidential documents.  Microsoft relied on

1    confidential material only where necessary to satisfactorily brief the issues for the Court.

2        These are the type of materials that courts routinely seal.  *See e.g.*, *FTC v. Qualcomm Inc.*,

3    2018 U.S. Dist. LEXIS 85942, at *23 (N.D. Cal. May 22, 2018) (granting motion to seal where the

4    exhibits "contain confidential business information"); *Santelices*, 2020 U.S. Dist. LEXIS 183322, at

5    *11–12 (finding compelling reason to seal documents "that contain confidential business and financial

6    information relating to the Apttus merger and the company's internal valuation analysis related to this

7    merger"); *In re Lidoderm Antitrust Litig*., 2016 U.S. Dist. LEXIS 105619, at *120 (N.D. Cal. Aug. 9,

8    2016) (sealing "information regarding . . . competitive intelligence strategies . . . and confidential

9    business strategies."); *Cowan v. GE Capital Retail Bank*, 2015 U.S. Dist. LEXIS 37100, at *7-9 (N.D.

10   Cal. Mar. 24, 2015) (granting motion to seal defendant's exhibits "describ[ing] internal procedures for

11   addressing cardholder fraud notifications, as well as risk management and legal compliance in

12   investigating fraud"); *Esquivel v. Bank of Am., N.A.*, 2015 U.S. Dist. LEXIS 90056, at *8-9 (E.D. Cal.

13   July 10, 2015) (compelling reasons existed to seal "outline of the procedures implemented by

14   Defendants to correct a homeowner's credit report once his or her loan has been modified" because

15   "[s]hould it be disseminated publicly, it may allow Defendants' competitors to reap the benefit of the

16   outlined procedures without having to incur the costs associated with developing them").

17   Dated: March 2, 2023                    Respectfully submitted,

18

19                                            By:   */s/ Valarie C. Williams*

20                                            Valarie C. Williams
                                              B. Parker Miller
21                                            Tania Rice
                                              Tyler Blake
22                                            Alston & Bird LLP

23                                            Rakesh N. Kilaru
24                                            Anastasia M. Pastan
                                              Jenna Pavelec
25                                            Wilkinson Stekloff LLP

26                                            *Counsel for Defendant Microsoft Corporation*

27

28