Valarie C. Williams (Bar No. 335347)
Tania Rice (Bar No. 294387)
Tyler Blake (Bar No. 316623)
Alston & Bird LLP
560 Mission Street, Suite 2100
San Francisco, CA 94105
Telephone: (415) 243-1000
valarie.williams@alston.com
tania.rice@alston.com
tyler.blake@alston.com

B. Parker Miller (*pro hac vice*)
Alston & Bird LLP
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
Telephone: (404) 881-7000
parker.miller@alston.com

Rakesh N. Kilaru (*pro hac vice*)
Anastasia M. Pastan (*pro hac vice*)
Jenna Pavelec (*pro hac vice*)
Wilkinson Stekloff LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
rkilaru@wilkinsonstekloff.com
apastan@wilkinsonstekloff.com
jpavelec@wilkinsonstekloff.com

*Counsel for Defendant Microsoft Corporation*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANTE DEMARTINI, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | Case No. 3:22-cv-08991-JSC<br><br>**DECLARATION OF CYNTHIA RANDALL IN SUPPORT OF DEFENDANT MICROSOFT CORPORATION'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Hon. Jacqueline Scott Corley |

I, Cynthia Randall, declare as follows:

1. I am Associate General Counsel at Microsoft Corporation. I have knowledge of the matters set forth in this declaration, and I could and would competently testify thereto if called to do so.

2. I make this declaration in support of Microsoft's Administrative Motion to File Under Seal, which relates to materials in Microsoft's Opposition to Plaintiffs' Motion for a Preliminary Injunction. From the course of my duties and responsibilities, I have knowledge of Microsoft's business practices and its treatment of certain types of documents and information as confidential—including the types of documents and information that are at issue in the Administrative Motion to File Under Seal and discussed in greater detail below.

3. I am familiar with Exhibits A, B, D, and E to the Declaration of Rakesh N. Kilaru, which are contracts or draft contracts that contain confidentiality provisions and a communication that relates to negotiating a potential confidential contract. It could cause competitive harm to Microsoft if these documents were publicly disclosed. For example, Microsoft negotiates agreements with other video game developers, and it could harm Microsoft's negotiating position if those developers could compare the terms of these agreements (or offered agreement). Competitors could copy the agreements or use them to obtain a competitive advantage. Microsoft takes reasonable steps to maintain the confidentiality of these documents. It produced them to the FTC and in this action as Highly Confidential.

4. I am familiar with Exhibits C, F, and G to the Declaration of Rakesh N. Kilaru, which contain discussion of internal business strategy. It could cause competitive harm to Microsoft if these documents were publicly disclosed. For example, competitors could copy Microsoft's business strategies or use them to obtain a competitive advantage. Microsoft takes reasonable steps to maintain the confidentiality of these documents. It produced them to the FTC and in this action as Highly Confidential.

5. I am familiar with Exhibits H to M to the Declaration of Rakesh N. Kilaru, which reflect internal and confidential market share data. It could cause competitive harm to Microsoft if these documents were publicly disclosed. For example, competitors could use this information to obtain a

competitive advantage or to avoid spending the resources to obtain the data themselves.  Microsoft takes reasonable steps to maintain the confidentiality of this information.  It produced it to the FTC and in this action as Highly Confidential.

      I declare under the penalty of perjury that the foregoing is true and correct.  Executed on March 2, 2023.

By _____
Cynthia Randall
Associate General Counsel
Corporate, External, and Legal Affairs