Joseph M. Alioto (State Bar No 42680)
Tatiana V. Wallace (SBN 233939)
**ALIOTO LAW FIRM**
One Sansome Street, 35th Floor
San Francisco, CA  94104
Telephone:     (415) 434-8900
Facsimile:      (415) 434-9200
Email:           jmalioto@aliotolaw.com

Joseph R. Saveri (State Bar No. 130064)
Steven N. Williams (State Bar No. 175489)
Cadio Zirpoli (State Bar No. 179108)
Elissa Buchanan (State Bar No. 249996)
David H. Seidel (State Bar No. 307135)
Kathleen J. McMahon (State Bar No. 340007)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:     (415) 500-6800
Facsimile:      (415) 395-9940
Email:           jsaveri@saverilawfirm.com
                      swilliams@saverilawfirm.com
                      czirpoli@saverilawfirm.com
                      eabuchanan@saverilawfirm.com
                      dseidel@saverilawfirm.com
                      kmcmahon@saverilawfirm.com

(Additional Counsel on Signature Page)

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANTE DEMARTINI, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MICROSOFT CORPORATION, a Washington corporation, <br><br> Defendant. | Case No. 3:22-cv-08991-JSC <br><br> **JOINT STATUS CONFERENCE STATEMENT** <br><br> Status Conference Date: March 16, 2023 <br> Time: 10:00 AM <br> Location: Courtroom 8 <br> Judge: Hon. Jacqueline Scott Corley |

Pursuant to the Court's Order following the February 2, 2023 Status Conference, the parties through their undersigned counsel submit the following joint status report.

### I. Status of Regulatory Process and Closing Date Stipulation

**II.  Plaintiffs' Position:**

On March 13, Microsoft informed Plaintiffs through its position in this joint statement that Microsoft is proposing to enter a new stipulation not to close the merger before March 22, 2023, and postpone the preliminary injunction hearing.

Plaintiffs do not agree to continue the hearing date on the Motion for Preliminary Injunction. The new proposal made by Microsoft is its third attempt to delay the preliminary injunction hearing. First, Microsoft moved to stay the action in its entirety, which the Court denied. (ECF No. 33). Then, Microsoft agreed to a stipulation that they would not close by May 1, 2023, which was agreed to as it would give the Court sufficient time to rule on a preliminary injunction motion, allow Plaintiffs to prepare for trial, and decide on the merits prior to Microsoft's July 18, 2023 drop-dead date to consummate their merger. (ECF No. 45). Based on the above, the Court ordered an April 12, 2023 hearing date for Plaintiffs' preliminary injunction motion. Plaintiffs have issued subpoenas, document requests, scheduled non-party depositions, began the process of preparing witnesses for the hearing, received, processed, and reviewed documents produced by Microsoft and spent significant resources to prepare for the hearing. Plaintiffs would be prejudiced by a continued delay of the hearing.

Microsoft attempts to use the pending regulatory hearings in the United Kingdom, the European Union, and before the Federal Trade Commission to justify further postponing the hearing on Plaintiffs' Motion for Preliminary Injunction. There is no reason that this Court should wait for a regulatory determination of a foreign regulator before adjudicating Plaintiffs' claims.  Likewise, there is no reason to delay Plaintiffs' day in court on conjecture and speculation on what the Federal Trade Commission might do. This is further evidenced as Plaintiffs challenge the merger agreement that has not been amended since Plaintiffs filed their complaint.

**Defendant's Position:**

As previously reported, Microsoft's proposed acquisition of Activision Blizzard is subject to regulatory review and approval around the world, a process that has been ongoing for over a year.

Regulatory proceedings in the United Kingdom, the European Union and United States are at different stages and could result in changes to the transaction.  The terms of the final transaction and related developments may have a material impact on the allegations and legal theories described in Plaintiffs' Complaint.   In fact, there have been several developments in the last few weeks that materially change the factual underpinning of Plaintiffs' claims.  As Microsoft explained in its Opposition to the Plaintiffs' Motion for Preliminary Injunction [Dkt. 64], Microsoft's contractual commitments to increase access to *Call of Duty* and other games demonstrates that Plaintiffs are unlikely to prevail on key issues such as market foreclosure.

The regulatory review process in the EU, UK, and several other jurisdictions must be cleared (in addition to defeating the FTC's promised preliminary injunction motion) so that the merger can close before the drop-dead date in the merger agreement of July 18, 2023.  Because of the status of these proceedings, Microsoft can now stipulate that the transaction will not close before May 22, 2023.  The status of the EU, UK and US review process is summarized below.

**EC Review**:  The merger was notified to the European Commission in September 2022.  Microsoft received a Statement of Objections from the EC on January 31, 2023.  The EC conducted a hearing with Microsoft and other parties on February 21, 2023.  The initial provisional deadline for a decision by the EC was April 4, 2023, which has since been extended to April 25, 2023.  Microsoft has been working with the EC throughout this process to address any concerns about the competitive impact of the transaction in Europe, including potential remedies that may or may not be necessary.  The parties cannot close without EC approval.

**CMA Review**:  The original filing to the UK regulator was made on September 15, 2022.  After an initial investigatory phase, the Competition and Markets Authority held hearings and then issued provisional findings and possible remedies in February.  Microsoft had responded to those findings, including offering commitments.  For example, Microsoft has "propos[ed] a package of licensing remedies which (i) guarantee parity between the PlayStation and Xbox platforms in respect of CoD and (ii) ensure wide availability of CoD and other Activision titles on cloud gaming services.  These remedies protect all CoD gamers in the UK, as well as the incentives to invest and innovate."

Microsoft's Response to the CMA's Remedies Notice, February 22, 2023.[1]  The statutory deadline for CMA approval is April 26, 2023.  The parties cannot close without CMA approval.

**FTC litigation:** The FTC filed a complaint seeking to stop the transaction on December 8, 2022, after investigating the deal for over a year.  The parties are currently engaged in fact discovery, which will close on April 7.  The FTC has said it will sue in federal court to stop the transaction from closing if that becomes necessary.  If it does so, the closing of the transaction would be further delayed beyond May 22.

### III. Upcoming Preliminary Injunction Hearing

**Plaintiffs' Position:**

Plaintiffs anticipate calling witnesses and presenting documentary evidence at the preliminary injunction hearing on April 12, 2023.  Plaintiffs propose a pre-hearing conference to discuss the procedure for the Preliminary Injunction hearing.

**Defendant's Position**:

Microsoft requests that the hearing on Plaintiffs' motion for a preliminary injunction, currently set for April 12, 2023, be continued for three reasons.  First, Microsoft is presently able to stipulate that the merger will not close before May 22, 2023, at the earliest.  A hearing on April 12 is no longer necessary to ensure that the Plaintiffs are heard before a potential closing.  Second, as the Court noted at the January 19, 2023 hearing, the Court and the parties should be addressing the actual transaction as finalized.  "[W]hat the merger may looks like, if it goes forward, may change; right….  We don't want to waste time in terms of the briefing or the preliminary injunction."  (1/19/23 Hr'g Tr. at 6:18-23.)  Third, and perhaps most importantly, final rulings from both the European Commission and the UK's Competition Markets Authority are due in late April, and the FTC may move for a temporary restraining order (and preliminary injunction) under Section 13(b) of the FTC Act at or near that time.  Microsoft submits that the preliminary injunction hearing should be staged after those regulatory reviews are

---

[1] Available at https://assets.publishing.service.gov.uk/media/64088cf9d3bf7f25f61ff804/Microsoft.Activision_-_Response_to_Remedies_Notice_-_NCV__2_.pdf)

completed.  This timing balances the Court's concern that the Plaintiffs be heard, if their Complaint is not dismissed, with the equal priority that this Court adjudicate actual terms of the likely final transaction and the timing of closing.  Accordingly, Microsoft submits that the hearing should be continued until at least early May, subject to the Court's calendar.

Microsoft's position is that it is premature to discuss a procedure for a Preliminary Injunction hearing that should be scheduled in roughly two months.  This transaction has a significant number of moving pieces, including Microsoft's Motion to Dismiss [Dkt. No. 42], Plaintiffs' Reply in support of Plaintiffs' Motion for Preliminary Injunction, Activision Blizzard's Motion to Quash, and the regulatory review process in the EC, the UK and the US.  Microsoft would propose that the Court schedule a status conference, if needed, on April 12, 2023 in lieu of the presently scheduled preliminary injunction hearing.  At that time, the parties can provide an update based on the forthcoming rulings of this Court and developments in the regulatory review process.

Microsoft notes that Plaintiffs' Motion for Preliminary Injunction contained primarily legal arguments with a brief evidentiary record.  Plaintiffs' counsel has also been clear that Plaintiffs do not need discovery.  (*See* 1/19/23 Hr'g Tr. at 12:19-21 ("So it's between the preliminary injunction and the permanent injunction that we would conduct the discovery.").)  Based on the current evidentiary record, an evidentiary hearing with live witnesses would be unnecessary.  Microsoft would like the opportunity to reassess its position on the structure of the preliminary injunction hearing after the Plaintiffs file their Reply, the Court rules on the Currently Pending Motions (see below), and developments in related regulatory or legal proceedings.

### IV.     Currently Pending Motions

Currently pending before the Court are (1) Plaintiffs' Motion for Preliminary Injunction, (ECF No. 4); (2) Microsoft's Motion to Dismiss (ECF No. 42); and (3) Microsoft's Administrative Motion to File Documents Under Seal (ECF No. 63).

## V.  Party Discovery

**Plaintiffs' Position:**

Plaintiffs have served three sets of requests for production on Microsoft. Microsoft finished its production to Plaintiffs of the documents produced to the FTC today, March 14, 2023.

Microsoft has agreed to provide Plaintiffs with copies of transcripts of the FTC depositions of Microsoft personnel that are now occurring as soon as Microsoft receives them. *See* ECF No. 45 at 3, 9, 10.

**Defendant's Position:**

Microsoft has gone above and beyond to cooperate with Plaintiffs and respond to discovery requests despite Plaintiffs' representations to the Court that they do not need discovery for their preliminary injunction motion. Over the last five weeks, Microsoft has made seven document productions consisting of more than 2.6 million documents (totaling over 13.3 million pages of documents or 4,285 gigabytes of data). Microsoft has produced four FTC deposition transcripts, 10 FTC investigative hearing transcripts, and 191 corresponding exhibits. Microsoft has committed to continue providing additional FTC deposition transcripts and their corresponding exhibits as it receives them (despite Plaintiffs' insinuations to the contrary). Beyond sheer volume, Microsoft has engaged with Plaintiffs' counsel through two telephonic meet-and-confers and near-constant email communication to answer questions, identify pertinent documents, and field additional requests. Microsoft has made clear both before the Court and in correspondence with counsel that it did not—and cannot—agree to produce documents that belong to other parties, such as Activision Blizzard. (*See* 2/2/23 Hr'g Tr. at 13:11-17.)

## VI.  Non-Party Discovery

**Plaintiffs' Non-Party Discovery Update:**

Plaintiffs have served the following non-party subpoenas: 30(b)(1) and 30(b)(6) subpoenas and document request on Activision Blizzard, Inc. ("Activision"); 30(b)(1) and 30(b)(6) subpoenas and document request on Nintendo of America, Inc., ("Nintendo"); a 30(b)(6) subpoena and document request on Sony Interactive Entertainment LLC ("Sony"); and a 30(b)(6) subpoena and document request on Nvidia Corporation ("Nvidia").

1. *Activision*

On January 30, 2023, Plaintiffs issued a subpoena to Activision, encompassing a demand for a Federal Rule of Civil Procedure 30(b)(6) deposition of Activision, and Request for Production of Documents. On January 31, 2023, Plaintiffs served Activision and its CEO, Robert A. Kotick, with a deposition subpoena, requiring Mr. Kotick to have appeared for a deposition on February 27, 2023. Counsel for Activision accepted service of both subpoenas. Counsel for Activision objected to the Request for Production of Documents and the deposition of Mr. Kotick. On February 24, 2023, Counsel for Activision filed a Motion to Quash Third-Party Subpoenas in the Central District of California, which the parties agreed to transfer to this Court. The Central District of California transferred the motion to quash to this Court on March 3, 2023.

2. *Nintendo*

On January 27, 2023, Plaintiffs issued a subpoena to Nintendo and its CEO, Mr. Bowser. Counsel for Nintendo has objected to the Request for Production of Documents and the deposition of Mr. Bowser. Plaintiffs and Nintendo have agreed that a corporate designee will appear for deposition on March 22, 2023 for the two noticed topics in the 30(b)(6) deposition notice. Counsel has agreed to postpone the deposition of Mr. Bowser until March 29, 2023, with all parties reserving their rights.

3. *Sony*

Counsel for Sony have accepted service of the 30(b)(6) subpoena for Sony Interactive Entertainment LLC, but not their CEO, Jim Ryan who resides in England. On February 13, 2023, Sony served its Responses and Objections of Non-Party Sony Interactive Entertainment LLC to Plaintiffs' Subpoena in A Civil Action Pursuant to Federal Rules of Civil Procedure 45 and 30(b)(6). Plaintiffs and Sony continue to meet and confer to resolve outstanding issues with respect to the requests for production of documents and deposition testimony.

4. *Nvidia*

On March 3, 2023, Plaintiffs served a document production subpoena on Nvidia with a return date of March 14, 2023. Nvidia, as of this filing, has not complied or contacted Plaintiffs' counsel.

**Defendant's Third-Party Discovery Update:**

Microsoft plans to cross-notice depositions of Nintendo and Sony witnesses.

VII. **Alternative Dispute Resolution**

**Plaintiffs' Position:**

Plaintiffs do not believe ADR is appropriate in this case.

**Defendant's Position:**

Microsoft is open to ADR at an appropriate time.

Dated: March 14, 2023

By:     */s/ Joseph R. Saveri*
        Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Steven N. Williams (State Bar No. 175489)
Cadio Zirpoli (State Bar No. 179108)
Elissa Buchanan (State Bar No. 249996)
David H. Seidel (State Bar No. 307135)
Kathleen J. McMahon (State Bar No. 340007)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:     (415)     500-6800
Facsimile:      (415)     395-9940
Email:  jsaveri@saverilawfirm.com
swilliams@saverilawfirm.com
czirpoli@saverilawfirm.com
eabuchanan@saverilawfirm.com
dseidel@saverilawfirm.com
kmcmahon@saverilawfirm.com

*Plaintiffs' Counsel*

Dated: March 14, 2023

By: */s/ Valarie C. Williams*

Valarie C. Williams
B. Parker Miller
Tania Rice
Tyler Blake
Alston & Bird LLP

Rakesh N. Kilaru
Anastasia M. Pastan
Jenna Pavelec
Wilkinson Stekloff LLP

*Counsel for Defendant Microsoft Corporation*