1
2
3
4
5
6
7
8
9           **UNITED STATES DISTRICT COURT**

10          **NORTHERN DISTRICT OF CALIFORNIA**

11

12   DANTE DEMARTINI, et al.,                    Case No. 3:22-cv-08991-JSC

13                    Plaintiffs,
                                                  **[PROPOSED] AMENDED STIPULATED**
14          v.                                    **PROTECTIVE ORDER**

15   MICROSOFT CORPORATION, a Washington
16   corporation,

17                    Defendant.

18
19
20
21
22
23
24
25
26
27
28

LEGAL02/42568836v1

1.    <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.    <u>DEFINITIONS</u>

2.1    <u>Action</u>: this pending lawsuit, *Demartini. et al. v. Microsoft Corp.*, United States District Court, Northern District of California, Case No. 3.22-cv-08991-JSC, including any amendments thereto, and all cases that have been or will be originally filed in, transferred to, or removed to this Court and assigned thereto.

2.2    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.4    <u>Counsel (without qualifier)</u>: outside Counsel of Record and In-House Counsel (as well as their support staff).

2.5    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.6    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the

medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter, including but not limited to, answers to interrogatories, responses to requests for production, responses to requests for admission, and transcripts of depositions and hearings (or portions of such transcripts).

2.7    "HIGHLY CONFIDENTIAL" Information or Items: non-public information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such material is likely to cause serious economic harm or competitive disadvantage to the Producing Party, is highly personal non-public information, or will otherwise seriously compromise or jeopardize the Producing Party's business interests, such that protecting the information cannot be avoided by less restrictive means than designation as "HIGHLY CONFIDENTIAL." The Parties agree that a Party may designate the following information, if non-public and subject to challenge in accordance with Section 6, as "HIGHLY CONFIDENTIAL": Trade Secrets, and other non-public information of similar competitive and business sensitivity, or material that constitutes highly personal and confidential non-public information.  Further, for purposes of this Action, material that has already been produced to the FTC in *In the Matter of Microsoft Corp. and Activision Blizzard, Inc*., Docket 9412 (the "FTC Proceeding") as of February 7, 2023 and marked with an FTC Confidential brand shall be deemed to have been designated "HIGHLY CONFIDENTIAL" in this Action.

2.8    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action (as well as his or her employees and support staff).

2.9    Trade Secrets: information whose disclosure would result in tangible economic loss, and includes a formula, pattern, compilation, program, device, method, technique, or process, that:

(a)  derives independent economic value from not being generally known to, and not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use; and

(b)  is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

2.10  <u>In-House Counsel</u>: attorneys who are employees of a party to this action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11  <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12  <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.13  <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14  <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15  <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16  <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.17  <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.  <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all

copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.      DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.      DESIGNATING PROTECTED MATERIAL

5.1      Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Designations of material for protection must be made in good faith. Designations that are clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other Parties) are prohibited. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that

Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

To expedite production of potentially voluminous materials, a Producing Party may, but is not required to, produce materials that were previously produced in the FTC Proceeding prior to February 7, 2023 without a detailed confidentiality review. In so doing, the Producing Party may designate those collections of documents that by their nature contain "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL," information with the appropriate designation notwithstanding that some of the documents within the collection may not qualify for such designation.  Notwithstanding the foregoing, a Receiving Party may at any time challenge the designation of one or more particular documents, or categories of documents, bulk designated pursuant to this Paragraph 31 on the grounds that it does not or they do not qualify for such protection. If the Producing Party agrees, it must promptly notify all Receiving Parties that it is withdrawing or changing the designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has

1   indicated which material it would like copied and produced. During the inspection and

2   before the designation, all of the material made available for inspection shall be deemed

3   "HIGHLY CONFIDENTIAL." After the inspecting Party has identified the documents

4   it wants copied and produced, the Producing Party must determine which documents, or

5   portions thereof, qualify for protection under this Order. Then, before producing the

6   specified documents, the Producing Party must affix the "CONFIDENTIAL" or

7   "HIGHLY CONFIDENTIAL," legend to each page of a paper or electronic document

8   that contains Protected Material. A Party may designate documents produced by a Non-

9   Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," if the document

10  contains information for which that Party would have a right to apply the proposed

11  designation if produced by that Party, by notifying all other Parties of the designation

12  within a reasonable period of time after the production of documents by the Non-Party.

13  (b) for testimony given in deposition or in other pretrial or trial proceedings, in the

14  event that a Producing Party designates some or all of a witness's deposition or other

15  testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the specific page

16  and line designations over which confidentiality is claimed must be provided to the

17  Receiving Party within thirty (30) days of receipt of the final transcript, provided,

18  however, that the Receiving Party will consider reasonable requests for an extension of

19  the deadline. After the 30-day period, if no Party has designated some or all of that

20  deposition transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under

21  this Protective Order, the entire deposition, or those portions of the deposition not

22  designated as confidential, will no longer be considered confidential. (c) for information

23  produced in some form other than documentary and for any other tangible items, that

24  the Producing Party affix in a prominent place on the exterior of the container or

25  containers in which the information or item is stored the legend "CONFIDENTIAL" or

26  "HIGHLY CONFIDENTIAL."  If only a portion or portions of the information or item

27  warrant protection, the Producing Party, to the extent practicable, shall identify the

28  protected portion(s). With respect to documents produced in native format, the

Electronically Stored Information Protocol, or ESI Protocol, to be entered in this Action shall govern the form and method for marking such documents as Protected Information. When possible, in order to minimize the likelihood of inadvertent disclosure of confidential information for any information transmitted by electronic means, the Producing Party shall make a good faith effort to place the appropriate confidentiality designation in the subject of the electronic mail conveying the confidential information and on the title of the digital document or media through which it is conveyed, or otherwise notify the Receiving Party of the fact that confidential information is being conveyed. A Party may designate information produced by a Non-Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" if the document contains information for which that Party would have a right to apply the proposed designation if produced by that Party, by notifying all other Parties of the designation within a reasonable period of time after the production of information by the Non-Party.

(c)  Disclosure or Discovery Material previously produced in the *In re Microsoft/Activision Blizzard*, FTC No. 9412 proceeding, prior to February 7, 2023, and bearing a FTC Confidential brand may be produced here and will be deemed to be designated "HIGHLY CONFIDENTIAL" without the addition of a "HIGHLY CONFIDENTIAL" legend.

5.3     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1     <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party

does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions

thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 14 below (FINAL DISPOSITION).Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   Use of Protected Material during Deposition, Hearing, or Deposition Preparation. Deponents and witnesses during a deposition or hearing may be shown or examined on any information, document or thing designated Protected Material if it appears that (a) the witness authored or received or reviewed a copy of it, or knew the information described therein; or (b) was employed by or served as a consultant to the Producing Party (i) at the time the information, document or thing was created or (ii) at any time, so long as the deponent/witness's scope of employment or consultancy encompassed subject matters addressed in the Protected Material sought to be shown or examined on; or (c) is a current employee of the Producing Party, or (d) is being produced to testify pursuant to 30(b)(6), or

(e) if the Producing Party consents to such disclosure, provided that any witness who is not or no longer employed by the Producing Party shall be first requested to sign the Acknowledgment and Agreement to Be Bound (Exhibit A). A Receiving Party who may seek to show a deponent Protected Material will serve a copy of the Acknowledgment and Agreement to Be Bound (Exhibit A) on the deponent along with the deposition notice. To the extent a Producing Party desires that any former employee of that Party or other third-party whose deposition is to be taken in this matter execute the Acknowledgement attached as Exhibit A, it shall be that Party's burden to obtain such an agreement prior to the deposition. If a witness refuses to execute the Acknowledgment or fails to do so within 14 days of the deposition, the Parties will meet and confer on the issue. If the Parties cannot reach an agreement and a Party continues to desire to preclude its former employee or other third-party witness from receiving Protected Material at his or her deposition, that Party shall move for a protective order in a timely fashion so that the issue may be resolved by the Court prior to the deposition. Without such an additional protective order, nothing in this Order shall prevent Counsel from showing Protected Material at the deposition of a witness who is a former employee or consultant of a Party and who currently works for a company that may otherwise preclude the receipt of Protected Material by that witness had he or she had not been formerly employed by or worked as a consultant for the Party. If the Receiving Party intends to disclose Protected Material to a former employee or consultant outside of a deposition or other formal proceeding under oath, the former employee or consultant must either execute the Acknowledgment attached as Exhibit A prior to disclosure or acknowledge on the record that he or she will be bound by Exhibit A.

7.3     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment

and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(h) the named Plaintiffs in this Action to the extent necessary to assist Plaintiffs' counsel in this litigation or effectively represent the named Plaintiffs.

7.4     Disclosure of "HIGHLY CONFIDENTIAL" Information or Items. Highly Confidential Information that is being made available or produced shall be delivered directly into the custody of one of the Receiving Party's Outside Counsel. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party's Outside Counsel may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

(a)  Employees of said Outside Counsel to whom it is reasonably necessary to disclose

the information for this litigation;

(b) No more than three Designated In-House Counsel of the Receiving Party (and up to 4 paralegals or similar support staff) to whom disclosure is reasonably necessary for this litigation;

(c) Experts to the extent necessary for the Expert to prepare a written opinion, to prepare to testify, or to assist counsel of record in the prosecution or defense of this Action, provided, however, that: (i) the disclosure shall be made only to an individual Expert, or to members, partners, employees or agents of an expert consulting firm as the expert consulting firm shall designate as the persons who will undertake the engagement on behalf of the expert consulting firm (the "Designated Expert Personnel"); (ii) the individual Expert or Designated Expert Personnel use the information solely in connection with this Action; (iii) the individual and/or a representative of each expert consulting firm sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A) on behalf of any Designated Expert Personnel associated with that firm;

(d) The court and its personnel, and any appellate court or other court (and their personnel) before which the Parties appear in this Action;

(e) Court reporters, videographers, and their staff;

(f) Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) Persons who prepared, received, or reviewed the "HIGHLY CONFIDENTIAL" Information prior to its production and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information and who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(i) A witness during a hearing, a deposition, or preparation for a deposition, consistent

with Section 7.2;

(j)  Any other person as to whom the Designating Party has consented to disclosure in advance;

(k)  Such other persons as the Parties may agree or may be ordered by the Court;

(l)  Special masters or discovery referees appointed by the Court; and

(m)Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

(n) the named Plaintiffs in this Action to the extent necessary to assist Plaintiffs' counsel in this litigation or effectively represent the named Plaintiffs.

7.5    Exclusion of Individuals From Depositions. Counsel shall have the right to exclude any person who is not authorized by this Order to receive documents or information designated as Protected Materials from any deposition where testimony regarding Protected Materials or the use of Protected Materials is likely to arise, but only during periods of examination or testimony directed to or comprising Protected Material. This paragraph does not apply to the deponent.

7.6    "OUTSIDE COUNSEL ONLY" Designations. A Designating Party may add a designation of "OUTSIDE COUNSEL ONLY" to any material designated HIGHLY CONFIDENTIAL. Protected Material marked "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" shall be governed in all respects as HIGHLY CONFIDENTIAL material, except that section 7.4(b) shall not apply to such materials.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

8.1    If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the

other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

8.2    If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

9.1    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.2    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of

the information requested; and

(c) make the information requested available for inspection by the Non-Party.

9.3      If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material. All disclosure and discovery disputes are subject to the undersigned's standing order for civil cases.

10.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED</u>
<u>MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection,

the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.   MISCELLANEOUS

    12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

    12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

    12.3   Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

    12.4   Violations of the Protective Order by Disclosure of Personal Information. In the event that any person or Party violates the terms of this Protective Order by disclosing personal information relating to an individual third party, or in the event that any person or Party breaches the terms of the Protective Order in a manner that requires disclosure to a third party under pertinent privacy laws or otherwise, it shall be the responsibility of the breaching Party to contact that third party and to comply with any laws or regulations involving breaches of Personal Information.

13.     <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: March 15, 2023                    By:  _____ */s/ Joseph M. Alioto* _____
                                                        Joseph M. Alioto

                                              Joseph M. Alioto (Bar No. 42680)
                                              Tatiana V. Wallace (Bar No. 233939)
                                              **ALIOTO LAW FIRM**
                                              One Sansome Street, 35th Floor
                                              San Francisco, CA  94104
                                              Telephone:    (415) 434-8900
                                              Facsimile:    (415) 434-9200
                                              Email:        jmalioto@aliotolaw.com

Dated:  March 15, 2023

By:      _/s/ Joseph R. Saveri_          
Joseph R. Saveri

Joseph R. Saveri (Bar No. 130064)
Steven N. Williams (Bar No. 175489)
Cadio Zirpoli (Bar No. 179108)
Elissa Buchanan (Bar No. 249996)
David H. Seidel (Bar No. 307135)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:  (415) 500-6800
Facsimile:  (415) 395-9940
Email:  jsaveri@saverilawfirm.com
swilliams@saverilawfirm.com
czirpoli@saverilawfirm.com
eabuchanan@saverilawfirm.com
dseidel@saverilawfirm.com

_Counsel for Plaintiffs_

Dated:  March 15, 2023

By:      _/s/ Valerie C. Williams_         
Valarie C. Williams

Rakesh N. Kilaru (admitted _pro hac vice_)
Anastasia M. Pastan (admitted _pro hac vice_)
Jenna Pavelec (admitted _pro hac vice_)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
rkilaru@wilkinsonstekloff.com
apastan@wilkinsonstekloff.com
jpavelec@wilkinsonstekloff.com

Valarie C. Williams (Bar No. 335347)
Tania Rice (Bar No. 294387)
Tyler A. Blake (Bar No. 316623)
**Alston & Bird LLP**
5600 Mission Street, Suite 2100
San Francisco, CA 94105
Telephone: (415) 243-1000
Fax: (415) 243-1001
valarie.williams@alston.com

tania.rice@alston.com
tyler.blake@alston.com
*Counsel for Defendant Microsoft Corp.*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: March ~~15~~ 16, 2023

_____
Honorable Jacqueline Scott Corley
United States District Judge

[PROPOSED] AMENDED STIPULATED PROTECTIVE ORDER – CASE NO. 3:22-cv-08991-JSC

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of *Demartini. et al. v. Microsoft Corp.*, United States District Court, Northern District of California, Case No. 3.22-cv-08991-JSC. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____