1  Joseph M. Alioto (State Bar No 42680)
   Tatiana V. Wallace (SBN 233939)
2  **ALIOTO LAW FIRM**
   One Sansome Street, 35th Floor
3  San Francisco, CA  94104
   Telephone:     (415) 434-8900
4  Facsimile:     (415) 434-9200
   Email:         jmalioto@aliotolaw.com
5
   Joseph R. Saveri (State Bar No. 130064)
6  Steven N. Williams (State Bar No. 175489)
   Cadio Zirpoli (State Bar No. 179108)
7  Elissa Buchanan (State Bar No. 249996)
   David H. Seidel (State Bar No. 307135)
8  Kathleen J. McMahon (State Bar No. 340007)
   **JOSEPH SAVERI LAW FIRM, LLP**
9  601 California Street, Suite 1000
   San Francisco, California 94108
10 Telephone:     (415) 500-6800
   Facsimile:     (415) 395-9940
11 Email:         jsaveri@saverilawfirm.com
                  swilliams@saverilawfirm.com
12                czirpoli@saverilawfirm.com
                  eabuchanan@saverilawfirm.com
13                dseidel@saverilawfirm.com
                  kmcmahon@saverilawfirm.com
14
   (Additional Counsel on Signature Page)

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANTE DEMARTINI, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>MICROSOFT CORPORATION, a Washington corporation,<br><br>        Defendant. | Case No. 3:22-cv-08991-JSC<br><br>**JOINT STATUS CONFERENCE STATEMENT**<br><br>Status Conference Date: April 12, 2023<br>Time: 1:30 PM<br>Location: Courtroom 8<br>Judge: Hon. Jacqueline Scott Corley |

Pursuant to the Court's Order following the March 16, 2023 Status Conference, the parties through their undersigned counsel submit the following joint status report.

I.     **Case Status**

**Plaintiffs' Position:**

Plaintiffs will file their Amended Complaint on April 10, 2023. If Microsoft intends to file a motion to dismiss the Amended Complaint, Plaintiffs propose that the parties meet and confer on an accelerated briefing schedule in order that the case may move forward appropriately. Plaintiffs see no reason why scheduling the Preliminary Injunction Motion should await a decision on a potential motion to dismiss. Nor do Plaintiffs see any reason to rehash Microsoft's prior arguments or respond to hypotheticals. There will be much more clarity after the Amended Complaint is filed and Plaintiffs will be available to meet and confer promptly upon Microsoft's request.

**Defendant's Position:**

Plaintiffs are required to file their Amended Complaint no later than April 10, 2023, and have indicated that they will file a Preliminary Injunction Motion "soon after." Microsoft respectfully submits that upon receiving these filings, the Court should first entertain briefing and argument on a renewed Motion to Dismiss (which Microsoft expects to file) on the normal timeline for such a motion, and set a preliminary injunction briefing and hearing schedule thereafter only if the Court concludes that Plaintiffs have pleaded a plausible claim for relief.

As the Court has ruled, Plaintiffs' initial complaint in this case was deficient. They relied largely on flawed legal arguments based on outdated Supreme Court cases while ignoring the subsequent decades of on-point case law rejecting those same arguments. Despite pleading myriad different markets, they failed to plausibly allege the contours of, or competitive landscape in, any of them. And while they sought a preliminary injunction—on which they bear the burden of proof—they presented no evidence and no expert testimony.

Against this backdrop, there is no reason to move forward with a preliminary injunction hearing until after the Plaintiffs have shown they can plead a plausible claim for relief. A preliminary injunction hearing is no small matter; depending on how Plaintiffs approach their pleadings this time, it could

involve testimony from fact witnesses, expert witnesses, or others.  Given the history of this case, Microsoft submits that the Court should first evaluate if Plaintiffs have cleared the hurdles they failed to clear last time before visiting that burden on the parties and the Court.

To the extent Plaintiffs view this scheduling proposal as a problem, it is one of their own making.  While Plaintiffs may argue for their "day in court," as the Court noted, that entitlement only occurs "[o]nce [they]'ve pled the complaint with a plausible claim." (Transcript of Mar. 16, 2023 Proceedings at 80:12-13.)  Plaintiffs have thus far been unable to articulate a market where the merger has a reasonable probability of creating market power that will substantially lessen competition.  Plaintiffs also waited 11 months after the transaction was announced to file their lawsuit, and then wasted several additional months filing an implausible complaint and litigating its sufficiency rather than immediately amending.  They likewise have done nothing to expedite proceedings since this Court's ruling, for example by filing their next round of submissions earlier.  They declined to answer questions regarding their proposed schedule for a preliminary injunction proceeding, what type of evidence they expect to offer (for example, whether they will submit an expert report), and how they propose completing any necessary discovery such as expert discovery.

Moreover, until the Motion to Dismiss is resolved, it is not possible to determine the scope of any Preliminary Injunction hearing (if one need even take place).  If some claims survive the motion to dismiss stage but not others, it could affect the parties' discovery plan, preparation for the hearing, and the issues that require resolution at any hearing.

Last, Plaintiffs have also failed to establish why they need a preliminary injunction hearing at all.  Plaintiffs have the burden of showing that they will be irreparably harmed if the merger closes, and that the balance of equities favors them.  Part of that showing requires establishing that other forms of relief—namely, money damages, or a post-close injunction against any anticompetitive activity—are inadequate.  To date, they have failed to offer any plausible allegations on those fronts.  And none are apparent; in the many months since the transaction was announced, Microsoft has taken steps to *expand* access to *Call of Duty* post-merger.

For all these reasons, Microsoft requests that the Court evaluate the sufficiency of Plaintiffs' new complaint "before allowing a potentially massive factual controversy to proceed" in the form of an

expedited preliminary injunction hearing. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (quoting *Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 528 n.27 (1983)).

## II. Currently Pending Motions

There are no currently pending motions.

## III. Party Discovery

**Plaintiffs' Position:**

Microsoft is continuing to make productions to Plaintiffs in accordance with the Parties' agreements and the Court's orders, and has demanded that Plaintiffs produce documents to Microsoft.

**Defendant's Position:**

Microsoft submits that discovery is inappropriate when there is no operative complaint and reserves all rights, but has nonetheless cooperated to move discovery forward.

## IV. Non-Party Discovery

**Plaintiffs' Non-Party Discovery Update:**

Plaintiffs have served the following non-party subpoenas: 30(b)(1) and 30(b)(6) subpoenas and document request on Activision Blizzard, Inc. ("Activision"); 30(b)(1) and 30(b)(6) subpoenas and document request on Nintendo of America, Inc., ("Nintendo"); a 30(b)(6) subpoena and document request on Sony Interactive Entertainment LLC ("Sony"); and a 30(b)(6) subpoena and document request on Nvidia Corporation ("Nvidia").

1. *Activision*

On April 3, 2023, Plaintiffs and Activision advised the Court that they had resolved their pending discovery dispute.

2. *Nintendo*

On January 27, 2023, Plaintiffs issued a subpoena to Nintendo and its CEO, Mr. Bowser. Plaintiffs and Nintendo had agreed to a deposition date of March 22, 2023, and Plaintiffs were prepared to take the deposition. However, after the Court dismissed the complaint with leave to amend, Nintendo

refused to produce a witness for the scheduled deposition. Once Plaintiffs file an amended complaint, Plaintiffs intend to meet and confer with Nintendo and bring a motion to compel if necessary.

3. *Sony*

On January 27, 2023, Plaintiffs issued a subpoena to Sony Interactive Entertainment, LLC ("Sony") and its CEO Jim Ryan. In lieu of a deposition at this time, Sony agreed to produce documents to Plaintiffs. Sony made a production of documents to Plaintiffs on March 9, 2023. Plaintiffs issued a second subpoena to Sony with a request for production of documents on March 10, 2023. After the entry of a Supplemental Protective Order with an "Outside Counsel Only" provision, Sony made a second production of material to Plaintiffs on March 17, 2023.  Sony has advised Plaintiffs and Microsoft has confirmed that Sony will be producing these same documents to Microsoft.

4. *Nvidia*

On March 3, 2023, Plaintiffs served a document production subpoena on Nvidia with a return date of March 14, 2023. Nvidia has refused to produce any documents or engage with Plaintiffs until Plaintiffs have filed an amended complaint. Once Plaintiffs file an amended complaint, Plaintiffs intend to meet and confer with Nvidia and bring a motion to compel if necessary.

**Defendant's Third-Party Discovery Update:**

Microsoft was surprised to read that Plaintiffs received document productions from Sony weeks ago.  Microsoft immediately requested that Plaintiffs produce those documents to Microsoft.  Microsoft intends to seek further discovery from Sony as necessary.  It also plans to cross-notice any depositions of Nintendo and Sony witnesses.

Microsoft requests that Plaintiffs forward any materials from third party discovery upon receipt. Microsoft will do the same.

V. **Alternative Dispute Resolution**

**Plaintiffs' Position:**

Plaintiffs do not believe ADR is appropriate in this case.

**Defendant's Position:**

Microsoft is open to ADR at an appropriate time.

| | | | |
|---|---|---|---|
|1| Dated: April 7, 2023 | By: | */s/ David H. Seidel* |
|2| | | David H. Seidel |

Joseph R. Saveri (State Bar No. 130064)
Steven N. Williams (State Bar No. 175489)
Cadio Zirpoli (State Bar No. 179108)
Elissa Buchanan (State Bar No. 249996)
David H. Seidel (State Bar No. 307135)
Kathleen J. McMahon (State Bar No. 340007)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:     (415) 500-6800
Facsimile:       (415) 395-9940
Email:             jsaveri@saverilawfirm.com
swilliams@saverilawfirm.com
czirpoli@saverilawfirm.com
eabuchanan@saverilawfirm.com
dseidel@saverilawfirm.com
kmcmahon@saverilawfirm.com

Plaintiffs' Counsel

Dated: April 7, 2023           By:  */s/ Valarie C. Williams*

Valarie C. Williams
B. Parker Miller
Tania Rice
Tyler Blake
Alston & Bird LLP

Rakesh N. Kilaru
Anastasia M. Pastan
Jenna Pavelec
Wilkinson Stekloff LLP

*Counsel for Defendant Microsoft Corporation*

**Filer's Attestation**

Each of the other Signatories have concurred in the filing of the document, which shall serve in lieu of their signatures on the document.

By: __/s/ David H. Seidel_____
David H. Seidel