CLEARY GOTTLIEB STEEN & HAMILTON LLP
C. Lawrence Malm (admitted *pro hac vice*)
lmalm@cgsh.com
2112 Pennsylvania Ave, N.W.
Washington, DC 20037
Telephone: 202-974-1959

Ye Eun Chun (Bar No. 331459)
chchun@cgsh.com
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: 650-815-4111

*Counsel for Non-Party Sony Interactive Entertainment LLC*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| DANTE DEMARTINI, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MICROSOFT CORPORATION, a Washington Corporation, <br><br> Defendant. | Case No. 3:22-cv-08991-JSC <br><br> **NON-PARTY SONY INTERACTIVE ENTERTAINMENT LLC'S STATEMENT IN SUPPORT OF SEALING CERTAIN CONFIDENTIAL BUSINESS MATERIAL FILED WITHIN PLAINTIFFS' AMENDED COMPLAINT** |

## I.   INTRODUCTION

Non-Party Sony Interactive Entertainment LLC ("SIE") produced certain confidential business material in response to subpoenas served by Plaintiffs Dante DeMartini, Curtis Burns Jr., Nicholas Elden, Jessie Galvan, Christopher Giddings-Lafaye, Steve Herrera, Hunter Jakupko, Daniel Loftus, Beowulf Owen, and Ivan Calvo-Perez ("Plaintiffs").  Plaintiffs described this material in their Amended Complaint (ECF No. 84) and filed a corresponding Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (ECF No. 89).

Pursuant to Civil Local Rule 79-5(f)(3), Non-Party SIE requests that this Court seal its confidential information identified below.  Specifically, SIE seeks to maintain under seal material contained in Plaintiff's Amended Complaint that references highly confidential information created by SIE for internal use only.  These excerpts quote or refer to information produced in discovery in this litigation pursuant to a third-party subpoena, which SIE designated "Outside Counsel Only" after insisting that the parties update the Protective Order in this case.  The parties stipulated to amend the Protective Order (ECF No. 70) to include an "Outside Counsel Only" designation, and this Court ordered the amendment of the Protective Order to include such designation (ECF No. 71).  SIE requested the additional protection because it is particularly important that Microsoft – a direct competitor – not have access to this material.

| Portion of Document Sought to be Sealed | Description of Document | Reasons for Sealing |
|---|---|---|
| Amended Complaint ("AC") ¶ 66 | User data for SIE and Microsoft's cloud gaming and subscription services | This paragraph of Plaintiffs' Amended Complaint contains non-public information about the number of SIE cloud gaming and subscription service subscribers, which SIE uses when developing and executing its competitive, marketing, and business strategies.  Legitimate confidentiality and competitive interests warrant the sealing of this highly confidential information, the disclosure of which could not be avoided through any less restrictive alternative to sealing. |

| AC ¶ 300 | Data analysis concerning console switch rates | This paragraph of Plaintiffs' Amended Complaint contains non-public economic analysis about Microsoft's incentives to withhold Call of Duty from competitors, relying on internal non-public SIE data, which SIE uses when developing and executing its competitive, marketing, and business strategies.  Legitimate confidentiality and competitive interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to SIE that could not be avoided through any less restrictive alternative to sealing. |
|---|---|---|
| AC ¶ 303 | An internal research finding regarding console competition | This paragraph of Plaintiffs' Amended Complaint contains SIE's non-public consumer research findings about console competition, which SIE uses when developing and executing its competitive, marketing, and business strategies.  Legitimate confidentiality and competitive interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to SIE that could not be avoided through any less restrictive alternative to sealing. |
| AC ¶ 303 | SIE observations on consumer behavior regarding AAA games | This paragraph of Plaintiffs' Amended Complaint contains SIE's non-public strategic analysis of consumer behavior relating to AAA games, which SIE uses when developing and executing its competitive, marketing, and business strategies.  Legitimate confidentiality and competitive interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to SIE that could not be avoided through any less restrictive alternative to sealing. |
| AC ¶ 308 | Call of Duty revenue data | This paragraph of Plaintiffs' Amended Complaint contains SIE's non-public financial information about SIE's revenues generated by Call of Duty, which SIE uses when developing and executing its competitive, marketing, and business strategies.  Legitimate confidentiality and competitive interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to SIE that could not be avoided through any less restrictive alternative to sealing. |

2

SIE CIV. L. R. 79-5(F)(3) STATEMENT                                   CASE NO. 3:22-CV-08991-JSC

| | | |
|---|---|---|
| AC ¶ 309 | Consumer gameplay and spend data | This paragraph of Plaintiffs' Amended Complaint contains SIE's non-public data and analysis of SIE platform users' behavior regarding certain franchises available on SIE platforms (specifically, gameplay and spend data), which SIE uses when developing and executing its competitive, marketing, and business strategies.  Legitimate confidentiality and competitive interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to SIE that could not be avoided through any less restrictive alternative to sealing. |
| AC ¶ 309 | Consumer engagement data | This paragraph of Plaintiffs' Amended Complaint contains SIE's non-public data and analysis of SIE platform users' behavior regarding certain franchises available on SIE platforms (specifically gameplay and spend data), which SIE uses when developing and executing its competitive, marketing, and business strategies.  Legitimate confidentiality and competitive interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to SIE that could not be avoided through any less restrictive alternative to sealing. |
| AC ¶ 310 | Consumer spend, engagement, and gameplay data | This paragraph of Plaintiffs' Amended Complaint contains SIE's non-public data and analysis of SIE platform users' behavior regarding certain franchises available on SIE platforms (specifically, gameplay and spend data), which SIE uses when developing and executing its competitive, marketing, and business strategies.  Legitimate confidentiality and competitive interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to SIE that could not be avoided through any less restrictive alternative to sealing. |
| AC ¶ 311 | Consumer engagement data | This paragraph of Plaintiffs' Amended Complaint contains SIE's non-public data and analysis about SIE platform users' behavior regarding certain franchises available on SIE platforms (specifically gameplay and spend data), which SIE uses when developing and executing its competitive, marketing, and business strategies.  Legitimate confidentiality and competitive interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to SIE |

| | | | that could not be avoided through any less restrictive alternative to sealing. |
|---|---|---|---|
| | AC ¶ 312 | SIE franchise data | This paragraph of Plaintiffs' Amended Complaint contains (i) SIE's non-public data and analysis of Call of Duty's performance on SIE platforms in relation to other franchises available on PlayStation, and (ii) SIE's non-public data and analysis about SIE platform users' behavior regarding certain franchises available on SIE platforms (specifically gameplay and spend data), both of which SIE uses when developing and executing its competitive, marketing, and business strategies.  Legitimate confidentiality and competitive interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to SIE that could not be avoided through any less restrictive alternative to sealing. |
| | AC ¶ 312 | User engagement chart | This chart within Plaintiffs' Amended Complaint contains SIE's non-public data and analysis about SIE platform users' behavior regarding certain franchises available on SIE platforms (specifically engagement data), which SIE uses when developing and executing its competitive, marketing, and business strategies.  Legitimate confidentiality and competitive interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to SIE that could not be avoided through any less restrictive alternative to sealing. |
| | AC ¶ 312 | Total engagement chart | This chart within Plaintiffs' Amended Complaint contains SIE's non-public data and analysis about SIE platform users' behavior regarding certain franchises available on SIE platforms (specifically engagement data), which SIE uses when developing and executing its competitive, marketing, and business strategies.  Legitimate confidentiality and competitive interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to SIE |

| | | | |
|---|---|---|---|
| | | | that could not be avoided through any less restrictive alternative to sealing. |
| | AC ¶ 312 | Active user chart | This chart within Plaintiffs' Amended Complaint contains SIE's non-public data and analysis about SIE platform users' behavior regarding certain franchises available on SIE platforms (specifically engagement data), which SIE uses when developing its competitive, marketing, and business strategies.  Legitimate confidentiality and competitive interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to SIE that could not be avoided through any less restrictive alternative to sealing. |
| | AC ¶ 316 | Data analysis concerning console switch rates | This paragraph of Plaintiffs' Amended Complaint contains non-public economic analysis of consumers' likely platform switching rates and Call of Duty's importance to SIE's platform user retention, based on SIE's non-public data, which SIE uses when developing and executing its competitive, marketing, and business strategies.  Legitimate confidentiality and competitive interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to SIE that could not be avoided through any less restrictive alternative to sealing. |
| | AC ¶ 326 | Data analysis on foreclosure incentives | This paragraph of Plaintiffs' Amended Complaint contains non-public economic analysis about Microsoft's foreclosure incentives relating to Call of Duty, relying on internal non-public SIE data, which SIE uses when developing and executing its competitive, marketing, and business strategies.  Legitimate interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to SIE that could not be avoided through any less restrictive alternative to sealing. |

## II. THERE ARE COMPELLING REASONS TO SEAL SIE'S CONFIDENTIAL BUSINESS INFORMATION

Although the public enjoys a general right to inspect and copy public records, including judicial records, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The presumption in favor of access to judicial records may be overcome by "compelling reasons" that justify sealing them, such as the need to prevent court filings from serving as "sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978)). Courts have broad discretion to prevent disclosure of "many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). Specifically, if revealing "confidential business material, marketing strategies, [and] product development plans could result in improper use by business competitors seeking to replicate [the company's] business practices and circumvent the time and resources necessary in developing their own practices and strategies," a court may seal the materials in question. *Roley v. Google LLC*, No. 18-cv-07537-BLF, 2020 WL 13517498, at *1 (N.D. Cal. Apr. 28, 2020) (quoting *Algarin v. Maybelline, LLC*, No. 12CV3000 AJB DHB, 2014 WL 690410, at *3 (S.D. Cal. Feb. 21, 2014)). Non-parties receive special deference when these issues are considered. *See United States v. Bazaarvoice, Inc.*, No. 13-cv-00133-WHO, 2014 WL 11297188, at *1 (N.D. Cal. Jan. 21, 2014) (granting motion to seal third-party trial exhibits, noting that disclosure would "chill investigations in the future where third party documents are essential"); *see also Ctr. for Auto Safety*, 809 F.3d at 1097.

Here, Non-Party SIE seeks to seal limited non-public information containing SIE's highly confidential competitive analyses and business strategy information for its consoles, subscription services, and cloud gaming businesses, which are based on its internal non-public data. *See* Ex. 1 (Decl. of C. Svensson). In particular, the information that SIE seeks to protect contains: SIE's secret and internal-only financial information; SIE users' engagement, spending, and gameplay data; SIE's customer survey results; and SIE's presentations displaying highly sensitive business information. SIE uses this information to maintain its current business model and shape its future

strategy. If these business secrets were made available to the public, it would greatly increase the risk that SIE's market competitors could take advantage of SIE in negotiations or circumvent the time and resources SIE expended in developing its practices and strategies. Public disclosure of this highly confidential information would undermine SIE's business model, give competitors an unfair advantage in the marketplace, and disrupt the future launches of its commercial products. *See* Ex. 1 (Decl. of C. Svensson); *Synchronoss Techs., Inc. v. Dropbox Inc.*, No. 16-cv-00119-HSG, 2018 WL 6002319, at *1 (N.D. Cal. Nov. 15, 2018) (noting that courts have sealed confidential business information when it "prevent[ed] competitors from gaining insight into the parties' business model and strategy") (citing *In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017)); *Bauer Bros. LLC v. Nike, Inc.*, No. 09cv500-WQH-BGS, 2012 WL 1899838, at *2 (S.D. Cal. May 24, 2012) (concluding that "public disclosure of Nike's confidential business materials . . . could result in improper use by business competitors seeking to replicate Nike's business practices and circumvent the considerable time and resources necessary in product and marketing development"). Given the nature of Plaintiffs' case, the information they have received from SIE is current and therefore of substantial competitive value.

SIE only disclosed this information to Plaintiffs in response to their subpoenas, and only after the protective order was amended specifically to provide for "Outside Counsel Only" treatment. The SIE information in the Amended Complaint derives from documents that had been designated Outside Counsel Only.

**III.    THE COMPELLING REASONS TO SEAL OUTWEIGH ANY PUBLIC INTEREST IN THE REDACTED MATERIAL**

SIE's request to seal portions of Plaintiffs' Amended Complaint is the result of its good faith effort to seek the sealing only of information that is confidential, commercially or competitively-sensitive, and cannot be protected from public disclosure through less restrictive means. Any public interest in disclosing the redacted information in Plaintiffs' Amended Complaint is outweighed by the prejudice that will result to SIE, a non-party that "did not voluntarily put [its information] at issue in this litigation," if no protection is granted. *Bazaarvoice,*

*Inc.*, 2014 WL 11297188, at *1 (noting importance of protecting third parties); *see also Ctr. for Auto Safety*, 809 F.3d at 1097.

### IV.  CONCLUSION

For the foregoing reasons, SIE respectfully requests that the Court grant Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (ECF No. 89) and maintain under seal SIE's confidential information listed in the chart above.

Dated: April 17, 2023

Respectfully submitted,

CLEARY GOTTLIEB STEEN & HAMILTON LLP

/s/ C. Lawrence Malm

C. Lawrence Malm (admitted *pro hac vice*)
lmalm@cgsh.com
2112 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
T: 202-974-1959

Ye Eun Chun (Bar No. 331459)
chchun@cgsh.com
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
T: 650-815-4111

*Counsel for Non-Party Sony Interactive Entertainment LLC*