Valarie C. Williams (Bar No. 335347)
Tania Rice (Bar No. 294387)
Tyler Blake (Bar No. 316623)
Alston & Bird LLP
560 Mission Street, Suite 2100
San Francisco, CA 94105
Telephone: (415) 243-1000
valarie.williams@alston.com
tania.rice@alston.com
tyler.blake@alston.com

B. Parker Miller (*pro hac vice*)
Alston & Bird LLP
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
Telephone: (404) 881-7000
parker.miller@alston.com

Rakesh N. Kilaru (*pro hac vice*)
Anastasia M. Pastan (*pro hac vice*)
Jenna Pavelec (*pro hac vice*)
Wilkinson Stekloff LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
rkilaru@wilkinsonstekloff.com
apastan@wilkinsonstekloff.com
jpavelec@wilkinsonstekloff.com

*Counsel for Defendant Microsoft Corporation*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANTE DEMARTINI, *et al.*,<br><br>  Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>  Defendant. | Case No. 3:22-cv-08991-JSC<br><br>**DEFENDANT MICROSOFT CORPORATION'S STATEMENT IN RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED [Dkt. 82]**<br><br>Hon. Jacqueline Scott Corley |

On April 10, 2023, Plaintiffs filed their Amended Complaint.  (Dkt. 84.)  Pursuant to Local Rule 79-5(f), they filed an Administrative Motion to Consider Whether Another Party's Materials Should be Sealed (Dkt. 82), with respect to portions of the Amended Complaint that quote or reference material that has been designed as Highly Confidential by Microsoft Corporation.  Pursuant to Local Rules 79-5(c) and (f), Microsoft submits this Statement and accompanying Declaration of Sandra Pailca in support of sealing those portions of the Amended Complaint.

Microsoft requests that the Court seal the following portions of the Amended Complaint:

- Portions of Plaintiff's Amended Complaint at ¶¶ 11, 22, 41, 54, 55, 57, 66, 71-73, 76, 78-83, 92, 108, 109, 159, 182, 192, 199, 205, 228, 252, 257, 271, 275, 280, 285, 286, 288, 301, 303-305, 313, 323, 327, 332, 333, 335-338, 353, 362, 375, 376.

The Ninth Circuit applies a "compelling reasons" standard for sealing documents where the "motion at issue is more than tangentially related to the underlying cause of action."  *Auto Safety v. Chrysler Grp.,* 809 F.3d 1092, 1099 (9th Cir. 2016).  For records attached to nondispositive motions, courts apply "the lower 'good cause' standard."  *Santelices v. Apttus Corp.*, 2020 U.S. Dist. LEXIS 183322, at *10 (N.D. Cal. Oct. 2, 2020).  Though there is a "strong presumption in favor of access," *Auto Safety,* 809 F.3d at 1099, a movant may overcome this presumption by articulating "'compelling reasons' in favor of sealing." *Fujitsu Ltd. v. Belkin Int'l, Inc*., No. 10-cv-3972, 2012 WL 6019754, at *2 (N.D. Cal. Dec. 3, 2012) ("[C]ompelling reasons may exist if sealing is required to prevent judicial documents from being used 'as sources of business information that might harm a litigant's competitive standing.'"); *see also Kamakana v. Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). Here, there are sufficient reasons for sealing these materials under either standard.

The material contains the following types of sensitive business information.  For reference, Appendix A contains a chart summarizing each of the portions of the Amended Complaint sought to be sealed and which category of sensitive business information that paragraph contains.

   1. Confidential Contracts:  These paragraphs reference the terms of agreements and draft agreements, which contain confidentiality provisions requiring Microsoft to keep their terms confidential.  (Pailca Decl., ¶ 3.)  There is a public interest in maintaining the confidentiality of

contracts and contract negotiations, where the parties have negotiated for such confidentiality. Further, Microsoft and the third parties that it contracted/negotiated with have an interest in maintaining the confidentiality of the terms of these agreements. It could cause competitive harm to Microsoft and those third parties if these documents were publicly disclosed. (*Id.*) For example, Microsoft negotiates agreements with other video game developers, and it could harm Microsoft's negotiating position if those developers could compare the terms of these agreements (or offered agreement). (*Id.*) The terms of the agreements also divulge Microsoft's strategy in the market, which could be copied or used by its competitors to obtain a competitive advantage. (*Id.*) Microsoft takes reasonable steps to maintain the confidentiality of these documents. (*Id.*) It produced them to the FTC and in this action as Highly Confidential. (*Id.*)

2. <u>Business Strategy</u>: These paragraphs reference confidential communications that discuss business strategy and planning. (Pailca Decl., ¶ 4.) Microsoft has an interest in maintaining the confidentiality of these business strategies. It would cause competitive harm to Microsoft if these documents were publicly disclosed. (*Id.*) For example, competitors could copy Microsoft's business strategies or use them to obtain a competitive advantage. (*Id.*) Microsoft takes reasonable steps to maintain the confidentiality of these documents. (*Id.*) It produced them to the FTC and in this action as Highly Confidential. (*Id.*)

3. <u>Competitive Analysis</u>: These paragraphs reference internal and confidential competitive analyses and market data collected by Microsoft. (Pailca Decl., ¶ 5.) Microsoft has an interest in maintaining the confidentiality of these analyses. It could cause competitive harm to Microsoft if these documents were publicly disclosed. (*Id.*) For example, competitors could use this information to obtain a competitive advantage or to avoid the burden of developing or obtaining the analyses and data themselves. (*Id.*) Microsoft takes reasonable steps to maintain the confidentiality of this information. (*Id.*) It produced it to the FTC and in this action as Highly Confidential. (*Id.*)

These are the type of materials that courts routinely seal. *See, e.g.*, *FTC v. Qualcomm Inc.*, 2018 U.S. Dist. LEXIS 85942, at *23 (N.D. Cal. May 22, 2018) (granting motion to seal where the exhibits "contain confidential business information"); *Santelices*, 2020 U.S. Dist. LEXIS 183322, at *11–12 (finding compelling reason to seal documents "that contain confidential business and financial

information relating to the Apttus merger and the company's internal valuation analysis related to this merger"); *In re Lidoderm Antitrust Litig.*, 2016 U.S. Dist. LEXIS 105619, at *120 (N.D. Cal. Aug. 9, 2016) (sealing "information regarding . . . competitive intelligence strategies . . . and confidential business strategies."); *Esquivel v. Bank of Am., N.A.*, 2015 U.S. Dist. LEXIS 90056, at *8-9 (E.D. Cal. July 10, 2015) (compelling reasons existed to seal outline of business procedures because "[s]hould it be disseminated publicly, it may allow Defendants' competitors to reap the benefit of the outlined procedures without having to incur the costs associated with developing them").

No less restrictive alternative to sealing is sufficient. Microsoft has sought to seal only narrow portions of the Amended Complaint, which was filed by Plaintiffs.

Dated: April 17, 2023

Respectfully submitted,

By: *Valarie C. Williams*

Valarie C. Williams
B. Parker Miller
Tania Rice
Tyler Blake
Alston & Bird LLP

Rakesh N. Kilaru
Anastasia M. Pastan
Jenna Pavelec
Wilkinson Stekloff LLP

*Counsel for Defendant Microsoft Corporation*

# Appendix A

# Information Requested to be Sealed

| Information To Be Sealed | Justification |
|---|---|
| Amended Complaint ¶ 11 | Business Strategy |
| Amended Complaint ¶ 22 | Business Strategy |
| Amended Complaint ¶ 41 | Competitive Analysis |
| Amended Complaint ¶ 54 | Business Strategy |
| Amended Complaint ¶ 55 | Business Strategy |
| Amended Complaint ¶ 57 | Business Strategy |
| Amended Complaint ¶ 66 | Business Strategy |
| Amended Complaint ¶ 71 | Business Strategy |
| Amended Complaint ¶ 72 | Business Strategy |
| Amended Complaint ¶ 73 | Competitive Analysis |
| Amended Complaint ¶ 76 | Business Strategy |
| Amended Complaint ¶ 78 | Business Strategy |
| Amended Complaint ¶ 79 | Business Strategy |
| Amended Complaint ¶ 80 | Business Strategy |
| Amended Complaint ¶ 81 | Business Strategy |
| Amended Complaint ¶ 82 | Business Strategy |
| Amended Complaint ¶ 83 | Business Strategy |
| Amended Complaint ¶ 92 | Business Strategy |
| Amended Complaint ¶ 108 | Business Strategy |
| Amended Complaint ¶ 109 | Business Strategy |
| Amended Complaint ¶ 159 | Business Strategy |
| Amended Complaint ¶ 182 | Business Strategy |
| Amended Complaint ¶ 192 | Competitive Analysis |
| Amended Complaint ¶ 199 | Competitive Analysis |
| Amended Complaint ¶ 205 | Business Strategy |
| Amended Complaint ¶ 228 | Business Strategy |
| Amended Complaint ¶ 252 | Business Strategy |
| Amended Complaint ¶ 257 | Business Strategy |
| Amended Complaint ¶ 271 | Business Strategy |
| Amended Complaint ¶ 275 | Business Strategy |
| Amended Complaint ¶ 280 | Business Strategy |
| Amended Complaint ¶ 285 | Business Strategy |
| Amended Complaint ¶ 286 | Business Strategy |
| Amended Complaint ¶ 288 | Business Strategy |
| Amended Complaint ¶ 301 | Competitive Analysis |
| Amended Complaint ¶ 303 | Business Strategy |
| Amended Complaint ¶ 304 | Business Strategy |
| Amended Complaint ¶ 305 | Business Strategy |
| Amended Complaint ¶ 313 | Competitive Analysis |
| Amended Complaint ¶ 323 | Business Strategy |
| Amended Complaint ¶ 327 | Business Strategy |

| | |
|---|---|
| Amended Complaint ¶ 332 | Business Strategy |
| Amended Complaint ¶ 333 | Confidential Contracts |
| Amended Complaint ¶ 335 | Confidential Contracts |
| Amended Complaint ¶ 336 | Confidential Contracts |
| Amended Complaint ¶ 337 | Confidential Contracts |
| Amended Complaint ¶ 338 | Confidential Contracts |
| Amended Complaint ¶ 353 | Business Strategy |
| Amended Complaint ¶ 362 | Business Strategy |
| Amended Complaint ¶ 375 | Business Strategy |
| Amended Complaint ¶ 376 | Business Strategy |