Valarie C. Williams (Bar No. 335347)
Tania Rice (Bar No. 294387)
Alston & Bird LLP
560 Mission Street, Suite 2100
San Francisco, CA 94105
Telephone: (415) 243-1000
valarie.williams@alston.com
tania.rice@alston.com

B. Parker Miller (*pro hac vice*)
Alston & Bird LLP
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
Telephone: (404) 881-7000
parker.miller@alston.com

Beth A. Wilkinson (*pro hac vice*)
Rakesh N. Kilaru (*pro hac vice*)
Kieran Gostin (*pro hac vice*)
Anastasia M. Pastan (*pro hac vice*)
Jenna Pavelec (*pro hac vice*)
Wilkinson Stekloff LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
bwilkinson@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
kgostin@wilkinsonstekloff.com
apastan@wilkinsonstekloff.com
jpavelec@wilkinsonstekloff.com

*Counsel for Defendant Microsoft Corporation*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANTE DEMARTINI, *et al.*, | Case No. 3:22-cv-08991-JSC |
| Plaintiffs, | **DEFENDANT MICROSOFT CORPORATION'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL EXHIBITS TO DECLARATION OF RAKESH KILARU IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT** |
| v. | |
| MICROSOFT CORPORATION, | |
| Defendant. | Hon. Jacqueline Scott Corley |

Defendant Microsoft Corporation ("Microsoft") hereby moves the Court, pursuant to Civil Local Rules 7-11 and 79-5(c), for an administrative order to file under seal the following documents or portions thereof:

- Declaration of Rakesh Kilaru in Support of Microsoft Corporations' Motion to Dismiss Amended Complaint ("Kilaru Decl."), Ex. A – portion of the transcript of the sworn Investigational Hearing testimony of Phil Spencer;

- Kilaru Decl., Ex. B – portion of the transcript of the deposition testimony of Sarah Bond in the FTC Adjudicative Proceeding;

- Kilaru Decl., Ex. C – confidential agreement between Microsoft and Nintendo;

- Kilaru Decl., Ex. D – confidential agreement between Microsoft and NVIDIA;

- Kilaru Decl., Ex. E – portion of the transcript of the deposition testimony of Lori Wright in the FTC Adjudicative Proceeding.

Pursuant to Local Rule 79-5(d), unredacted versions of these materials are attached hereto.

The Ninth Circuit applies a "compelling reasons" standard for sealing documents where the "motion at issue is more than tangentially related to the underlying cause of action." *Auto Safety v. Chrysler Grp.,* 809 F.3d 1092, 1099 (9th Cir. 2016). Though there is a "strong presumption in favor of access," *id.*, a movant may overcome this presumption by articulating "'compelling reasons' in favor of sealing." *Fujitsu Ltd. v. Belkin Int'l, Inc.*, No. 10-cv-3972, 2012 WL 6019754, at *2 (N.D. Cal. Dec. 3, 2012) ("[C]ompelling reasons may exist if sealing is required to prevent judicial documents from being used 'as sources of business information that might harm a litigant's competitive standing.'"); *see also Kamakana v. Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). There are compelling reasons to seal the material at issue here.

Exhibits A to E are agreements that contain confidential terms, and testimony discussing those agreements, negotiations, and related business strategy. Each agreement contains a confidentiality provision that prohibits Microsoft from disclosing their terms. There is a public interest in maintaining the confidentiality of contracts and contract negotiations generally. Microsoft and the third parties that it contracted/negotiated with have an interest in maintaining the confidentiality of the terms of

these agreements.  It would cause competitive harm to Microsoft and those third parties if these documents were publicly disclosed.  (Randall Decl., ¶ 3.)  For example, Microsoft negotiates agreements with other video game developers, and it could harm Microsoft's negotiating position if those developers could compare the terms of these agreements (or offered agreement).  (*Id.*)  The terms of the agreements and related testimony also divulge Microsoft's strategy in the market, which could be copied or used by its competitors to obtain a competitive advantage.  (*Id.*)  Microsoft takes reasonable steps to maintain the confidentiality of these documents.  (*Id.*)  It produced them to the FTC and in this action as Highly Confidential.  (*Id.*)

These are the type of materials that courts routinely seal.  *See e.g.*, *FTC v. Qualcomm Inc.*, No. 17-CV-00220-LHK, 2019 U.S. Dist. LEXIS 1289, at *15 (N.D. Cal. Jan. 3, 2019) (finding compelling reasons to seal materials that could harm the party's or third parties' "competitive standing" or that "divulges terms of confidential contracts"); *DiscoverOrg Data, LLC v. Bitnine Glob., Inc.*, No. 19-CV-08098-LHK, 2020 U.S. Dist. LEXIS 208506, at *6 (N.D. Cal. Nov. 6, 2020) (finding compelling reasons to seal information concerning pricing and contracts with third parties); *Santelices v. Apttus Corp.*, No. 19-cv-07414-HSG, 2020 U.S. Dist. LEXIS 183322, at *11-12 (N.D. Cal. Oct. 2, 2020) (finding compelling reason to seal documents "that contain confidential business and financial information relating to the Apttus merger and the company's internal valuation analysis related to this merger").

No less restrictive alternative to sealing is sufficient.  Microsoft has relied on confidential material only where necessary to satisfactorily present the issues for the Court on its Motion to Dismiss.  It has used only excerpts of confidential materials where possible.

Dated: April 19, 2023                                    Respectfully submitted,


By:  ___/s/ Valarie C. Williams___

Valarie C. Williams
B. Parker Miller
Tania Rice
Alston & Bird LLP

2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Beth A. Wilkinson
Rakesh N. Kilaru
Kieran Gostin
Anastasia M. Pastan
Jenna Pavelec
Wilkinson Stekloff LLP

*Counsel for Defendant Microsoft Corporation*

3