# EXHIBIT 7

1   Joseph M. Alioto (State Bar No 42680)
    Tatiana V. Wallace (SBN 233939)
2   **ALIOTO LAW FIRM**
    One Sansome Street, 35th Floor
3   San Francisco, CA 94104
    Telephone: (415) 434-8900
4   Facsimile: (415) 434-9200
    Email:        jmalioto@aliotolaw.com
5
6   Joseph R. Saveri (State Bar No. 130064)
    Steven N. Williams (State Bar No. 175489)
7   Cadio Zirpoli (State Bar No. 179108)
    Elissa Buchanan (State Bar No. 249996)
8   David H. Seidel (State Bar No. 307135)
    **JOSEPH SAVERI LAW FIRM, LLP**
9   601 California Street, Suite 1000
    San Francisco, California 94108
10  Telephone: (415) 500-6800
    Facsimile: (415) 395-9940
11  Email:        jsaveri@saverilawfirm.com
                  swilliams@saverilawfirm.com
12                czirpoli@saverilawfirm.com
                  eabuchanan@saverilawfirm.com
13                dseidel@saverilawfirm.com

14              **UNITED STATES DISTRICT COURT**

15              **CENTRAL DISTRICT OF CALIFORNIA**

16
    ACTIVISION BLIZZARD, INC.,              | **Misc. Case No. 2:23-mc-00031**
17
                Moving Party,               | Underlying action in United States
18                                            District Court for the Northern District of
          v.                                  California, No. 3:22-cv-08991-JSC
19
                                            | **RESPONDING PARTIES'**
20  ANTE DEMARTINI, CURTIS BURNS JR,        | **SUPPLEMENTAL MEMORANDUM**
    NICHOLAS ELDEN, JESSIE GALVAN,          | **OF LAW IN OPPOSITION TO**
21  CHRISTOPHER JOSEPH GIDDINGS-            | **ACTIVISION BLIZZARD, INC.'S**
    LAFAYE, STEVE HERRERA, HUNTER           | **MOTION TO QUASH**
22  JOSEPH JAKUPKO, DANIEL DERMOT
    ALFRED LOFTUS, BEOWULF EDWARD           | Fact Discovery Cutoff: TBD
23  OWEN, and IVAN CALVO-PÉREZ,             | Expert Discovery Cutoff: TBD
                                            | Pretrial Conference and Trial Date: TBD
24              Responding Parties.         | Hearing Date: TBD

25

26

27

28
    Case No. 2:23-mc-00031

    RESPONDING PARTIES' SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION
            TO ACTIVISION BLIZZARD, INC.'S MOTION TO QUASH

# SUPPLEMENTAL MEMORANDUM OF LAW

Plaintiffs respectfully submit this Supplemental Memorandum in opposition to Activision Blizzard, Inc.'s ("Activision") Motion to Quash pursuant to Central District of California Local Rule 37-2.3.

**1. Activision's Statements Misrepresent What Plaintiffs Said During Meet and Confers**

Activision's Motion to Quash is premised in part on Activision's assertions about what Plaintiffs' counsel said during meet and confer efforts with Activision's counsel. *See, e.g.*, ECF No. 1-1 at Page ID# 16–17; ECF No. 8 at Page ID #306–309. But Activision's assertions are either taken out of context or misrepresent what Plaintiffs' counsel said during meet and confers. *See* Suppl. Decl. of Steven Williams ("Williams Suppl. Decl.") at ¶ 2. Much of what Activision states regarding Plaintiffs' statements during the meet and confer process do not accurately or fairly represent what occurred. *Id.*

Activision makes other puzzling statements that do not fairly depict what occurred. For example, Activision states that Plaintiffs "continued the 30(b)(6) deposition indefinitely," and "continued the deposition of Activision's CEO indefinitely." ECF No. 8 at Page ID # 307. Activision seems to make this statement to argue that Plaintiffs have little interest in taking the depositions. But Activision fails to inform the Court that Plaintiffs only continued the depositions because Activision stated unequivocally that it would not produce the witnesses on the noticed dates. *See* Williams Suppl. Decl. Ex. B. Despite a valid subpoena being issued, and despite Activision's failure to file a motion to quash prior to the document production date and 30(b)(6) deposition date,[1] Activision Blizzard

---

[1] Plaintiffs noticed the 30(b)(6) deposition and document production for February 14, and noticed Mr. Kotick's deposition for February 27, 2023. Activision did not file its Motion to Quash until after the 30(b)(6) deposition and document production date had already passed.

RESPONDING PARTIES' SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO ACTIVISION BLIZZARD, INC.'S MOTION TO QUASH

informed counsel in writing on February 8 that "Activision will not make its CEO or a corporate representative available for the noticed deposition dates or produce documents from its submissions to the FTC and intends to seek to quash both subpoenas." *Id*. Plaintiffs postponed the depositions only because Activision unilaterally asserted that the witnesses would not appear and no documents would be produced, prior to seeking any order of the Court. In this way, not only do Activision's statements mischaracterize what occurred, but show that Activision's motion to quash is untimely.

### 2. The "Apex Doctrine" Does Not Bar Mr. Kotick's Deposition.

Since filing Plaintiffs' initial statement, Plaintiffs have uncovered further documents demonstrating Mr. Kotick's critical involvement in the issues necessary to adjudicate the claims. Through Plaintiffs' review of documents produced by Defendant Microsoft in the underlying litigation, Plaintiffs have found evidence that Mr. Kotick was directly involved in the negotiations of the merger. Plaintiffs have found reports that Mr. Kotick held meetings regarding the transaction with Phil Spencer, head of Microsoft Games, and Satya Nadella, CEO of Microsoft. Plaintiffs have further uncovered evidence that Mr. Kotick has perhaps unparalleled knowledge of the competitive structure of the video game market, including the dynamics between the major console manufacturers and their relation to third party game developers and publishers. For example, Plaintiffs have already uncovered emails in Microsoft's document production (Plaintiffs' review of which is not yet finished), in which Mr. Kotick discusses the state of competition between PlayStation and Xbox for Call of Duty as well as general Activision views on the benefits of joining GamePass.

Indeed, Mr. Kotick himself signed the merger agreement with Microsoft. The fact that he has been the CEO during the negotiations and agreement to merge is sufficient grounds to take his deposition in this case.

RESPONDING PARTIES' SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO ACTIVISION BLIZZARD, INC.'S MOTION TO QUASH

1    Moreover, the documents showing Mr. Kotick's critical and prominent role

2 in the merger have come solely from Microsoft's production. Plaintiffs have yet to

3 see a single document produced by Activision, because Activision has refused to

4 produce any documents, including the documents it already produced to the FTC.

5 Activision's refusal to produce even a single document cuts directly against their

6 primary argument that "Plaintiffs have failed to establish that they have exhausted

7 other less intrusive means of discovery without success before pursuing Mr.

8 Kotick's deposition." Activision argues that Plaintiffs must pursue "other less

9 intrusive means," yet moves to quash the entirety of Plaintiffs' discovery requests,

10 including the less intrusive means Activision argues must be pursued first.

11 Activision argues that the Court should deny Plaintiffs any discovery at all,

12 including the documents that will establish that Mr. Kotick has unique and critical

13 information relevant to the issues in dispute. Activision cannot have it both ways.

14    More importantly, Activision's arguments on its alleged "apex doctrine" are

15 simply wrong. Activision seems to argue that it is Plaintiffs' burden to show good

16 cause to depose Mr. Kotick. *See* ECF No. 1-1 at 23 ("Plaintiffs cannot satisfy either

17 requirement of the apex deposition doctrine[.]"). In fact, it is the party seeking to

18 prevent a deposition that bears a "heavy burden" to show why the discovery must

19 be denied. *Groupion, LLC v. Groupon, Inc.*, No. 11-0870 MEJ, 2012 WL 359699,

20 at *2 (N.D. Cal. Feb. 2, 2012) ("[a] party seeking to prevent a deposition carries a

21 heavy burden to show why discovery should be denied"); *see also Louisiana Pac.*

22 *Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal

23 2012). Courts have consistently rejected burden-shifting for high-level business

24 executive or so-called "apex" depositions, holding that "[t]he burden under the

25 apex principle is supplied by the general rule, applicable to a party that seeks to

26 avoid discovery in general." *Powertech Tech., Inc. v. Tessera, Inc.*, No. C 11-6121

27 CW, 2013 WL 3884254, at *1 (N.D. Cal. July 26, 2013) (*quoting In Re Nat'l W.*

28

RESPONDING PARTIES' SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION
TO ACTIVISION BLIZZARD, INC.'S MOTION TO QUASH

1    *Life Ins. Deferred Annuities Litig.*, No. 05-CV-1018-AJB WVG, 2011 WL

2    1304587, at *4 n. 2 (S.D. Cal. Apr. 6, 2011) (rejecting argument that party seeking

3    discovery through an apex deposition bears the burden to show good cause for the

4    deposition)); *see also Mansourian v. Bd. of Regents of Univ. of Cal. at Davis*, No.

5    CIVS 03-2591 FCD EFB, 2007 WL 4557104, at *3 (E.D. Cal. Dec. 21, 2007)

6    (noting that there is "no binding Ninth Circuit or Supreme Court precedent

7    requiring th[e] result" that the burden be shifted to the party, seeking discovery by

8    deposition of a high-level business executive).

9           Nor can Activision make out any basis to modify or quash the subpoena

10   under Rule 45, which requires a court to quash a subpoena only that "(i) fails to

11   allow a reasonable time to comply; (ii) requires a person to comply beyond the

12   geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or

13   other protected matter, if no exception or waiver applies; or (iv) subjects a person

14   to undue burden." Fed. R. Civ. P. 45(d)(3)(A). A court is permitted to quash a

15   subpoena only if it requires: "(i) disclosing a trade secret or other confidential

16   research, development, or commercial information; or (ii) disclosing an unretained

17   expert's opinion or information that does not describe specific occurrences in

18   dispute and results from the expert's study that was not requested by a party." Fed.

19   R. Civ. P. 45(d)(3)(B). But Activision has made no showing that Mr. Kotick's

20   deposition would implicate any of these issues. *See* ECF No. 1-1 at 21–24.

21          Nor can Activision's motion to quash be granted under the standard for a

22   protective order. Under Federal Rule of Civil Procedure 26(c)(1), "[t]he court may,

23   for a good cause, issue an order to protect a party or person from annoyance,

24   embarrassment, oppression, or undue burden or expense," including by prohibiting

25   a deposition. Fed. R. Civ. P. 26(c); *see also Serrano v. Cintas Corp.*, 699 F.3d 884,

26   901(6th Cir. 2012). "For good cause to exist, the party seeking protection bears the

27   burden of showing specific prejudice or harm will result if no protective order is

28

RESPONDING PARTIES' SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION
TO ACTIVISION BLIZZARD, INC.'S MOTION TO QUASH

granted." *Phillips ex rel. Ests. v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-1211 (9th Cir. 2002). Activision has made no such showing of good cause.

      For all the reasons Plaintiffs previously stated in the joint stipulation, ECF No. 1-1, as well as the supplemental reasons stated above, the Court should deny Activision's Motion to Quash, and compel the document requests and deposition testimony subpoenaed.

RESPONDING PARTIES' SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO ACTIVISION BLIZZARD, INC.'S MOTION TO QUASH

Dated: February 28, 2023      By:     */s/ Joseph M. Alioto*
                                      Joseph M. Alioto

Joseph M. Alioto (SBN 42680)
Tatiana V. Wallace (SBN 233939)
**ALIOTO LAW FIRM**
One Sansome Street, 35th Floor
San Francisco, CA  94104
Telephone:  (415) 434-8900
Facsimile:  (415) 434-9200
Email:            jmalioto@aliotolaw.com

Dated: February 28, 2023      By:     */s/ Joseph R. Saveri*
                                        Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Steven N. Williams (State Bar No. 175489)
Cadio Zirpoli (State Bar No. 179108)
Elissa Buchanan (State Bar No. 249996)
David H. Seidel (State Bar No. 307135)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:  (415) 500-6800
Facsimile:  (415) 395-9940
Email:            jsaveri@saverilawfirm.com
                  swilliams@saverilawfirm.com
                  czirpoli@saverilawfirm.com
                  eabuchanan@saverilawfirm.com
                  dseidel@saverilawfirm.com

Joseph M. Alioto Jr. (SBN 215544)
**ALIOTO LEGAL**
100 Pine Street, Suite 1250
San Francisco, California 94111
Tel: (415) 398-3800
Email:            joseph@aliotolegal.com

Plaintiffs' Counsel

RESPONDING PARTIES' SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION
TO ACTIVISION BLIZZARD, INC.'S MOTION TO QUASH