Caroline Van Ness (SBN 281675)
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570
Email: caroline.vanness@skadden.com

Steven C. Sunshine (*pro hac vice*)
Julia K. York (*pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005-2111
Telephone: (202) 371-7000
Facsimile: (202) 393-5760
Email: steven.sunshine@skadden.com
Email: julia.york@skadden.com

*Attorneys for Non-Party Activision Blizzard, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANTE DEMARTINI, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MICROSOFT CORPORATION, a Washington corporation, <br><br> Defendant. | Case No. 3:22-cv-08991-JSC <br><br> **NON-PARTY ACTIVISION BLIZZARD, INC.'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO SHORTEN BRIEFING SCHEDULE FOR MOTION TO COMPEL DEPOSITIONS OF (1) ROBERT A. KOTICK AND (2) ACTIVISION** <br><br> Hon. Jacqueline Scott Corley <br> Complaint Filed: December 20, 2022 |

# INTRODUCTION

Non-party Activision Blizzard, Inc. ("Activision") respectfully submits this Opposition to Plaintiffs' Administrative Motion to Shorten the Briefing Schedule for their Motion to Compel (the "Administrative Motion") (ECF No. 125). Consistent with this Court's Standing Order, Activision offered to provide Plaintiffs with Activision's portion of a joint statement concerning this discovery dispute by April 24, 2023. Rather than negotiate a schedule for a joint statement, Plaintiffs filed a formal motion to compel, and have asked the Court to shorten Activision's time to respond. Plaintiffs offer no basis for expedited briefing, and their cut-and-paste motion ignores significant intervening events. Indeed, as Plaintiffs neglect to mention, since Activision and Plaintiffs last appeared before this Court, Activision has produced over one million documents and 11 transcripts of investigational hearings and depositions, including two examinations of Activision's CEO, Robert A. Kotick—the target of Plaintiffs' underlying Motion to Compel. Given the need for Activision to update its position to reflect such events, Activision would face prejudice if its time to brief the underlying Motion to Compel were cut in half, which stands in stark contrast to the lack of prejudice Plaintiffs would face if briefing were to proceed at the default pace. Because Plaintiffs chose not to negotiate with Activision about a streamlined joint letter, because they offer no reason why expedited treatment is appropriate, and because there are (to the contrary) good reasons not to expedite Plaintiffs' Motion to Compel, Activision is entitled to the full time to respond under the Rules.

# BACKGROUND

Since Activision began producing over one million documents to Plaintiffs, including transcripts of both an investigational hearing and a deposition of Activision CEO Bobby Kotick, Activision and Plaintiffs have participated in two meet-and-confers regarding Plaintiffs' subpoena seeking to depose Mr. Kotick. (Declaration of Julia K. York ¶¶ 7–10 ("York Decl.") (filed herewith).)[1] During the parties' most recent meet-and-confer on April 19, 2023, Activision informed Plaintiffs that, given various developments in the case and Activision's voluminous productions—

---

[1] During these meet and confers, Plaintiffs did not mention that they intended to move to compel a corporate deposition of Activision. (York Decl. ¶¶ 7–8.) On the contrary, Plaintiffs noted in a meet-and-confer on April 17, 2023 that the discussion was about only one deposition (i.e., that of Mr. Kotick). (*Id.* ¶ 7.)

-1-

which it completed on April 18, 2023 and include, among many other documents, documents concerning the proposed transaction, competitive analyses, commercial agreements, and documents reflecting negotiations with other industry actors—it would be most efficient to exchange portions of a joint statement regarding Mr. Kotick's deposition subpoena. (*Id.* ¶¶ 6, 8.) Plaintiffs suggested that they would be amenable to briefing the dispute in a joint statement, and Activision responded that it would follow up with a proposed briefing schedule. (*Id.* ¶ 8.)

That same day, Activision proposed that it would provide its portion of a joint statement by April 24, 2023; Plaintiffs could respond with their portion by April 27, 2023; and Activision could reply by May 2, 2023 and then file the completed joint statement by May 3, 2023. (*Id.* ¶ 9 & Ex. A.) Ignoring the requirement in this Court's Standing Order that those engaged in discovery disputes must "plan for and cooperate in preparing the joint statement so that each side has adequate time to address the arguments" (Civil Standing Order F.2), Plaintiffs responded that they wanted to exchange portions of the joint statement simultaneously within 24 hours, with any revisions to follow 24 hours later. (York Decl. ¶ 9 & Ex. A.) Activision explained that it believed Plaintiffs' proposal was unreasonable given the need to incorporate recent developments in this case and the substance of Activision's productions, and offered to work with Plaintiffs to negotiate a more reasonable schedule. (*Id.*) Rather than take Activision up on its offer, Plaintiffs advised that they would file a noticed motion the next day, along with the instant Administrative Motion. (*Id.* ¶ 10 & Ex. A.)

## ARGUMENT

Plaintiffs' Administrative Motion should be denied for several reasons. ***First***, Local Rule 6-3 requires a party seeking to enlarge or shorten time to "[i]dentify the substantial harm or prejudice that would occur if the Court did not change the time." Civ. L.R. 6-3(a)(3). But Plaintiffs' Administrative Motion identifies ***no*** harm or prejudice that would occur to Plaintiffs absent a decision granting their motion, let alone ***substantial*** harm or prejudice. Plaintiffs merely contend that they want to take the depositions they have requested. (Admin. Mot. 1.) That is not enough. Plaintiffs could have negotiated a reasonable streamlined schedule for briefing a joint statement with Activision under this Court's Standing Order, but they chose not to do so: They rejected Activision's

-2-

**ACTIVISION BLIZZARD, INC.'S OPPOSITION TO PLAINTIFFS'**  **CASE NO. 3:22-cv-08991-JSC**
**ADMINISTRATIVE MOT. TO SHORTEN BRIEFING SCHEDULE**

offer to brief the underlying discovery dispute via a joint statement that would have been fully briefed by May 3, 2023, and refused to engage with Activision after it offered to further negotiate a joint statement briefing schedule, choosing instead to file the underlying noticed motion. (York Decl. ¶¶ 7–10 & Ex. A.)

*Second*, there is, in fact, no exigency to rush briefing on Plaintiffs' motion to compel. The parties' May 12, 2023 preliminary injunction hearing will focus only on the issues of irreparable harm and bond (*see* ECF No. 97), and Activision's testimony would be irrelevant to those issues. Moreover, Activision understands that depositions of Defendant Microsoft's employees have not been noticed until late May, after the preliminary injunction hearing is scheduled to take place on May 12, 2023. (York Decl. ¶ 11.) Consequently, depositions of Activision's employees are not necessary at all, let alone urgent. And even assuming that the depositions were necessary, there is no reason that depositions of a non-party like Activision would be any more urgent than those of the defendant. In addition, Plaintiffs made no mention of the corporate deposition during their two meet-and-confers leading up to the underlying Motion to Compel; on the contrary, when discussing their request to depose Mr. Kotick during an April 17, 2023 meet-and-confer, Plaintiffs stated that the discussion was about only one deposition (*id.* ¶¶ 7–8.), which demonstrates that they do not in fact need the corporate deposition they now seek to compel.

*Third*, *Activision* would face prejudice if its time to respond were cut short, as Activision must update its position in response to Plaintiffs' noticed motion to address numerous recent developments in the underlying dispute. Among other developments, Activision produced: (i) on April 18, 2023, the millions of pages of documents it previously produced to the FTC during the FTC's investigation into the proposed transaction and parallel litigation; and (ii) on April 14, 2023, transcripts of all the investigational hearings and depositions that the FTC conducted of Activision's employees (including an investigational hearing and a deposition of Mr. Kotick) in connection with the proposed transaction. (*Id.* ¶¶ 5–6.) Plaintiffs make no mention of Activision's voluminous productions, which as noted above include documents concerning the proposed transaction, competitive analyses, commercial agreements and negotiations with other industry actors, and much

1  more.  It is altogether unlikely that Plaintiffs could have possibly searched through the productions
2  in a matter of a few business days to make any assessment of need as to depositions.  Beyond
3  Activision's productions, Plaintiffs filed an Amended Complaint (ECF No. 84) after the Court
4  granted Microsoft's motion to dismiss, Microsoft filed yet another meritorious motion to dismiss
5  (ECF No. 120), and as noted above, this Court has limited argument on Plaintiffs' preliminary
6  injunction motion to the issues of irreparable harm and bond in the first instance (ECF No. 96).  Both
7  Plaintiffs' Administrative Motion and Motion to Compel ignore these and other recent relevant
8  developments, and Activision requires adequate time to prepare opposition papers that thoughtfully
9  explains their relevance to its position.  Plaintiffs' assertion that "[t]here is no need for further
10 briefing" (Admin. Mot. 1) is without merit.

## **CONCLUSION**

For the foregoing reasons, this Court should deny Plaintiffs' Administrative Motion to Shorten the Briefing Schedule for their Motion to Compel, and Activision's deadline to file an opposition brief should remain May 5, 2023.

DATED:  April 25, 2023                                By: /s/ *Caroline Van Ness*

Caroline Van Ness (SBN 281675)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570
Email: caroline.vanness@skadden.com

Steven C. Sunshine (*pro hac vice*)
Julia K. York (*pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005-2111
Telephone: (202) 371-7000
Facsimile: (202) 393-5760
Email: steven.sunshine@skadden.com
Email: julia.york@skadden.com

*Attorneys for Non-Party Activision Blizzard, Inc.*