Valarie C. Williams (Bar No. 335347)
Tania Rice (Bar No. 294387)
Tyler Blake (Bar No. 316623)
Alston & Bird LLP
560 Mission Street, Suite 2100
San Francisco, CA 94105
Telephone: (415) 243-1000
valarie.williams@alston.com
tania.rice@alston.com
tyler.blake@alston.com

B. Parker Miller (*pro hac vice*)
Alston & Bird LLP
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
Telephone: (404) 881-7000
parker.miller@alston.com

Beth A. Wilkinson (*pro hac vice*)
Rakesh N. Kilaru (*pro hac vice*)
Kieran G. Gostin (*pro hac vice*)
Anastasia M. Pastan (*pro hac vice*)
Jenna Pavelec (*pro hac vice*)
Wilkinson Stekloff LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
bwilkinson@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
kgostin@wilkinsonstekloff.com
apastan@wilkinsonstekloff.com
jpavelec@wilkinsonstekloff.com

*Counsel for Defendant Microsoft Corporation*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANTE DEMARTINI, *et al.*,<br><br>                    Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>                    Defendant. | Case No. 3:22-cv-08991-JSC<br><br>**DEFENDANT MICROSOFT CORPORATION'S STATEMENT IN RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED [Dkt. 133]**<br><br>Hon. Jacqueline Scott Corley |

On April 24, 2023, Plaintiffs filed their Motion for Preliminary Injunction.  (Dkt. 135.)
Pursuant to Local Rule 79-5(f), they filed an Administrative Motion to Consider Whether Another
Party's Materials Should be Sealed (Dkt. 133), with respect to portions of their motion and supporting
materials that quote or reference material that has been designed as Highly Confidential by Microsoft
Corporation.    Pursuant to Local Rules 79-5(c) and (f), Microsoft submits this Statement and
accompanying Declaration of Cynthia Randall in support of sealing those portions of the Motion for
Preliminary Injunction.    Microsoft requests that the Court maintain under seal the portions of
Plaintiffs' Motion for Preliminary Injunction that are listed in the table in Docket 133.

The Ninth Circuit applies a "good cause" or "compelling reasons" standard for sealing
documents, depending on whether the motion is "more than tangentially related to the underlying
cause of action." *Ctr. For Auto Safety v. Chrysler Grp.,* 809 F.3d 1092, 1096-97 (9th Cir. 2016).
"Compelling reasons" may exist if, for example, the records "might be used . . . as sources of business
information that might harm a litigant's competitive standing." *Id.* at 1097 (citation omitted).  Here,
there are sufficient reasons for sealing these materials under either standard.

The material contains internal, confidential business strategies and analyses.  (Randall Decl.,
¶ 3.)  For example, it attaches and quotes from internal strategy presentations, discussions, and analysis
used in Microsoft's decision-making.  (*Id.*)  Microsoft has an interest in maintaining the confidentiality
of these business strategies.  It would cause competitive harm to Microsoft if these documents were
publicly disclosed.  (*Id.* at ¶ 4.)  For example, competitors could copy Microsoft's business strategies
or use them to obtain a competitive advantage.  (*Id.*)  Microsoft takes reasonable steps to maintain the
confidentiality of this information and does not disseminate it beyond limited internal employees.  (*Id.*)
It produced the underlying documents to the FTC and in this action as Highly Confidential.  (*Id.*)

These are the type of materials that courts routinely seal.  *See, e.g.*, *FTC v. Qualcomm Inc.*,
No. 17-CV-00220-LHK, 2019 U.S. Dist. LEXIS 1289, at *15 (N.D. Cal. Jan. 3, 2019) (finding
compelling reasons to seal materials that could harm the party's or third parties' "competitive
standing" or that "divulges terms of confidential contracts"); *Santelices v. Apttus Corp.*, No. 19-cv-
07414-HSG, 2020 U.S. Dist. LEXIS 183322, at *11-12 (N.D. Cal. Oct. 2, 2020) (finding compelling
reason to seal documents "that contain confidential business and financial information relating to the

Apttus merger and the company's internal valuation analysis related to this merger"); *Roley v. Google LLC*, No. 18-cv-07537-BLF, 2020 U.S. Dist. LEXIS 265470, at *7-10 (N.D. Cal. Apr. 28, 2020) (finding compelling reasons to seal several types of information related to Google's business strategy, product strategy, and evaluations).

No less restrictive alternative to sealing is sufficient.  Microsoft has sought to seal only narrow portions of the Motion for Preliminary Injunction, which was filed by Plaintiffs.  It has sought to seal only the exhibits that contain Microsoft's business strategy, and the narrow portions of the Motion for Preliminary Injunction that quote or paraphrase those strategies.

Dated: April 27, 2023                                  Respectfully submitted,


                                                       By:   *Valarie C. Williams*

                                                       Valarie C. Williams
                                                       B. Parker Miller
                                                       Tania Rice
                                                       Tyler Blake
                                                       Alston & Bird LLP

                                                       Rakesh N. Kilaru
                                                       Anastasia M. Pastan
                                                       Jenna Pavelec
                                                       Wilkinson Stekloff LLP

                                                       *Counsel for Defendant Microsoft Corporation*