Caroline Van Ness (SBN 281675)
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570
Email: caroline.vanness@skadden.com

Steven C. Sunshine (*pro hac vice*)
Julia K. York (*pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005-2111
Telephone: (202) 371-7000
Facsimile: (202) 393-5760
Email: steven.sunshine@skadden.com
Email: julia.york@skadden.com

*Attorneys for Non-Party Activision Blizzard, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANTE DEMARTINI, et al., | Case No. 3:22-cv-08991-JSC |
| Plaintiffs, | **DECLARATION OF JULIA K. YORK IN SUPPORT OF NON-PARTY ACTIVISION BLIZZARD, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DEPOSITIONS OF (1) ROBERT A. KOTICK AND (2) ACTIVISION** |
| v. | |
| MICROSOFT CORPORATION, a Washington corporation, | |
| Defendant. | Date: June 1, 2023<br>Time: 10:00 a.m.<br>Location: Courtroom 8—19th Floor<br>Judge: Hon. Jacqueline Scott Corley |

## <u>DECLARATION OF JULIA K. YORK</u>

I, Julia K. York, hereby declare as follows:

1.      I am an attorney duly licensed to practice law in the District of Columbia.  I am a partner in the law firm of Skadden, Arps, Slate, Meagher & Flom LLP, counsel for non-party Activision Blizzard, Inc. ("Activision") in connection with the above-captioned action.  I submit this declaration in support of Activision's Opposition to Plaintiffs' Motion to Compel Depositions of (1) Robert A. Kotick and (2) Activision (the "Motion" or "Motion to Compel").  Unless otherwise stated, the matters set forth below are based on my personal knowledge and, if called as a witness, I could and would testify competently thereto.

2.      Plaintiffs Dante DeMartini, Curtis Burns, Jr., Nicholas Elden, Jessie Galvan, Christopher Joseph Giddings-Lafaye, Steve Herrera, Hunter Joseph Jakupko, Daniel Dermot Alfred Loftus, Beowulf Edward Owen, and Ivan Calvo-Pérez ("Plaintiffs") have served non-party Activision with two subpoenas pursuant to Federal Rule of Civil Procedure 45 in connection with this action (the "Subpoenas"), including: (1) a subpoena that contains both a demand for a Federal Rule of Civil Procedure 30(b)(6) deposition of Activision and a series of requests for production of documents; and (2) a subpoena that demands a deposition of Activision CEO Robert A. Kotick.

3.      On February 24, 2023, after numerous meet-and-confers with Plaintiffs' counsel, Activision filed a Joint Stipulation encompassing a motion to quash the Subpoenas in the Central District of California.  On March 3, 2023, pursuant to agreement by Activision and Plaintiffs, the court presiding over the subpoena-related action in the Central District of California transferred consideration of Activision's motion to quash the Subpoenas to this Court.

4.      On March 29, 2023, Plaintiffs and Activision appeared before this Court for an Informal Discovery Hearing regarding Activision's motion to quash the Subpoenas.  On April 3, 2023, Activision informed the Court that Plaintiffs and Activision had no pending matter for the Court to resolve and that each side had reserved all their rights in relation to the noticed depositions of Activision and Mr. Kotick.

5. On April 14, 2023, Activision produced to Plaintiffs (1) Activision's five investigational hearing transcripts and all accompanying exhibits from the FTC's investigation into the transaction at issue in this action; and (2) Activision's six deposition transcripts and all accompanying exhibits from the FTC's litigation related to the transaction at issue in this action.

6. On April 18, 2023, Activision produced to Plaintiffs the more than one million documents that Activision previously produced to the FTC in connection with the FTC's investigation into, and litigation concerning, the transaction at issue in this action. This production includes, among other documents, documents concerning: the proposed transaction between Microsoft and Activision; Activision's agreements and negotiations with other participants in the industry (e.g., Microsoft, Sony, and Nintendo); Activision's analyses of the competitive landscape and the industry more broadly; Activision's profits, losses, and revenues; Activision's past strategies and plans; and Activision's forward-looking strategies and plans.

7. I participated in a meet-and-confer with Plaintiffs' counsel on April 17, 2023 regarding Plaintiffs' subpoena to depose Mr. Kotick. During the meet-and-confer, Plaintiffs did not mention any intention to move to compel a corporate deposition of Activision. On the contrary, Plaintiffs' counsel noted at the beginning of the discussion that they wanted to discuss Plaintiffs' subpoena to depose Mr. Kotick and later stated that Plaintiffs sought only one deposition. Counsel for Activision asked Plaintiffs' counsel whether Plaintiffs would consider deferring their request to depose Mr. Kotick until after the preliminary injunction hearing in this action, given that the hearing would address only the issues of irreparable harm and bond and that Defendant Microsoft Corp. ("Microsoft") would be filing another Motion to Dismiss. Plaintiffs' counsel responded that Plaintiffs were not inclined to agree to such a stay.

8. I thereafter participated in another meet-and-confer with Plaintiffs' counsel regarding Plaintiffs' subpoena to depose Mr. Kotick on April 19, 2023. During the meet-and-confer, Plaintiffs again did not mention any intention to move to compel a corporate deposition of Activision. Plaintiffs' counsel thereafter filed the instant Motion to Compel on April 21, 2023.

9.      In light of Activision's understanding that the Court stated during an April 27, 2023 status conference that it would not order any depositions to proceed at this juncture, on May 2, 2023, counsel for Activision sent an email to Plaintiffs' counsel asking whether Plaintiffs would be amenable to deferring litigation of their Motion to Compel at least until after the Court has resolved their motion for a preliminary injunction and providing the following proposal: Activision would permit Plaintiffs to withdraw their Motion to Compel without prejudice in light of the Court's comments if Plaintiffs would agree not to re-file their Motion to Compel until either (1) the day after the Court resolves Plaintiffs' motion for a preliminary injunction or (2) June 5, 2023, whichever is sooner.  On May 3, 2023, Plaintiffs' counsel responded via email that Plaintiffs were not amenable to Activision's proposal.

10.     Counsel for Defendant Microsoft has informed me that Plaintiffs have noticed depositions of Microsoft's employees for dates in late May, after the preliminary injunction hearing is scheduled to take place on May 12, 2023.

11.     Attached as **Exhibit A** is a true and correct copy of email correspondence between counsel for Activision and Plaintiffs' counsel regarding Activision's proposal to Plaintiffs to defer litigation of Plaintiffs' Motion to Compel.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 5, 2022 in Washington, D.C.

DATED:  May 5, 2023                          By: /s/ *Julia K. York*

Julia K. York (*pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005-2111
Telephone: (202) 371-7000
Facsimile: (202) 393-5760
Email: julia.york@skadden.com

1

## SIGNATURE ATTESTATION

2    Pursuant to Civil Local Rule 5-1(h)(3), I attest under penalty of perjury that concurrence in

3   the filing of this document has been obtained from any other signatory to this document.

4

5   DATED:  May 5, 2023                        /s/      Caroline Van Ness

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

## Lanci, Michael A (NYC)

| | |
|---|---|
| **From:** | Kathleen McMahon <KMcMahon@saverilawfirm.com> |
| **Sent:** | Wednesday, May 3, 2023 12:20 PM |
| **To:** | Lanci, Michael A (NYC); Steve Williams; David Seidel; Joseph Saveri; Cadio Zirpoli; Amara Getzell; Ruby Ponce |
| **Cc:** | Sunshine, Steven C (WAS); York, Julia K (WAS); Van Ness, Caroline (PAL); Kreiner, Evan R (NYC) |
| **Subject:** | [Ext] RE: DeMartini v. Microsoft Corp., 22-cv-08991-JSC (N.D. Cal.) - Plaintiffs' Motion to Compel Activision Depositions |

Hello Michael,

Thank you for your communication. Plaintiffs are not amenable to your proposal at this time and will expect to see your opposition brief this Friday, May 5.

Best,
Kathleen


**Kathleen McMahon**
Associate Attorney
_____



601 California Street, Suite 1000
San Francisco, CA 94108
**T** 415.500.6800 x916
**F** 415.395.9940

**From:** Lanci, Michael A <Michael.Lanci@skadden.com>
**Sent:** Tuesday, May 2, 2023 2:38 PM
**To:** Steve Williams <SWilliams@saverilawfirm.com>; Kathleen McMahon <KMcMahon@saverilawfirm.com>; David Seidel <dseidel@saverilawfirm.com>; Joseph Saveri <jsaveri@saverilawfirm.com>; Cadio Zirpoli <czirpoli@saverilawfirm.com>; Amara Getzell <Agetzell@saverilawfirm.com>; Ruby Ponce <rponce@saverilawfirm.com>
**Cc:** Sunshine, Steven C <Steve.Sunshine@skadden.com>; York, Julia K <Julia.York@skadden.com>; Van Ness, Caroline <Caroline.VanNess@skadden.com>; Kreiner, Evan R <Evan.Kreiner@skadden.com>
**Subject:** DeMartini v. Microsoft Corp., 22-cv-08991-JSC (N.D. Cal.) - Plaintiffs' Motion to Compel Activision Depositions


Counsel,

We understand that during the April 27, 2023 status conference in the *DeMartini* action, the Court stated that it would not order any depositions to proceed at this juncture.  In light of the Court's statements, and in an effort to avoid burdening the Court with further briefing, Activision believes that it makes sense for Activision and Plaintiffs to defer litigation of Plaintiffs' Motion to Compel at least until after the Court has resolved Plaintiffs' motion for a preliminary injunction.  To that end, Activision proposes entering into a stipulation that would permit Plaintiffs to withdraw their Motion to Compel without prejudice in light of the Court's comments if Plaintiffs would agree not to re-file their Motion

to Compel until either (a) the day after the Court resolves Plaintiffs' motion for a preliminary injunction or (b) June 5, 2023, whichever is sooner.

Please let us know whether Plaintiffs would be amenable to such a proposal by tomorrow, May 3, 2023 at 3:00 pm PT.   If Plaintiffs are amenable to the proposal, we can provide a draft stipulation promptly.  If not, we will proceed with filing our opposition brief this Friday, May 5, 2023.  Thank you.

Best,
Michael

**Michael A. Lanci**
Associate
**Skadden, Arps, Slate, Meagher & Flom LLP**
One Manhattan West | New York | NY | 10001
**T: +1.212.7353423** | **F: +1.917.777.3423**
**michael.lanci@skadden.com**

------------------------------------------------------------------------------

This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

==============================================================================