Valarie C. Williams (Bar No. 335347)
Tania Rice (Bar No. 294387)
Alston & Bird LLP
560 Mission Street, Suite 2100
San Francisco, CA 94105
Telephone: (415) 243-1000
valarie.williams@alston.com
tania.rice@alston.com

B. Parker Miller (*pro hac vice*)
Alston & Bird LLP
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
Telephone: (404) 881-7000
parker.miller@alston.com

Beth A. Wilkinson (*pro hac vice*)
Rakesh N. Kilaru (*pro hac vice*)
Kieran Gostin (*pro hac vice*)
Anastasia M. Pastan (*pro hac vice*)
Jenna Pavelec (*pro hac vice*)
Wilkinson Stekloff LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
bwilkinson@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
kgostin@wilkinsonstekloff.com
apastan@wilkinsonstekloff.com
jpavelec@wilkinsonstekloff.com

*Counsel for Defendant Microsoft Corporation*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANTE DEMARTINI, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | Case No. 3:22-cv-08991-JSC<br><br>**DEFENDANT MICROSOFT CORPORATION'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**<br><br>Hon. Jacqueline Scott Corley |

Defendant Microsoft Corporation ("Microsoft") hereby moves the Court, pursuant to Civil Local Rules 7-11 and 79-5(c), for an administrative order to file under seal the following documents or portions thereof:

- Microsoft's Opposition to Plaintiffs' Motion for Preliminary Injunction (Irreparable Harm and Bond) ("Opp."), at 15:3, 15:9-15, 15:19, 15:20, 15 n.12, 16:17-18;

- Declaration of Rakesh Kilaru in Support of Microsoft Corporations' Motion to Dismiss Amended Complaint ("Kilaru Decl."), Ex. C – portion of the transcript of the deposition testimony of Sarah Bond in the FTC Adjudicative Proceeding;

- Kilaru Decl., Ex. D – confidential agreement between Microsoft and Nintendo;

- Kilaru Decl., Ex. E – confidential agreement between Microsoft and NVIDIA;

- Declaration of Tim Stuart in Support of Microsoft's Opposition to Plaintiffs' Motion for a Preliminary Injunction ("Stuart Decl."), at ¶¶ 8, 15-21;

- Stuart Decl., Ex. B – strategy presentation to Microsoft's board of directors;

- Stuart Decl., Ex. C – confidential disclosure letter related to merger agreement between Microsoft and Activision Blizzard.

Pursuant to Local Rule 79-5(d), unredacted versions of these materials are attached hereto.

The Ninth Circuit applies a "good cause" or "compelling reasons" standard for sealing documents, depending on whether the motion is "more than tangentially related to the underlying cause of action." *Ctr. For Auto Safety v. Chrysler Grp.,* 809 F.3d 1092, 1096-97 (9th Cir. 2016). "Compelling reasons" may exist if, for example, the records "might be used . . . as sources of business information that might harm a litigant's competitive standing." *Id.* at 1097 (citation omitted). Here, there are sufficient reasons for sealing these materials under either standard.

<u>Confidential Contracts</u>

*Opp. at 15:9-15 & n.12; Kilaru Decl., Exs. C, D, E; Stuart Decl. ¶¶ 15, 16; Stuart Decl., Ex. C*

These materials are agreements that contain confidential terms, and testimony discussing those

1

agreements, negotiations, and related business strategy.  Each agreement contains a confidentiality provision that prohibits Microsoft from disclosing its terms.  There is a public interest in maintaining the confidentiality of contracts and contract negotiations generally.  Microsoft and the third parties that it contracted/negotiated with have an interest in maintaining the confidentiality of the terms of these agreements.  Additionally, Exhibit C to the Stuart Declaration contains sensitive and confidential disclosures and business information.  It would cause competitive harm to Microsoft and third parties if these documents were publicly disclosed.  (Randall Decl., ¶ 3.)  For example, Microsoft negotiates agreements with other video game developers, and it could harm Microsoft's negotiating position if those developers could compare the terms of these agreements (or offered agreement).  (*Id.*)  The terms of the agreements and related testimony also divulge Microsoft's strategy in the market, which could be copied or used by its competitors to obtain a competitive advantage.  (*Id.*)  Microsoft takes reasonable steps to maintain the confidentiality of these documents.  (*Id.*)  It produced them to the FTC and in this action as Highly Confidential.  (*Id.*)

Business Strategy

*Opp. at 15:3, 15:19, 15:20, 16:17-18; Stuart Decl. ¶¶ 8, 17-21; Stuart Decl., Ex. B*

This material contains and discusses internal, confidential business strategies and analyses.  (Randall Decl., ¶ 4.)  It relates to an internal strategy presentation to Microsoft's board of directors, used in Microsoft's decision-making.  (*Id.*)  It contains detailed internal analysis of, for example, the expected value of the merger, communications strategies, and diligence findings.  It would cause competitive harm to Microsoft if these documents were publicly disclosed.  (*Id.*)  For example, competitors could capitalize on this insight to exploit Microsoft's internal strategies.  (*Id.*)  Microsoft takes reasonable steps to maintain the confidentiality of this information and does not disseminate it beyond limited internal employees.  (*Id.*)  It produced the underlying documents to the FTC and in this action as Highly Confidential.  (*Id.*)

These are the type of materials that courts routinely seal.  *See, e.g.*, *FTC v. Qualcomm Inc.*, No. 17-CV-00220-LHK, 2019 U.S. Dist. LEXIS 1289, at *15 (N.D. Cal. Jan. 3, 2019) (finding

compelling reasons to seal materials that could harm the party's or third parties' "competitive standing" or that "divulges terms of confidential contracts"); *Santelices v. Apttus Corp.*, No. 19-cv-07414-HSG, 2020 U.S. Dist. LEXIS 183322, at *11-12 (N.D. Cal. Oct. 2, 2020) (finding compelling reason to seal documents "that contain confidential business and financial information relating to the Apttus merger and the company's internal valuation analysis related to this merger"); *Roley v. Google LLC*, No. 18-cv-07537-BLF, 2020 U.S. Dist. LEXIS 265470, at *7-10 (N.D. Cal. Apr. 28, 2020) (finding compelling reasons to seal several types of information related to Google's business strategy, product strategy, and evaluations); *DiscoverOrg Data, LLC v. Bitnine Glob., Inc.*, No. 19-CV-08098-LHK, 2020 U.S. Dist. LEXIS 208506, at *6 (N.D. Cal. Nov. 6, 2020) (finding compelling reasons to seal information concerning pricing and contracts with third parties).

No less restrictive alternative to sealing is sufficient. Microsoft has relied on confidential material only where necessary to satisfactorily present the issues for the Court on its Motion to Dismiss. It has redacted, rather than wholly sealed, materials where possible.

Dated: May 5, 2023

Respectfully submitted,

By: */s/ Valarie C. Williams*

Valarie C. Williams
B. Parker Miller
Tania Rice
Alston & Bird LLP

Beth A. Wilkinson
Rakesh N. Kilaru
Kieran Gostin
Anastasia M. Pastan
Jenna Pavelec
Wilkinson Stekloff LLP

*Counsel for Defendant Microsoft Corporation*

3