Joseph M. Alioto (State Bar No. 42680)
Tatiana V. Wallace (State Bar No. 233939)
**ALIOTO LAW FIRM**
One Sansome Street, 35th Floor
San Francisco, CA  94104
Telephone:    (415) 434-8900
Facsimile:    (415) 434-9200
Email:        jmalioto@aliotolaw.com
              twallace@aliotolaw.com

Joseph R. Saveri (State Bar No. 130064)
Steven N. Williams (State Bar No. 175489)
Cadio Zirpoli (State Bar No. 179108)
Elissa Buchanan (State Bar No. 249996)
David H. Seidel (State Bar No. 307135)
Kathleen J. McMahon (State Bar No. 340007)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, CA 94108
Telephone:    (415) 500-6800
Facsimile:    (415) 395-9940
Email:        jsaveri@saverilawfirm.com
              swilliams@saverilawfirm.com
              czirpoli@saverilawfirm.com
              eabuchanan@saverilawfirm.com
              dseidel@saverilawfirm.com
              kmcmahon@saverilawfirm.com

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| DANTE DEMARTINI, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MICROSOFT CORPORATION, a Washington corporation, <br><br> Defendant. | Case No. 3:22-cv-08991-JSC <br><br> **PLAINTIFFS' RESPONSE TO DEFENDANT MICROSOFT CORPORATION'S STATEMENT IN RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED [Dkt. 133]** <br><br> Hon: Jacqueline Scott Corley |

In Microsoft's statement seeking to seal materials filed with Plaintiffs' Motion for Preliminary Injunction, Microsoft argues that every document that Microsoft designated as "Highly Confidential" should be sealed in its entirety. *See* ECF No. 158 ("Microsoft's Sealing Statement"). Plaintiffs hereby oppose on the grounds that Microsoft fails to meet its burden to seal these documents.

Under Ninth Circuit authority, where a filing goes to the merits of a case, "[a] party seeking to seal a judicial record [ ] bears the burden of overcoming th[e] strong presumption [of public access] by meeting the 'compelling reasons' standard." *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178–79 (9th Cir. 2006). There is no dispute that Plaintiffs' motion for preliminary injunction is "more than tangentially related to the merits of the case," and thus Microsoft must meet the "compelling reasons" standard. *Fitzhenry-Russell v. Dr. Pepper Snapple Grp., Inc.*, 326 F.R.D. 592, 617 (N.D. Cal. 2018). The compelling reasons standard was restated by this Court in *A.B. v. Pacific Fertility Center*:

> The [compelling] reasons must outweigh the general history of access and the public policies favoring disclosure. Such compelling reasons include the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. Likewise, an unsupported assertion of unfair advantage to competitors without explaining how a competitor would use the information to obtain an unfair advantage is insufficient.

441 F. Supp. 3d 902, 906 (N.D. Cal. 2020) (quotations marks, alterations, and citations omitted). Further, Civil Local Rule 79–5 requires that a designating party provide "a specific statement" . . . of the "reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79–5(c)(1). "Thus, although sometimes it may be appropriate to seal a document in its entirety, whenever possible a party must redact." *A.B.*, 441 F. Supp. 3d at 907 (citing *Kamakana*, 447 F.3d at 1183). "Whatever the basis, the court 'must articulate [the] reasoning or findings underlying its decision to seal.'" *Id.* (quoting *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011)).

Microsoft's Sealing Statement is inadequate, providing a blanket statement that every single document it designated as "Highly Confidential" should be sealed in its entirety because every document "contains internal, confidential business strategies and analyses." ECF No. 158 at 1.

Microsoft does not make any specific showing of any particular document, nor does Microsoft argue that any of the documents contain trade secrets. And Microsoft's declaration in support fails to meet its burden too. First, Microsoft does not provide a declaration of a business executive specifically involved in the materials sought to be sealed, but instead provides a single declaration of one of its in-house lawyers. Second, the declaration contains nothing specific as to any of the documents. It seeks to keep all documents under seal in their entirety for the identical reason. Third, the substance of the declaration is inadequate to meet its burden, stating only that (1) the "material contains Microsoft's internal business strategy and analysis;" and (2) filing these documents publicly "could cause competitive harm," because "competitors could copy Microsoft's business strategies." ECF No. 158-1. Microsoft provides nothing further. Microsoft does not even state what portions of which documents contain Microsoft's alleged "business strategies." Nor does Microsoft explain in its Sealing Statement why these alleged "business strategies" must be sealed, even if every portion of every document were indeed identical, non-specific "business strategies." As this Court has held, "[t]he mere fact that the information discloses [a Defendant's] business processes or information . . . is insufficient. *A.B.*, 441 F. Supp. 3d at 908. "Simply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden." *Id.* (quoting *Kamakana*, 447 F.3d at 1179).

Microsoft further argues that "No less restrictive alternative to sealing is sufficient. Microsoft has sought to seal only narrow portions of the Motion for Preliminary Injunction, which was filed by Plaintiffs. It has sought to seal only the exhibits that contain Microsoft's business strategy, and the narrow portions of the Motion for Preliminary Injunction that quote or paraphrase those strategies." ECF No. 158 at 3. But Microsoft's assertion of "narrow tailoring" is belied by its blanket assertion of sealing, and its wholesale confidentiality designations. In its document productions to date, Microsoft designated every single document it produced in this case as "Highly Confidential."[1] Microsoft now seeks to keep under seal *every single portion of every document* it designated as "Highly Confidential"

---

[1] Microsoft and Plaintiffs agreed through the Protective Order that Microsoft could initially designate its entire production to Plaintiffs as "Highly Confidential" in order to expedite discovery of Microsoft's FTC production.

in this blanket fashion. Microsoft's position on sealing is the opposite of the "narrow tailoring" that is required.

Moreover, although Microsoft has not met its burden to seal any of the documents filed with Plaintiffs' motion for preliminary injunction, certain documents in particular do not meet the requirements for sealing and demonstrate Microsoft's failure to justify sealing:

**Exhibits J, K, and R** are email chains that do not contain trade secrets or otherwise protectable materials. *See* ECF Nos. 133-6, 133-7, 133-10. There are no compelling reasons to seal these email chains. Microsoft has entirely failed to demonstrate that these emails, or any particular portions, should be sealed.

**Exhibit U** is a single page of deposition testimony that discloses no trade secrets or other protectable material. *See* ECF No. 133-13. There is no compelling reason to seal it.

**Exhibit W** is a presentation about a specific gaming company that Microsoft acquired five years ago in 2018. *See* ECF No. 133-14. It does not contain any protectable material justifying sealing.

**And Exhibit Y** is a report on Microsoft's gaming division from 2020. *See* ECF No. 133-16. It does not contain any trade secrets and there is no compelling reason to seal it.

Plaintiffs thus ask the Court to deny Microsoft's request to seal portions of Plaintiffs' Motion for Preliminary Injunction in its entirety. At minimum, Plaintiffs ask the Court to deny Microsoft's motion to seal Plaintiffs' exhibits J, K, R, U, W, and Y, and the portions of the motion for preliminary inunction that reference those exhibits.

| | |
|---|---|
| Dated: May 5, 2023 | By:      /s/ Joseph R. Saveri      <br>            Joseph R. Saveri |

Joseph R. Saveri (State Bar No. 130064)
Steven N. Williams (State Bar No. 175489)
Cadio Zirpoli (State Bar No. 179108)
Elissa Buchanan (State Bar No. 249996)
David H. Seidel (State Bar No. 307135)
Kathleen J. McMahon (State Bar No. 340007)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:     (415) 500-6800
Facsimile:     (415) 395-9940
Email:          jsaveri@saverilawfirm.com
                swilliams@saverilawfirm.com
                czirpoli@saverilawfirm.com
                eabuchanan@saverilawfirm.com
                dseidel@saverilawfirm.com
                kmcmahon@saverilawfirm.com

Joseph M. Alioto (SBN 42680)
Tatiana V. Wallace (SBN 233939)
**ALIOTO LAW FIRM**
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone:     (415) 434-8900
Facsimile:     (415) 434-9200
Email:          jmalioto@aliotolaw.com

Joseph M. Alioto Jr. (SBN 215544)
**ALIOTO LEGAL**
100 Pine Street, Suite 1250
San Francisco, California 94111
Tel: (415) 398-3800
Email:          joseph@aliotolegal.com

*Plaintiffs' Counsel*