CLEARY GOTTLIEB STEEN & HAMILTON LLP
C. Lawrence Malm (admitted *pro hac vice*)
lmalm@cgsh.com
2112 Pennsylvania Ave, N.W.
Washington, DC 20037
Telephone: 202-974-1959

Ye Eun Chun (Bar No. 331459)
chchun@cgsh.com
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: 650-815-4111

*Counsel for Non-Party Sony Interactive*
*Entertainment LLC*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| DANTE DEMARTINI, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION, a Washington Corporation,<br><br>Defendant. | Case No. 3:22-cv-08991-JSC<br><br>**NON-PARTY SONY INTERACTIVE ENTERTAINMENT LLC'S UNOPPOSED MOTION FOR LEAVE TO FILE OUT OF TIME** |

**I.      INTRODUCTION**

Pursuant to Civil Local Rule 7-11 and Federal Rule of Civil Procedure 6(b)(1)(B), Non-Party Sony Interactive Entertainment LLC ("SIE") respectfully requests leave of the Court to file out of time a Civil Local Rule 79-5(f) statement and/or declaration in support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (ECF No. 134).

Civil Local Rule 79-5(f)(3) provides that a non-party whose confidential information has been filed under seal subject to an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (the "Designating Party") may file, within seven days from the date of filing, a statement and/or declaration as described in Civil Local Rule 79-5(c)(1) in support of sealing its confidential information.

On April 24, 2023, Plaintiffs Dante DeMartini, Curtis Burns Jr., Nicholas Elden, Jessie Galvan, Christopher Giddings-Lafaye, Steve Herrera, Hunter Jakupko, Daniel Loftus, Beowulf Owen, and Ivan Calvo-Perez ("Plaintiffs") filed Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (ECF No. 134) ("Plaintiffs' Administrative Motion."). As a result, a statement and/or declaration in support of the Administrative Motion was due on May 1, 2023. Due to an administrative issue related to service of the filing, counsel of record for Non-Party SIE did not realize that SIE material had been implicated, necessitating a Rule 79-5(f)(3) filing.

On May 8, 2023, after conducting a routine review of the docket, Non-Party SIE's counsel realized the 79-5(f)(3) filing had been overlooked. Counsel immediately prepared this motion.

The Federal Rules provide that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The excusable-neglect standard depends on "at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000).

1

1    Here, all four factors point toward relief.  First, there is no prejudice to the parties in this

2    matter, as no party indicated its opposition to the Administrative Motion in the first instance, none

3    of the confidential material has been filed publicly by the parties, and counsel for Non-Party SIE

4    has confirmed that neither Plaintiffs nor Microsoft Corporation oppose this Motion for Leave.

5    Second, the length of the delay (one week from the expiration of the seven-day period) will have

6    no impact on the proceedings, as the parties will continue to be able to refer to SIE's confidential

7    information under seal and in accordance with the Amended Protective Order (ECF No. 71), as

8    they have done throughout the pendency of this matter.  Third, as described above, the delay was

9    inadvertent, not strategic.  Finally, Non-Party SIE and its counsel have acted in good faith by

10   filing the instant papers immediately upon becoming aware of the omission.

11   The Court has not yet addressed Plaintiffs' Administrative Motion.  SIE intends to file a

12   statement in support of Plaintiffs' Administrative Motion to Consider Whether Another Party's

13   Material Should be Sealed as the document sought to be sealed (Plaintiffs' Motion for

14   Preliminary Injunction and Order to Show Cause) contains information that SIE designated as

15   "Highly Confidential – Outside Counsel Only" pursuant to the Amended Protective Order (ECF

16   No. 71).  Non-Party SIE is working diligently to assemble such a statement quickly as it has

17   produced sensitive materials in this litigation, *see* ECF No. 71 (Protective Order Amended at

18   SIE's request), ECF No. 113 (prior SIE statement and declaration); to the extent that the Court

19   wishes to set a deadline, SIE requests that such statement be due within three days, on May 11,

20   2023, as there is extensive material to consider for sealing.

21   **II.     CONCLUSION**

22   For the foregoing reasons, Non-Party SIE respectfully requests that the Court grant SIE

23   leave to file an out of time Civil Local Rule 79-5(f) statement and/or declaration in support of

24   Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be

25   Sealed (ECF No. 134).

26

27

28

Dated: May 8, 2023

1

2                                          Respectfully submitted,

3                                          CLEARY GOTTLIEB STEEN & HAMILTON LLP

4                                          /s/ C. Lawrence Malm

5                                          C. Lawrence Malm (admitted *pro hac vice*)
                                           lmalm@cgsh.com
6                                          2112 Pennsylvania Avenue, N.W.
                                           Washington, D.C. 20037
7                                          T: 202-974-1959

8                                          Ye Eun Chun (Bar No. 331459)
                                           chchun@cgsh.com
9                                          1841 Page Mill Road, Suite 250
                                           Palo Alto, CA 94304
10                                         T: 650-815-4111

11                                         *Counsel for Non-Party Sony Interactive*
                                           *Entertainment LLC*
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28