Valarie C. Williams (Bar No. 335347)
Tania Rice (Bar No. 294387)
Alston & Bird LLP
560 Mission Street, Suite 2100
San Francisco, CA 94105
Telephone: (415) 243-1000
valarie.williams@alston.com
tania.rice@alston.com

B. Parker Miller (*pro hac vice*)
Alston & Bird LLP
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
Telephone: (404) 881-7000
parker.miller@alston.com

Beth A. Wilkinson (*pro hac vice*)
Rakesh N. Kilaru (*pro hac vice*)
Kieran G. Gostin (*pro hac vice*)
Anastasia M. Pastan (*pro hac vice*)
Jenna Pavelec (*pro hac vice*)
Wilkinson Stekloff LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
bwilkinson@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
kgostin@wilkinsonstekloff.com
apastan@wilkinsonstekloff.com
jpavelec@wilkinsonstekloff.com

*Counsel for Defendant Microsoft Corporation*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANTE DEMARTINI, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | Case No. 3:22-cv-08991-JSC<br><br>**DEFENDANT MICROSOFT CORPORATION'S STATEMENT IN RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED [Dkt. 167, 173]**<br><br>Hon. Jacqueline Scott Corley |

On May 8 and 9, 2023, Plaintiffs filed their Reply and Corrected Reply to their Motion for Preliminary Injunction. (Dkt. 168, 174.) Pursuant to Local Rule 79-5(f), they filed an Administrative Motion to Consider Whether Another Party's Materials Should be Sealed (Dkt. 167, 173), with respect to portions of their motion and supporting materials that quote or reference material that has been designed as Highly Confidential by Microsoft Corporation. Pursuant to Local Rules 79-5(c) and (f), Microsoft submits this Statement and accompanying Declaration of Cynthia Randall in support of sealing those portions of the Motion for Preliminary Injunction. Microsoft requests that the Court maintain under seal the following portions of Plaintiffs' Reply and Corrected Reply to their Motion for Preliminary Injunction: 11:16, 11:23, 12:25.

The Ninth Circuit applies a "good cause" or "compelling reasons" standard for sealing documents, depending on whether the motion is "more than tangentially related to the underlying cause of action." *Ctr. For Auto Safety v. Chrysler Grp.,* 809 F.3d 1092, 1096-97 (9th Cir. 2016). "Compelling reasons" may exist if, for example, the records "might be used . . . as sources of business information that might harm a litigant's competitive standing." *Id.* at 1097 (citation omitted). Here, there are sufficient reasons for sealing these materials under either standard.

The material contains internal, confidential business strategies and analysis. (Randall Decl., ¶ 3.) It references figure arising out of a confidential business analysis found in an internal strategy presentation to Microsoft's board of directors and a confidential contract. (*Id.*) The business analysis relates to the expected value of the merger and related strategy. (*Id.*) Microsoft has an interest in maintaining the confidentiality of this business analysis and strategy. It could cause competitive harm to Microsoft if this material were publicly disclosed. (*Id.*) For example, competitors could capitalize on this insight to exploit Microsoft's internal strategies. (*Id.*) Microsoft takes reasonable steps to maintain the confidentiality of this information and does not disseminate it beyond limited internal employees. (*Id.*) It produced the underlying documents to the FTC and in this action as Highly Confidential. (*Id.*)

This is the type of material that courts routinely seal. *See, e.g., FTC v. Qualcomm Inc.,* No. 17-CV-00220-LHK, 2019 U.S. Dist. LEXIS 1289, at *15 (N.D. Cal. Jan. 3, 2019) (finding compelling reasons to seal materials that could harm the party's or third parties' "competitive standing" or that

"divulges terms of confidential contracts"); *Santelices v. Apttus Corp.*, No. 19-cv-07414-HSG, 2020 U.S. Dist. LEXIS 183322, at *11-12 (N.D. Cal. Oct. 2, 2020) (finding compelling reason to seal documents "that contain confidential business and financial information relating to the Apttus merger and the company's internal valuation analysis related to this merger"); *Roley v. Google LLC*, No. 18-cv-07537-BLF, 2020 U.S. Dist. LEXIS 265470, at *7-10 (N.D. Cal. Apr. 28, 2020) (finding compelling reasons to seal several types of information related to Google's business strategy, product strategy, and evaluations).

No less restrictive alternative to sealing is sufficient. Microsoft has sought to seal only narrow portions of the Reply to Plaintiffs' Motion for Preliminary Injunction, which was filed by Plaintiffs.

Dated: May 12, 2023                                          Respectfully submitted,

By:  *Valarie C. Williams*

Valarie C. Williams
B. Parker Miller
Tania Rice
Alston & Bird LLP

Beth A. Wilkinson
Rakesh N. Kilaru
Kieran G. Gostin
Anastasia M. Pastan
Jenna Pavelec
Wilkinson Stekloff LLP

*Counsel for Defendant Microsoft Corporation*