Caroline Van Ness (SBN 281675)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570
Email: caroline.vanness@skadden.com

Steven C. Sunshine (*pro hac vice*)
Julia K. York (*pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005-2111
Telephone: (202) 371-7000
Facsimile: (202) 393-5760
Email: steven.sunshine@skadden.com
Email: julia.york@skadden.com

*Attorneys for Non-Party Activision Blizzard, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANTE DEMARTINI, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MICROSOFT CORPORATION, a Washington corporation, <br><br> Defendant. | Case No. 3:22-cv-08991-JSC <br><br> **NON-PARTY ACTIVISION BLIZZARD, INC.'S STATEMENT IN RESPONSE TO DEFENDANT MICROSOFT CORPORATION'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED [ECF NO. 162]** <br><br> Judge: Hon. Jacqueline Scott Corley |

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5(f), Non-Party Activision Blizzard, Inc. ("Activision") respectfully seeks to keep under seal a short excerpt of Defendant Microsoft Corp.'s ("Microsoft") Opposition to Plaintiffs' Motion for a Preliminary Injunction (ECF No. 163), along with certain portions of three exhibits filed in support thereof (ECF Nos. 163-3, 163-7, and 163-8). These documents contain non-public, highly sensitive, and confidential information that could affect Activision's competitive standing, as further described below and in the Declaration of Page Robinson ("Robinson Decl.").[1]  Activision designated these documents as "Highly Confidential – Outside Counsel Only" under the governing Protective Order (ECF No. 71), and the Stipulation regarding the Protective Order Activision entered into with Plaintiffs and Microsoft (ECF No. 101).[2]

| Document | Portions to be Filed Under Seal | Party Claiming Confidentiality |
|---|---|---|
| Microsoft's Opposition to Plaintiffs' Motion for Preliminary Injunction ("Opposition" or "Opp.") | Page 8, lines 25–26 | Activision |
| Declaration of Rakesh Kilaru ("Kilaru Decl.") ISO Opp., Ex. B. | Page 187, line 1 through page 190, line 25 | Activision |
| Kilaru Decl. ISO Opp., Ex. F | Page 49, line 1 through page 53, line 25; Page 64, line 1 through page 65, line 25; and Page 77, line 1 through page 78, line 23 | Activision |
| Kilaru Decl. ISO Opp., Ex. G | Page 112, line 2 through page 113, line 24 | Activision |

## II. LEGAL STANDARD

"[A]ccess to judicial records is not absolute." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  Where the motion at issue is "more than tangentially related to the

---

[1] To the extent any party submits, or is requested to submit, chambers copies of the documents at issue here, Activision respectfully requests to make arrangements to pick up the documents upon disposition of Microsoft's Administrative Motion pursuant to Section E of the Court's Civil Standing Order.

[2] Activision sought the parties' positions on the instant motion before Noon Pacific Time on May 11, 2023.  Microsoft informed Activision that it does not intend to oppose Activision's request to keep these materials under seal; as of 5:00 pm Pacific Time on May 12, Plaintiffs had not provided their position.

-1-

**ACTIVISION BLIZZARD, INC.'S STATEMENT RE: DEFENDANT'S ADMIN. MOTION**     **CASE NO. 3:22-cv-08991-JSC**

merits of a case," courts apply the "compelling reasons" standard; otherwise, courts apply "the less exacting good cause standard." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–97, 1101–02 (9th Cir. 2016) (internal quotation marks and citation omitted).

Courts find "compelling reasons" to seal documents, such as the "terms of confidential contracts" or "contract negotiations," *Fed. Trade Comm'n v. Qualcomm Inc.*, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019), where they could be used "as sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety*, 809 F.3d at 1097 (internal quotation marks and citation omitted). Courts have similarly found "compelling reasons" in favor of sealing confidential information produced by third parties where it consists of "competitive information that could cause damage to the third parties if made public." *United States v. Bazaarvoice, Inc.*, 2014 WL 11297188, at *1 (N.D. Cal. Jan. 21, 2014) (granting motions to seal and observing both that "the third parties did not voluntarily put [the information] at issue" and that "[i]f the Court required the information to be disclosed, it would chill investigations in the future where third-party documents are essential").

### III.  ACTIVISION'S CONFIDENTIAL INFORMATION SHOULD BE SEALED

Activision's non-public, highly sensitive, and confidential information should be sealed, whether analyzed under the "compelling reasons" or less exacting "good cause" standards, because its release would irreparably damage Activision.

The information generally falls into three categories:

- The terms of, and negotiations regarding, commercial agreements, which contain confidentiality provisions that require Activision to keep their terms confidential. Additionally, some of the agreements contain non-public terms of exclusivity. (Robinson Decl. ¶ 4.)
- The terms, and existence of, a commercial agreement proposed by Activision, but not executed. (*Id.* at ¶ 6.)
- Activision's decision to participate, or not, in newly-developed services, and its rationale for doing so or not doing so. (*Id.* at ¶ 8.)

Public disclosure of the above-described information would significantly harm Activision.

Activision does not disclose this information publicly or to third parties, and the information is not even shared internally beyond a very limited number of Activision employees. (*Id.* at ¶¶ 4, 10.) If such information were made publicly available, Activision's competitors and other industry actors would take advantage of Activision in negotiations, wasting the time and resources Activision has expended to develop its competitive strategies. (*Id.* at ¶¶ 5, 7.) For example, video game developers and platform providers would take advantage of Activision in negotiating commercial agreements if those developers and providers could compare their proposed commercial terms to confidential commercial terms to which Activision has previously agreed. (*Id.* at ¶ 5.) Disclosure of this confidential information would also cause Activision competitive harm because it would give competing video game developers insight into Activision's assessment of potential opportunities, permitting them to leverage Activision's internal decision-making and insights to alter their strategic plans or offerings. (*Id.* at ¶¶ 5, 7, 9.)

The information Activision seeks to seal is narrowly tailored. The redactions are limited to information regarding: (1) the terms of, and negotiations regarding, commercial agreements; (2) the terms, and existence of, a proposed commercial agreement; and (3) Activision's decision to participate, or not to participate, in newly-developed services—each of which must be withheld to prevent competitive harm to Activision.

## IV.   CONCLUSION

For the foregoing reasons, and as further set forth in the Robinson Decl., the Court should seal the identified portions of the Opposition and exhibits filed in support thereof.

DATED: May 12, 2023                              By: /s/ *Caroline Van Ness*

Caroline Van Ness (SBN 281675)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570
Email: caroline.vanness@skadden.com

Steven C. Sunshine (*pro hac vice*)
Julia K. York (*pro hac vice*)

| | |
|---|---|
| 1 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| 2 | 1440 New York Avenue, N.W. |
| 3 | Washington, DC 20005-2111 |
|   | Telephone: (202) 371-7000 |
| 4 | Facsimile: (202) 393-5760 |
|   | Email: steven.sunshine@skadden.com |
| 5 | Email: julia.york@skadden.com |

*Attorneys for Non-Party Activision Blizzard, Inc.*