Caroline Van Ness (SBN 281675)
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570
Email: caroline.vanness@skadden.com

Steven C. Sunshine (*pro hac vice*)
Julia K. York (*pro hac vice*)
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005-2111
Telephone: (202) 371-7000
Facsimile: (202) 393-5760
Email: steven.sunshine@skadden.com
Email: julia.york@skadden.com

*Attorneys for Non-Party Activision Blizzard, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANTE DEMARTINI, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MICROSOFT CORPORATION, a Washington corporation, <br><br> Defendant. | Case No. 3:22-cv-08991-JSC <br><br> **DECLARATION OF PAGE ROBINSON IN SUPPORT OF NON-PARTY ACTIVISION BLIZZARD, INC.'S STATEMENT IN RESPONSE TO DEFENDANT MICROSOFT CORPORATION'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED [ECF NO. 162]** <br><br> Judge: Hon. Jacqueline Scott Corley |

I, Page Robinson, declare as follows:

1. I am a Senior Director of Litigation and Intellectual Property at Activision Blizzard, Inc. ("Activision"). I submit this declaration in support of Activision's Statement in Response to Defendant Microsoft Corporation's Administrative Motion to Consider Whether Another Party's Material Should be Sealed. In my role, I have personal knowledge of Activision's use and protection of non-public, highly sensitive, and confidential business information, including the information at issue here.

2. I have personal knowledge of the facts set forth below, and I can and would competently testify to such facts if called to do so.

3. I have reviewed and am familiar with the portions of Defendant's Opposition to Plaintiffs' Motion for Preliminary Injunction (the "Opposition" or "Opp."), along with the three exhibits filed in support thereof, that Defendant filed under seal because they contained information designated by Activision as "Highly Confidential" or "Outside Counsel Only." Such portions are identified in Defendant's Administrative Motion to Consider Whether Another Party's Material Should be Sealed (ECF No. 162).

4. Specifically, some of the portions contain information reflecting the terms of, and negotiations regarding, commercial agreements that Activision does not disclose to third parties. In fact, the agreements contain confidentiality provisions that require Activision to keep these terms confidential. Additionally, some of the agreements contain non-public terms of exclusivity.

5. It would cause competitive harm to Activision if the above information was publicly disclosed. For example, when Activision negotiates commercial agreements with other video game developers or platform providers, it would harm Activision's negotiating position if those developers and providers could compare the previous terms of, and negotiations regarding, similar commercial agreements to which Activision has previously agreed. Moreover, disclosure of such terms and negotiations would harm Activision by allowing other video game developers to circumvent the time and resources expended by

1 Activision in developing the practices and strategies which culminated in those terms and
2 negotiations.

3     6.    Some of the portions also contain information discussing the terms, and
4 existence of, a commercial agreement that was proposed by Activision, but not executed.

5     7.    It would cause competitive harm to Activision if the above information was
6 publicly disclosed. For example, disclosure would give competing video game developers
7 insight into Activision's assessment of potential opportunities and they may alter their
8 strategic plans or offerings if they knew the subject matter of the proposed commercial
9 agreement. Disclosure would also harm Activision's negotiating position with platform
10 providers.

11     8.    Other portions further contain information regarding Activision's decision
12 to participate, or not to participate, in newly-developed distribution services, as well as
13 Activision's rationale for choosing to do so or not to do so.

14     9.    It would cause competitive harm to Activision if the above information was
15 publicly disclosed. For example, other video game developers or platform providers may
16 use Activision's decision-making against it in deciding whether or not to seek out such
17 opportunities for themselves.

18     10.    Activision takes robust measures to maintain the confidentiality of all the
19 above-described information; it is not shared beyond a very limited number of Activision
20 employees, who only have access to the information on a need-to-know basis. All of this
21 information was designated "Highly Confidential – Outside Counsel Only" under the
22 governing Protective Order in this action.

23     11.    For these reasons, Activision respectfully requests that the Court order the
24 below-identified portions of the Opposition and concurrently filed exhibits to be sealed.

| Document | Text to be Sealed | Basis for Sealing Portion of Document |
|---|---|---|
| Opp. | Page 8, lines 25–26 | This text contains confidential and proprietary information that Activision does not share publicly with respect to non-public terms of exclusivity |

| Document | Text to be Sealed | Basis for Sealing Portion of Document |
|---|---|---|
| | | contained in a commercial agreement. If such information were publicly disclosed, Activision would suffer economic harm because other video game developers and platforms would be able to gain an unfair advantage. |
| Declaration of Rakesh Kilaru ("Kilaru Decl.") ISO Opp., Ex. B. | Page 187, line 1 through page 190, line 25 | This text contains confidential and proprietary information that Activision does not share publicly with respect to a commercial agreement that was proposed but not executed. If such information were publicly disclosed, Activision would suffer economic harm as other video game developers and platforms would be able to gain an unfair advantage. |
| Kilaru Decl. ISO Opp., Ex. F | Page 49, line 1 through page 53, line 25; Page 64, line 1 through page 65, line 25; and Page 77, line 1 through page 78, line 23 | This text contains confidential and proprietary information that Activision does not share publicly with respect to commercial agreements that contain confidentiality provisions, as well as Activision's decision to participate, or not to participate, in newly-developed services. If such information were publicly disclosed, Activision would suffer economic harm as other video game developers and platforms would be able to gain an unfair advantage. |
| Kilaru Decl. ISO Opp., Ex. G | Page 112, line 2 through page 113, line 24 | This text contains confidential and proprietary information that Activision does not share publicly with respect to commercial agreements that contain confidentiality provisions, as well as non-public terms of exclusivity contained in one such agreement. If such information were publicly disclosed, Activision would suffer economic harm because other video game developers and platforms would be able to gain an unfair advantage. |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed on May 12, 2023, in Santa Monica, California.

*Page Robinson*

### SIGNATURE ATTESTATION

Pursuant to Civil Local Rule 5-1(h)(3), I attest under penalty of perjury that concurrence in the filing of this document has been obtained from any other signatory to this document.

Dated: May 12, 2023

/s/ *Caroline Van Ness*
Caroline Van Ness