May 17, 2023

*Via ECF*
The Honorable Jacqueline Scott Corley
United States District Court
Northern District of California
450 Golden Gate Ave.
San Francisco, CA 94102

**FILED UNDER SEAL**

      RE:    *Demartini, et al v. Microsoft Corporation*
               Case No: 3:22-cv-08991-JSC

Dear Judge Corley,

      Pursuant to the Court's standing order, Plaintiffs and Defendant Microsoft Corporation ("Defendant" or "Microsoft") respectfully submit this Joint Letter Brief regarding a current dispute over whether Defendant Microsoft's "highly confidential" designation of MSFT-2R-06975651 (Exhibit K to Plaintiff's Motion for Preliminary Injunction and Exhibit PX4352 to the FTC deposition of Matt Booty; hereinafter "Exhibit K") is proper. ECF No. 142-11; S. Williams Decl. Ex. 1.

**PLAINTIFFS' POSITION:**

      Plaintiffs formally challenged Exhibit K's "Highly-Confidential" designation subject to Section `6.2 of the mutually-agreed upon Protective Order, ECF No. 71, on April 26, 2023. Declaration of Steven N. Williams ("S. Williams Decl."). The parties met and conferred via telephone about this issue on that same day and reached an impasse. At that time, Plaintiffs stated their view that nothing in the three-year old document satisfied the standard for a confidential designation, much less a highly confidential designation. Microsoft disagreed but refused to provide any explanation. Microsoft indicated it would schedule another meet and confer within fourteen days, but never followed up. Under the Stipulated Protective Order, Microsoft has waived protection for this document by failing to act within the requisite period. Stipulated Protective Order, Section 6.3. ECF No 71.
      Exhibit K is over three years old. It states that ████████████████████████████████████████████████████████████ This is not a legitimate trade secret that competitors are entitled to seek protection for with the Court.
      Microsoft has failed to timely satisfy the provisions of the mutually-agreed upon Protective Order. Section 6.2 of the Protective Order states "[t]he Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge." On April 26, 2023, Plaintiffs' counsel issued such a formal challenge in writing:

> Pursuant to section 6.2 of the Protective Order, we ask that you un-designate the following document. We will be prepared to discuss at our 3:00 p.m. call today.

- MSFT-2R-06975651 (Ex. K to Plaintiff's Motion for Preliminary Injunction and Exhibit PX4352 to the FTC deposition of M. Booty)

Microsoft replied asking "per section 6.2 of the Protective Order," for a "description of the basis for the challenge." Plaintiffs' counsel responded that "the document does not comply with the requirements for designating Confidential or Highly Confidential under the protective order."

The Parties met and conferred later that day on April 26, 2023. Plaintiffs explained that none of Exhibit K's contents met the definition of "highly confidential" or as a "trade secret" as defined by the mutually agreed upon Protective Order. *See* ECF No. 71, § 2.7 (defining "Highly Confidential" information as being "Trade Secrets, and other non-public information of similar competitive and business sensitivity, or material that constitutes highly personal and confidential non-public information."); *see also id.*, § 2.9 (defining "Trade Secrets" as: "information whose disclosure would result in tangible economic loss" and which "derives independent economic value from not being generally known to, and not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use[.]").

Microsoft disagreed and offered nothing but vague and conclusory claims about the highly sensitive nature of the document.[1] As a result, the parties were at an agreed impasse. Microsoft stated that they would file "something" in accordance with Section 6.3 of the Protective Order. S. Williams Decl. ¶ 2.

Section 6.3 of the Protective provides that, in order to maintain the confidentiality of the challenged document, Microsoft was required to file a motion within 14 days of the Parties' meet and confer. Microsoft failed to do so, automatically waiving the confidentiality of Exhibit K.[2] ECF No. 71, § 6.3. ("Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days if applicable) **shall automatically waive the confidentiality designation for each challenged designation**.") (emphasis added). Indeed, Plaintiffs did not hear from Microsoft again until May 15, 2023, 20 days after this meet and confer on April 26, 2023. And when Plaintiffs asked, again, why Exhibit K should be protected, Microsoft only responded in the exact same vague and conclusory fashion. Exhibit K should be deemed to have had its "highly confidential" designation waived.

Plaintiffs have asked numerous times, including on a call regarding other matters with Microsoft on May 16, 2023, on what basis Microsoft is claiming Exhibit K is "Highly Confidential." Microsoft has failed to explain or justify the designation. To the extent Microsoft maintains that stating in conclusory fashion that documents contain "internal business strategies" and that "competitors could copy Microsoft's business strategy" is sufficient to shield a document from the public, it is wrong. Such a statement is just a platitude that lacks the requisite specificity without more. *See* ECF No. 158-1.

---

[1] Microsoft would repeat those vague and conclusory arguments in their response in support of their sealing motion seeking to maintain the seal on Exhibit K. *See* ECF No. 158.

[2] Contrary to Microsoft's argument in its administrative motion (ECF No. 158) mere reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable. *See* Local Civil Rule 79-5(c).

The issue of Microsoft's improper designation of Exhibit K as "Highly Confidential" is already before the Court as a part of a previous administrative motion to seal. ECF Nos.158, 164. And Plaintiffs have already explained why the document is improperly designated "Highly Confidential". Microsoft's argument that all its documents can appropriately be sealed and hidden from public scrutiny (ECF No. 158 at 1) is wrong under both the applicable law and the practice of courts in this District. *See*, *e.g.*, Civ. L.R. 79-5(c) *(*"Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable"); *see also*, *e.g.*, *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-99 (9th Cir. 2016); Civ. L.R. 79-5(a) ("The public has a right of access to the Court's files. . . . A party must explore all reasonable alternatives to filing documents under seal, minimize the number of documents filed under seal, and avoid wherever possible sealing entire documents (as opposed to merely redacting the truly sensitive information in a document)").

Microsoft has not provided "a specific statement" of the "reasons for keeping a document under seal," as it must under the rules of this District. Civ. L.R. 79-5(c)(1). It has not explained what "legitimate private or public interests . . . warrant sealing;" it has not explained any "injury that will result is sealing is denied;" and it has certainly not shown "why a less restrictive alternative to sealing is not sufficient." *Id.* Nor has it provided any "compelling reasons" why Exhibit K should be protected. *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178-79; *see also A.B. v. Pac. Fertility Ctr.,* 441 F. Supp. 3d 902, 906 (N.D. Cal 2018) ("The mere fact that a production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."). On the merits, Microsoft has failed to meet its burden. ECF. No. 71, § 6.3 ("The burden of persuasion in any such challenge proceeding shall be on the Designating Party.").

### MICROSOFT'S POSITION:

Plaintiffs seek to challenge the confidentiality designation of "Exhibit K," an internal business email that was filed under seal in connection with Plaintiffs' motion for a preliminary injunction (Dkt. 133-7) and was produced as Highly Confidential under the parties' Stipulated Protective Order. The challenge to the production designation is unnecessary, because the document was already filed under seal and the parties already submitted statements regarding whether it should be sealed. Moreover, the document was not cited in relation to any issue that is presently before the Court (the irreparable harm and bond issues).

The background to this dispute is as follows:

- On April 24, Plaintiffs filed the document under seal, pursuant to a Motion to Consider Whether Another Party's Material Should Be Sealed. (Dkt. 133)
- *After* the sealed filing, on April 26, Plaintiffs first emailed a "challenge" to the confidentiality designation. The "challenge" was nothing more than "the document does not comply with the requirements for designating Confidential or Highly Confidential under the protective order." (V. Williams Decl., Ex. A.) Microsoft responded that it would be willing to meet and confer at a later time. (*Id.*)
- On May 1, 2023, Microsoft filed a statement and supporting declaration in support of retaining the document under seal. (Dkt. 158.)

- On May 5, Plaintiffs filed a response to Microsoft's statement regarding sealing, making a blanket argument that Microsoft failed to meet its burden. (Dkt. 164.)
- The parties did not confer about the substance of the designation until May 16, (V. Williams Decl., ¶ 3), at which time Plaintiffs still did not articulate any basis for why the internal business document is not confidential.

**Plaintiffs did not adequately challenge Exhibit K's confidentiality designation.** Section 6.2 of the Amended Protective Order states that "[t]he Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging ***and describing the basis for each challenge***." (Dkt. No. 71, § 6.2 (emphasis added)). Plaintiffs' April 26 email did not do so. (V. Williams Decl., Ex. A.) Accordingly, Plaintiffs' challenge is premature and de-designation is improper. *See Ubiquiti Networks, Inc. v. Kozumi Corporation*, No. 12-cv-2582 CW (JSC), 2013 U.S. Dist. LEXIS 25642, at *5-7 (N.D. Cal. Feb. 25, 2013) (rejecting blanket objection to confidentiality designation where the party failed to comply with the Protective Order's requirement to "describe the basis for each challenge").

Additionally, the Protective Order requires the parties to "attempt to resolve each [designation] challenge in good faith . . . by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient)." (Dkt. 71, § 6.2.) "In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper," and "may proceed to the next stage of the challenge process"—seeking judicial intervention—"only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner." (*Id.*) The parties did not meet and confer about this issue until May 16. (V. Williams Decl., ¶ 3.) They are filing this brief only one day later.

Plaintiffs' argument that Microsoft somehow waived its confidentiality designation is meritless. The parties were not permitted to seek judicial intervention until after conducting a good faith meet and confer and determining that they "cannot resolve a challenge without court intervention." (Dkt. 71, §§ 6.2, 6.3.) The parties did not confer about the substance of Plaintiffs' challenge on April 26. (V. Williams Decl., ¶ 2.) Plaintiffs sent an email on April 26 asking to confer that same day (the parties were already scheduled to discuss a different topic), but Microsoft was clear that it was not prepared to confer about the designation challenge on a few hours' notice but would be willing to do so later. (V. Williams Decl., Ex. A.) While the parties did not conduct a meet and confer until May 16 (20 days later), nothing in the Protective Order required Microsoft to be the party to take the initiative to ensure that a meet and confer was completed. The parties were busy with an expedited briefing schedule on the motion to dismiss and preliminary injunction motion, and neither followed up to request a conference until May 15. (V. Williams Decl., ¶ 3.) Plaintiffs cannot show that Microsoft was unwilling to confer. To the contrary, it offered to engage in a proper conference.

Even if Plaintiffs were correct about the timing issues, the Court should not accept Plaintiffs' waiver argument. In *Ubiquiti*, this Court rejected a plaintiff's argument that the defendant had waived confidentiality by failing to adhere strictly to the timeline for moving to maintain confidentiality, stating that "Plaintiff's waiver argument is not well taken as it places the form (the specific dates set forth in the agreement) above the substance (a mechanism by which the parties attempt to resolve confidentiality designations)." 2013 U.S. Dist. LEXIS 25642, at *6. The Court further noted that "[t]he speed and timing of the meet and confer process was

understandably complicated by the holidays." *Id.* The same is true here, where, as the Court knows, the parties were on an expedited briefing schedule and there is no prejudice to Plaintiffs.

**Exhibit K should remain confidential and under seal.** It was an internal exchange between Microsoft executives discussing the financial performance of certain products and business lines, approach to profitability goals and product decisions, and possible business direction. (Randall Decl., ¶ 3.) This document has not been disclosed to anyone beyond a limited group of internal employees (other than regulatory agencies and in this action under protective orders). (*Id.*) Disclosure could cause Microsoft harm, as competitors could adjust their own strategies to capitalize on the information regarding financial performance, product/business lines, and the competitive landscape. (*Id.*) Accordingly, this document is the type of document that is properly designated as confidential and is routinely sealed by courts. *See Ctr. For Auto Safety v. Chrysler Grp.,* 809 F.3d 1092, 1096-97 (9th Cir. 2016) ("Compelling reasons" for sealing exist if the records "might be used . . . as sources of business information that might harm a litigant's competitive standing."); *Roley v. Google LLC*, No. 18-cv-07537-BLF, 2020 U.S. Dist. LEXIS 265470, at *7-10 (N.D. Cal. Apr. 28, 2020) (finding compelling reasons to seal several types of information related to Google's business strategy, product strategy, and evaluations). Conversely, Plaintiffs have articulated no reason why the document is not confidential. *See In re Facebook, Inc. Consumer Privacy User Profile Litig.*, 2021 U.S. Dist. LEXIS 143033, at *26 (N.D. Cal. Jul. 29, 2021) (confining the Court's consideration of a confidentiality designation dispute to the reasons articulated in the disputing party's initial communication). Even if Plaintiffs had detailed their argument, maintaining confidentiality is warranted here.

Finally, Plaintiffs' challenge is not predicated on any legitimate purpose. When asked why Plaintiffs were insistent that Exhibit K should be de-designated now, and further, why 24-hour briefing was necessary, they gave no explanation other than they think the document is important. But Exhibit K is not relevant to any issue presently before the Court. Plaintiffs' Motion for a Preliminary Injunction is currently only being decided on the issues of irreparable harm to these Plaintiffs and the bond requirement. Exhibit K was not cited within any of the arguments on irreparable harm or the bond. Accordingly, Plaintiffs cannot say there is public interest in disclosure on the current issues before the Court. *See Muench Photography, Inc. v. Pearson Educ., Inc.*, No. 12-cv-01927, 2013 U.S. Dist. LEXIS 115847, at *14 (N.D. Cal. Aug. 15, 2013) (finding that there was no "legitimate purpose for disclosing the information now," because the challenged materials were not proffered on any relevant issue in the litigation, so the "desire for disclosure is, at best, premature").

Microsoft submits that this is a straightforward matter that may be properly resolved in an informal discovery conference but did not want to risk facing further "gotcha" arguments that it has somehow waived confidentiality.

Hon. Jacqueline Scott Corley
May 17, 2023
Page 6 of 6

                                      Respectfully Submitted,

                                      s/ Steven N. Williams

                                      *Counsel for Plaintiffs*

                                      s/ Valarie C. Williams

                                      *Counsel for Microsoft*

cc: All counsel of record via ECF

## ATTESTATION OF FILER

Pursuant to Civil L.R. 5-1(h)(3), regarding signatures, I, Steven N. Williams, attest that concurrence in the filing of this document has been obtained.

Dated: May 17, 2023                            Respectfully Submitted,

                                      By:   */s/ Steven N. Williams*
                                                    Steven N. Williams