Valarie C. Williams (Bar No. 335347)
Tania Rice (Bar No. 294387)
Alston & Bird LLP
560 Mission Street, Suite 2100
San Francisco, CA 94105
Telephone: (415) 243-1000
valarie.williams@alston.com
tania.rice@alston.com

B. Parker Miller (*pro hac vice*)
Alston & Bird LLP
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
Telephone: (404) 881-7000
parker.miller@alston.com

Beth A. Wilkinson (*pro hac vice*)
Rakesh N. Kilaru (*pro hac vice*)
Kieran G. Gostin (*pro hac vice*)
Anastasia M. Pastan (*pro hac vice*)
Jenna Pavelec (*pro hac vice*)
Wilkinson Stekloff LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
bwilkinson@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
kgostin@wilkinsonstekloff.com
apastan@wilkinsonstekloff.com
jpavelec@wilkinsonstekloff.com

*Counsel for Defendant Microsoft Corporation*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANTE DEMARTINI, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MICROSOFT CORPORATION, <br><br> Defendant. | Case No. 3:22-cv-08991-JSC <br><br> **DEFENDANT MICROSOFT CORPORATION'S STATEMENT IN RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED [Dkt. 185]** <br><br> Hon. Jacqueline Scott Corley |

On April 24, 2023, Plaintiffs filed their Motion for Preliminary Injunction, which attached as Exhibit K an internal Microsoft email between executives. (Dkt. 133-7.) Plaintiffs filed Exhibit K under seal and Microsoft submitted a statement and declaration in support of sealing that and certain other materials. (Dkt. 158.) Plaintiffs thereafter challenged Microsoft's confidentiality designation of Exhibit K and the parties submitted a letter brief concerning that challenge. (Dkt. 186.) Plaintiffs attached a copy of Exhibit K and filed it under seal as Exhibit 1 to the Declaration of Steven N. Williams in Support of Joint Letter Brief. (Dkt. 185.) The Court has now issued an Order related to the Motion for Preliminary Injunction, which did not rely on Exhibit K. (Dkt. 189.)

Pursuant to Local Rules 79-5(c) and (f), Microsoft submits this Statement and accompanying Declaration of Cynthia Randall in support of sealing Exhibit 1 to the Declaration of Steven N. Williams in Support of Joint Letter Brief (Exhibit K). Microsoft requests that the Court maintain that document under seal.

The Ninth Circuit applies a "good cause" or "compelling reasons" standard for sealing documents. Where the sealed materials are attached to a discovery motion unrelated to the merits of the case, the good cause standard applies. *Ctr. For Auto Safety v. Chrysler Grp.,* 809 F.3d 1092, 1097 (9th Cir. 2016). Here, the discovery letter brief is unrelated to the merits of the case, but instead concerns a confidentiality designation in a document production. Moreover, Exhibit K has not been used in any manner in which it has had a bearing on the merits of any issue decided in this case. It was referenced in Plaintiffs' Motion for Preliminary Injunction related to an argument concerning the likelihood of success on the merits. But the Court denied the Motion on other grounds and did not rely on Exhibit K for that decision.

There are sufficient reasons for sealing this document. It was an internal exchange between Microsoft executives discussing the financial performance of certain products and business lines, approach to profitability goals and product decisions, and possible business direction. (Randall Decl., ¶ 3.) It has not been disclosed to anyone beyond a limited group of internal employees (other than regulatory agencies and in this action under protective orders). (*Id.*) Microsoft has an interest in maintaining the confidentiality of this internal business document. Disclosure could cause Microsoft harm, as competitors could adjust their own strategies to capitalize on the information regarding

financial performance, product/business lines, and the competitive landscape. (*Id.*)

Accordingly, this document is the type of document that is properly designated as confidential and is routinely sealed by courts. *See Ctr. For Auto Safety v. Chrysler Grp.,* 809 F.3d 1092, 1096-97 (9th Cir. 2016) ("Compelling reasons" for sealing exist if the records "might be used . . . as sources of business information that might harm a litigant's competitive standing."); *Roley v. Google LLC*, No. 18-cv-07537-BLF, 2020 U.S. Dist. LEXIS 265470, at *7-10 (N.D. Cal. Apr. 28, 2020) (finding compelling reasons to seal several types of information related to Google's business strategy, product strategy, and evaluations); *Santelices v. Apttus Corp.*, No. 19-cv-07414-HSG, 2020 U.S. Dist. LEXIS 183322, at *11-12 (N.D. Cal. Oct. 2, 2020) (finding compelling reason to seal documents "that contain confidential business and financial information relating to the Apttus merger and the company's internal valuation analysis related to this merger").

No less restrictive alternative to sealing is sufficient. Microsoft has sought to seal only this confidential, internal email, which was filed by Plaintiffs in conjunction with the discovery letter brief.

Dated: May 24, 2023

Respectfully submitted,

By:  *Valarie C. Williams*

Valarie C. Williams
B. Parker Miller
Tania Rice
Alston & Bird LLP

Beth A. Wilkinson
Rakesh N. Kilaru
Kieran G. Gostin
Anastasia M. Pastan
Jenna Pavelec
Wilkinson Stekloff LLP

*Counsel for Defendant Microsoft Corporation*