Joseph M. Alioto (State Bar No. 42680)
Tatiana V. Wallace (State Bar No. 233939)
**ALIOTO LAW FIRM**
One Sansome Street, 35th Floor
San Francisco, CA  94104
Telephone:	(415) 434-8900
Facsimile:	(415) 434-9200
Email:	jmalioto@aliotolaw.com
	twallace@aliotolaw.com

Joseph R. Saveri (State Bar No. 130064)
Steven N. Williams (State Bar No. 175489)
Cadio Zirpoli (State Bar No. 179108)
Elissa Buchanan (State Bar No. 249996)
David H. Seidel (State Bar No. 307135)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:	(415) 500-6800
Facsimile:	(415) 395-9940
Email:	jsaveri@saverilawfirm.com
	swilliams@saverilawfirm.com
	czirpoli@saverilawfirm.com
	eabuchanan@saverilawfirm.com
	dseidel@saverilawfirm.com

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANTE DEMARTINI, CURTIS BURNS JR., NICHOLAS ELDEN, JESSIE GALVAN, CHRISTOPHER JOSEPH GIDDINGS-LAFAYE, STEVE HERRERA, HUNTER JOSEPH JAKUPKO, DANIEL DERMOT ALFRED LOFTUS, BEOWULF EDWARD OWEN, IVAN CALVO-PÉREZ, and TEMUUJIN TURMUNHK<br><br>Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION, a Washington corporation,<br><br>Defendant. | Case No. 3:22-cv-08991-JSC<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION PURSUANT TO RULE 20 FRCivP FOR LIMITED JOINDER TO CASE NO. 23-cv-02880-JSC**<br><br>Date:	June 21, 2023,<br>	(or sooner if possible)<br>Time:	2:00 p.m.<br>Judge:	Hon. Jacqueline Scott Corley<br>Crtrm:	8, 19th Floor |

MOTION TO RELATE CASES

**NOTICE OF MOTION AND MOTION**

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD**:

**PLEASE TAKE NOTICE** that on June 21, 2023, at 2:00 p.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Jacqueline Scott Corley, located at 450 Golden Gate Avenue, Courtroom 8, 19th Floor, San Francisco, CA 94102, Plaintiffs will, and hereby do, move this Court pursuant to Rule 20 of the Federal Rules of Civil Procedure for an Order of Limited Joinder of their case to the case filed by the FTC in *Federal Trade Commission v. Microsoft Corporation, et al.,* Civil No. 23-cv-02880-JSC for purposes of attending and participating in the evidentiary hearing on the Motion for a Preliminary Injunction scheduled to commence on Thursday, June 22, 2023.

By this motion, Plaintiffs respectfully request that the Court enter the [Proposed] Order filed herewith.

This motion is based on this Notice of Motion, the Motion, the Memorandum of Points and Authorities, and the pleadings and record in this action, and such further evidence and arguments that the Court may consider at the hearing of this motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Plaintiffs respectfully seek an order joining this case to the case of *Federal Trade Commission v. Microsoft Corporation, et al.,* Civil No. 23-cv-02880-JSC for the limited purpose of attending and participating in the presently scheduled motion for preliminary injunction, now scheduled to begin on June 22, 2023.

This *DeMartini* case is a private antitrust action brought under Section 16 of the Clayton Antitrust Act, 15 U.S.C. § 26, seeking to enjoin Defendant Microsoft Corporation from acquiring its significant rival Activision in violation of Section 7 of the Clayton Act, 15 U.S.C. § 18.

The FTC action is a government suit brought pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), seeking to enjoin Defendant Microsoft

Corporation from acquiring its significant rival Activision in violation of Section 7 of the Clayton Act, 15 U.S.C. § 18.

On June 13, 2023, the District Court granted the motion by the FTC for a temporary restraining order and set an evidentiary hearing on the FTC's motion for a preliminary injunction to commence on June 22, 2023.

Microsoft is the dominant player in the gaming industry. Activision is one of Microsoft's chief competitors in the creation and publishing of gaming content.

Microsoft intends to acquire Activision for $68.7 Billion which would eliminate an independent competitor and create the largest merger of technology companies in history.

## II.  LEGAL STANDARD FOR JOINDER

Federal Rule of Civil Procedure 20 provides in pertinent part as follows:

"Rule 20. Permissive Joinder of Parties

(a) Persons Who May Join or Be Joined.

(1) Plaintiffs. Persons may join in one action as plaintiffs if:

(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all plaintiffs will arise in the action."

## III.  ARGUMENT

Plaintiffs in the *DeMartini v. Microsoft* case seek a limited joinder with the proceedings in the *FTC v. Microsoft* case for the purposes of participating in the evidentiary hearings now scheduled to begin on June 22, 2023, in connection with the motion for a preliminary injunction filed by the FTC.

Limited joinder may be permitted where a plaintiff has asserted a right to relief that is similar to or arises out of the "same transaction, occurrence, or series of transactions or occurrences" as does the case sought to be joined.  Rule 20(A)(1)(a), FRCivP.

This is certainly the situation here where the plaintiffs in the *DeMartini* and the plaintiff in the FTC case both claim that the proposed acquisition of Activision by Microsoft is a violation of Section 7 of the Clayton Antitrust Act. The relief sought by both cases is an injunction prohibiting Microsoft's proposed acquisition of Activision. Both cases arise "out of same transaction, occurrence, or series of transactions or occurrences".

Both actions also meet the requirement of the presence of a "question of law or fact common to all plaintiffs". In short, the Plaintiffs make the same claim against the conduct of Microsoft and seek the same relief.

Therefore, since the Plaintiffs in both the *DeMartini* and FTC actions make the same clam against Microsoft and seek the same relief against Microsoft, the DeMartini plaintiffs should be granted pursuant to Rule 20 a joinder limited to the hearings now set by the Court.

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully move for limited joinder in the scheduled preliminary injunction hearings, and the ability to call, present and cross-examine witnesses at the hearings.

Dated: June 19, 2023					By:  _____
							       Joseph M. Alioto

							Joseph M. Alioto (SBN 42680)
							Tatiana V. Wallace (SBN 233939)
							**ALIOTO LAW FIRM**
							One Sansome Street, 35th Floor
							San Francisco, CA  94104
							Telephone:	(415) 434-8900
							Facsimile:	(415) 434-9200
							Email:		jmalioto@aliotolaw.com


June 19, 2023					Lingel H. Winters, Esq.
							(State Bar No. 37759)
							LAW OFFICES OF LINGEL H. WINTERS
							388 Market St. Suite 1300
							San Francisco, California 94111
							Telephone (415) 398-294
							Email: sawmill2@aol.com


							Joseph M. Alioto Jr. (SBN 215544)
							**ALIOTO LEGAL**
							100 Pine Street, Suite 1250
							San Francisco, California 94111
							Tel: (415) 398-3800
							Email:		joseph@aliotolegal.com

							Lawrence G. Papale (SBN 67068)
							LAW OFFICES OF LAWRENCE G. PAPALE
							The Cornerstone Building
							1308 Main Street, Suite 117
							St. Helena, CA 94574
							Telephone: (707) 963-1704
							Email: lgpapale@papalelaw.com