UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANTE DEMARTINI, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MICROSOFT CORPORATION, <br><br> Defendant. | Case No. 22-cv-08991-JSC <br><br> **ORDER DENYING MOTION FOR LIMITED JOINDER** <br><br> Re: Dkt. No. 223 |

Plaintiffs filed this private antitrust action under Sections 7 and 16 of the Clayton Act seeking to enjoin the merger of Microsoft Corporation and video game developer and publisher Activision Blizzard. On May 19, 2023, following briefing and a lengthy hearing, the Court denied Plaintiffs' motion for a preliminary injunction. (Dkt. No. 189.[1]) On June 12, 2023, the Federal Trade Commission (FTC) filed an action for provisional relief pursuant to Section 13(b) of the Federal Trade Commission Act, 15 U.S.C. § 53(b) seeking to enjoin Microsoft and Activision from consummating their merger while the FTC's administrative review of the proposed transaction is pending. *See Federal Trade Commission v. Microsoft Corporation et al*, No. 23-2880 JSC. The Court related the two actions under Civil Local Rule 3-12(a). (Dkt. No. 216.) The Court has scheduled an expedited evidentiary hearing on the FTC's motion for a preliminary injunction. Plaintiffs in this action now seek "limited joinder" for purposes of participating in the evidentiary hearing. (Dkt. No. 223.) After carefully considering the arguments and briefing submitted, the Court concludes oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and DENIES Plaintiffs' motion for permissive joinder.

Federal Rule of Civil Procedure 20(a)(1) allows joinder of plaintiffs in one action if "they

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences"; and "any question of law or fact common to all plaintiffs will arise in the action." "Even once these requirements are met, a district court must examine whether permissive joinder would comport with the principles of fundamental fairness or would result in prejudice to either side." *Coleman v. Quaker Oats Co*., 232 F.3d 1271, 1296 (9th Cir. 2000). The rules regarding permissive joinder are "to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes." *League to Save Lake Tahoe v. Tahoe Reg. Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977).

Assuming arguendo the technical requirements for permissive joinder are satisfied, the Court nonetheless finds joinder is not appropriate here and exercises its discretion to deny joinder under Rule 20. *See Harmon v. Brown*, 2018 WL 6243246, at *1 (S.D. Cal. Nov. 29, 2018) ("Even if the standard for permissive joinder under Rule 20(a) is satisfied, district courts have the discretion to refuse joinder in the interests of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness."). The preliminary injunction hearing in the *FTC* action is proceeding on an expedited basis on an extremely compressed timeframe. Under these circumstances, allowing Plaintiffs in this action to join the evidentiary hearing would not "comport with principles of fundamental fairness." *Coleman*, 232 F.3d at 1296. Instead, it would needlessly delay the *FTC* action and result in judicial inefficiencies. Further, denial of joinder will not prejudice Plaintiffs as they already had the opportunity to present their arguments in favor of a preliminary injunction.

Accordingly, the Court in its discretion denies Plaintiffs' motion for joinder.

This Order disposes of Docket No. 223.

**IT IS SO ORDERED.**

Dated: June 21, 2023

JACQUELINE SCOTT CORLEY
United States District Judge

2