UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANTE DEMARTINI, et al.,<br><br>                    Plaintiffs,<br><br>        v.<br><br>MICROSOFT CORPORATION,<br><br>                    Defendant. | Case No.  22-cv-08991-JSC<br><br>**ORDER RE MOTIONS TO SEAL AND DISCOVERY DISPUTE**<br><br>Re: Dkt. Nos. 88, 89, 119, 133, 134, 161, 162, 167, 173, 185, 186 |

Before the Court are several party and non-party ("designating parties") requests to seal from public disclosure information designated as varying degrees of confidential, including portions of Plaintiffs' first amended complaint, portions of and exhibits to Plaintiffs' motion for preliminary injunction and related papers, portions of and exhibits to Microsoft's motion to dismiss, and portions of and an exhibit to parties' joint letter brief.  The Court rules on these motions below.  (Dkt. Nos. 88, 89, 119, 133, 134, 161, 162, 167, 173, 185.)[1]  Designating parties are given notice they have 14 days from the date of this Order to respond to this Court's denial without prejudice of any portion of a document or exhibit that those parties believe should be partially or wholly sealed due to compelling reasons in compliance with this Court's local rules.  (*See* Dkt. Nos. 88, 133, 134.)  This Court also addresses Plaintiffs' request to undesignate "Exhibit K" below.  (Dkt. No. 186.)

**I.    LEGAL STANDARD**

There is a right of public access to judicial records and documents.  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  In considering motions to seal, courts recognize that "a strong presumption in favor of access is the starting point."  *Kamakana v. City & County of*

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1  *Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (cleaned up).  Designating parties seeking to seal

2  judicial records relating to motions that are "more than tangentially related to the underlying cause

3  of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the

4  burden of overcoming the presumption with "compelling reasons supported by specific factual

5  findings that outweigh the general history of access and the public policies favoring disclosure,

6  such as the public interest in understanding the judicial process," *Kamakana*, 447 F.3d at 1178–79

7  (cleaned up).  A court must identify "a compelling reason [to impose the restriction] and articulate

8  the factual basis for its ruling, without relying on hypothesis or conjecture."  *Id.* at 1179; *see also*

9  *Ctr. for Auto Safety*, 809 F.3d at 1097 (finding the court must "conscientiously balance the

10 competing interest of the public and the party who seeks to keep certain judicial records secret")

11 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

12       In addition, designating parties moving to seal their own or another party's materials must

13 comply with Civil Local Rule 79-5.  The rule supplements the "compelling reasons" standard.

14 *Scramoge Tech. Ltd. v. Apple, Inc.*, No. 22-cv-03041-JSC, 2023 WL 3168322, at *5 (N.D. Cal.

15 Apr. 17, 2023).  Parties' requests must be "narrowly tailored to seek sealing only of sealable

16 material."  Civil L.R. 79-5.  Parties "must explore all reasonable alternatives to filing documents

17 under seal . . . and avoid wherever possible sealing entire documents."  *Id.* at 79-5(a).  A request to

18 seal needs to include "a specific statement" with the reasons for keeping a document under seal

19 explaining the interests warranting sealing, the injury that will result without sealing, and why a

20 less restrictive alternative is not sufficient.  *Id.* at 79-5(c)(1).  Under Civil Local Rule 79-5(f),

21 parties seeking to seal documents designated confidential by another party or non-party must file a

22 statement or response in accordance with Civil Local Rule 79-5(c)(1).

23       A request to seal may be supported by compelling reasons if the documents or portions of

24 documents at issue are "sources of business information that might harm a litigant's competitive

25 standing." *Ctr. for Auto Safety*, 809 F.3d at 1097; *see also Nixon*, 435 U.S. at 598.  "The mere fact

26 that the production of records may lead to a litigant's embarrassment, incrimination, or exposure

27 to further litigation will not, without more, compel the court to seal its records."  *Kamakana*,

28 447 F.3d at 1179.  Confidential business information in the form of "license agreements, financial

2

terms, details of confidential licensing negotiations, and business strategies" can be "compelling reasons" to prevent competitors from leveraging this information to harm the designating parties in future negotiations. *See Exeltis USA Inc. v. First Databank, Inc.*, No. 17-cv-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. 2020) (citation omitted); *In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. 2017). If publicly disclosing that information would harm a designating party's competitive standing and divulge terms of confidential contracts or contract negotiations, compelling reasons may exist to seal that information. *See FTC v. Qualcomm Inc.*, No. 17-cv-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019).

The Court balances the public's understanding of the judicial process against such confidential information within the context of the gravamen of this case, the alleged anti-competitive effects of the Microsoft-Activision merger on Plaintiff recreational video gamers. *See Epic Games, Inc. v. Apple Inc.*, No. 4:20-cv-05640-YGR, 2021 WL 1925460, at *1 (N.D. Cal. Apr. 30, 2021) (balancing confidentiality of third-party information "with the [c]ourt's ultimate resolution of the instant dispute which should be transparent in its analysis"); *Ctr. for Auto Safety*, 809 F.3d at 1097 (stating a court must balance the interests of the public against the party seeking to seal judicial records). The Court also considers a more lenient approach when sealing non-party information, but this distinction is not dispositive. *See Epic Games, Inc.*, 2021 WL 1925460, at *1.

Accordingly, the Court makes the following findings based upon the current state of the record:[2]

## II. MOTIONS TO SEAL

### A. Plaintiffs' First Amended Complaint

A complaint is more than tangentially related to the underlying cause of action because it forms the foundation of the lawsuit. *See In re Yahoo! Inc. Customer Data Security Breach Litig.*,

---

[2] Designating parties are advised that if the Court decides that certain now-sealed information is important to disclose in future proceedings in this case, it will provide an opportunity for them to respond.

3

No. 16-MD-02752-LHK, 2018 WL 9651897, at *2 (N.D. Cal. Jan. 3, 2018) (citing cases); *Ctr. for Auto Safety*, 809 F.3d at 1099. Accordingly, this Court applies the "compelling reasons" standard to Plaintiffs' first amended complaint ("FAC"). Plaintiffs move to consider sealing material in their FAC that Microsoft and Sony have designated as highly confidential and highly confidential – outside counsel only, respectively. (Dkt. Nos. 88, 89.)

### 1. Microsoft's Materials

Microsoft filed a statement and declaration modifying Plaintiffs' motion which this Court considers, but it is overbroad. (*See* Dkt. No. 114.) Microsoft requests to seal "sensitive business information" from three categories: confidential contracts, business strategy, and competitive analysis. (*Id* at 2.) For example, Microsoft requests redactions regarding Microsoft and Activision's competitive relationship or the value of Activision games to Microsoft given the public merger, but this is important to understanding how the merger would affect competition and it does not appear to reveal information that would damage Microsoft's competitive position. (*See, e.g.*, Dkt. No. 88-3 ¶¶ 11, 159, 182, 252.) For other information designated as confidential, Microsoft has not provided compelling reasons that would outweigh the public's presumption of access to understanding the merits. (*See, e.g.*, *id.* ¶¶ 22, 92.)

### 2. Sony's Materials

Sony, a non-party, has provided sufficient compelling reasons for sealing each part of the FAC containing non-public confidential information about Sony's cloud and gaming services and subscription services, internal business data, console competition research, observations about consumer behavior and engagement, and other strategy decisions that would cause injury to Sony. (*See* Dkt. No. 113.) Further, Sony's proposed redactions are narrow enough as to not significantly reduce the public's understanding of the FAC or the Court's analysis of it as other allegations provide enough information and context.

Accordingly, Plaintiffs' motions are GRANTED in part, DENIED in part as detailed below. (Dkt. Nos. 88, 89.)

| Portions of Materials Requested to be Sealed | Designating Party | Ruling |
|---|---|---|
| FAC ¶¶ 40, 310 | Microsoft | DENIED with prejudice. Microsoft did not address sealing portions of these paragraphs and as such they are unsealed. |
| FAC ¶¶ 80-83, 108-109, 205, 228, 257, 285-286, 288 (lines 52:1-7), 303, 327 | Microsoft | GRANTED. Microsoft provides compelling reasons to protect its confidential business strategy and prevent competitive harm. |
| FAC ¶¶ 66, 78-79 | Microsoft | GRANTED. Microsoft provides compelling reasons to protect its business information and prevent competitive harm. |
| FAC ¶¶ 333, 335-338 | Microsoft | GRANTED. Microsoft provides compelling reasons to protect confidential contracts. |
| FAC ¶¶ 41, 73, 192, 301, 313 | Microsoft | GRANTED. Microsoft provides compelling reasons to protect its competitive analysis and prevent competitive harm. |
| FAC ¶¶ 11, 22, 54-55, 57, 71-72, 76, 92, 159, 182, 199, 205, 252, 271, 275, 280, 288 (lines 52:8-9), 304-305, 323, 332, 353, 362, 375-376 | Microsoft | DENIED without prejudice. Microsoft failed to meet its burden to provide compelling reasons why these paragraphs should be sealed that outweigh a public's right to access judicial materials related to the merits and the Court's analysis. |
| FAC ¶¶ 66, 300, 303, 308-312, 316, 326 | Sony | GRANTED. Sony provides compelling reasons to protect its confidential business information and prevent competitive harm. |

B.  **Microsoft's Motion to Dismiss Materials**

Microsoft has moved to seal the exhibits attached to its motion to dismiss in their entirety. (Dkt. No. 119.) Upon review of Microsoft's exhibits, this Court finds that these documents are contracts with confidential terms or discussions of those terms that would harm the party's negotiating position moving forward. Accordingly, sealing is warranted under both the "good cause" and "compelling reasons" standards. *Finisar Corp. v. Nistica, Inc.*, No. 13-cv-03345-BLF (JSC), 2015 WL 3988132, at *4-5 (N.D. Cal. June 30, 2015); *see Qualcomm Inc.*, 2019 WL 95922, at *3.

5

Microsoft's motion is GRANTED as detailed below.  (Dkt. No. 119.)

| Portions of Materials Requested to be Sealed | Designating Party | Ruling |
|---|---|---|
| Kilaru Decl., Exs. A-E | Microsoft | GRANTED.  Microsoft provides compelling reasons to protect confidential contracts and discussions thereof in deposition testimony. |

### C. Plaintiffs' Motion for Preliminary Injunction and Related Documents

Plaintiffs seek to consider sealing materials in and exhibits to Plaintiffs' motion for preliminary injunction.  Denying a preliminary injunction does not change the presumption of public access regarding judicial records related to that motion for preliminary injunction.  *See Ctr. for Auto Safety*, 809 F.3d at 1102.  In their FAC, Plaintiffs request primarily injunctive relief.  (*See* Dkt. No. 83-3 ¶¶ 386-92.)  Here, the motion for preliminary injunction is more than tangentially related to the merits of the case where this preliminary injunctive relief would have resolved that portion of their claims in Plaintiffs' FAC.  *See Ctr. for Auto Safety*, 809 F.3d at 1102.  Accordingly, this Court applies the "compelling reasons" standard to judicial records related to Plaintiffs' motion.

#### 1. Plaintiffs' Motion for Preliminary Injunction

Plaintiffs seek to consider sealing materials and exhibits that Microsoft and Sony have designated highly confidential and highly confidential – outside counsel only, respectively.  (Dkt. Nos. 133, 134.)

##### a. Microsoft's Materials

Microsoft filed a statement contending that all materials referenced in and attached to Plaintiffs' motion should be sealed.  (Dkt. No. 158.)  Microsoft's request is overbroad.  Microsoft states the material contains "internal, confidential business strategies and analyses" such as "internal strategy presentations, discussions, and analysis used in Microsoft's decision-making" that competitors could use to obtain a competitive advantage.  (*Id.* at 2.)  Microsoft has provided compelling reasons to seal some portions of Plaintiffs' material and exhibits, but for others, the public's right to access outweighs minimal competitive harm to Microsoft.  For example, it has not

6

1  explained how the 12/17/19 email from Matt Booty in Exhibit K would harm rather than just

2  embarrass Microsoft should the information become public.[3]  *See Kamakana*, 447 F.3d at 1179

3  (stating compelling reasons based on specific factual findings must outweigh presumption in favor

4  of public access to judicial records); *Nixon*, 435 U.S. at 598 (stating documents may be sealed to

5  prevent harm but not embarrassment).  It also has not provided compelling reasons as to why the

6  expert's qualifications and conclusions should be sealed in the expert's report, Exhibit A to the

7  Seidel Decl.

### b. Sony's Materials

Sony filed a statement and declaration narrowing Plaintiffs' request to seal certain information.  (Dkt. No. 179; *see* Dkt. No. 177 (granting Sony's request to file out of time).)

For the most part, Sony has provided in detail compelling reasons for this Court to seal its information.  (*See* Dkt. No. 179.)  Sony explains that the confidential and internal data, including platform user and franchise data, and economic and commercial analysis that are not publicly accessible outside the company could "unfairly enable [Sony]'s competitors to gain insight into [Sony]'s strategic thinking and business strategy" because it would be "immensely valuable to competitors in developing their own strategy against [Sony], and to prospective and current business partners in negotiating with [Sony]." (Dkt. No. 179-1.)  These are "sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety*, 809 F.3d at 1097.  This Court also considers that Sony did not voluntarily put at issue its information.  *See United States v. Bazaarvoice, Inc.*, No. 13-cv-00133-WHO, 2014 WL 11297188, at *1 (N.D. Cal. Jan. 21, 2014).

However, Sony's requests to seal Plaintiffs' expert report in its entirety, Exhibit A to the Seidel Decl., because it relies on its data and analysis is overbroad.  (*See* Dkt. No. 179 at 1, 6; Dkt. No. 133 at 4; Dkt. No. 158 at 2.)  The expert's qualifications and conclusions speak to the merits of the case and pose limited competitive harm.  Weighing the competitive harm the report could inflict with the public's right of access to judicial records, this Court declines to seal portions of

---

[3] The 12/17/19 email from Matt Booty in Exhibit K was publicly disclosed in separate proceedings before this Court.  *See FTC v. Microsoft Corp.*, No. 23-cv-02880-JSC.

the report.  Namely, the cover page, the table of contents, the Section 1 Qualifications, the Section 2 Report's Instructions, the Section 3 Summary and Conclusion, and the Section 6.6 Summary.

Accordingly, Plaintiffs' motions are GRANTED in part, DENIED in part as detailed below.  (Dkt. Nos. 133, 134.)

| Portions of Materials Requested to be Sealed | Designating Party | Ruling |
| --- | --- | --- |
| Plaintiffs' Motion for Preliminary Injunction 2:8-10, 12:16-17 (after "industry"), 16:12-21, 17:20-26, 18:5-7, 18:24-28, 19:21-23, 19:27-20:1, 20:4-7, 21:7-9, 24:12-14 | Microsoft | GRANTED.  Microsoft provides compelling reasons to protect its business information, business strategy, confidential contracts, and competitive analysis and prevent competitive harm. |
| Plaintiffs' Motion for Preliminary Injunction 2:26-3:8, 12:11-14, 12:15-16 (through "industry"), 12:26-28, 16:6-7, 16:10, 20:21-22, 20:24, 21:14, 21:21-23, 22:16-25, 22:27-28, 23:13-14, 23:24, 23:25-24:5, 24:9, 27:25-26 | Microsoft | DENIED without prejudice.  Microsoft failed to meet its burden to provide compelling reasons why these paragraphs should be sealed that outweigh a public's right to access judicial materials related to the merits and the Court's analysis. |
| Seidel Decl., Exs. I, J, M, Q, R, S, T, W, X, Y, CC | Microsoft | GRANTED.  Microsoft provides compelling reasons to protect its business strategy and competitive analysis and prevent competitive harm. |
| Seidel Decl., Ex. K | Microsoft | DENIED as moot as to the 12/17/19 Booty email, GRANTED as to remainder.  Microsoft failed to show how that email would competitively harm it and that email has since been disclosed in another proceeding. |
| Seidel Decl., Ex. U | Microsoft | DENIED without prejudice.  Microsoft failed to meet its burden to provide compelling reasons why these paragraphs should be sealed that outweigh a public's right to access judicial materials related to the merits and the Court's analysis. |
| Plaintiffs' Motion for Preliminary Injunction 4:20-21, 15:5, 17:9, 23:10-11 | Sony | DENIED with prejudice.  Sony did not address sealing portions of these paragraphs and as such they are unsealed. |

8

| | | |
|---|---|---|
| Plaintiffs' Motion for Preliminary Injunction 15:10-12, 16:23-26, 18:1-3, 19:23-25, 20:1-4, 20:12-15, 20:25-21:6, 21:9-13, 21:17-19, 22:6-8, 23:14, 27:27-28:3 | Sony | GRANTED.  Sony provides compelling reasons to protect its business information and prevent competitive harm. |
| Seidel Decl., Ex. A | Sony, Microsoft | DENIED without prejudice as to cover page, the table of contents, Sections 1-3, Section 6.6, GRANTED as to remainder.  Sony and Microsoft provide compelling reasons to protect their respective confidential business information and strategy and prevent competitive harm. |
| Seidel Decl., Exs. B-F, G, L | Sony | GRANTED.  Sony provides compelling reasons to protect its business information and prevent competitive harm. |

### 2. Microsoft's Opposition to Plaintiffs' Motion for Preliminary Injunction

Microsoft requests this Court seal some of its and Activision's materials and exhibits filed in support of its opposition to Plaintiffs' motion for preliminary injunction and designated as confidential and highly confidential – outside counsel only, respectively.  (Dkt. Nos. 161, 162.)

#### a. Microsoft's Materials

Microsoft provides a limited but compelling factual basis to redact the valuation of the merger and confidential agreements arising out of the same because it could harm Microsoft's competitive standing and future negotiations with competitors.  *Santelices v. Apttus Corp.*, No. 19-cv-07414-HSG, 2020 WL 5870509, at *4 (N.D. Cal. Oct. 2, 2020) (finding compelling reasons to seal company's internal valuation analysis of merger where court did not rely on documents in its analysis).  The public's interest in disclosure of this information is minimal given that the bond did not factor into the Court's analysis when it denied Plaintiffs' motion for preliminary injunction.  Plaintiffs oppose Microsoft's request as deficient.  (Dkt. No. 176.)  However, Microsoft has provided a narrowly tailored request supported by a factual basis that allows this Court to grant sealing portions of its opposition and related exhibits.  (*See* Dkt. No. 161.)

9

### b.   Activision's Materials

Activision filed a statement and declaration in support, narrowing Microsoft's request to certain page and line redactions which this Court now considers. (Dkt. No. 183.) Activision provides compelling reasons for sealing portions of Microsoft's opposition to Plaintiffs' motion for preliminary injunction related to confidential contract terms and negotiating strategy, the terms of a proposed agreement, and a decision about whether Activision would participate in newly-developed services. (*Id.*) As a non-party, the compelling reasons test is more lenient. *See Epic Games, Inc.*, 2021 WL 1925460, at *1. Sealing this information prevents competitive harm by keeping confidential the specific terms and business decisions made by Activision. *See Ctr. for Auto Safety*, 809 F.3d at 1097; *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (finding compelling reasons to seal information subject to confidentiality agreements that could harm a party's future negotiating position); *Finisar Corp.*, 2015 WL 3988132, at *5 (same).

Microsoft's motions are GRANTED as detailed below. (Dkt. Nos. 161, 162.)

| Portions of Materials Requested to be Sealed | Designating Party | Ruling |
| --- | --- | --- |
| Microsoft's Opposition 15:3, 15:9-15, 15:19, 15:20, 15 n.12, 16:17-18 | Microsoft | GRANTED. Microsoft provides compelling reasons to protect business strategy and prevent competitive harm. |
| Kilaru Decl., Exs. C, D, E | Microsoft | GRANTED. Microsoft provides compelling reasons to protect confidential contracts and discussions thereof in deposition testimony. |
| Stuart Decl., ¶¶ 8, 15-21 | Microsoft | GRANTED. Microsoft provides compelling reasons to protect confidential contracts and business strategy and prevent competitive harm. |
| Stuart Decl., Exs. B, C | Microsoft | GRANTED. Microsoft provides compelling reasons to protect confidential contracts and business strategy and prevent competitive harm. |
| Microsoft's Opposition 8:25-26 | Activision | GRANTED. Activision provides compelling reasons to protect confidential contracts and prevent competitive harm. |

| | | |
|---|---|---|
| Kilaru Decl., Ex. B 187:1-190:25 | Activision | GRANTED as redacted, DENIED with prejudice as to remainder. Activision provides compelling reasons to protect confidential contracts and prevent competitive harm. |
| Kilaru Decl., Ex. F 49:1-53:25, 64:1-65:25, 77:1-78:23 | Activision | GRANTED as redacted, DENIED with prejudice as to remainder. Activision provides compelling reasons to protect confidential contracts and prevent competitive harm. |
| Kilaru Decl., Ex. G 112:2-113:24 | Activision | GRANTED as redacted, DENIED with prejudice as to remainder. Activision provides compelling reasons to protect confidential contracts and prevent competitive harm. |

### 3. Plaintiffs' Reply and Corrected Reply

Plaintiffs filed two motions to consider sealing Microsoft's materials designated as highly confidential in Plaintiffs' reply and corrected reply. (Dkt. Nos. 167, 173.) Microsoft filed a statement in support of sealing the same materials in each document. (Dkt. No. 180.) Plaintiffs oppose Microsoft's statement in support of sealing, arguing that the materials regarding the issue of the bond go toward the public's understanding of the judicial process and Microsoft failed to provide compelling reasons for keeping information related to the valuation of the merger sealed. (Dkt. No. 184.)

Microsoft provides a compelling factual basis to redact the valuation of the merger because it could harm Microsoft's competitive standing and future negotiations with competitors. *See Santelices*, 2020 WL 5870509, at *4 (finding compelling reasons to seal company's internal valuation analysis of merger where Court did not rely on documents in its analysis). The public's interest in disclosure of this information is minimal given that the bond did not factor into the Court's analysis when it denied Plaintiffs' motion for preliminary injunction, and it is not central to the ongoing merits of the case.

Plaintiffs' motions are GRANTED as detailed below. (Dkt. Nos. 167, 173.)

| Portions of Materials Requested to be Sealed | Designating Party | Ruling |
|---|---|---|
| Plaintiffs' Reply 11:16, 11:23, 12:25 | Microsoft | GRANTED.  Microsoft provides compelling reasons to protect its business strategy and analysis and prevent competitive harm. |
| Plaintiffs' Corrected Reply 11:16, 11:23, 12:25 | Microsoft | GRANTED.  Microsoft provides compelling reasons to protect its business strategy and analysis and prevent competitive harm. |

### D. Joint Letter Brief Regarding Exhibit K

The parties filed a joint letter brief regarding the sealability of Exhibit K to the Seidel Decl., attached as Exhibit 1 to the Williams declaration in support of the parties' joint letter brief, hereinafter "Exhibit K".  The sealability of Exhibit K is also addressed in connection with the preliminary injunction motion.  Microsoft asks to seal both Exhibit K and an excerpt thereof in the joint letter brief.  (Dkt. No. 199.)

The Court DENIES sealing of Exhibit K for the entire 12/17/2019 email from Matt Booty; the rest of Exhibit K may be sealed.  (Dkt. No. 185.)  The unsealed portion has been made public in another proceeding.  *See FTC v. Microsoft Corp.*, No. 23-cv-02880-JSC.  Given that Exhibit K was at issue in an administrative motion to seal, the discovery dispute joint letter was unnecessary and the Court declines to find that Microsoft waived its right to a confidentiality designation of any of Exhibit K.  (Dkt. No. 186.)

| Portions of Materials Requested to be Sealed | Designating Party | Ruling |
|---|---|---|
| Parties' Joint Letter Brief: quotation following "three years old.  It states that . . ." | Microsoft | DENIED as moot. |
| Ex. 1 to the Declaration of Steven N. Williams (Ex. K) | Microsoft | DENIED as moot as to the 12/17/19 Booty email, GRANTED as to remainder. |

**CONCLUSION**

The Court rules on these requests to seal based on the current state of the record. If any party or non-party believes that any portion of these documents or exhibits not ordered sealing do warrant sealing under the compelling reasons standard, then within 14 days of this Order, it shall submit narrowly tailored motions to seal in compliance with Civil Local Rule 79-5. If no such motions are filed, then the parties shall file versions of these documents pursuant to this Order as needed within 21 days of this Order.

This Order disposes of Dkt. Nos. 88, 89, 119, 133, 134, 161, 162, 167, 173, 185, 186.

**IT IS SO ORDERED.**

Dated: June 26, 2023

JACQUELINE SCOTT CORLEY
United States District Judge