Joseph M. Alioto (State Bar No 42680)
Tatiana V. Wallace (SBN 233939)
**ALIOTO LAW FIRM**
One Sansome Street, 35th Floor
San Francisco, CA  94104
Telephone:	(415) 434-8900
Facsimile:	(415) 434-9200
Email:	jmalioto@aliotolaw.com
	twallace@aliotolaw.com

Joseph R. Saveri (State Bar No. 130064)
Steven N. Williams (State Bar No. 175489)
Cadio Zirpoli (State Bar No. 179108)
Elissa Buchanan (State Bar No. 249996)
David H. Seidel (State Bar No. 307135)
Kathleen J. McMahon (State Bar No. 340007)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:	(415) 500-6800
Facsimile:	(415) 395-9940
Email:	jsaveri@saverilawfirm.com
	swilliams@saverilawfirm.com
	czirpoli@saverilawfirm.com
	eabuchanan@saverilawfirm.com
	dseidel@saverilawfirm.com
	kmcmahon@saverilawfirm.com

(Additional Counsel on Signature Page)

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| DANTE DEMARTINI, et al.,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>MICROSOFT CORPORATION, a Washington corporation,<br><br>　　　　　　　Defendant. | Case No. 3:22-cv-08991-JSC<br><br>**JOINT STATUS CONFERENCE STATEMENT**<br><br>Status Conference Date: August 31, 2023<br>Time: 1:30 PM<br>Location: Zoom<br>Judge: Hon. Jacqueline Scott Corley |

The parties through their undersigned counsel submit the following joint status report.

## I. Case Status

**Plaintiffs' Position:**

Plaintiffs request that the Court set a trial date to occur before October 18, 2023. Plaintiffs have filed a motion requesting the Court to set a 3-day trial in the last two weeks of September, or some time prior to October 18, 2023, which is Microsoft and Activision's revised deadline to consummate the acquisition. *See* ECF No. 246. As discussed in the motion, Plaintiffs request a trial date that ensures that if Plaintiffs prevail in showing that this merger might substantially lessen competition in the video game markets, the merger can be enjoined prior to the merger going forward, or very soon thereafter. *Id.* There is no dispute that this merger will forever restructure the video game industry by eliminating Activision Blizzard—the world's most successful Triple-A game publisher and distributor—as an independent market competitor and will place all of Activision's important gaming content under Microsoft's control. Even if the Court allows Microsoft to acquire Activision Blizzard before Plaintiffs are allowed to be heard on the merits, and ultimately divestiture and unwinding of the merger is required, the undoing of the unlawful merger should occur at the earliest possible opportunity. Should Plaintiffs prevail, the Court should seek to limit the amount of irreparable harm to competition in the industry as much as possible.

Plaintiffs also request that the stay on deposition discovery be lifted so that Plaintiffs can prepare their case for trial. *See id.* Plaintiffs are seeking to depose the following individuals: (1) Brad Smith, President of Microsoft, (2) Phil Spencer, CEO of Microsoft Gaming, (3) Amy Hood, CFO of Microsoft, (4) Matt Booty, head of Xbox Game Studios, (5) Robert A. Kotick, CEO of Activision, (6) Tim Stuart, Gaming CFO of Microsoft, (7) Jim Ryan, President and CEO of Sony Interactive Entertainment (SIE) and (8) Satya Nadella, Chairman of Microsoft.

Microsoft argues that Plaintiffs should be denied the right to take deposition testimony of Microsoft executives because Microsoft argues they would be "duplicative" of deposition testimony provided in the FTC action. Microsoft's argument is meritless for numerous reasons, including that Plaintiffs have no intention of asking the identical questions. Moreover, Plaintiffs specifically requested that Microsoft and the FTC allow Plaintiffs to participate in the FTC depositions so that the witnesses

could cover all the depositions in one sitting. Microsoft objected and refused to allow it.

**Defendant's Position:**

Before setting forth its position on the issues Plaintiffs have raised, Microsoft first provides the following update on the status of the merger.

Activision Blizzard and Microsoft have agreed to extend the deadline for completing the merger to October 18, 2023. Microsoft's appeal of the CMA's prohibition finding in its April 26th Final Report is currently adjourned. If the appeal proceeds, the Competition Appeal Tribunal would likely hold a hearing in late October.

On July 15, Microsoft and Sony executed an agreement to make *Call of Duty* available on Sony's platforms (including PlayStation and its subscription service, PlayStation Plus) for 10 years. The agreement Sony signed was the one Microsoft offered in December 2022, which was admitted in the FTC trial as RX2170.

On August 22, the U.K.'s Competition and Markets Authority published an order prohibiting the transaction[1] and simultaneously announced that Microsoft had filed a revised merger notification for a restructured proposed transaction, which, prior to closing, would divest the cloud streaming rights for all current and new Activision Blizzard PC and console games released over the next fifteen years to Ubisoft Entertainment SA.[2] The CMA will conduct a new review process on the restructured deal.

As to the issues Plaintiffs have raised, Microsoft submits that the September trial date is infeasible and unreasonable. There is no need for an emergency trial date because Plaintiffs will not suffer any immediate harm upon the merger closing. Plaintiffs also have not proposed a remotely realistic trial plan. Indeed, their request for a trial next month is at odds with their request to conduct redundant depositions of six of Microsoft's most senior executives before trial, plus Activision's CEO and Sony Interactive Entertainment's CEO. Their singular focus on compelling duplicative deposition and trial testimony of senior executives fails to contemplate any expert discovery or testimony, or any

---

[1] *See* https://assets.publishing.service.gov.uk/media/64e3764a3309b7000d1c9bd7/Microsoft_Activision_-_Final_Order.pdf.

[2] *See* https://blogs.microsoft.com/on-the-issues/2023/08/21/microsoft-activision-restructure-acquisition/.

1  other discovery Microsoft might need.

2  Microsoft would like the opportunity to brief its opposition to Plaintiffs' motion to permit depositions of eight senior executives.  Such depositions are duplicative and disproportional to the needs of this case, as many of those executives have now testified multiple times on the same topics.  *See* Fed. R. Civ. Proc. 26(b)(1), 26(b)(2)(C)(i) (prohibiting duplicative discovery), 26(b)(2)(C)(iii) (prohibiting disproportionate discovery); *Affinity Labs of Tex. v. Apple, Inc.*, 2011 U.S. Dist. LEXIS 53649, at *40-41 (N.D. Cal. May 9, 2011) (finding limitations on deposition appropriate where the deponent does not have unique and non-repetitive knowledge and less intrusive discovery methods are not exhausted).  Microsoft also has reason to believe that these depositions will be unreasonably wide-ranging—for example, Plaintiffs' portion of the status conference statement reflects that they are still focused on a horizontal theory that was dismissed.

Trial and further discovery may not be needed at all.  As discussed below, Microsoft believes that this case can be resolved on summary judgment with a narrow set of undisputed facts.  Accordingly, a sensible and efficient approach is to hear the summary judgment motion before determining whether a trial is necessary, the scope of any such trial, and the scope of any necessary discovery (including appropriate limitations on duplicative apex depositions).

## II.     Currently Pending Motions

Plaintiffs have filed a motion seeking to set a trial date and lift the stay on deposition discovery.  *See* ECF No. 246.

Microsoft plans to file a motion for summary judgment.  Plaintiffs' remaining claim is that Microsoft has the ability and incentive to substantially lessen competition by making key Activision Blizzard content, like *Call of Duty*, exclusive to its own platforms.  But Microsoft is now contractually obligated to make *Call of Duty* available on its competitors' platforms.  Likewise, Microsoft is contractually obligated to make Activision Blizzard content available on competing cloud gaming services, such as Nvidia and others.  These facts are undisputed and dispositive of the case.  Microsoft should be permitted to bring its straightforward summary judgment motion before any trial or duplicative apex depositions occur.

### III. Party Discovery

**Plaintiffs' Position:**

Microsoft refuses to produce to Plaintiffs any unique document beyond what it already produced to the FTC in the related FTC action, or the unredacted decisions from the CMA. And Microsoft also refuses to provide any substantive response to Plaintiffs' interrogatories. Moreover, Plaintiffs recently became aware that it appears that Microsoft failed to produce documents to Plaintiffs that it had produced to the FTC, despite assuring Plaintiffs that it had finished its production of all documents produced to the FTC. Plaintiffs on the other hand, have now produced 5,577 pages of responsive documents, and have provided detailed substantive responses to Microsoft's questionably relevant interrogatories.

For example, Plaintiffs propounded interrogatories on Microsoft on June 13, 2023, and Microsoft responded on July 13, 2023. In its responses, Microsoft flatly refused to respond to any of Plaintiffs' interrogatories, instead "refer[ing] Plaintiffs to several of Microsoft's July 2022 responses to the FTC's Second Request." Plaintiffs searched diligently for Microsoft's July 2022 narrative responses to the FTC's Second Request but could not find them in Microsoft's productions. When Plaintiffs asked Microsoft for the Bates numbers of these narrative responses to the FTC that Microsoft referred to, Microsoft was unable to locate them. Microsoft refused to confirm or deny that they had not produced them, instead telling Plaintiffs that it would simply be "easier" to produce them again, with new Bates numbers. Thus, it appears Microsoft produced to Plaintiffs its narrative responses to the FTC for the first time on July 26, 2023.

After producing the narrative responses to Plaintiffs, Plaintiffs reviewed the narrative response to the FTC. Plaintiffs found that the narrative responses to the FTC do not respond to most of the interrogatories that Plaintiffs propounded. Moreover, the narrative responses themselves cite to numerous "exhibits" that were produced to the FTC. Plaintiffs also could not find these exhibits in Microsoft's production, and asked Microsoft to either provide the Bates numbers of these "exhibits," or to produce them to Plaintiffs. Microsoft agreed to do so during the parties meet and confer on July 26, 2023, but has not done so. Plaintiffs then sent Microsoft a letter, on July 31, 2023, which, among other things, asked Microsoft again to produce the "exhibits" that do not appear to have ever been produced to

Plaintiffs. Microsoft still has not produced these exhibits or provided Plaintiffs with the Bates numbers.

Microsoft has refused to produce other documents that Plaintiffs have properly served discovery requests for. These and other discovery issues are ripe for adjudication.

The parties have met and conferred numerous times on Microsoft's deficient discovery responses. Pursuant to this Court's standing order on discovery disputes, Plaintiffs are preparing their portions of two joint letter briefs. However, given Microsoft's history of delay and obfuscation, Plaintiffs ask that the Court require that Microsoft provide its portions of the two 5-page joint letter briefs within one week of receiving Plaintiffs' two-and-a-half page portions, and that the joint letter briefs be finalized and filed within three days after that.

**Defendant's Position:**

There is no ripe dispute on discovery. Accordingly, Microsoft will only briefly address some of the mischaracterizations in Plaintiffs' five paragraphs.

Microsoft has produced millions of pages of documents. It has also responded to 28 requests for production, most of which requested categories of documents that were already produced. It is not a failing that the FTC production, reproduced to Plaintiffs, was broad enough to cover the relevant subjects. Plaintiffs' first sentence is untrue—for example, Microsoft has gathered and produced to Plaintiffs (even though not part of the FTC production) the CMA's reports with Microsoft's information unredacted. Microsoft explained that it is prohibited from producing third parties' information provided to the CMA. Finally, Microsoft is continuing to produce documents relevant to the transaction.

Dated: August 24, 2023            By:    */s/ David H. Seidel*
                                          David H. Seidel

                                   Joseph R. Saveri (State Bar No. 130064)
                                   Steven N. Williams (State Bar No. 175489)
                                   Cadio Zirpoli (State Bar No. 179108)
                                   Elissa Buchanan (State Bar No. 249996)
                                   David H. Seidel (State Bar No. 307135)
                                   Kathleen J. McMahon (State Bar No. 340007)
                                   **JOSEPH SAVERI LAW FIRM, LLP**
                                   601 California Street, Suite 1000
                                   San Francisco, California 94108
                                   Telephone:     (415) 500-6800
                                   Facsimile:     (415) 395-9940

|  |  |
|---|---|
| Email: | jsaveri@saverilawfirm.com |
|  | swilliams@saverilawfirm.com |
|  | czirpoli@saverilawfirm.com |
|  | eabuchanan@saverilawfirm.com |
|  | dseidel@saverilawfirm.com |
|  | kmcmahon@saverilawfirm.com |

Plaintiffs' Counsel

Dated: August 24, 2023          By:  /s/ B. Parker Miller

B. Parker Miller
Valarie C. Williams
Tania Rice
Robert Poole
Alston & Bird LLP

Rakesh N. Kilaru
Anastasia M. Pastan
Jenna Pavelec
Wilkinson Stekloff LLP

*Counsel for Defendant Microsoft Corporation*

**Filer's Attestation**

Each of the other Signatories have concurred in the filing of the document, which shall serve in lieu of their signatures on the document.

By:  */s/ B. Parker Miller*