Valarie C. Williams (Bar No. 335347)
Tania Rice (Bar No. 294387)
Alston & Bird LLP
560 Mission Street, Suite 2100
San Francisco, CA 94105
Telephone: (415) 243-1000
valarie.williams@alston.com
tania.rice@alston.com

B. Parker Miller (*pro hac vice*)
Robert H. Poole (*pro hac vice*)
Alston & Bird LLP
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
Telephone: (404) 881-7000
parker.miller@alston.com
robert.poole@alston.com

Beth A. Wilkinson (*pro hac vice*)
Rakesh N. Kilaru (*pro hac vice*)
Kieran G. Gostin (*pro hac vice*)
Anastasia M. Pastan (*pro hac vice*)
Wilkinson Stekloff LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
bwilkinson@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
kgostin@wilkinsonstekloff.com
apastan@wilkinsonstekloff.com

*Counsel for Defendant Microsoft Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANTE DEMARTINI, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | Case No. 3:22-cv-08991-JSC<br><br>**DEFENDANT MICROSOFT CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION TO HOLD SEPARATE**<br><br>Hon. Jacqueline Scott Corley<br><br>Hearing Date: November 16, 2023<br>Time: 10:00 a.m.<br>Courtroom: 8, 19th Floor |

## I. INTRODUCTION

Plaintiffs' Motion to Hold Separate is simply a differently-labeled attempt to once again relitigate the preliminary injunction motion they already lost in this Court, that is on appeal in the Ninth Circuit, and which they lost in their bids for emergency relief in the Ninth Circuit and Supreme Court. Plaintiffs' brief is remarkable not just for that, but for its many omissions. Plaintiffs omit that a request for a "hold separate" order is, under the law, a request for a preliminary injunction. Plaintiffs omit any mention of the controlling standard applicable to that request. Plaintiffs omit any discussion of this Court's prior ruling that Plaintiffs could not meet that standard because they could not satisfy the element of immediate, irreparable harm required by *Winter* and the Clayton Act. And Plaintiffs omit any showing on three of the four *Winter* elements. Nothing has changed since then. Consistent with its prior ruling, the Court should deny Plaintiffs' motion.

## II. LEGAL STANDARD

A request for a "hold separate" order is a request for injunctive relief. *Edstrom v. Anheuser-Busch InBev Sa/Nv*, 2013 U.S. Dist. LEXIS 131386, at *27-28 (N.D. Cal. Sep. 13, 2013); *FTC v. Lab. Corp. of Am.*, 2011 U.S. Dist. LEXIS 20354, at *29-38 (C.D. Cal. Feb. 22, 2011). Accordingly, Plaintiffs have the burden to establish the *Winter* elements: (1) likelihood of success on the merits, (2) likelihood that they will suffer irreparable harm, (3) that the balance of equities tips in their favor, and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Edstrom*, 2013 U.S. Dist. LEXIS 131386, at *27-28.

Because Plaintiffs seek a preliminary injunction to address alleged threatened antitrust violations, the Clayton Act also requires them to meet the common law requirements for a preliminary injunction, which specifically include showing a "danger of irreparable loss or damage [that] is immediate." 15 U.S.C. § 26.

## III. ARGUMENT

### A. Plaintiffs Seek a Preliminary Injunction, But Make No Showing on Three of the *Winter* Elements

Plaintiffs' motion remarkably provides no guidance as to the legal standard governing their request. The reason for that glaring omission is plain. As just explained, Plaintiffs' request for a hold-

separate order is in fact a request for preliminary injunction. And accordingly, Plaintiffs seek "an extraordinary and drastic remedy." *Villegas Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012). Just as before, Plaintiffs cannot meet the legal standard.

Plaintiffs fail to provide any argument or evidence on three of the *Winter* elements: likelihood of success on the merits, irreparable harm, and public interest. Plaintiffs make a passing reference that this Court assumed success on the merits when denying their prior Motion for a Preliminary Injunction. (*See* Dkt. 276, Mot. at 4:3-5, 4:17-18.) Assuming for argument's sake is not the same as finding that Plaintiffs had met their burden. *See Nat'l Rifle Ass'n v. Bondi*, 61 F.4th 1317, 1323 (11th Cir. 2023) ("[A]ssumptions are not holdings."). Plaintiffs cite no authority excusing them from addressing the *Winter* elements. For this reason alone, their motion must be denied. Indeed, their duplicative bid for a preliminary injunction without even addressing the elements is frivolous.

Plaintiffs' superficial discussion of the third element, the balance of equities, is insufficient to warrant an injunction. Plaintiffs rely almost exclusively on *FTC v. Whole Foods Market, Inc.*, 548 F.3d 1028 (D.C. Cir. 2008), but do not explain that *Whole Foods* did not address a "hold separate" order but rather whether an appellate court had jurisdiction to reverse an order denying a motion to enjoin a merger. While courts indeed have flexibility in fashioning injunctive relief, that authority only exists if the *Winter* elements are met.[1]

**B.     This Court Already Ruled That Plaintiffs Will Suffer No Immediate, Irreparable Harm**

Plaintiffs have already lost under the same legal standards governing their current motion. To warrant a preliminary injunction, the irreparable harm must be "substantial and immediate." *Los Angeles v. Lyons*, 461 U.S. 95, 103, 111 (1983); *see also Boardman v. Pac. Seafood Grp.*, 822 F.3d 1011, 1022 (9th Cir. 2016). Specifically, Plaintiffs seek a preliminary injunction against an alleged threatened violation of antitrust laws, so by statute they must demonstrate a "danger of irreparable loss or damage [that] is immediate." 15 U.S.C. § 26.

---

[1] Prior to *Winter,* certain district court cases commented that a "hold separate" order is a "lesser" remedy than a full preliminary injunction stopping a merger. *See Edstrom*, 2013 U.S. Dist. LEXIS 131386, at *28 n.10. Post-*Winter*, courts have clarified that the *Winter* elements for a preliminary injunction apply. *Id.*

As the Court already found, Plaintiffs cannot demonstrate a threat of immediate, irreparable harm, because "[t]here is nothing in the record that suggests upon the merger Microsoft can do anything to make the[] Call of Duty versions currently owned by Plaintiffs somehow stop working" and "it is not likely Microsoft will make any new version of Call of Duty that becomes available before a decision on the merits exclusive to Microsoft." (Dkt. 189, Order Denying Mot. for Prelim. Inj., at p. 5.)

Plaintiffs have made no showing that those facts have changed. Nor could they, because *Call of Duty* remains available on the same platforms where it was available before the acquisition closed. Plaintiffs' case is further weakened (indeed, obliterated) by a ten-year agreement to keep *Call of Duty* on Sony PlayStation and an agreement providing that Microsoft will not acquire cloud streaming rights to Activision games (with limited exceptions as needed to fulfill its obligations to third parties and regulators).[2] Plaintiffs did not move for reconsideration of the Court's order. And this Court, the Ninth Circuit, and the Supreme Court each denied their attempts at emergency injunctive relief. This motion is yet another meritless attempt to relitigate their loss.

### C. Plaintiffs' Requested Relief Is Ambiguous, Indefinite, and Improper Post Merger

Plaintiffs' last-ditch effort to obtain preliminary relief also comes too late. Typically, a plaintiff would make a request for a hold separate order in conjunction with any original motion to enjoin the merger, as an additional but lesser form of relief than an outright injunction. Plaintiffs did not seek such relief at any point in the months this case was pending in this Court, or even in their requests for stay pending appeal. Instead, they waited until four days before the closing of the merger before raising this request and did not even seek expedited briefing. While Plaintiffs argue that their motion was triggered by the Court's May 19 order denying their previous motion for a preliminary injunction, they do not explain why they waited five more months to raise this new and novel claim. Plaintiffs' motion is accordingly untimely.

Further, Microsoft has now acquired Activision, which heightens Plaintiffs' burden. *United*

---

[2] *See, e.g.*, https://www.cnbc.com/2023/07/16/microsoft-and-sony-sign-deal-to-keep-activisions-call-of-duty-on-playstation.html; https://www.cnbc.com/2023/08/22/microsoft-submits-new-activision-blizzard-takeover-deal-to-uk.html

*States v. Booz Allen Hamilton Inc.* is instructive. In *Booz Allen Hamilton*, the court addressed the Department of Justice's post-merger "request for an order directing the defendants to 'hold all assets separate.'" 2022 U.S. Dist. LEXIS 198013, at *4 (D. Md. Oct. 31, 2022). As should be the case here, the court found that the government did not establish a likelihood of success on the merits and the other elements for that injunctive relief. *Id.* at *8. But the court further found that the requested relief constituted "an extreme remedy to address speculative concerns." *Id.* That was particularly so because the government did not "describe what a 'hold separate' process would entail, or how the court could enforce a 'hold separate' order with Booz Allen having already acquired EverWatch." *Id.* at *5. The court further questioned whether the matter was even justiciable. *Id.*

The same logic applies here. As in *Booz Allen Hamilton*, Plaintiffs' claims of harm are speculative at best. And they do not describe what a "hold separate" process would now entail post-merger, or why it is necessary to maintain the status quo. On the contrary, they concede that Activision will remain a subsidiary of Microsoft and do not explain what has changed since the Court's prior order denying their motion for a preliminary injunction.

### IV. CONCLUSION

Microsoft asks the Court to deny Plaintiffs' Motion to Hold Separate.

Dated: October 23, 2023

Respectfully submitted,

By: *Valarie C. Williams*
Valarie C. Williams
B. Parker Miller
Tania Rice
Robert H. Poole
Alston & Bird LLP

Beth A. Wilkinson
Rakesh N. Kilaru
Kieran G. Gostin
Anastasia M. Pastan
Wilkinson Stekloff LLP

*Counsel for Defendant Microsoft Corporation*