# EXHIBIT A

```
1                  UNITED STATES DISTRICT COURT

2                 NORTHERN DISTRICT OF CALIFORNIA

3  Before Honorable Jacqueline Scott Corley, Magistrate Judge

4

5  DEMARTINI, et al.,              )
                                   )
6          Plaintiffs,             )
                                   )
7  vs.                             )   No. C 22-08991-JSC
                                   )
8  MICROSOFT CORPORATION,          )
                                   )
9          Defendants.             )
   _____)
10
                                   San Francisco, California
11                                 Thursday, August 31, 2023

12        TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC
             SOUND RECORDING 1:46 - 2:04 = 18 MINUTES
13
   APPEARANCES:
14
   For Plaintiffs:
15                                 Alioto Law Firm
                                   One Sansome Street, 35th Floor
16                                 San Francisco, California
                                   94104
17                        BY:   JOSEPH M. ALIOTO, SR., ESQ.

18                                 Joseph Saveri Law Firm, LLP
                                   601 California St
19                                 Suite 1000
                                   San Francisco, California
20                                 94108
                          BY:   JOSEPH SAVERI, ESQ.
21                                 CADIO R. ZIRPOLI, ESQ.
                                   DAVID H. SEIDEL, ESQ.
22

23

24          (APPEARANCES CONTINUED ON THE NEXT PAGE.)

25
```

2

```
 1  For Defendant:
                            Alston & Bird
 2                          560 Mission Street
                            Suite 2100
 3                          San Francisco, California
                            94105
 4                     BY:  VALARIE C. WILLIAMS, ESQ.
                            TANIA L. RICE, ESQ.
 5                          PARKER MILLER, ESQ.

 6  For Activision:

                            Skadden, Arps, Slate, Meagher
 7                            & Flom, LLP
                            1440 New York Avenue, NW
 8                          Washington, DC 20005
                       BY:  STEVEN SUNSHINE, ESQ.
 9

10  Transcribed by:         Echo Reporting, Inc.
                            Contracted Court Reporter/
11                          Transcriber
                            echoreporting@yahoo.com
12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

3

1  <u>Thursday, August 31, 2023</u>                                    <u>1:46 p.m.</u>

2                      P- R-O-C-E-E-D-I-N-G-S

3                            --oOo--

4           THE CLERK:  Calling civil action C 22-8991,

5  DeMartini, et al., versus Microsoft.

6       Counsel, no need to state your appearance.  Thank you.

7           THE COURT:  All right.  Good afternoon, everyone.

8  Welcome back.  Let me sort of tell you what my plan is,

9  after reading through stuff.

10      I do think we -- that the Plaintiffs are entitled to

11 take some depositions.  In particular, as Microsoft pointed

12 out, things have changed, and of course we need to allow the

13 Plaintiffs to take discovery on that.  The witnesses they

14 seek to depose, I would allow those, but limited to three

15 hours, because they have the benefit of the trial testimony

16 and the other depositions.  They're excellent attorneys.

17 They can get in whatever additional questions they want in

18 three hours and I -- it's just too administratively

19 difficult to say with this witness, only this much time or

20 that much time.  It's a big enough case and a big enough

21 issue that -- and given that Congress has given them the

22 right to pursue their claim separately from the FTC, that's

23 sort of my view there.

24      With respect to a trial date, I don't want to hold

25 trial, or even decide summary judgment, until the Ninth

4

1 Circuit has ruled, because that's going to give us guidance
2 on the law.  The Plaintiffs and the FTC have certain view of
3 the law.  Maybe the Ninth Circuit is going to adopt that,
4 and I want to know that before we do anything further.
5       What I'd like to then is set a -- I think a sort of --
6 hold the trial date of December 11th for the bench trial.  I
7 don't know what it would look like.  It would be different,
8 right, because Microsoft might just rely on the record
9 that's already there.  Plaintiffs would add more -- I don't
10 know.  But what I'd like the parties to do is come up with a
11 fact discovery deadline and expert discovery schedule that
12 would work that, in the event we have guidance from the
13 Ninth Circuit by then.  I know Microsoft wanted to bring a
14 summary judgment motion.  I don't know.  I don't know.  Like
15 -- we'll see that, right, because if -- I don't want to go
16 through all of that and then say there's a dispute of fact
17 and then do it.  Maybe we'll do it simultaneously.  I just
18 don't know.
19       But all I know right now is, we need to get that
20 discovery, those depos going.  Let's have a back up date of
21 a trial date, but then we'll wait and see what happens with
22 the Ninth Circuit.
23       Anyway, that's my view and I'm happy to hear from
24 everybody.
25             MR. ALIOTO (via Zoom):  Well, if it would please

5

1  the Court, Joseph Alioto, your Honor.  Good afternoon, your
2  Honor.

3          THE COURT:  Good afternoon.

4          MR. ALIOTO:  I think that the only thing that I
5  would say is that the December date would be after the date
6  that they say that they're going to complete their
7  acquisition.  And that means that we would then be faced
8  with an entirely kind of different kind of case with a
9  divestiture, rather than an injunction.  And I would submit
10  that, it seems to me that they -- if Microsoft would not
11  mind agreeing not to complete their acquisition until after
12  we have the only trial on the merits, which you will be
13  doing, then I think that that would be more in accord with
14  what should happen.

15          THE COURT:  Okay.  I understand.  And those are
16  the issues that are up before the Ninth Circuit right now.
17  So that's just where it is.  Okay.

18      Anything else?

19          MS. WILLIAMS:  Yes, your Honor.  As we put in our
20  status conference, we would like to file a summary judgment
21  motion.  We think the agreements that Microsoft has signed
22  with Sony -- since we last spoke, they signed a 10-year deal
23  with Sony to put Call of Duty on Playstation, divested an
24  agreement to divest streaming rights to Ubisoft -- that
25  those are dispositive of this case and therefore, we could

6

1  file a dispositive motion -- a summary judgment motion -- on

2  a legal grounds -- on legal basis, and there's no need to

3  have depositions, because whatever the -- the Microsoft

4  deponents say, it's not going to change the fact that they

5  are contractually bound not to make Call of Duty exclusive.

6       So --

7            THE COURT:  So you're saying the Plaintiffs don't

8  get any discovery into those contracts?  Whatever Microsoft

9  says about them just have to be accepted as gospel.

10            MS. WILLIAMS:  Well what they say about them

11  doesn't really make a difference.  The contracts are what

12  they are and so it --

13            THE COURT:  Really, because I've never seen a case

14  that they've moved for summary judgment without giving the

15  other party any discovery on those contracts.  Haven't seen

16  it.

17            MS. WILLIAMS:  I understand what you're saying,

18  your Honor, and if this was a case with no discovery, I

19  would absolutely 100-percent agree with you.  But they have

20  deposition transcripts, investigational hearing transcripts

21  and --

22            THE COURT:  Not on these contracts, these have all

23  occurred since then.

24            MS. WILLIAMS:  Well, can we -- I mean, can we

25  brief what these -- what these depositions would be about

7

1 then?  Because certain of these --

2          THE COURT:  No.  I don't want to -- no.  No.

3 There are three hours each.  There's -- max.  At the max.

4          MS. WILLIAMS:  But --

5          THE COURT:  No.  And given the amount of time that

6 Microsoft and the other parties have put into it, I don't

7 think that's excessive or disproportional at all.  We know

8 the percipient witnesses, they testified at the other

9 evidentiary hearing.  That's why I limited it to three

10 hours.  They're going to have to make the most of it.  And

11 I'm not going to -- I don't want to get in the granular

12 about this or -- this or that.

13          MS. WILLIAMS:  I understand, your Honor.  Could we

14 at least brief Mr. Nadella and Mr. Smith's Apex issues?

15 Because as you heard at the trial, Mr. Nadella really is --

16 you know, he may -- he's the CEO of the company, he's not

17 that involved in the day-to-day gaming business.  You know,

18 Phil Spencer is one thing, but Mr. Nadella and Mr. Smith --

19 there are other issues with them and we have other --

20          THE COURT:  So this is -- that I -- and I was

21 there for the testimony and I agree.  I didn't see Mr.

22 Nadella's testimony playing any role at all.  So, I would

23 say to the Plaintiffs, put them at the end and then you can

24 make -- you know, and then brief it toward the end right?

25 So that -- because basically what I would probably say, if

8

1  you did it, I would say to the Plaintiffs, well, they're

2  going to have to show me that they need the testimony, that

3  it's not duplicative of what they had in the other

4  witnesses.  They can't really say that until they've taken

5  those depositions of the other witnesses.

6       So, in terms of order, I would put those two at the end

7  and then yes, Ms. Williams, you could -- they'll have to

8  tell you why they need them and if you think they still

9  don't -- and tell you specifically what they're going to

10 ask, then you can brief it to me at that point.

11          MR. ALIOTO:  Who is the -- excuse me, your Honor.

12 Who was the other person, besides Mr. Nadella, the chairman?

13          THE COURT:  Mr. Smith.

14          MR. ALIOTO:  Mr. Smith?

15          THE COURT:  The President of Microsoft.

16          MR. ALIOTO:  Well we -- well we intended to start

17 with him.  I don't --

18          THE COURT:  Why?

19          MR. ALIOTO:  Because he has substantial knowledge

20 about all of the different issues, including the contracts.

21          THE COURT:  Well all right.  Why don't you meet

22 and --

23          MR. ALIOTO:  I mean I -- we would do -- you know,

24 I mean if they have a problem with Nadella, and I think we

25 can overcome that easily, and okay so we'll do a separate

9

1  response to why we want Nadella.  And I think the Court will

2  be, obviously, convinced that Nadella is a necessary person

3  for at least this case.  You know, for a merits decision.

4  It seems to me.

5          THE COURT:  Okay.  Well -- so, let's put off --

6  they've agreed -- or agreed, sort of -- to Mr. Nadella to

7  the end and so Ms. Williams, I'll allow you to brief it

8  then, with respect to Mr. Smith.  So you should meet and

9  confer with Mr. Alioto and submit a joint letter --

10  discovery dispute letter brief.

11          MS. WILLIAMS:  And I could also add Ms. Hood to

12  that list.

13          THE COURT:  No, not Ms. -- not the CFO.  Huh-uh.

14          MR. ALIOTO:  Pardon me?

15          THE COURT:  She wanted to add Ms. Hood and I said

16  no.

17          MR. ZIRPOLI (via Zoom):  Your Honor?

18          MR. ALIOTO:  So am I -- so I may understand.  It's

19  just Mr. Nadella that they're going to file a brief on?

20          THE COURT:  No.  And Mr. Smith.

21          MR. ALIOTO:  So I won't be able to begin with Mr.

22  Smith?

23          THE COURT:  No.  They can do their brief now.  You

24  can do the brief now, with respect to Mr. Smith.  If you

25  want to insist on starting with him, then I need to decide.

10

1    So, meet and confer with Ms. Williams, explain to her
2 what it is why -- try to persuade her why you need him, what
3 it would be about.  And if you can't, then you can submit
4 the dispute to me.  So do that ASAP if you want to start
5 with him.
6         MR. ALIOTO:  Very good.  And if it pleases your
7 Honor --
8         MR. ZIRPOLI:  Your Honor?  This is Cadio Zirpoli
9 for the Plaintiffs.
10        THE COURT:  Yes?
11        MR. ZIRPOLI:  I hear you loud and clear and I
12 appreciate your confidence in us being able to accomplish
13 these in three hours, but I would ask the Court's indulgence
14 that we be given at least five hours with these witnesses.
15        THE COURT:  No.  Your statement gave me nothing,
16 other than to say that, well, we're not going to repeat.  I
17 don't -- I don't -- nothing.  Look --
18        MR. ZIRPOLI:  And as Ms. Williams pointed out --
19        THE COURT:  Why don't you start with the first
20 one, start with -- let's have an exemplar.  If you can't get
21 it done in three hours, then I'll actually have evidence in
22 front of me that shows you didn't duplicate time, you just
23 went to the stuff and you weren't able to get it done.  And
24 then if I need to order more, I need to order more.  And
25 then we'll have the other ones coming behind.  But I can't

11

1  -- I just have -- I have a vacuum right now and so I just --

2  I want to see some evidence.

3          MR. ZIRPOLI:  I'll just point out that that as Ms.

4  Williams pointed out, there are these new contracts.  There

5  are new facts and I do think that if we could be given an

6  extra hour, four hours at least, to be able to -- to at

7  least be able to examine the new facts that they are relying

8  upon, I think that would be appropriate, your Honor.

9          THE COURT:  Okay.  I would say this to Ms.

10  Williams.  At the deposition, if they really are just

11  focusing on the new stuff, and it does seem like an

12  additional 30 minutes or hour is going to get it done, then

13  I would encourage you to be reasonable and say, okay, let's

14  get it done.  As opposed to them coming back to me and then

15  when I'm reading the transcript, saying oh no, they actually

16  needed that additional hour and your witness having to come

17  back.  Right?  It's not a hard --

18          MS. WILLIAMS:  No, I understand.  Your Honor, I

19  would just like to -- would raise one point, even though

20  you've already given us, you know, your perspective and what

21  your -- your feelings on this.

22      Does -- you know, Microsoft has just

23  renegotiated/restructured the deal.  That's been submitted

24  to the CMA.  The CMA is investigating the new deal.  So that

25  is still ongoing.  So there's not finality yet to this

12

1  transaction and because there's no real urgency to have a

2  hearing or a trial before the deal closes, our proposal

3  would be to wait until the CMA finalizes their

4  investigation, the deal closes, and then see what that looks

5  like, and then move forward with depositions/discovery and

6  trial.

7          THE COURT:  I would say, I'll leave it up to the

8  Plaintiffs.  The Plaintiffs will not get to retake the

9  depositions.  So they can decide what they want to do.  So

10  they can move forward now on the record as it is and where

11  things stand, or then can wait, as you proposed, but they

12  won't get to take them again just because it changed.

13  That's up to them.  That's what I would say.

14          MR. ALIOTO:  Yes, your Honor.  Yes, your Honor.

15          MR. MILLER (via Zoom):  Your Honor, this is Parker

16  -- this is Parker Miller for Microsoft.

17          THE COURT:  Yes.

18          MR. MILLER:  Could I ask a question about the

19  overall schedule?  The latest communication we have from the

20  Ninth Circuit was suggesting oral arguments for the issue in

21  December.

22          THE COURT:  Oh, not until December.

23          MR. MILLER:  Yes.

24          THE COURT:  Oh.  I wasn't aware of that.

25          MR. MILLER:  So we have our -- you know, we have

13

1  made our availability to the Ninth Circuit for oral

2  arguments known and, while I don't believe a date has been

3  set, I would expect that it will not be done -- will not

4  have been heard by December.  And so --

5       THE COURT:  You don't think it will be heard in

6  December?

7       MR. MILLER:  I'm sorry, by December.  So yes, at

8  the earliest it will be heard in December and it won't be

9  decided by that point.

10      THE COURT:  No, no, that's -- that's -- I wasn't

11 aware of that.  I thought they were going to be hearing it

12 in October.  How about then we set it for February 5th, sort

13 of as our control date, back up date?  And so, work

14 backwards from there, in terms of a schedule.  Maybe that

15 will give the Plaintiffs then -- they may want to wait for

16 their depositions and then -- until later in October.  Maybe

17 not.  It's up to them, but that -- that at least pulls a

18 schedule out.

19      So, what I would like for you to do then with that

20 February 5th date in mind is, submit a schedule with respect

21 to the close of fact discovery, or the depositions, and then

22 expert discovery.

23      MR. ALIOTO:  All right, your Honor.

24      THE COURT:  Can you do that within --

25      MR. ALIOTO:  But I would like to -- I do need to

14

1  point out to the Court that if -- that if they attempt to

2  consummate the merger prior to the trial on the merits, that

3  when it turns to an issue with regard to divestiture, rather

4  than an injunction, that there are different issues that are

5  applicable to divestiture that don't exist with regard to

6  the injunction.  And that's so -- that's what I'm concerned

7  about and --

8          THE COURT:  Okay.  I understand.  I understand.

9      Okay.  So could you submit to me that proposed schedule

10 within two weeks for today?  Is everybody around?

11         MR. ALIOTO:  I'm sure we could submit it to your

12 Honor in a week and I'm --

13         THE COURT:  Well I don't know, it's a holiday -- a

14 holiday weekend coming up.

15         MR. ALIOTO:  That's true.  We're all

16 professionals, Judge.

17         THE COURT:  Yes.

18         MR. SUNSHINE (via Zoom):  Your Honor, Steve

19 Sunshine for non-party Activision, if I may address --

20         THE COURT:  Kind of non-party, yeah, okay.

21         MR. SUNSHINE:  Still non-party, as far as the

22 caption goes, I think your Honor.

23     Different issue, with respect to the -- the sole

24 Activision witness noticed by the Plaintiffs, that's Mr.

25 Kotick.  And with respect to Mr. Kotick, you heard his

15

1  testimony at trial and his testimony really had to do with

2  the so-called counter factual world.  Your Honor, absolutely

3  nothing has changed, with respect to Mr. Kotick's testimony.

4  Everything that Plaintiffs would cover would be duplicative.

5  They have not identified a single non-duplicative issue.

6  Mr. Kotick is not involved in the contracts.

7      Mr. Kotick is also, of course, the CEO and the apex of

8  our organization.  I recognize there's not a lot of

9  duplicative testimony, but it seems like entirely an

10 unnecessary deposition.  We're happy to wait and see how the

11 rest of the depositions go, and if there's a need to

12 consider it -- but we would really ask your Honor if we

13 could put off Mr. Kotick's deposition at this point.

14      THE COURT:  Okay.  No, I'm going to overrule that

15 and allow them to go forward with that one.  Three hours.

16 Mr. Kotick seemed like he didn't mind the testimony and I

17 think he might not mind doing another deposition.

18      MR. SUNSHINE:  Thank you, your Honor.

19      MS. WILLIAMS:  Your Honor, I just got a message

20 from my colleagues and the Ninth Circuit is scheduled for

21 December or January.  So it seems --

22      THE COURT:  Well let's just leave it right there

23 right now, right.  Let's just leave it there right now.  As

24 I said, it's a back-up date in any event, because I really

25 want the guidance from the Ninth Circuit.  But let's --

16

1  let's work out a schedule, at least with the discovery, we

2  can have that done.  And it's a bench trial, so we have a

3  lot of flexibility, in terms of scheduling.

4          MR. ALIOTO:  Your Honor, I -- would your Honor

5  allow a motion for a preliminary injunction pending the

6  decision by the Ninth Circuit?

7          THE COURT:  No, you already moved for preliminary

8  injunction and I denied it and it's up on appeal.  So, no,

9  you cannot.

10          MR. ALIOTO:  I knew that.  Okay, all right.  So --

11  all right.

12          THE COURT:  Yeah.  I hear you.  I understand you

13  disagree, that's totally fine and that's the issue that's --

14          MR. ALIOTO:  It's not a disagreement.  It's just

15  that I'm -- I'm trying to say that the -- you're going to

16  decide for the first time on the merits.  And before -- and

17  the idea that they would consummate before the merits is a

18  little --

19          THE COURT:  That's what the preliminary injunction

20  motion before was about.  It's okay.  All right.  So I'm not

21  going to do that.

22      We have a back-up schedule February 5th and you'll give

23  me, within two weeks, a schedule that includes a fact

24  discovery cutoff deadline and an expert discovery schedule,

25  as well.

17

1          THE COURT:  Very good, your Honor.  Thank you very

2   much.

3          THE COURT:  Great.  Okay, thank you.

4       (Proceedings adjourned at 2:04 p.m.)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

18

<u>CERTIFICATE OF TRANSCRIBER</u>

    I certify that the foregoing is a true and correct
transcript, to the best of my ability, of the above pages of
the official electronic sound recording provided to me by
the U.S. District Court, Northern District of California, of
the proceedings taken on the date and time previously stated
in the above matter.

    I further certify that I am neither counsel for,
related to, nor employed by any of the parties to the action
in which this hearing was taken; and, further, that I am not
financially nor otherwise interested in the outcome of the
action.



        Echo Reporting, Inc., Transcriber

          Thursday, September 7, 2023