Joseph M. Alioto (State Bar No. 42680)
Tatiana V. Wallace (State Bar No. 233939)
**ALIOTO LAW FIRM**
One Sansome Street, 35th Floor
San Francisco, CA  94104
Telephone:    (415) 434-8900
Facsimile:     (415) 434-9200
Email:           jmalioto@aliotolaw.com
                     twallace@aliotolaw.com

Joseph R. Saveri (State Bar No. 130064)
Steven N. Williams (State Bar No. 175489)
Cadio Zirpoli (State Bar No. 179108)
Elissa Buchanan (State Bar No. 249996)
David H. Seidel (State Bar No. 307135)
Kathleen J. McMahon (State Bar No. 340007)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, CA 94108
Telephone:    (415) 500-6800
Facsimile:     (415) 395-9940
Email:           jsaveri@saverilawfirm.com
                     swilliams@saverilawfirm.com
                     czirpoli@saverilawfirm.com
                     eabuchanan@saverilawfirm.com
                     dseidel@saverilawfirm.com
                     kmcmahon@saverilawfirm.com

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| DANTE DEMARTINI, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>MICROSOFT CORPORATION, a Washington corporation,<br><br>　　　　　Defendant. | Case No. 3:22-cv-08991-JSC<br><br>**REPLY IN SUPPORT OF MOTION TO HOLD SEPARATE**<br><br>Hon: Jacqueline Scott Corley<br><br>Date: November 16, 2023<br>Time: 10:00 a.m.<br>Courtroom: 8 - 19th Floor |

Microsoft's Opposition to Plaintiffs' Motion to Hold Separate largely fails to respond to the substance of Plaintiffs' motion. For example, Defendant has not advanced any argument—and therefore waives any assertion—that it would be harmed by granting the equitable relief requested. Instead, Microsoft argues that this Court lacks the power and discretion to impose the equitable relief sought. Moreover, Microsoft's contention that the *Winter* factors are not satisfied here fails to acknowledge and respond to the Court's prior order denying Plaintiffs' Motion for Preliminary Injunction. In the Court's prior order, Microsoft asserted, and the Court accepted, that Microsoft would maintain Activision as a wholly separate subsidiary. Indeed, the Court held that Plaintiffs could not meet the irreparable harm element on the motion for preliminary injunction in part because it found that Microsoft would be readily able to divest from Activision after the merger. Microsoft wholly fails to respond to the fact that Plaintiffs are asking the Court simply to ensure that divestiture remains a viable remedy now that Activision is owned by Microsoft.

Microsoft's Opposition makes only one argument: that the Court is powerless to grant Plaintiffs' requested relief because the *Winter* factors are not met. But Microsoft misjudges this Court's power. "District Courts, in the framing of equitable decrees, are clothed 'with large discretion to model their judgments to fit the exigencies of the particular case.'" *United States v. E. I. du Pont de Nemours & Co.*, 353 U.S. 586, 607–08 (1957) (quoting *International Salt Co. v. United States*, 332 U.S. 392, 400–401 (1947)). That discretion is particularly applicable here, because Plaintiffs' requested relief seeks only to ensure that the factual premise on which the Court relied to deny Plaintiffs' motion for preliminary injunction remains as the Court assumed it would. This Court has far more power than Microsoft gives it credit. "[I]it must always be kept in mind that interim injunctive relief is rooted in principles of equity and is fundamentally committed to the sound discretion of the trial court." *People v. Uber Techs., Inc.*, 56 Cal. App. 5th 266, 272 (2020) (discussing *Winter v. Nat. Res. Def. Council, Inc.* 555 U.S. 7, 20 (2008) (*Winter*)). "The essence of equity jurisdiction has been the power of the Chancellor to do equity and to mould each decree to the necessities of the particular case. Flexibility rather than rigidity

has distinguished it." *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982) (quoting *Hecht Co. v. Bowles*, 321 U.S. 321, 329 (1944)).

Moreover, even assuming the *Winter* factors control here, they are satisfied. As to the factors of balancing the equities and the public interest, Microsoft concedes that the equities tip sharply in Plaintiffs' favor by wholly failing to raise any contrary argument. In Plaintiffs' Motion, Plaintiffs noted that Microsoft already assured the Court that it would hold Activision as a separate entity. *See* ECF No. 276. at 6. Plaintiffs also established through the deposition testimony of Ms. Amy Hood that Microsoft will not be harmed if the Court were to grant Plaintiffs' requested relief. *See id.* at 7–8. Microsoft's Opposition puts forward no shred of evidence or even assertion that Microsoft would be harmed in any way if the Court enters Plaintiffs' requested relief. Microsoft therefore concedes that there would be no harm to Microsoft. Microsoft waives any argument to the contrary. The balance of the equities and public interest therefore tip far in favor of granting relief, because there are no equities favoring denying the relief. *See generally United States v. Trib. Publ'g Co.*, No. CV1601822ABPJWX, 2016 WL 2989488, at *5 (C.D. Cal. Mar. 18, 2016) ("The public interest and the balance of hardships inquiries are interrelated."). Moreover, assuming Plaintiffs prevail at trial on the merits, and show that the merger might lessen competition, it would without question be in the public interest to remedy the unlawful merger by unwinding it and reinstating the pre-merger status quo. This motion merely seeks to preserve the efficacy of divestiture.

As to the factor of irreparable harm, Plaintiffs meet this factor here because it is a different inquiry than the prior motion for preliminary injunction. As Plaintiffs noted in their Motion to Hold Separate, ECF No. 276 at 7, the Court's order denying Plaintiffs' motion for preliminary injunction held that Plaintiffs could not meet the irreparable harm element in part because Microsoft would hold Activision separate and apart from Microsoft. *See* ECF No. 189 at 8 ("[T]he plaintiff's injury could be immediate only if the merger, or particular aspects of the merger, could not be undone."); *id.* ("Plaintiffs have not demonstrated that [the merger cannot be undone later], especially given that following the merger Activision will continue to exist as a subsidiary of Microsoft."). Thus, the Court held that Plaintiffs could not show irreparable harm

sufficient to grant a preliminary injunction, precisely because Microsoft would hold Activision as a separate entity and not "scramble the eggs" in a manner that would make divestiture significantly more difficult. Given that the Court found that Plaintiffs would suffer no irreparable harm because they could seek divestiture after the acquisition, there can be no genuine dispute that if Microsoft were now allowed to harm Plaintiffs' ability to seek divestiture—the very remedy that was held to ensure that Plaintiffs would not suffer irreparable harm previously—Plaintiffs would suffer irreparable harm.

Thus, the irreparable harm inquiry in Plaintiffs' current motion to preserve their remedy of divestiture is different than their previous request for a preliminary injunction. The Court denied the motion for preliminary injunction on the ground that harm was not yet imminent because Plaintiffs could seek divestiture after the acquisition. Now, Plaintiffs seek to preserve that remedy and their ability to regain the status quo if they prevail. Plaintiffs will be irreparably harmed if Microsoft's actions diminish Plaintiffs' ability to win a full unwinding of the merger to regain the status quo. *See* ECF No. 189 at 7 (discussing the presence of irreparable harm where a defendant would "rapidly restructure the newly-acquired company and its assets and disable the acquired chain from operating independently of the parent" because it would then be "extremely difficult" to unwind the merger (quoting *California v. Am. Stores Co.*, 697 F. Supp. 1125, 1134 (C.D. Cal. Sept. 29, 1988)).

Microsoft makes no argument to the contrary. Indeed, Microsoft cannot deny that if Microsoft were to scramble Activision and Microsoft in a manner that would (1) "disable the acquired [company] from operating independently of the parent"; and (2) make unwinding the merger "extremely difficult," Plaintiffs would be irreparably harmed. *Id.* Microsoft concedes as much by not arguing otherwise. Instead of addressing Plaintiffs' motion, Microsoft simply cites to the Court's prior order which held that Plaintiffs had failed to meet the irreparable harm element on a different motion and says that the prior ruling is applicable here. But the analysis on irreparable harm is different in this motion because Plaintiffs are merely seeking to preserve their ability to seek divestiture—a remedy that the Court relied on to deny Plaintiffs' motion for preliminary injunction previously.

Case No. 3:22-cv-08991-JSC  3  
REPLY IN SUPPORT OF MOTION TO HOLD SEPARATE

As to the final factor, the likely success on the merits, Plaintiffs meet that factor too. Importantly, under the "sliding scale" approach to the *Winter* elements, "if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *All. for the Wild Rockies v. Peña*, 865 F.3d 1211, 1217 (9th Cir. 2017) (emphasis in original) (quoting *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013)); *Greater Yellowstone Coal. v. Timchak*, 323 F. App'x 512, 513–14 (9th Cir. 2009) (the Ninth Circuit "has consistently applied an alternative 'sliding-scale' test under which a preliminary injunction may be granted where the plaintiff demonstrates either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor.").

As discussed above, the equities tip sharply in Plaintiffs favor and Microsoft does not argue otherwise. Thus, Plaintiffs need only show "that serious questions are raised." As was shown in Plaintiffs' prior motion for preliminary injunction, *See* ECF No. 135, there are certainly serious questions going to the merits of whether this merger might substantially lessen competition in numerous video game markets. Indeed, in denying Plaintiffs' motion for preliminary injunction, the Court assumed, without deciding, that Plaintiffs would likely succeed on the merits and divestiture would therefore be required. *See* ECF No. 189 at 1, 5.

Plaintiffs' motion for equitable relief merely seeks to preserve their ability to seek effective divestiture, which was the bedrock of the Court's order denying the motion for preliminary injunction. Now that the merger has consummated, and given Microsoft's prior assertions and the basis for the Court's previous order, Microsoft must be precluded from scrambling the assets and personnel of Activision and Microsoft such as to deny or diminish Plaintiffs' ability to achieve divestiture should they prevail on the merits. Despite Microsoft's assertions that the Court's power is limited, the Court has ample power to ensure that this merger may be fully unwound if necessary, after a trial on the merits. Plaintiffs ask that the Court ensure that divestiture remains a viable option.

| | | |
|---|---|---|
| Dated: October 30, 2023 | By: | */s/ Joseph R. Saveri* |
| | | Joseph R. Saveri |

Joseph R. Saveri (State Bar No. 130064)
Steven N. Williams (State Bar No. 175489)
Cadio Zirpoli (State Bar No. 179108)
Elissa Buchanan (State Bar No. 249996)
David H. Seidel (State Bar No. 307135)
Kathleen J. McMahon (State Bar No. 340007)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:     (415) 500-6800
Facsimile:      (415) 395-9940
Email:            jsaveri@saverilawfirm.com
                     swilliams@saverilawfirm.com
                     czirpoli@saverilawfirm.com
                     eabuchanan@saverilawfirm.com
                     dseidel@saverilawfirm.com
                     kmcmahon@saverilawfirm.com

Joseph M. Alioto (SBN 42680)
Tatiana V. Wallace (SBN 233939)
**ALIOTO LAW FIRM**
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone:     (415) 434-8900
Facsimile:      (415) 434-9200
Email:            jmalioto@aliotolaw.com
                     twallace@aliotolaw.com

Joseph M. Alioto Jr. (SBN 215544)
**ALIOTO LEGAL**
100 Pine Street, Suite 1250
San Francisco, California 94111
Tel: (415) 398-3800
Email:            joseph@aliotolegal.com
                     twallace@aliotolaw.com

*Plaintiffs' Counsel*