UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANTE DEMARTINI, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>MICROSOFT CORPORATION,<br><br>　　　　Defendant. | Case No.  3:22-cv-08991-JSC<br><br>**ORDER RE: MOTION TO HOLD SEPARATE**<br><br>Re: Dkt. No. 276 |

Plaintiffs filed this action under Sections 7 and 16 of the Clayton Act seeking to enjoin a proposed merger between Microsoft Corporation and Activision Blizzard, Inc.  The Court denied Plaintiffs' motion for a preliminary injunction concluding, among other things, Plaintiffs had not demonstrated a likelihood of irreparable injury.  (Dkt. No. 189.)   After overcoming various hurdles, including a separate action brought by the Federal Trade Commission, *see FTC v. Microsoft*, No. 23-2880, and foreign regulatory actions, the merger closed on October 13, 2023.  Four days before the merger closed, Plaintiffs filed the now pending "motion to hold separate" noticed for hearing on November 16, 2023.  (Dkt. No. 276.)  After carefully considering the arguments and briefing submitted, the Court concludes oral argument is unnecessary, *see* Civ. L.R. 7-1(b), VACATES the hearing, and DENIES Plaintiffs' motion.

**DISCUSSION**

Plaintiffs "seek an order requiring Microsoft to maintain Activision Blizzard as a separate subsidiary of Microsoft and to preclude Microsoft from (a) merging any of Activision's business units with Microsoft; or (b) taking action that would irreparably harm Activision's ability to compete as an independent company—such as eliminating any of Activision's business

units or gaming studios—until Plaintiffs can be heard on the merits." (Dkt. No. 276 at 5.[1])

As a threshold matter, Plaintiffs offer no legal basis for their motion. The authority they rely on for the Court's broad equitable power and power to issue a "hold separate order" arose in the context of a motion for injunctive relief. *See F.T.C. v. Exxon Corp.*, 636 F.2d 1336, 1344 (D.C. Cir. 1980) (discussing the propriety of a hold separate order as a less drastic remedy courts should consider when ruling on a motion for preliminary injunction). The Court already considered and denied Plaintiffs' motion for a preliminary injunction. (Dkt. No. 189.) To the extent Plaintiffs seek to have the Court reconsider its ruling, Plaintiffs have not shown a basis for reconsideration. *See Kona Enterprises, Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) ("a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.") (internal citation omitted).

Further, as Plaintiffs' appeal of the Court's denial of their preliminary injunction is pending, this Court is divested of jurisdiction over the matters on appeal. *See Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) ("Once a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed."). On an appeal from a preliminary injunction order, "[t]he district court [only] retains jurisdiction during the pendency of an appeal to act to preserve the status quo." *Id.* While the Court noted Microsoft's representation that it intended to maintain Activision as a subsidiary, it did not order Microsoft to do so. (Dkt. No. 189 at 8.) Nor did Plaintiffs request that it do so. Instead, Plaintiffs inexplicably waited five months, until the eve of the merger's closing, to file a motion requesting injunctive relief noticed to be heard well after the merger was to have—and in fact did—close. Plaintiffs argue the hold separate order is necessary to preserve divestiture as a remedy. Plaintiffs could and should have raised this argument earlier. Plaintiffs offer no basis for such extraordinary relief now.

//

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

**CONCLUSION**

For the reasons stated above, Plaintiffs' motion to hold separate is denied.

Plaintiffs' administrative motion to seal is DENIED as Microsoft, the party who designated the at-issue material as confidential, did not submit a declaration in support of sealing and the time to do so has run. *See* Civ. L.R. 79-5(f)(3). (Dkt. No. 275.)

The November 16, 2023 case management conference is CONTINUED to December 21, 2023 at 1:30 p.m. via Zoom video. An updated statement is due December 14, 2023.

This Order disposes of Docket Nos. 275, 276.

**IT IS SO ORDERED.**

Dated: November 7, 2023

_____
JACQUELINE SCOTT CORLEY
United States District Judge