# Exhibit 1

1  Joseph M. Alioto (State Bar No. 42680)
   Tatiana V. Wallace (State Bar No. 233939)
2  **ALIOTO LAW FIRM**
   One Sansome Street, 35th Floor
3  San Francisco, CA  94104
   Telephone:     (415) 434-8900
4  Facsimile:      (415) 434-9200
   Email:            jmalioto@aliotolaw.com
5                        twallace@aliotolaw.com

6  Joseph R. Saveri (State Bar No. 130064)
   Steven N. Williams (State Bar No. 175489)
7  Cadio Zirpoli (State Bar No. 179108)
   Elissa Buchanan (State Bar No. 249996)
8  David H. Seidel (State Bar No. 307135)
   Kathleen J. McMahon (State Bar No. 340007)
9  **JOSEPH SAVERI LAW FIRM, LLP**
   601 California Street, Suite 1000
10 San Francisco, CA 94108
   Telephone:     (415) 500-6800
11 Facsimile:      (415) 395-9940
   Email:            jsaveri@saverilawfirm.com
12                      swilliams@saverilawfirm.com
                        czirpoli@saverilawfirm.com
13                      eabuchanan@saverilawfirm.com
                        dseidel@saverilawfirm.com
14                      kmcmahon@saverilawfirm.com

15 *Counsel for Plaintiffs*

16

17                     **UNITED STATES DISTRICT COURT**

18                     **NORTHERN DISTRICT OF CALIFORNIA**

19                           **SAN FRANCISCO DIVISION**

20 | | |
|---|---|
| DANTE DEMARTINI, et al., | Case No. 3:22-cv-08991-JSC |
| Plaintiffs, | **DANTE DEMARTINI, CURTIS BURNS JR., NICHOLAS ELDEN, JESSIE GALVAN, CHRISTOPHER GIDDINGS-LAFAYE, STEVE HERRERA, HUNTER JAKUPKO, DANIEL LOFTUS, BEOWULF OWEN, and IVAN CALVO-PÉREZ'S RESPONSE TO DEFENDANT MICROSOFT CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION** |
| v. | |
| MICROSOFT CORPORATION, a Washington corporation, | |
| Defendant. | |

RESPONDING PARTY:  Plaintiffs Dante DeMartini, Curtis Burns, Jr., Nicholas Elden, Jessie Galvan, Christopher Giddings-Lafaye, Steve Herrera, Hunter Jakupko, Daniel Loftus, Beowulf Owen, and Ivan Calvo-Perez.

PROPOUNDING PARTY:  Defendant Microsoft Corporation

SET NO.:  One

Pursuant to Rule 34 of the Federal Rules of Civil Procedure ("Federal Rules"), Dante DeMartini, Curtis Burns, Jr., Nicholas Elden, Jessie Galvan, Christopher Giddings-Lafaye, Steve Herrera, Hunter Jakupko, Daniel Loftus, Beowulf Owen, and Ivan Calvo-Perez ("Plaintiffs"), hereby object and respond to Defendant Microsoft Corporation's ("Defendant's" or "Microsoft's") First Set of Request for Production of Documents ("Defendant's RFPs" or "Request(s)") dated April 25, 2023.

## GENERAL OBJECTIONS

1. These responses are made solely for purposes of discovery in this action, and any response, objection or materials produced in response to Defendant's RFPs are subject to all appropriate later asserted objections to their admissibility in evidence before, during or after trial, and Plaintiffs expressly reserve the right to make such future objections.

2. Plaintiffs object to each and every one of Defendant's RFPs as irrelevant to actions brought under Section 16 of the Clayton Act charging violations of Section 7 of the Clayton Act.

3. Plaintiffs will make a good faith effort to conduct reasonable and proportionate searches for, and to produce, the materials requested, subject to Plaintiffs' objections, that are reasonably within Plaintiffs' possession, custody or control, and Plaintiffs reserve the right to amend, modify or supplement the responses with subsequently discovered responsive information and to introduce and rely upon any such subsequently discovered information in this litigation.

4. Defendant's definitions and instructions will not be followed to the extent they seek to impose burdens or obligations beyond those required by the Federal Rules of Civil Procedure, Local Civil Rules or any of the Court's Orders and will be construed to impose only the burdens and obligations required by those Rules and Orders.

1  Subject to and without waiving any of the general objections, and subject to such additional facts
2  that may be adduced during discovery or otherwise in this litigation, Plaintiff further objects to this
3  Request as being overbroad, harassing with purpose to annoy, unduly burdensome, and not reasonably
4  calculated to lead to discovery of relevant, admissible evidence. Plaintiff further objects to the terms
5  "account information" and "downloading and producing all online information" as being vague and
6  ambiguous. Plaintiffs account information associated with each Platform and each Video Game played is
7  irrelevant to threatened future harm. This request is solely intended to annoy, harass, or oppress Plaintiffs
8  and cause undue burden and expense. Plaintiffs object further to this request as disproportional to the
9  needs of the case considering that the burden and expense of the requested discovery outweighs its likely
10 benefit. Plaintiffs are amenable to meeting and conferring with Microsoft on this Request.

12 **REQUEST 6:**  Produce all direct communications between you and any Video Game Platform Manufacturer,
13 Video Game Publisher, or Video Game Developer (including but not limited to communications with customer
14 support).

15 **RESPONSE TO REQUEST 6:**

16 Subject to and without waiving any of the general objections, and subject to such additional facts
17 that may be adduced during discovery or otherwise in this litigation, Plaintiff further objects to this
18 Request as being overbroad, harassing with purpose to annoy, unduly burdensome, and not reasonably
19 calculated to lead to discovery of relevant, admissible evidence. Plaintiffs' communications with Video
20 Game Platform Manufacturers, Video Game Publishers, or Video Game Developers is irrelevant to
21 threatened future harm. Plaintiffs object further to this request as disproportional to the needs of the case
22 considering that the burden and expense of the requested discovery outweighs its likely benefit. Plaintiffs
23 are amenable to meeting and conferring with Microsoft on this Request.

25 **REQUEST 7:**  Produce all communications you have sent or received related to the merger between Microsoft
26 and Activision.

27 **RESPONSE TO REQUEST 7:**

This Request invades Plaintiffs' right to privacy. Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff further objects to this Request as being overbroad, harassing with purpose to annoy, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to discovery of relevant, admissible evidence. Plaintiffs further objects to this Request to the extent that it invades the attorney client privilege. Plaintiffs object further to this request as disproportional to the needs of the case considering that the burden and expense of the requested discovery outweighs its likely benefit. Plaintiffs are amenable to meeting and conferring with Microsoft on this Request.

**REQUEST 8:** Produce all posts you disseminated in the past two years on the internet concerning Video Games, including but not limited to social media posts, recorded Twitch streams, and posts on forums, such as Reddit.

**RESPONSE TO REQUEST 8:**

This Request invades Plaintiffs' right to privacy. Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiffs further objects to this Request as being overbroad, vague, ambiguous, irrelevant, harassing with purpose to annoy, unduly burdensome, and not reasonably calculated to lead to discovery of relevant, admissible evidence. Plaintiffs' posts disseminated on the internet over the past two years is irrelevant to threatened future harm. This request is solely intended to annoy, harass, or oppress Plaintiffs and cause undue burden and expense. Plaintiffs object further to this request as disproportional to the needs of the case considering that the burden and expense of the requested discovery outweighs its likely benefit. Plaintiffs are amenable to meeting and conferring with Microsoft on this Request.

| | |
|---|---|
| Dated: May 25, 2023 | By:     */s/ Joseph Saveri*<br>        Joseph R. Saveri |

Joseph R. Saveri (State Bar No. 130064)
Steven N. Williams (State Bar No. 175489)
Cadio Zirpoli (State Bar No. 179108)
Elissa Buchanan (State Bar No. 249996)
David H. Seidel (State Bar No. 307135)
Kathleen J. McMahon (State Bar No. 340007)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:     (415) 500-6800
Facsimile:      (415) 395-9940
Email:           jsaveri@saverilawfirm.com
                    swilliams@saverilawfirm.com
                    czirpoli@saverilawfirm.com
                    eabuchanan@saverilawfirm.com
                    dseidel@saverilawfirm.com
                    kmcmahon@saverilawfirm.com

Joseph M. Alioto (SBN 42680)
Tatiana V. Wallace (SBN 233939)
**ALIOTO LAW FIRM**
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone:     (415) 434-8900
Facsimile:      (415) 434-9200
Email:            jmalioto@aliotolaw.com

Joseph M. Alioto Jr. (SBN 215544)
**ALIOTO LEGAL**
100 Pine Street, Suite 1250
San Francisco, California 94111
Tel: (415) 398-3800
Email:            joseph@aliotolegal.com


*Plaintiffs' Counsel*