# Exhibit 2

Joseph M. Alioto (State Bar No. 42680)
Tatiana V. Wallace (State Bar No. 233939)
**ALIOTO LAW FIRM**
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 434-8900
Facsimile: (415) 434-9200
Email: jmalioto@aliotolaw.com
twallace@aliotolaw.com

Joseph R. Saveri (State Bar No. 130064)
Steven N. Williams (State Bar No. 175489)
Cadio Zirpoli (State Bar No. 179108)
Elissa Buchanan (State Bar No. 249996)
David H. Seidel (State Bar No. 307135)
Kathleen J. McMahon (State Bar No. 340007)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, CA 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email: jsaveri@saverilawfirm.com
swilliams@saverilawfirm.com
czirpoli@saverilawfirm.com
eabuchanan@saverilawfirm.com
dseidel@saverilawfirm.com
kmcmahon@saverilawfirm.com

*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| DANTE DEMARTINI, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION, a Washington corporation,<br><br>Defendant. | Case No. 3:22-cv-08991-JSC<br><br>**PLAINTIFF DANTE DEMARTINI'S RESPONSES TO DEFENDANT MICROSOFT CORPORATION'S FIRST SET OF INTERROGATORIES** |

RESPONDING PARTY: Plaintiff Dante DeMartini

PROPOUNDING PARTY: Defendant Microsoft Corporation

SET NO.: One

Pursuant to Rule 33 of the Federal Rules of Civil Procedure ("Federal Rules"), Plaintiff Dante DeMartini ("Plaintiff"), hereby objects and responds to Defendant Microsoft Corporation's ("Defendant" or "Microsoft") First Set of Interrogatories ("Interrogatories") dated April 25, 2023.

**GENERAL OBJECTIONS**

1. These responses are made solely for purposes of discovery in this action, and any response, objection or materials produced in response to the Interrogatories are subject to all appropriate later asserted objections to their admissibility in evidence before, during, or after trial, and Plaintiff expressly reserves the right to make such future objections.

2. Plaintiff has not completed his discovery and investigation of the facts pertaining to this Action, and Plaintiff reserves the right to amend, modify, or supplement these responses with subsequently discovered responsive information and to introduce and rely upon any such subsequently discovered information in this litigation.

3. The Responses herein are preliminary—Plaintiff is providing these responses on an expedited basis as a courtesy to and at the request of Defendant. Plaintiff's investigation is ongoing and therefore, Plaintiff reserves his right to supplement these responses as necessary and as required under the Federal Rules of Civil Procedure.

4. Defendant's definitions and instructions will not be followed to the extent they seek to impose burdens or obligations beyond those required by the Federal Rules of Civil Procedure, Civil Local Rules or any of the Court's Orders and will be construed to impose only the burdens and obligations required by those Rules and Orders.

5. Plaintiff objects to the Interrogatories to the extent they seek information or materials that are protected from disclosure by attorney-client privilege, the work-product doctrine, expert disclosure rules, or other applicable privileges and protections, including communications with Plaintiff's attorneys regarding the Action, including without limitation other documents relating to an attorney's mental impressions, conclusions, opinions, strategies, or legal theories concerning the Action. Any inadvertent

production of privileged or protected materials or information is unintentional and shall not be deemed to be a waiver of Plaintiff's privileges, protections, or right to assert them.

6. Plaintiff objects to the Interrogatories as oppressive, unduly burdensome, harassing, disproportionate to the needs of the case, and to the extent they call for information that Plaintiff has already provided to Defendant.

7. Plaintiff objects to each Interrogatory to the extent it seeks information (a) not maintained in the ordinary course of business.

8. Plaintiff objects to each Interrogatory as unduly burdensome to the extent it seeks information that (a) is not in Plaintiff's possession, custody, or control as those terms are defined in Federal Rule of Civil Procedure 33, or (b) is as easily available to Defendant.

9. Plaintiff objects to information sought in which Plaintiff was a minor at the time.

Notwithstanding the foregoing General Objections and any Specific Objections made in the responses below and subject to continuing investigation, Plaintiff responds as follows:

## RESPONSES TO INTERROGATORIES

**INTERROGATORY 1:** List your contact information, including your home address, email address, and telephone number.

**RESPONSE TO INTERROGATORY 1:**

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff further objects to the relevance and harassing nature of this interrogatory. All contact and communication should be made through Plaintiff's counsel.

**INTERROGATORY 2:** Identify the Video Games you have played in the past 10 years, specifying the following information for each Video Game for each year:

a. The title of the Video Game (including the specific title and not solely the franchise);

b. Whether you consider that game a "Triple-A Game" as described by paragraphs 71–83 of the Amended Complaint;

c. The date on which you purchased the Video Game;

d. The date range during which you played the Video Game;

e. The Platform(s) on which you played the Video Game;

f. The approximate number of hours you spent per week playing the Video Game when you played it;

g. Whether you played the Video Game's multiplayer modes (if available); and

h. If applicable, the approximate number of hours you spent playing multiplayer specifically for each Video Game.

**RESPONSE TO INTERROGATORY 2:**

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff further objects to this interrogatory to the extent that it is vague, ambiguous, overbroad, and harassing in nature. Given the overbroad nature of this interrogatory, Plaintiff provides information dating back to the past five years, excluding games played exclusively on mobile phones. Without foregoing the above general and specific objections and to the extent possible, Plaintiff responds as follows:

a. The title of the Video Game (including the specific title and not solely the franchise): to the best of my recollection and belief, I have played the following Video Games, including (i) the platform(s) I played the game on; (ii) whether I purchased it; and (iii) whether I played it as a Multiplayer mode, as follows:

1. 1 2 (i) Nintendo Switch (i) Nintendo Switch; (ii) yes (2019); (iii) no.
2. Aim Labs; (i) PC; (ii) free (2020); (iii) no.
3. Among Us; (i) PC; (ii) free (2020); (iii) yes.
4. Apex Legends; (i) PC, PlayStation 4; (ii) free (2019); (iii) yes.
5. Ark Survival; Evolved (i) PC; (ii) yes (2021); (iii) yes.
6. Birth of Isaac; (i) PlayStation 4; (ii) no; (iii) no.
7. Borderlands 2; (i) PlayStation 3; (ii) yes (2015); (iii) yes.
8. Borderlands 3; (i) PC; (ii) yes (2020); (iii) yes.
9. Call of Duty 3; (i) PlayStation 2; (ii) no; (iii) no.

10. Call of Duty 4;: Modern Warfare; (i) Nintendo DS, PlayStation 2; (ii) no; (iii) no.

11. Call of Duty 5: World at War; (i) PlayStation 2; (ii) no; (iii) yes.

12. Call of Duty: Advanced Warfare; (i) PlayStation 3; (ii) yes (2015); (iii) yes.

13. Call of Duty: Black Ops; (i) PlayStation 3, Xbox 360; (ii) yes (2010); (iii) yes.

14. Call of Duty: Black Ops Cold War; (i) PC; (ii) yes (2021); (iii) yes.

15. Call of Duty: Black Ops II; (i) PlayStation 3; (ii) yes (2012); (iii) yes.

16. Call of Duty: Black Ops III; (i) PlayStation 4; (ii) yes (2015); (iii) yes.

17. Call of Duty: Black Ops IIII; (i) PlayStation 4; (ii) no; (iii) yes.

18. Call of Duty: Ghosts; (i) PlayStation 3; (ii) no; (iii) yes.

19. Call of Duty: Infinite Warfare; (i) PlayStation 4; (ii) no; (iii) yes.

20. Call of Duty: Modern Warfare (2019); (i) PlayStation 4, PC; (ii) yes (2019); (iii) yes.

21. Call of Duty: Modern Warfare 2; (i) PlayStation 3, Xbox 360; (ii) yes (2010); (iii) yes.

22. Call of Duty: Modern Warfare 3; (i) PlayStation 3; (ii) yes (2011); (iii) yes.

23. Call of Duty: Modern Warfare II (2022); (i) PC; (ii) yes (2022); (iii) yes.

24. Call of Duty: Modern Warfare Remastered; (i) PlayStation 4; (ii) yes (2016); (iii) yes.

25. Call of Duty: Vanguard; (i) PC; (ii) yes (2021); (iii) yes.

26. Call of Duty: Warzone; (i) PlayStation 4, PC; (ii) free (2020); (iii) yes.

27. Call of Duty: Warzone 2.0; (i) PC; (ii) yes (2022); (iii) yes.

28. Call of Duty: WWII; (i) PlayStation 4; (ii) no; (iii) yes.

29. Castle Crashers; (i) PlayStation 4, PC; (ii) yes (2018); (iii) no.

30. Catan Universe; (i) PC; (ii) free (2020); (iii) yes.

31. Civilization 6; (i) PC; (ii) free (2018); (iii) no.

32. Crash Bandicoot: N. Sane Trilogy; (i) PlayStation 4; (ii) no; (iii) no.

33. Crawlers and Brawlers; (i) PC; (ii) yes (2019); (iii) no.

34. Cyberpunk 2077; (i) PC; (ii) yes (2020); (iii) no.

35. Dauntless; (i) PC; (ii) free (2019); (iii) no.

36. Dead by Daylight; (i) PC; (ii) yes (2022); (iii) yes.

37. Destiny 2; (i) PlayStation 4; (ii) no; (iii) yes.

38. Diablo III; (i) PlayStation 4; (ii) no; (iii) no.

39. DJ Hero 2; (i) PlayStation 3; (ii) no; (iii) no.

40. Don't Starve; (i) PC/PlayStation 4; (ii) yes (2019); (iii) yes.

41. Elden Ring; (i) PlayStation 4/PC; (ii) yes (2022); (iii) yes.

42. Enter the Gungeon; (i) PlayStation 4; (ii) no; (iii) no.

43. Fall Guys; (i) PlayStation 4/PC; (ii) yes (2020); (iii) yes.

44. Fallout 4; (i) PlayStation 4; (ii) no; (iii) no.

45. Fortnite; (i) PlayStation 4/PC; (ii) yes (2016); (iii) yes.

46. Ghosts of Tsushima; (i) PlayStation 4; (ii) no; (iii) no.

47. God of War (2019); (i) PlayStation 4; (ii) no; (iii) no.

48. Guitar Hero 2; (i) PlayStation 2; (ii) no; (iii) no.

49. Guitar Hero 3; (i) PlayStation 3; (ii) no; (iii) no.

50. Guitar Hero 4; (i) PlayStation 3; (ii) no; (iii) no.

51. HearthStone; (i) PC/Mac/iOS; (ii) yes (2016); (iii) yes.

52. Jackbox Games; (i) PlayStation 4/Switch; (i) PC/Switch (2020); (iii) no.

53. League of Legends; (i) PC/Mac; (ii) free (2012); (iii) yes.

54. Left 4 Dead 2; (i) PC; (ii) free (2018); (iii) no.

55. Legends of Runeterra; (i) PC; (ii) free (2020); (iii) yes.

56. Marvel Ultimate Alliance; (i) PlayStation 3; (ii) no; (iii) no.

57. Minecraft; (i) PC; (ii) yes (2010); (iii) yes.

58. Minecraft Dungeons; (i) PC; (ii) no; (iii) no.

59. No Man's Sky; (i) PlayStation 4, PC; (ii) yes (2022); (iii) yes.

60. Overwatch; (i) PlayStation 4, PC; (ii) yes (2016); (iii) yes.

61. Overwatch 2; (i) PC; (ii) free (2022); (iii) yes.

62. Realm Royale Reforged; (i) PC; (ii) free (Don't Know); (iii) yes.

63. Rocket League; (i) PlayStation 4, PC; (ii) free (2022); (iii) yes.

64. Rust (i); PC; (ii) yes (2021); (iii) yes.

65. Skylanders: Giants; (i) PlayStation 3; (ii) no; (iii) no.

66. Skylanders: Spyro's Adventure; (i) PlayStation 3; (ii) no; (iii) no.

67. Skylanders: Swap Force; (i) PlayStation 3; (ii) no; (iii) no.

68. Spider-Man; (i) PlayStation 2; (ii) no; (iii) no.

69. StarCraft II: Wings of Liberty; (i) PC, Mac; (ii) yes (2012); (iii) yes.

70. Tony Hawk Pro Skater; (i) PlayStation; (ii) no; (iii) no.

71. Tony Hawk Pro Skater 2; (i) PlayStation; (ii) no; (iii) no.

72. Tony Hawk Pro Skater 3; (i) PlayStation 2; (ii) no; (iii) no.

73. Tony Hawk Underground; (i) PlayStation 2; (ii) no; (iii) no.

74. Valheim; (i) PC; (ii) yes (2021); (iii) yes.

75. Valorant; (i) PC; (ii) free (2020); (iii) yes.

76. World of Warcraft; (i) PC; (ii) yes (Don't Know); (iii) yes.

b. Whether you consider that game a "Triple-A Game" as described by paragraphs 71–83 of the Amended Complaint: Plaintiff is continuing to investigate this Response.

c. The date on which you purchased the Video Game: Plaintiff is continuing to investigate this Response.

d. The date range during which you played the Video Game: Plaintiff is continuing to investigate this Response.

e. The Platform(s) on which you played the Video Game: *see* Response 2(a), *supra*.

f. The approximate number of hours you spent per week playing the Video Game when you played it: Plaintiff is continuing to investigate this Response.

g. Whether you played the Video Game's multiplayer modes (if available): Plaintiff is continuing to investigate this Response.

h. If applicable, the approximate number of hours you spent playing multiplayer specifically for each Video Game: Plaintiff continues to investigate this Response.

**INTERROGATORY 3:** Identify the individual Platforms you owned in the past 20 years, including:

a. The date on which you purchased each Platform; and

b. The range of dates during which you played Video Games on each Platform.

**RESPONSE TO INTEROGATORY 3:**

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff further objects to the overbroad, unduly burdensome, and harassing nature of this interrogatory. Without foregoing the above general and specific objections and to the extent possible, Plaintiff responds as follows: I have owned the following Platforms in the past twenty years: (1) Gameboy Color; (2) Gameboy Advanced; (3) PlayStation 1; (4) Nintendo; (5) Sega Genesis; (6) Nintendo Game Cube; (7) Nintendo Wii; (8) PlayStation 2; (9) Xbox; (10) Xbox 360; (11) PlayStation 3; (12) Wii U; (13) PlayStation 4; (14) Nintendo Switch; (15) PlayStation 5; (16) PC Computer; (17) Windows PC; and (18) Mac OS.

**INTERROGATORY 4:** Identify all Multi Game Library Subscriptions you have used in the past 10 years, including:

a. The name of the Multi Game Library Subscription(s);

b. If applicable, the specific tier(s) or offering(s) that you subscribed to for each Multi Game Library Subscription; and

c. The start and end dates of each subscription and resubscription for each Multi Game Library Subscription.

**RESPONSE TO INTERROGATORY 4:**

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff further objects to this interrogatory as being overbroad, unduly burdensome, and harassing. Without foregoing the above general and specific objections and to the extent possible, Plaintiff responds as follows:

a. The name of the Multi Game Library Subscription(s): (1) PlayStation Plus; (2) PlayStation Now; and (3) Apple Games.

b. If applicable, the specific tier(s) or offering(s) that you subscribed to for each Multi Game Library Subscription: Plaintiff continues to investigate this Response.

c. The start and end dates of each subscription and resubscription for each Multi Game Library Subscription: Plaintiff continues to investigate this Response.

**INTERROGATORY 5:** Identify all usernames you have created and registered for purchasing and/or playing Video Games on Platforms, including but not limited to Xbox Gamertags, PlayStation Network ("PSN") Online IDs, SteamIDs, Steam Account Names, Nintendo Network IDs, Apple Game Center "Nicknames," and/or Google Play gamer name.

**RESPONSE TO INTERROGATORY 5:**

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff further objects to this interrogatory as being overbroad, unduly burdensome and harassing. Plaintiff is amenable to meeting and conferring with Microsoft regarding this interrogatory.

**INTERROGATORY 6:** For every username you provide in response to Interrogatory 5, provide the email address, home address, telephone number, and name currently associated with that username.

**RESPONSE TO INTERROGATORY 6:**

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff further objects to this interrogatory as being irrelevant and harassing. Plaintiff is amenable to meeting and conferring with Microsoft regarding this interrogatory.

**INTERROGATORY 7:** Identify whether you or any of your immediate family members are employed in the Video Game industry, including any Video Game industry employees':

a. Name;

b. Address;

c. Telephone number; and

d. History of employment in the Video Game industry to date.

**RESPONSE TO INTERROGATORY 7:**

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff further objects to this interrogatory as being irrelevant and harassing. Without waiving and foregoing the above-described objections, Plaintiff answers in the following manner: Plaintiff is not aware of any immediate family members that are employed by Defendant.

**INTERROGATORY 8:** Identify all social media handles associated with you, including but not limited to usernames for Instagram, Twitter, and Twitch.

**RESPONSE TO INTERROGATORY 8:**

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff further objects to this interrogatory as being irrelevant and harassing. Plaintiff is amenable to meeting and conferring with Microsoft regarding this interrogatory.

Dated: May 11, 2023

By: */s/ Joseph Saveri*
Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Steven N. Williams (State Bar No. 175489)
Cadio Zirpoli (State Bar No. 179108)
Elissa Buchanan (State Bar No. 249996)
David H. Seidel (State Bar No. 307135)
Kathleen J. McMahon (State Bar No. 340007)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email: jsaveri@saverilawfirm.com
swilliams@saverilawfirm.com
czirpoli@saverilawfirm.com
eabuchanan@saverilawfirm.com
dseidel@saverilawfirm.com
kmcmahon@saverilawfirm.com

Joseph M. Alioto (SBN 42680)
Tatiana V. Wallace (SBN 233939)
**ALIOTO LAW FIRM**
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 434-8900
Facsimile: (415) 434-9200
Email: jmalioto@aliotolaw.com

Joseph M. Alioto Jr. (SBN 215544)
**ALIOTO LEGAL**
100 Pine Street, Suite 1250
San Francisco, California 94111
Tel: (415) 398-3800
Email: joseph@aliotolegal.com

*Plaintiffs' Counsel*

# CERTIFICATE OF SERVICE

I, the undersigned, am employed by the Joseph Saveri Law Firm, LLP. My business address is 601 California Street, Suite 1000, San Francisco, California 94108. I am over the age of eighteen and not a party to this action.

On May 11, 2023, I caused the following documents to be served by email upon all persons appearing on the attached Service List:

**PLAINTIFF DANTE DEMARTINI'S RESPONSES TO DEFENDANT MICROSOFT CORPORATION'S FIRST SET OF INTERROGATORIES**

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 11, 2023, at San Francisco, California.

By: *\/s/ Ashleigh Jensen*
Ashleigh Jensen

**SERVICE LIST**

| | |
|---|---|
| Rakesh Kilaru<br>Anastasia McLetchie Pastan<br>Jennifer Pavelec<br>Beth A. Wilkinson<br>Anthony Patrick Ferrara<br>Grace Lee Hill<br>Kieran Gavin Gostin<br>Wilkinson Stekloff LLP<br>2001 M Street NW, 10th Floor<br>Washington, DC 20036<br>Email: rkilaru@wilkinsonstekloff.com<br>Email: apastan@wilkinsonstekloff.com<br>Email: jpavelec@wilkinsonstekloff.com<br>Email: bwilkinson@wilkinsonstekloff.com<br>Email: aferrara@wilkinsonstekloff.com<br>Email: ghill@wilkinsonstekloff.com<br>Email: kgostin@wilkinsonstekloff.com<br><br>Valarie Cecile Williams<br>Tania L. Rice<br>Alston & Bird<br>560 Mission Street, Suite 2100<br>San Francisco, CA 94105<br>Email: valarie.williams@alston.com<br>Email: tania.rice@alston.com | Brian Parker Miller<br>Alston & Bird LLP<br>1201 W Peachtree St<br>Atlanta, GA 30309<br>Email: parker.miller@alston.com<br><br>Drew Kenneth Cypher<br>Michael Moiseyev<br>Weil, Gotshal & Manges LLP<br>District of Columbia<br>2001 M Street, NW, Suite 600<br>Washington, DC 20036<br>Email: drew.cypher@weil.com<br>Email: michael.moiseyev@weil.com<br><br>Robert Niles-Weed<br>Weil Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153<br>212-310-8000<br>Email: robert.niles-weed@weil.com<br><br>*Counsel for Microsoft* |