UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANTE DEMARTINI, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>    Defendant. | Case No. 3:22-cv-08991-JSC<br><br>**ORDER RE: JOINT DISCOVERY LETTER BRIEFS RE: WRITTEN DISCOVERY RESPONSES**<br><br>Re: Dkt. Nos. 292, 293 |

Pending before the Court are two joint discovery letter briefs regarding the adequacy of the parties' responses to each other's written discovery requests. (Dkt. Nos. 292, 293.) Oral argument is not required to resolve this dispute. *See* Civ. L.R. 7-1(b).

**1. Microsoft's Responses to Requests for the Production of Documents**

Plaintiffs move to compel responses to five requests for the production of documents: Nos. 15, 16, 17, 20, and 28. (Dkt. No. 292.)

**Request 15** seeks communications between six Microsoft executives regarding the merger. Plaintiffs argue Microsoft has refused to produce anything after February 2023. Microsoft disputes this characterization and indicates it "has made productions of post-February 2023 documents and communications related to recent matters that impact the deal, including the Sony offer, the Nintendo contract, and the cloud streaming deals." (Dkt. No. 292 at 4.) Microsoft also indicates it will make a further production of documents regarding the Ubisoft and Sony agreements consistent with an order recently entered in the FTC proceedings. Plaintiffs have made no showing as to why they are entitled to more discovery here. To the extent they have not already done so, Microsoft shall produce the same post-February 2023 documents to Plaintiffs as it has or will be producing in the FTC action. Plaintiffs' request for anything further is denied.

**Request 16** seeks communications between these same six executives regarding exclusivity; however, Plaintiffs make no specific argument as to what they are seeking and Microsoft indicates this issue was not part of the parties' meet and confer. Plaintiffs' request is therefore denied.

**Request 17** seeks online posts regarding video games made by these same six executives for the past two years. Microsoft has provided Plaintiffs with the executives' social media usernames for any accounts they used to post about work-related topics. It is not clear if Plaintiffs dispute the adequacy of this response; to the extent they do, they have made no showing as to why it is insufficient. Instead, Plaintiffs appear to seek information posted on the executives' *personal* social media accounts, but Plaintiffs have likewise made no showing discovery of these individuals' personal social media accounts would be appropriate, or even if it would be, that there is likely relevant discoverable material on these individuals' personal social media accounts. And to the extent there might be some relevant information, digging into these executives' personal social media accounts is disproportional to the needs of the case. Plaintiffs' request is therefore denied.

**Request 20** seeks all data and communications regarding Plaintiffs including their gaming history as minors and any non-privileged communications about Plaintiffs. Microsoft indicates it has already produced the complete gaming data related to Plaintiffs and "on reasonable inquiry" it has no other non-privileged communications regarding Plaintiffs. (Dkt. No. 292 at 7.) To the extent Plaintiffs contend this representation is inadequate because it is not supported by a declaration, Federal Rule of Civil Procedure 34 does not require parties to provide a declaration in support of their discovery responses. Counsel has represented as officers of the court that they produced Plaintiffs' gaming history. Nothing more is required.

**Request 28** seeks Microsoft's agreements with all its cloud-gaming competitors. Plaintiffs concede Microsoft produced agreements with cloud-gaming competitors regarding Call of Duty and other Activision content, but maintain they need "other agreements" so they can assess whether Microsoft is leveraging its monopoly power over its Windows operating system or its cloud services to "control its cloud-gaming competitors." (Dkt. No. 292 at 3.) Microsoft objects

to producing additional agreements on relevance and burden grounds given the likelihood these other agreements contain confidentiality clauses with third parties. The Court denies Plaintiffs' request for a supplemental response without prejudice to renewal if Plaintiffs obtain testimony indicating Microsoft is in fact leveraging its monopoly power.

**2. Microsoft's Responses to Interrogatory No. 4**

Plaintiffs' request for a supplemental response to interrogatory No. 4, which seeks the "social media handles" of the six executives, is denied for the same reasons as their request for a supplemental response to request for production No. 17.

**3. Microsoft's Responses to Requests for Admission**

Plaintiffs seek to compel Microsoft to respond to requests for admission Nos. 6 and 7. (Dkt. No. 292 at 4.) The Court will not consider this request as Microsoft indicates the parties never met and conferred regarding this issue. (*Id*. at 7.)

**4. Plaintiffs' Responses to Requests for Production**

Microsoft seeks supplemental responses to request for the production of documents Nos. 7 and 8, which seek Plaintiffs' communications regarding the merger and posts disseminated on the internet in the past two years concerning video games. (Dkt. No. 293.) As to Plaintiffs' communications regarding the merger, Microsoft contends Plaintiffs have only produced 10 screenshots of text messages. Plaintiffs object to producing additional communications because they are "not important to resolving the issues in this case" and producing this information would be unduly burdensome because "the vast majority of the communications are privileged." (Dkt. No. 293 at 3.) Microsoft, however, does not seek privileged communications, and communications between Plaintiffs go directly to their allegations of irreparable harm. Accordingly, Plaintiffs shall produce their non-privileged communications regarding the merger.

As to the request for social media posts, Plaintiffs contend they have offered to produce their social media handles and have produced the handles for Mr. DeMartini and Mr. Owen in advance of their depositions. On or before November 20, 2023, Plaintiffs shall provide Microsoft with the social media handles for the remaining Plaintiffs.

//

### 5. Plaintiffs' Responses to Interrogatories

Microsoft seeks to compel additional responses to three interrogatories: Nos. 2, 3, and 8. The parties' respective portions of the discovery letter brief do not match as to their final positions regarding Plaintiffs' responses. The Court has endeavored to frame the disputes at it understands them below.

**Interrogatory No. 2** seeks information regarding video games Plaintiffs played over the last ten years. Plaintiffs indicate the parties agreed to limit this information to the last five years. Microsoft seeks information regarding the amount of time each Plaintiff spent playing each video game. Plaintiffs contend it would be "impossible" for them to answer this question, Microsoft already possesses playing time estimates for its own games, and Microsoft can ask Plaintiffs to provide their "best estimates" during their depositions. Plaintiffs offer no authority for the proposition Microsoft is not entitled to a written response to this questions because it can explore the issue during their depositions and the Court is unaware of any. Further, while Microsoft might have data regarding playing time on their own platforms, it has no access to this information for other platforms. Accordingly, Plaintiffs shall supplement their responses to the best of their knowledge.

To the extent Microsoft also seeks information regarding whether Plaintiffs believe a particular game they played is a Triple-A game, Plaintiffs' argument this is not relevant to any claims or defenses is unpersuasive. Plaintiffs' Amended Complaint alleges Plaintiffs "would all be harmed by reduction in quality and output of Triple-A games because Plaintiffs are all likely to purchase and enjoy Triple-A games in the future." (Dkt. No. 84 at ¶ 126.) Microsoft is entitled to discovery regarding whether Plaintiffs contend the games they play are Triple-A games.

**Interrogatory No. 3** seeks the dates on which Plaintiffs purchased their gaming platforms and the date ranges they played on each such platform. Microsoft does not indicate how Plaintiffs response is inadequate. Mr. DeMartini's response, which they provide as a sample, lists the platforms he has owned for the last twenty years. To the extent Microsoft moves to compel the date range, Plaintiffs contend they have produced all information available and anything further would be speculation. Plaintiffs should supplement their responses to so indicate.

4

**Interrogatory No. 8** seeks information regarding Plaintiffs' social media accounts. As ordered above, Plaintiffs shall provide Microsoft with their social media user names by November 20, 2023.

***

For any future discovery disputes, lead counsel for each party must certify they have met and conferred via video or in person regarding all issues raised in the discovery letter brief. In addition, for every category of discovery sought, each party shall state their last offer during the meet and confer.

This Order disposes of Docket Nos. 292, 293.

**IT IS SO ORDERED.**

Dated: November 15, 2023

JACQUELINE SCOTT CORLEY
United States District Judge