UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANTE DEMARTINI, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>MICROSOFT CORPORATION,<br><br>   Defendant. | Case No. 3:22-cv-08991-JSC<br><br>**ORDER RE: JOINT DISCOVERY LETTER BRIEF**<br><br>Re: Dkt. No. 299 |

Pending before the Court is a joint discovery letter brief regarding Microsoft's responses to written discovery requests. (Dkt. No. 299.) Plaintiffs seek to compel Microsoft to respond to Request for Production No. 16 and Requests for Admission Nos. 6 and 7. Oral argument is not required to resolve this dispute. *See* Civ. L.R. 7-1(b). Plaintiffs' request is denied as untimely and on the merits.

First, Plaintiffs request is untimely. Fact discovery closed November 20, 2023. (Dkt. No. 270.) Under Civil Local Rule 37-3, any discovery-related motions are due seven days after the cut-off; here, November 27. Plaintiffs filed the now pending letter brief December 5—over a week after the deadline. That the letter brief renews a request to compel discovery the Court previously denied without prejudice to renewal following meet and confer is of no moment. (Dkt. No. 294.) The Court issued the order denying the earlier filed letter brief on November 15—Plaintiffs had *12 days* to renew the request and Plaintiffs concede Microsoft provided them with their responsive portion of the letter brief on November 21. Again, before the deadline to file discovery motions. To be sure, the Thanksgiving holiday fell within this window, but Plaintiffs did not request the Court extend the deadline to bring motions to compel on this or any other basis. Instead, Plaintiffs sat on the letter brief until *after* the deadline to bring motions to compel, and then, on November 29, returned it to Microsoft. And then it was not filed with the Court until December 5. Plaintiffs' request is untimely.

Second, as to the merits, Plaintiffs have not shown how the discovery sought is relevant to a claim or defense in this action. Plaintiffs seek responses to Requests for Admission Nos. 6 and 7 which seek an admission (1) Microsoft and Activision compete in the development, publishing, and sale of video games, and (2) Microsoft and Activision compete in the development, publishing, and sale of AAA video games. (Dkt. No. 299-2 at 3.) These requests are not tethered to Plaintiffs' remaining vertical merger claim.

Plaintiffs also request a response to Request for Production of Documents No. 16 seeking communications related to making video games exclusive. The Court previously denied this request for lack of meet and confer *and* because Plaintiffs had made no specific argument as what they were seeking. (Dkt. No. 294 at 2.) In their renewed request, Plaintiffs limit the request to post-February 2023 communications, but have not otherwise narrowed their request; tellingly, they do not dispute Microsoft's assertion that Plaintiffs did not ask about exclusivity discussions during their depositions. (Dkt. No. 299 at 6.) Microsoft argues the request is disproportionate to the needs of the case because without any further narrowing the request would require Microsoft to search through a large volume of documents looking for communications by or to the six executives regarding unspecified exclusivity decisions. Given Plaintiffs' failure to make a specific showing as to what is sought and pursue the discovery first through less burdensome means, the Court agrees the request is not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).

This Order disposes of Docket No. 299.

**IT IS SO ORDERED.**

Dated: December 7, 2023

_____
JACQUELINE SCOTT CORLEY
United States District Judge