Joseph M. Alioto (State Bar No 42680)
Tatiana V. Wallace (SBN 233939)
**ALIOTO LAW FIRM**
One Sansome Street, 35th Floor
San Francisco, CA  94104
Telephone:      (415) 434-8900
Facsimile:       (415) 434-9200
Email:             jmalioto@aliotolaw.com
                       twallace@aliotolaw.com

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Elissa Buchanan (State Bar No. 249996)
David H. Seidel (State Bar No. 307135)
Kathleen J. McMahon (State Bar No. 340007)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:      (415) 500-6800
Facsimile:       (415) 395-9940
Email:             jsaveri@saverilawfirm.com
                       swilliams@saverilawfirm.com
                       czirpoli@saverilawfirm.com
                       eabuchanan@saverilawfirm.com
                       dseidel@saverilawfirm.com
                       kmcmahon@saverilawfirm.com

(Additional Counsel on Signature Page)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DANTE DEMARTINI, et al.,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>MICROSOFT CORPORATION, a Washington corporation,<br><br>　　　　　　　　Defendant. | Case No. 3:22-cv-08991-JSC<br><br>**JOINT STATUS CONFERENCE STATEMENT**<br><br>Status Conference Date: December 21, 2023<br>Time: 9:00 a.m.<br>Location: Zoom<br>Judge: Hon. Jacqueline Scott Corley<br><br>**REDACTED** |

The parties through their undersigned counsel submit the following joint status report.

## I.    Case Status

**Plaintiffs' Position:**

The Parties are preparing for trial to commence on February 5, 2023, assuming the Ninth Circuit rules on the pending appeals before then. The parties have begun meeting and conferring over a pre-trial schedule. However, the numerous issues that Microsoft raises in this joint statement were first discussed with Plaintiffs on the morning of December 14, 2023, the day the statement was due. Plaintiffs propose that the parties continue meeting and conferring over a pre-trial schedule and submit a joint filing by December 20, 2023, outlining the parties' proposed pre-trial schedules.

With respect to Microsoft's request to delay the February 5 trial day, Plaintiffs point out the following:

First, Microsoft asserts that they have a trial conflict with another case. However, when the February 5 trial date was set by this Court, counsel for Microsoft did not alert the Cout or Plaintiffs to any conflict at that time. *See* Hr'g Tr. (Aug. 31, 2023) at 13:10–18. Moreover, the conflict that Microsoft asserts is only a pretrial conference in another case.

Second, it is unclear when the Ninth Circuit decision on the pending appeals will come down, but it appears that the Ninth Circuit is aware that a quick decision is important. There is no reason why the Ninth Circuit orders on the Plaintiffs' and the FTC's appeals could not be issued in December or January. Plaintiffs thus do not think it would be proper to postpone the trial date at this time, when the Ninth Circuit decision may come out in December or January.

Third, Plaintiffs do not believe that the FTC's renewed scheduling of its administrative hearing on the acquisition after the Ninth Circuit issues its decision on the FTC's motion for preliminary injunction is relevant to this matter or its existing trial schedule. Plaintiffs brought suit for injunctive relief in this Court before the FTC filed its own proceeding before this Court to enjoin the Acquisition. Plaintiffs are entitled to pursue their own case, establish their own record, and make their own legal arguments at trial, independent of any FTC proceedings. Indeed the Clayton Act enlists the assistance of market participants as "private attorney generals" to " 'serve ... the high purpose of enforcing the antitrust laws,' " *Cargill,* 479 U.S. at 129 & n. 6, 107 S.Ct. 484 (Stevens, J., dissenting) (quoting *Zenith*

*Radio Corp. v. Hazeltine Research, Inc.,* 395 U.S. 100, 130–31, 89 S.Ct. 1562, 23 L.Ed.2d 129 (1969)); *see also United States v. Borden Co.*, 347 U.S. 514, 519 (1954) (holding that under Section 16 of the Clayton Act, private suits and governmental actions seeking identical injunctive relief, "may proceed simultaneously or in disregard of each other."

**Defendant's Position:**

Microsoft respectfully renews its request that the trial in this matter be continued to a later date. A continuance is appropriate for several reasons.

First, as Microsoft has previously noted, its trial counsel are unavailable for a February 5 trial because it conflicts with a trial in another matter, *In re NFL's Sunday Ticket Antitrust Litigation*, No. 15-ml-02668-PSG-JEM (C.D. Cal.), which has a pretrial conference set on February 7, 2024. The trial begins on February 22, 2024.

Second, postponing the trial date would avoid the inefficient duplication of labor by the parties and the Court. The Court previously indicated its intent to await guidance from the Ninth Circuit in its decisions on the appeals pending in this case and the related matter, *FTC v. Microsoft*, Case No. 23-cv-2880, before holding a trial. (*See* ECF 258 at 3:24–4:4, 4:20–4:22.) The Ninth Circuit held argument on those appeals on December 6, 2023. As of this filing, the Ninth Circuit has not decided either appeal. When it does, its decision (or decisions) may provide guidance on the contours of this case. Given the imminent trial date, the parties will need to begin exchanging and filing pretrial submissions very soon—and those submissions will likely need to be revised or supplemented based on the Ninth Circuit's eventual decision. Postponing the trial would be far more efficient and ensure that the parties' pretrial submissions are most helpful to the Court.

Microsoft also notes that if the Ninth Circuit were to rule before February 5, that would also potentially trigger the start of an administrative trial before the FTC. Following this Court's denial of a preliminary injunction in *FTC v. Microsoft*, the Commission withdrew the matter from administrative adjudication. Since then, the Commission has returned the matter to its docket, and ordered a hearing 21 days after the Ninth Circuit issues its decision in *FTC v. Microsoft*. Microsoft has asked the Commission to modify the hearing date to account for trial counsel's conflict, mentioned above, but the Commission has not ruled on that motion.

1    For these reasons, Microsoft requests the Court postpone the trial and defer scheduling a trial
2    date until after the Ninth Circuit issues its decision(s).  Doing so will allow the parties to tailor their
3    pretrial submissions to any guidance that ruling provides.  Because fact and expert discovery will be
4    complete in February 2024, the Court would be able to promptly set a trial date and pretrial deadlines at
5    that time, minimizing further delay.

## II.    Currently Pending Motions

There are no currently pending motions.

## III.    Anticipated Motions

**Plaintiffs' Position:**

Plaintiffs request leave to file a motion seeking relief from Microsoft's failure to timely produce discovery materials. The issue stems from the following facts, which the parties have extensively met and conferred about:

1. On February 3, 2023, this Court ordered Microsoft to re-produce to Plaintiffs everything that it produced to the FTC in the FTC's related action. *See* ECF No. 48 at 1 ("Microsoft shall produce all documents produced in the FTC action to the extent it controls the documents.").
2. The Court also ordered that Activision re-produce to Plaintiffs all materials that it had produced to the FTC.  *See* Hr'g Tr. (Jun 1, 2023) at 3:25–4:3 ("Microsoft and Activision, to the extent there are documents that are still being produced in the FTC action, should continue to produce those to the Plaintiffs."). And Activision confirmed to Plaintiffs they would do so.
3. Microsoft began re-producing its FTC productions to Plaintiffs in February of 2023.
4. By March of 2023, Microsoft informed Plaintiffs that it had completed its reproduction of FTC materials. *See* ECF No. 68 at 6.
5. From April 2023 to the present, Microsoft continued to make re-productions to Plaintiffs of the re-fresh and newly produced FTC materials.
6. In oppositions to Plaintiffs' motions to compel discovery, Microsoft represented to the Court that it had complied with the Court's order, and had re-produced to Plaintiffs everything that was previously produced to the FTC.
7. For example, on August 25, 2023, Microsoft asserted that "[i]t is not a failing that the FTC

production, reproduced to Plaintiffs, was broad enough to cover the relevant subjects." ECF 250 at 6.

8. Given that Plaintiffs are not a party in the related FTC action, Plaintiffs have no way of confirming or verifying whether Microsoft had in fact re-produced to Plaintiffs everything that they had produced to the FTC.

9. On November 17, 2023, the parties met and conferred about a schedule for expert discovery. Microsoft pushed to have Plaintiffs report be due as quickly as possible. After some back and forth, the parties agreed to the following expert discovery schedule: (1) Plaintiffs' expert report due December 12, 2023; (2) Microsoft's expert report due January 12, 2023; and (3) Plaintiffs' rebuttal report due January 24, 2023. *See* ECF No. 303.

10. On November 20, 2023, Microsoft then produced to Plaintiffs over 700 Gigabytes of data. Microsoft asserted that (1) the materials would be used by Microsoft's experts to support their opinions; and (2) much of the materials was inadvertently not produced to Plaintiffs despite it having been produced to the FTC in March, April, and May of 2023.

11. Between November 20 and December 6, 2023, Plaintiffs and Microsoft met and conferred by email. Plaintiffs inquired into the facts and circumstances surrounding Microsoft's failure of production, and Microsoft has disclosed the following:

   a. By November 16, 2023, Microsoft discovered that Activision had inadvertently not produced to Plaintiffs certain materials that it had produced to the FTC, and that Microsoft wished to rely on the materials in their expert report.

   b. In discovering that Activision had not produced materials to Plaintiffs, Microsoft then suspected that Microsoft also might have failed to produce materials that they had previously produced to the FTC, and that Microsoft wished to rely on those materials in their expert report.

   c. Microsoft says it then discovered, On November 18, 2023, that Microsoft had failed to produce voluminous materials to Plaintiffs that it had previously produced to the FTC in

        March, April, and May of 2023, and that Microsoft wished to rely on this material in its expert report.

    d. Microsoft then produced the materials to Plaintiffs on November 20, 2023.

12. Given the voluminous amount of materials, there was no way for Plaintiffs' expert to analyze the new materials by the report deadline of December 12, 2023.

13. Plaintiffs have been prejudiced by Microsoft's failure to timely produce the materials that they had previously produced to the FTC.

14. Microsoft represented to the Plaintiffs repeatedly that they had finished their re-production of the FTC materials in countless meet and confers.

15. Microsoft also represented to the Court that Microsoft had re-produced to Plaintiffs everything that they produced to the FTC. *See, e.g.*, ECF No. 250 at 6 ("It is not a failing that the FTC production, reproduced to Plaintiffs, was broad enough to cover the relevant subjects."). The Court relied on Microsoft's representations that they had timely completed their re-production of the FTC materials in adjudicating discovery disputes.

Plaintiffs thus request leave to move to exclude the materials that Microsoft had previously produced to the FTC in March, April, and May of 2023, but failed to timely produce to Plaintiffs, or to seek other appropriate relief pursuant to Fed. R. Civ. P. 37(c)(1). See. e.g. *Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2018 WL 1586276, at *24 (N.D. Cal. Apr. 2, 2018)(Excluding expert reliance on late produced data). Plaintiffs also ask for a verified confirmation from Microsoft that all materials produced to the FTC have been produced to Plaintiffs.

    Plaintiffs also request leave to file a letter brief on the issue of whether Microsoft's motion for a protective order to prevent the deposition of Satya Nadella should be granted. On August 31, 2023, the Court ordered the Microsoft and Activision depositions to go forward. *See* Hr'g Tr. (Aug. 31, 2023). Microsoft objected to the deposition of Satya Nadella under the so-called "Apex" doctrine, and requested leave to brief the issue. *Id.* at 7:13–19. The Court held that Plaintiffs should wait until after the other depositions concluded before briefing Microsoft's Apex objection. *Id.* at 8:6–10. Microsoft and Plaintiffs met and conferred in October and agreed that the parties would brief Microsoft's objection to the Nadella deposition after all the other depositions concluded, as requested by the Court, and that

Microsoft had no objection to scheduling Mr. Nadella's deposition after the close of fact discovery if Microsoft's motion for a protective order was denied. Mr. Kotick's deposition—at the request of the witness—was postponed to December 1, 2023. On December 12, Plaintiffs' counsel sent Microsoft a letter regarding the deposition of Mr. Nadella. On December 14, Microsoft responded and requested that the parties meet and confer.

Plaintiffs have informed Microsoft that they would agree to limit the deposition to no more than three hours.

Mr. Nadella has unique knowledge relevant to this matter. He represented Microsoft in negotiations and signed the acquisition documents on behalf of Microsoft. He is therefore a percipient witness. As the Court held during the hearing related to Mr. Kotick's deposition, Plaintiffs have "made a showing that the CEO is a percipient witness. He signed the merger document after all." *See* Hr'g Tr. (June 1, 2023) at 6. Moreover, Mr. Nadella has percipient knowledge about how Microsoft's gaming business fits into Microsoft's larger plans and strategies related to Azure (Microsoft's cloud business) and Windows. For example, in an email sent from Mr. Nadella to Mr. Spencer on July 18, 2022, Mr. Nadella states that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *See* Ex. A. Mr. Nadella then goes on to instruct Mr. Spencer regarding two goals for the XBOX business, and then says that the merger with ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *Id.* Plaintiffs counsel asked Mr. Spencer about this email between Mr. Nadella and Mr. Spencer. Mr. Spencer disputed what Mr. Nadella said and asserted that Mr. Nadella's statements in the email were not true. Microsoft's counsel also objected to such questions on lack of foundation and speculation because it was Mr. Nadella's statements, not Mr. Spencer's. Plaintiffs intend to ask Mr. Nadella about how gaming supports and builds on Microsoft's other core ambitions in cloud and operating systems as expressed in this and other emails, among other percipient facts.

Mr. Nadella also testified as a witness in the Department of Justice's antitrust case against Google's monopoly of online search. Mr. Nadella testified regarding Google's abuse of size and

monopoly power, showing that Mr. Nadella has knowledge and experience with the harmful effects of exclusionary monopoly power.

Plaintiffs have informed Microsoft of all of this previously. Plaintiffs therefore ask for leave of Court to submit a joint letter brief on Microsoft's motion for a protective order to preclude the deposition of Mr. Nadella.

With respect to Microsoft's possible motion for summary judgment, Plaintiffs submit that such a motion would be unlikely to be necessary or limit issues since Plaintiffs claims are for injunctive relief under Sections 7 (15 U.S.C. § 18) and Section 16 (15 U.S.C. § 26) of the Clayton Act where the Court will be the sole trier of fact and law. Microsoft has not met and conferred with Plaintiffs about any issues they believe are susceptible to summary judgment. Indeed, Microsoft says they are still considering whether they want to file a summary judgment motion. Further, the Court has already held that that Plaintiffs have antitrust standing as market participants here. Indeed, injury in fact is not required for injunctive relief. Under Section 7, a showing that the effect of the acquisition *"may be"* substantially to lessen competition, or to tend to create a monopoly is enough. 15 U.S.C. §18. And under Section 16, injunctive relief is appropriate "against *threatened* loss or damage by a violation of the antitrust laws". 15 U.S.C. §26. No issue of standing remains here where the Court has previously found Plaintiffs have antitrust standing.

**Defendant's Position:**

Based on the development of the record so far, Microsoft is considering whether a motion for summary judgment has the potential to narrow the issues for trial or avoid the need for a trial altogether. Microsoft has completed fact witness depositions and recently received Plaintiffs' expert report by Professor Luis Cabral. The uncertain and faraway nature of the claimed harms, in addition to Plaintiffs' admissions that they are not even participants in certain markets, result in serious problems with Plaintiffs' standing to litigate their case. Plaintiffs' expert report concedes that the potential for anticompetitive harm is in a "more distant future" in certain markets. Moreover, Professor Cabral's report provides little if any quantitative evidence regarding Microsoft's incentive to foreclose in any of the alleged markets. Because the appropriateness of a dispositive motion could be impacted by the

Ninth Circuit's rulings in this case and the FTC case, Microsoft believes the appropriate time to discuss these issues may be after those rulings are issued.

Plaintiffs focus on two unripe discovery issues. First, Plaintiffs drastically misrepresent the course of events concerning the production of data, including the nature of the obligations to produce it at all. But the parties have not met and conferred to initiate the Court's joint letter brief process. Indeed, Plaintiffs have been silent about this issue for over a week since Microsoft further explained the timeline, raising for the first time their requested remedy at 4:41 p.m. on December 14 (the day this statement was due). Microsoft is willing to participate in that process.

Second, Microsoft disagrees that Plaintiffs can make a showing necessary to warrant the deposition of Satya Nadella. Plaintiffs have had a month since the last Microsoft deponent, and two weeks since Mr. Kotick's deposition, and have not communicated any topics on which they need to depose Mr. Nadella which have not already been covered by other testimony. But Microsoft is willing to meet and confer with Plaintiffs about the specific topics on which they claim to need to depose Mr. Nadella.

## IV.    Party Discovery

**Plaintiffs' Position:**

Fact discovery closed on November 20, 2023, although depositions of witnesses have occurred after the close of fact discovery. Pursuant to ECF 270, the parties met and conferred about an expert discovery schedule. Microsoft states that "Plaintiffs requested an extension for serving their opening expert report." But that is not true. The parties were required to meet and confer over an expert schedule and the parties agreed to a schedule. *See* ECF 303. Microsoft's misrepresentation on this point should be ignored.

**Defendant's Position:**

Fact discovery closed on November 20. The parties have begun expert discovery. Plaintiffs requested an extension for serving their opening expert report and were unable to serve it until December 12. Accordingly, the parties have submitted, and the Court has entered, a stipulation requesting that the expert discovery period be extended to February 5, to allow the parties time to complete the necessary exchanges of reports and depositions. (ECF 303.)

V. **Trial Format**

**Plaintiffs' Position:**

    a. Time Limits

Plaintiffs previously represented their case in chief could be presented in three days. With discovery now largely complete, Plaintiffs now estimate they can present their evidence to the Court in five days.

    b. Pretrial Briefing

A Trial Brief is appropriate in this matter. Plaintiffs submit that the Findings of Fact and Conclusions of Law can and should be made after evidence is presented.

    c. Live Witnesses at Trial

Microsoft asks the Court to limit Plaintiffs ability to call live witnesses at trial. Microsoft raised this issue for the first time with Plaintiffs on the morning of December 14, 2023. The parties should meet and confer over this issue so that legal authority affecting this issue can be raised.

**Defendant's Position:**

    a. Time Limits

Plaintiffs previously represented that trial in this matter would be completed within three days. (ECF 249 at 2.)  Microsoft believes that the length of trial may be narrowed by summary judgment.  But if not, Microsoft agrees that three days is appropriate, and proposes that the parties split the time equally.

    b. Pretrial Briefing

For efficiency, and given the Court's familiarity with the facts of this matter, Microsoft proposes the parties submit only pretrial findings of fact and conclusions of law (and not trial briefs).  Given the large number of confidential documents in this case, Microsoft requests the parties exchange pretrial FOF and COL, and submit them to the Court before trial, but do not file them publicly on the docket until after the trial concludes.  As in *FTC v. Microsoft*, Microsoft does not intend to include citations to the record in the pretrial FOF and COL.

    c. Reliance on depositions and trial testimony from *FTC v. Microsoft*

Nearly all of the Microsoft employees who may be witnesses in this case live outside of California, and are beyond the Court's subpoena power, *see* Rule 45(c)(1).  Microsoft does not intend to

call the vast majority of them at trial, particularly because many have already offered extensive testimony in this case and *FTC v. Microsoft*.[1] As a compromise, Microsoft proposes that the depositions and testimony from *FTC v. Microsoft* can be relied on by both parties in this case. Doing so will allow for the most efficient presentation of evidence. This is particularly true here, where the Court, as factfinder, has already seen the witnesses testify live and had the opportunity to assess their credibility.

I. **Proposed Pretrial Deadlines**

**Plaintiffs' Position:**

The Parties are still meeting and conferring over a pretrial schedule, but Plaintiffs are largely in agreement with Microsoft's proposed schedule below. However, as noted above, Plaintiffs do not believe that Findings of Fact and Conclusions of Law should be submitted until after the evidence is entered through trial.

**Defendant's Position:**

As noted above, Microsoft requests the Court reschedule the trial in this matter to a later date. However, in preparation for the imminent trial date, the parties have begun meeting and conferring about pretrial deadlines. Microsoft has proposed the below pretrial schedule, which defers many pretrial deadlines until close to the trial date to avoid wasted resources in the event the trial is continued. Microsoft is willing to continue meeting and conferring with Plaintiffs on a proposed pretrial schedule.

| Event | Deadline |
|---|---|
| **First Pretrial Exchange**<br>• Motions in limine (if needed)<br>• Witness Lists<br>• Exhibit Lists | January 15, 2024. |
| **Second Pretrial Exchange**<br>• Oppositions to motions in limine (if needed)<br>• Objections to exhibits | January 22, 2024. |

---

[1] For example, Microsoft's CEO of Gaming, Phil Spencer, has undergone an investigative hearing by the FTC's counsel, depositions by both Plaintiffs' counsel and the FTC's counsel, and lengthy trial examinations.

| Joint Proposed Final Pretrial Order | January 26, 2024. |
|---|---|
| Proposed Findings of Fact and Conclusions of Law | January 26, 2024. |
| Final Pretrial Conference | February 2, 2024. |
| Bench Trial | February 5, 2024. |

Dated: December 15, 2023

By:   */s/ Joseph R. Saveri*
      Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Elissa Buchanan (State Bar No. 249996)
David H. Seidel (State Bar No. 307135)
Kathleen J. McMahon (State Bar No. 340007)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:   (415) 500-6800
Facsimile:   (415) 395-9940
Email:   jsaveri@saverilawfirm.com
      czirpoli@saverilawfirm.com
      eabuchanan@saverilawfirm.com
      dseidel@saverilawfirm.com
      kmcmahon@saverilawfirm.com

Plaintiffs' Counsel

Dated: December 15, 2023

By:  */s/ Tania Rice*

Valarie C. Williams
B. Parker Miller
Tania Rice
Robert Poole
Alston & Bird LLP

Rakesh N. Kilaru
Anastasia M. Pastan
Jenna Pavelec
Wilkinson Stekloff LLP

*Counsel for Defendant Microsoft Corporation*

**Filer's Attestation**

Each of the other Signatories have concurred in the filing of the document, which shall serve in lieu of their signatures on the document.

Dated: December 15, 2023                              By:     */s/ Joseph R. Saveri*
                                                                                Joseph Saveri

# EXHIBIT A
# Filed Under Seal