UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANTE DEMARTINI, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>MICROSOFT CORPORATION,<br><br>  Defendant. | Case No. 3:22-cv-08991-JSC<br><br>**ORDER RE: JOINT DISCOVERY LETTER BRIEF RE: NADELLA DEPOSITION, CONTINUING STATUS CONFERENCE, AND VACATING TRIAL DATE**<br><br>Re: Dkt. No. 316 |

### I.   DISCOVERY DISPUTE

The parties' joint discovery letter brief regarding Plaintiffs' request to depose Satya Nadella, Microsoft's CEO, is now pending before the Court. (Dkt. No. 316.)  Oral argument is not required to resolve this dispute. *See* Civ. L.R. 7-1(b).  Having considered the parties' arguments and the relevant legal authority, Plaintiffs' request is granted.

In light of the potential for abuse, "[w]hen a party seeks the deposition of a high-level executive (a so-called 'apex' deposition)" courts have "discretion to limit discovery where the discovery sought can be obtained from some other source that is more convenient, less burdensome, or less expensive." *Apple Inc. v. Samsung Elecs. Co., Ltd*, 282 F.R.D. 259, 263 (N.D. Cal. 2012) (cleaned up).  However, concerns about a party's potential use of an apex deposition for the purposes of harassment must be balanced with the liberal discovery provisions of the Federal Rules.  *See Blankenship v. Hearst Corp*., 519 F.2d 418, 429 (9th Cir. 1975) ("[A] strong showing is required before a party will be denied entirely the right to take a deposition."). The party opposing the deposition bears the burden of showing the deposition should not be allowed.  *In re Transpacific Passenger Air Transportation Antitrust Litig*., No. C-07-05634 CRB

1  (DMR), 2014 WL 939287, at *2 (N.D. Cal. Mar. 6, 2014).

2      Microsoft has not met its burden here.  "In considering whether to permit an apex
3  deposition, courts examine whether the proposed deponent possesses first-hand knowledge of
4  important, relevant, and material facts." *Bos. Ret. Sys. v. Uber Techs., Inc*., No. 19-CV-06361-RS
5  (DMR), 2023 WL 6132961, at *2 (N.D. Cal. Sept. 19, 2023) (cleaned up).  Mr. Nadella testified in
6  proceedings before the FTC to his direct involvement in the negotiations regarding the acquisition
7  and it is undisputed he signed the agreement on Microsoft's behalf.  (Dkt. No. 315-4.)  To be sure,
8  Plaintiffs have likely obtained other discovery regarding these negotiations from deponents such
9  as Mr. Spencer, but that does not render Mr. Nadella's deposition "unreasonably cumulative or
10 duplicative." Fed. R. Civ. Proc. 26(b)(2)(C)(i).  Mr. Nadella—as Microsoft's CEO and ultimate
11 decisionmaker for the "largest transaction Microsoft has ever made" —may have unique relevant
12 knowledge which Plaintiffs are entitled to explore.

13     Accordingly, Plaintiffs' request to depose Mr. Nadella is GRANTED.  The deposition is
14 limited to three hours at a time and place convenient to Mr. Nadella and the parties.

## II.   CASE MANAGEMENT CONFERENCE AND TRIAL DATE

16     As the Ninth Circuit has not ruled on the pending appeals, the February 5, 2024 bench trial
17 is VACATED and the status conference scheduled for January 11, 2024 is continued to February
18 8, 2024 at 1:30 p.m. via Zoom video. A joint status statement is due by February 6, 2024.

**IT IS SO ORDERED.**

Dated: January 8, 2024

JACQUELINE SCOTT CORLEY
United States District Judge