Valarie C. Williams (Bar No. 335347)
Tania Rice (Bar No. 294387)
Alston & Bird LLP
560 Mission Street, Suite 2100
San Francisco, CA 94105
Telephone: (415) 243-1000
valarie.williams@alston.com
tania.rice@alston.com

B. Parker Miller (*pro hac vice*)
Robert H. Poole (*pro hac vice*)
Alston & Bird LLP
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
Telephone: (404) 881-7000
parker.miller@alston.com
robert.poole@alston.com

Beth A. Wilkinson (*pro hac vice*)
Rakesh N. Kilaru (*pro hac vice*)
Kieran Gostin (*pro hac vice*)
Anastasia M. Pastan (*pro hac vice*)
Wilkinson Stekloff LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
bwilkinson@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
kgostin@wilkinsonstekloff.com
apastan@wilkinsonstekloff.com

*(Additional Counsel on Signature Page)*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| DANTE DEMARTINI, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MICROSOFT CORPORATION, a Washington corporation, <br><br> Defendant. | Case No. 3:22-cv-08991-JSC <br><br> **JOINT STATUS CONFERENCE STATEMENT** <br><br> Status Conference Date: March 14, 2024 <br> Time: 1:30 p.m. <br> Location: Zoom <br> Judge: Hon. Jacqueline Scott Corley |

The parties through their undersigned counsel submit the following joint status report.

## I. Case Status

**Plaintiffs' Position:**

Plaintiffs respectfully request that a trial date be set promptly after the Ninth Circuit issues its opinion. Plaintiffs intend to file a motion for a temporary restraining order and preliminary injunction to prevent Microsoft from further gutting Activision Blizzard until Plaintiffs can be heard on the merits.

**Microsoft's Position:**

As to a trial date, Microsoft continues to agree with the Court's prior comments that a trial in this action should occur after the trial in the FTC matter, which was filed first.

A new motion for injunctive relief would be without merit. Plaintiffs seek to revisit issues that they have already lost, including their failure to show immediate irreparable harm and their lack of entitlement to a "hold separate" order controlling Microsoft and Activision's post-merger actions. And as the Court ordered in response to Plaintiffs' motion to hold separate, it lacks jurisdiction to consider such issues while Plaintiffs' appeal is pending. (*See* Dkt. 290.) Plaintiffs have articulated no basis for a temporary restraining order or preliminary injunction, other than the factually erroneous points raised over a month ago in the last status conference statement.

## II. Discovery

**Plaintiffs' Position:**

On February 2, 2024, after the close of fact discovery, Activision (now Microsoft) produced over 14,000 documents that it had failed to produce to Plaintiffs, despite that those documents—long since produced to the FTC—were ordered to be produced on June 1, 2023. Plaintiffs are meeting and conferring with Defendant over its discovery failures.

**Microsoft's Position:**

Microsoft is willing to further meet and confer with Plaintiffs regarding Activision's production, but notes that the parties met and conferred on February 8 to discuss Plaintiffs' chief complaint about the delayed production of Activision documents—namely, that Microsoft's expert relied on three documents from it in her report, while Plaintiffs received the documents only nine days before their rebuttal report deadline. In response, Microsoft agreed to extend the rebuttal deadline by three weeks, to March 4,

2024.  As explained in the stipulation extending the schedule, that agreement resolved all of Plaintiffs' concerns regarding experts.  (*See* Dkt. 337.)

Plaintiffs also filed, yesterday, a letter brief asking for the Court to intervene as to the deposition date for Satya Nadella.  The Court has already declined to intervene.  (Dkt. 335.)  The letter brief flouts the Court's Standing Order and prior reminders of the parties' meet and confer obligations.  Indeed, at the last meet and confer between the parties, Plaintiffs' counsel indicated that they were considering accepting the April 30, 2024 date that Mr. Nadella continues to hold open.  Microsoft is ready to respond to the letter brief if necessary, but believes the brief is procedurally improper and provides no basis for the Court to alter course from its prior decision not to intervene on this issue.  The facts remain that Microsoft has offered a date for Mr. Nadella's deposition without Plaintiffs citing any apparent conflict, and that Microsoft has offered to accelerate that deposition if needed to accommodate an earlier trial in this matter.  Plaintiffs also notably failed, at any point prior to now, to suggest that they need to depose Mr. Nadella before the deposition of Microsoft's economic expert.

### III.    Expert Depositions

**Microsoft's Position:**

On February 12, the Court granted the parties' stipulated request to modify the expert discovery schedule to allow expert depositions to conclude by April 19, 2024.  (Dkt. 337.)  Thereafter, the parties have conferred regarding specific deposition dates.  The parties have agreed to set the deposition of Microsoft's expert, Dr. Elizabeth Bailey, for March 25, but have been unable to find a date for the deposition of Plaintiffs' expert, Dr. Luís Cabral, that works for both sides.

In agreeing to the revised discovery schedule, Microsoft made clear that:

1. the early April dates that Plaintiffs had offered for Dr. Cabral's deposition were unworkable for defense counsel;
2. "Dr. Cabral's deposition needs to proceed the week of April 15;"
3. defense counsel would make any day the week of April 15 work; and
4. Microsoft would seek to extend the expert discovery schedule to allow for a mutually agreeable deposition date later in April if Plaintiffs did not offer a deposition date the week of April 15.

After filing the stipulation, Plaintiffs informed Microsoft that Dr. Cabral is not available the week of April 15. Microsoft then offered to take Dr. Cabral's deposition any day the week of April 22. Plaintiffs communicated that Dr. Cabral also is not available any day the week of April 22.

Plaintiffs' insistence that the deposition occur in late March or early April is not only unworkable; it would be unfair. Plaintiffs will have had <u>73 days</u> between receiving Dr. Bailey's report and deposing Dr. Bailey. As Microsoft has repeatedly made clear during meet and confers and in correspondence to Plaintiffs, Microsoft should have some parity in the amount of time it has to prepare for Dr. Cabral's deposition.

Microsoft now requests, pursuant to the good cause identified above, to depose Dr. Cabral after the scheduled close of expert discovery, and at the earliest date that is convenient to both parties. As there is neither a trial date nor any impending deadlines in this matter, delaying Dr. Cabral's deposition will not prejudice either party or alter the case schedule. Microsoft believes that this is an appropriate matter to address at the status conference, but if necessary, it will formally move to extend the expert discovery cutoff to allow for Dr. Cabral's deposition.

**Plaintiffs Position:**

On February 12, the Court granted the parties' stipulated request to modify the expert discovery schedule to allow expert depositions to conclude by April 19, 2024. (ECF 337). Almost immediately after stipulating to the April 19 cutoff, Microsoft asserted they would seek not to follow it. Plaintiffs do not believe that Microsoft has good cause to do so. Microsoft proposed that Plaintiffs take the deposition of Microsoft's expert, Dr. Elizabeth Bailey, on a single date: March 25. Plaintiffs accepted that date. Plaintiffs proposed that Microsoft take the deposition of Dr. Cabral on any of the following dates: March 27, April 1, April 8, or April 9. Microsoft has refused all four proposed dates.

### IV. <u>Alternative Dispute Resolution</u>

**Microsoft's Position:**

This case was not assigned at filing to the ADR Multi-Option Program as contemplated by ADR L.R. 3-2, and the parties have not yet otherwise engaged in any formal alternative dispute resolution. Now that fact discovery is closed and while the parties await the Ninth Circuit decision and possible FTC administrative trial, Microsoft believes that it would be beneficial for the Court to refer

this case to mediation or a settlement conference. If this issue cannot be addressed at the status conference, Microsoft intends to file a motion for referral to an ADR process per ADR L.R. 3-3.

**Plaintiffs' Position:**

Plaintiffs do not feel that ADR is appropriate here. The Court and the parties are awaiting the Ninth Circuit decision, and there is currently no trial date. Moreover, Microsoft has steadfastly asserted that they are unwilling to consider divesting Activision Blizzard and its AAA content, which is what Plaintiffs' lawsuit seeks.

Dated: March 12, 2024

By: /s/ Cadio Zirpoli

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Elissa Buchanan (State Bar No. 249996)
David H. Seidel (State Bar No. 307135)
Kathleen J. McMahon (State Bar No. 340007)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:   (415) 500-6800
Facsimile:    (415) 395-9940
Email:          jsaveri@saverilawfirm.com
                    czirpoli@saverilawfirm.com
                    eabuchanan@saverilawfirm.com
                    dseidel@saverilawfirm.com
                    kmcmahon@saverilawfirm.com
                    acera@saverilawfirm.com

*Plaintiffs' Counsel*

Dated: March 12, 2024

By: /s/ Valarie Williams

Valarie C. Williams
B. Parker Miller
Tania Rice
Robert Poole
**Alston & Bird LLP**

Beth A. Wilkinson
Rakesh N. Kilaru
Kieran G. Gostin
Anastasia M. Pastan

Jenna Pavelec
**Wilkinson Stekloff LLP**

*Counsel for Defendant Microsoft Corporation*

**Filer's Attestation**

Each of the other Signatories have concurred in the filing of the document, which shall serve in lieu of their signatures on the document.

Dated: March 12, 2024                By:    */s/ Valarie Williams*
                                            Valarie Williams