Joseph M. Alioto (State Bar No. 42680)
Tatiana V. Wallace (State Bar No. 233939)
**ALIOTO LAW FIRM**
One Sansome Street, 35th Floor
San Francisco, CA  94104
Telephone:      (415) 434-8900
Facsimile:      (415) 434-9200
Email:          jmalioto@aliotolaw.com
                twallace@aliotolaw.com

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Elissa Buchanan (State Bar No. 249996)
David H. Seidel (State Bar No. 307135)
Kathleen J. McMahon (State Bar No. 340007)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone:      (415) 500-6800
Facsimile:      (415) 395-9940
Email:          jsaveri@saverilawfirm.com
                czirpoli@saverilawfirm.com
                eabuchanan@saverilawfirm.com
                dseidel@saverilawfirm.com
                kmcmahon@saverilawfirm.com

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DANTE DEMARTINI, et al.,<br><br>                    Plaintiffs,<br><br>     v.<br><br>MICROSOFT CORPORATION, a Washington corporation,<br><br>                    Defendant. | Case No. 3:22-cv-08991-JSC<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S ADMINISTRATIVE MOTION TO FILE SUPPLEMENTARY MATERIAL IN OPPOSITION TO PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER**<br><br>**<u>REDACTED</u>** |

**MEMORANDUM OF POINTS AND AUTHORITIES**

Under Civil Local Rule 7-3(d), "[o]nce a reply is filed, no additional memoranda, papers or letters may be filed without prior court approval." The Court should withhold its approval here, as Defendant Microsoft Corporation's ("Microsoft") motion to file more than 120 pages of expert material *after* Plaintiffs filed their reply brief is wholly improper.[1] The omission is particularly glaring because Plaintiffs submitted the report of a highly qualified expert, Dr. Cabral, in support of their motion, yet Microsoft chose not to submit an expert report in opposition. Microsoft bears sole responsibility for the absence of Dr. Bailey's report from the record. Her report was finalized on January 12, 2024, months prior to Microsoft's opposition filing. Microsoft's failure to submit evidence was clearly a choice. Equally clearly, Microsoft now realizes that it has failed to respond to—much less controvert—the factual showing Plaintiffs made in their motion. Microsoft's eleventh hour effort to fix its failure in proof demonstrates the strength of Plaintiffs' showing and why the motion should be granted. Of course, it would be unjust and contrary to the rules to allow Microsoft to gain a litigation advantage over Plaintiffs due to its own decision not to submit the Bailey report. It was Microsoft that chose not to submit the Bailey report and instead to argue that the Court "need not address the likelihood of success on the merits." ECF No. 367 at 15. Microsoft's second thoughts aside, the Court should not reward Microsoft's failures. Microsoft should not be allowed to play by its own set of rules.

On April 3, 2024, Microsoft's counsel emailed counsel for Plaintiffs, stating, "[i]n light of your argument on reply to the motion for a TRO that Dr. Cabral's report is unrebutted (which [Microsoft] view[s] as incorrect), Microsoft plans to file an administrative motion to file supplemental material later today to make Dr. Bailey's report available to the court." Declaration of David H. Seidel, dated April 5, 2024, at Ex. A. Counsel for Plaintiffs responded, objecting to the late addition and seeking to meet and confer. *Id.* Microsoft never replied to Plaintiffs' counsel's email. *Id.*

Microsoft's justification for its tardy submission suffers from tortured logic. Microsoft does not

---

[1] Microsoft attempts to provide cover for its improper factual submission, asserting that it necessary to correct an "erroneous implication" in Plaintiffs' reply. That statement is wholly false. There are no new facts submitted in the reply and all of the facts were discussed or raised in the moving papers and supporting material submitted at the time.

explain why it needs to file supplemental material to rebut Dr. Cabral's report if, as counsel's email clearly implies, Microsoft had already rebutted the report. *See id.* If counsel is correct, and Microsoft already rebutted Dr. Cabral's report, then it does not need to file supplemental material. *See In re: Facebook, Inc. Consumer Priv. User Profile Litig.*, Case No. 18-md-02843, 2021 WL 3209711, at *3 (N.D. Cal. July 29, 2021) (denying Plaintiff's motion to file surreply "to correct four 'untrue statements' in [Defendant's] reply" because what Plaintiffs sought to correct had "already been addressed in . . . briefings").

More to the point, Microsoft fails to explain why it did not file its expert economist's report in support of its opposition in the first place. Plaintiffs' motion showed the anticompetitive effects of the merger that are now taking place (increased prices, substantial layoffs, cancelling and diminishment of AAA content) and relied on opinions from Dr. Cabral, Plaintiffs' expert economist, *see* ECF No. 350 at 8, 10, 20-21, 23. Microsoft offers no reason why the Court should give it a second chance to oppose, especially now that Microsoft has seen Plaintiffs' reply. "There can be no finality to litigation if parties submit new filings whenever they think of something new to say." *Stemcell Techs. Canada Inc. v. StemExpress, LLC*, No. 21-CV-01594-VC, 2022 WL 17259040, at *1 (N.D. Cal. Nov. 29, 2022); *see Greenliant Sys., Inc. v. Xicor LLC*, No. C-11-0631 EMC, 2011 WL 3273496, at *3 (N.D. Cal. Aug. 1, 2011) (denying introduction of supplementary material under Local Rule 7-3(d) because reply brief did not include new evidence that would warrant introduction of such material).[2]

If, however, the Court allows Microsoft to rely on Dr. Bailey's report at this late date, it should also permit Plaintiffs to file a response. When a party "raises a new argument or presents new evidence in a reply brief, a court may consider these matters only if the adverse party is given an opportunity to respond." *Banga v. First USA, NA*, 29 F. Supp. 3d 1270, 1276 (N.D. Cal. 2014); *see Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) ("[W]here new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond." (citation omitted)). Allowing Microsoft to belatedly file Dr. Bailey's report which

---

[2] This Court regularly denies motions to file supplemental material when made under circumstances analogous to those present here. *See, e.g.*, *Kamath v. United States Dep't of Homeland Sec.*, No. 3:23-cv-03531-JSC, 2024 WL 1077328, at *1 (N.D. Cal. Mar. 12, 2024) (Corley, J.); *In re Facebook, Inc. Consumer Priv. User Profile Litig.*, 2021 WL 3209711, at *3 (Corley, J.).

it had in hand for months without also allowing Plaintiffs an opportunity to respond would be unjust. If given an opportunity to respond, Plaintiffs would present the Court with evidence that first, Dr. Bailey's report should be given little weight because her deposition testimony shows her opinions to be untethered to the record, contrary to the facts, unreliable and inadmissible under Federal Rule of Evidence 702. At the deposition, Dr. Bailey admitted she lacked a basic understanding of key facts and ignored others. Microsoft's counsel also improperly instructed her not to answer questions about her opinions related to Dr. Cabral's rebuttal report. Second, Plaintiffs have uncovered additional evidence of further layoffs and another AAA game that was cancelled by Microsoft after the merger, further demonstrating the merger's anticompetitive effects.

**Dr. Bailey Showed a Lack of Basic Knowledge and Microsoft's Counsel Instructed Her Not to Answer Questions About Her Opinions**

Plaintiffs deposed Dr. Bailey about her report on March 25, 2024. During her deposition, she was evasive, gave non-responsive answers, and claimed not to know or remember basic facts relevant to her analysis. For example, Dr. Bailey appeared legitimately clueless as to whether Microsoft is one of the top three largest companies in the world. *See* Ex. B at 44:9–14 ▮▮▮▮▮. Dr. Bailey was similarly unaware that Google is one of the largest companies in the world. *See* Ex. B at 220:4–9 ▮▮▮▮▮. Amazon too. Ex. B at 220:10–17 ▮▮▮▮▮. Further, with respect to key acquisitions, Dr. Bailey was similarly uninformed. Dr. Bailey testified that she had no idea whether Microsoft's acquisition of ZeniMax in 2020 was for more or less than a billion dollars (it was for roughly $7.5 billion in cash). *See* Ex. B at 46:8–13 ▮▮▮▮▮. Dr. Bailey was also unaware that Activision Blizzard had increased industry consolidation and concentration through its own history of mergers. Dr. Bailey opines in her report that the industry has not been consolidating, yet testified in her deposition that she was

1 unaware that Activision Blizzard had acquired other independent studios before being acquired by
2 Microsoft. *See* Ex. B at 47:3–9 ▮
3 ▮.
4 Dr. Bailey needed to look at her report to figure out who Tencent was. *See* Ex. B at 47:10–14 ▮
5 ▮. In fact, Dr. Bailey expressed basic confusion about
6 the nature of her own report. Microsoft proffers Dr. Bailey as its proposed expert economist on the issue
7 of whether this merger "*may substantially lessen competition.*" Yet, Dr. Bailey was confused about the
8 basics of economic competition. She testified that she did not understand the terms "competition" or
9 "competitor" and spent five pages of deposition testimony refusing to answer a simple question concerning
10 whether Microsoft and Activision Blizzard competed against each other, all while Microsoft's counsel
11 objected the whole way through. *See* Ex. B at 63:7–68:15. She also failed to consider or address much of
12 the documentary evidence of Microsoft executives in this case. As shown through her deposition
13 testimony, Dr. Bailey's report and opinions have substantial problems, are not reliable, and are
14 inadmissible. They are entitled to no weight here.

15    Microsoft's counsel also engaged in various forms of discovery abuse and deposition misbehavior.
16 Counsel instructed Dr. Bailey not to answer whether she formed any new opinions after reading Dr.
17 Cabral's rebuttal report. *See* Ex. B at 208:13–20 ▮
18 ▮
19 ▮
20 ▮; *see also* Ex. B at 208:2–11
21 ▮
22 ▮
23 ▮
24 ▮. The entire exchange makes plain the improper conduct. *See* Ex. B at 205:7–208:20.
25    Plaintiffs respectfully request that the Court deny Microsoft's request to supplement its opposition.
26 However, if the Court grants Microsoft's motion, Plaintiffs should be given an opportunity to respond.
27 Plaintiffs' response would note, for example, that Dr. Bailey's report admits that Microsoft and Activision
28 Blizzard directly competed in the publishing of AAA games, and that the merger—by Dr. Bailey's own

1  biased calculations—would combine the ▇▇▇▇ publisher (Activision Blizzard) with the ▇▇▇▇
2  publisher (Microsoft), to create the ▇▇▇▇ publisher of AAA games. *See* ECF No. 378-2 at 23
3  (Exhibit 16).

### Plaintiffs Have Uncovered Additional Evidence of Layoffs and Cancelled AAA Content

Plaintiffs are eager to bring this case to trial. Microsoft, on the other hand, has sought to delay and impede these proceedings at every turn. Yet as shown in Plaintiffs' moving papers, Microsoft is currently engaging in conduct that makes divestiture impractical and difficult and thus, harming Plaintiffs ability to receive the statutory relief the Clayton Act provides. Indeed, Microsoft's conduct is harming the Court's ability to restore competition should it find the merger unlawful. The harm to the industry and to these Plaintiffs is happening right now, in real time, as a result of the merger. Just this week, an independent Microsoft/Activision support studio, Certain Affinity, which supports the games *Halo* and *Call of Duty*, laid off roughly 10% of its workforce. *See* Matt Whales, *Halo, Call of Duty support studio Certain Affinity is laying off 25 employees*, Eurogamer (Mar. 28, 2024), https://www.eurogamer.net/halo-call-of-duty-support-studio-certain-affinity-confirms-its-laying-off-25-employees. It was the first time Certain Affinity had such layoffs in its seventeen-year history. *Id.*

Plaintiffs have also recently uncovered further evidence of Microsoft's lowering output of AAA content after the merger. Earlier this year, Microsoft pulled the plug on a *Halo*-themed battle royale game that had been in development at Certain Affinity for years, yet another example of Microsoft cancelling AAA game content in the wake of the merger. *See* Tom Phillips, *Halo battle royale reportedly cancelled after years of work*, Eurogamer (Jan. 15, 2024), https://www.eurogamer.net/halo-battle-royale-reportedly-cancelled-after-years-of-work. Plaintiff Dante DeMartini, among other of the Plaintiffs, was particularly disappointed in learning of this cancellation and would have loved to play a *Halo* battle royale game.

In short, Microsoft's motion to file supplemental material is improper and without good cause, and should be denied. If however, the Court allows Microsoft to supplement its opposition filing, Plaintiffs request leave to file a response.

| | | |
|---|---|---|
| Dated: April 5, 2024 | By: | /s/ Joseph R. Saveri |
| | | Joseph R. Saveri |

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Elissa Buchanan (State Bar No. 249996)
David H. Seidel (State Bar No. 307135)
Kathleen J. McMahon (State Bar No. 340007)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone:  (415) 500-6800
Facsimile:   (415) 395-9940
Email:          jsaveri@saverilawfirm.com
                   czirpoli@saverilawfirm.com
                   eabuchanan@saverilawfirm.com
                   dseidel@saverilawfirm.com
                   kmcmahon@saverilawfirm.com

Joseph M. Alioto (SBN 42680)
Tatiana V. Wallace (SBN 233939)
**ALIOTO LAW FIRM**
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone:  (415) 434-8900
Facsimile:   (415) 434-9200
Email:          jmalioto@aliotolaw.com
                   twallace@aliotolaw.com

*Plaintiffs' Counsel*