UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANTE DEMARTINI, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>    Defendant. | Case No. 22-cv-08991-JSC<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>Re: Dkt. No. 350 |

Plaintiff recreational video game players filed this action to enjoin a proposed merger between Microsoft Corporation and Activision Blizzard, Inc. (Dkt. No. 84 ¶ 1.[1]) After overcoming various hurdles, including a separate preliminary injunction action brought by the Federal Trade Commission, *see FTC v. Microsoft Corp.* (Case No. 3:23-cv-02880-JSC), and foreign regulatory actions, the merger closed on October 13, 2023. Now pending before the Court is Plaintiffs' motion for a temporary restraining order and preliminary injunction to prohibit Microsoft from further harming Activision's "ability to compete as an independent company" pending a final decision on the case's merits. (Dkt. No. 350 at 3.)

After carefully considering the arguments and briefing submitted, the Court concludes oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and DENIES Plaintiffs' motion for lack of jurisdiction in light of the pending appeal of the denial of the initial motion for preliminary injunction.

**PROCEDURAL BACKGROUND**

In January 2022, Microsoft announced plans to acquire Activision. (Dkt. No. 1 ¶ 2.) Later

---

[1] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

1  that year, on December 8, the Federal Trade Commission (FTC) filed an administrative complaint
2  challenging the merger.  Complaint, Microsoft Corp., FTC Docket No. 9412 (Dec. 8, 2022).
3  About two weeks later, Plaintiffs filed this action and a motion for preliminary injunction to block
4  the merger.  (Dkt. Nos. 1, 4.)  Microsoft initially moved to stay this case pending resolution of the
5  FTC administrative action.  (Dkt. No. 26.)  The Court denied the motion, but Microsoft stipulated
6  the merger would not occur before May 1, 2023.  (Dkt. Nos. 33, 48.)  The Court accordingly
7  scheduled the motion for preliminary injunction to be heard on April 13, 2023, and directed
8  Microsoft to produce certain discovery.  (Dkt. No. 48.)

9        In the meantime, Microsoft moved to dismiss the complaint.  (Dkt. No. 42.)  The Court
10 granted the motion to dismiss with leave to amend, concluding the complaint failed to state a
11 claim.  (Dkt. No. 74.)  In light of the dismissal, the Court vacated the preliminary injunction
12 hearing.  (*Id*. at 11.)  Plaintiffs subsequently filed the operative First Amended Complaint,
13 repleading vertical and horizontal merger claims under Sections 7 and 16 of the Clayton Act.
14 (Dkt. No. 84.)  Microsoft again moved to dismiss the FAC.  (Dkt. No. 120.)  Shortly after,
15 Plaintiffs filed a renewed motion for preliminary injunction.  (Dkt. No. 135.)  The Court heard
16 both motions on May 12, 2023.  The Court denied Plaintiffs' motion for preliminary injunction
17 concluding, among other things, that Plaintiffs had not demonstrated a likelihood of irreparable
18 injury.  (Dkt. No. 189.)  The Court also dismissed Plaintiffs' amended horizontal merger claim,
19 but held the FAC sufficiently pled a vertical merger claim.  (Dkt. No. 228.)

20       While the Court granted Plaintiffs leave to amend, they chose not to do so.  But they did
21 appeal to the Ninth Circuit the denial of a preliminary injunction.  (Dkt. No. 207; *see also Dante*
22 *DeMartini v. Microsoft Corp.*, Case No. 23-15846 (9th Cir.).)  Shortly after they appealed,
23 Plaintiffs asked the Ninth Circuit to enjoin Microsoft from closing the merger pending their
24 appeal.  (Case No. 23-15846 (9th Cir.), Dkt. No. 7.)  A month later, on July 11, 2023, Plaintiffs
25 filed an emergency motion requesting the Ninth Circuit to adjudicate its motion for temporary
26 injunction on an emergency basis.  (Case No. 23-15846 (9th Cir.), Dkt. No. 42.)  In response, the
27 Ninth Circuit issued a brief order denying Plaintiffs' injunction motion, noting "[t]he standard for
28 evaluating an injunction pending appeal is similar to that employed by district courts in deciding

1  whether to grant a preliminary injunction." (Case No. 23-15846 (9th Cir.), Dkt. No. 46.)

2  Plaintiffs then applied to Justice Kagan of the United States Supreme Court for a stay of
3  the denial of their preliminary injunction motion and for an emergency injunction to temporarily
4  halt the merger pending their Ninth Circuit appeal. *Dante Demartini v. Microsoft Corp.*, No.
5  23A40 (Jul. 17, 2023). Justice Kagan denied the application. *Id*.

6  After the denials by the Ninth Circuit and the Supreme Court, Plaintiffs moved this Court
7  on October 9, 2023 for a hold separate order. (Dkt. No. 276.) Plaintiffs asked the Court to order
8  Microsoft "maintain Activision as a separate subsidiary and preclude Microsoft from merging or
9  eliminating any of Activision's business units or gaming studios" pending resolution of Plaintiffs'
10 claims on the merits. (Dkt. No. 276 at 8.) The Court denied the motion as Plaintiffs failed to
11 provide a legal basis for their hold separate request, or any reason the Court can or should consider
12 a renewed injunction request while Plaintiffs' appeal of the Court's denial of a similar preliminary
13 injunction is pending before the Ninth Circuit. (Dkt. No. 290 at 2.)

14 On December 6, 2023, the Ninth Circuit heard argument on Plaintiffs' appeal. (Case No.
15 23-15846 (9th Cir.), Dkt. No. 98.) To date, the Ninth Circuit has not ruled on the appeal. (Case
16 No. 23-15846 (9th Cir.).) Nor have Plaintiffs made any new motions or taken new actions in the
17 Ninth Circuit since the hearing. (*Id*.)

18 In light of the still-pending appeal, the Court vacated the February 5, 2024 bench trial.
19 (Dkt. No. 318.) In the joint case management statement submitted to the Court on February 6,
20 2024, Plaintiffs pointed to Microsoft's recent layoff of its video game division employees,
21 including those in the Activation unit, and stated they "are preparing a Temporary Restraining
22 Order to stop Microsoft from firing the remainder of Activision employees." (Dkt. No. 333 at 3-
23 4.)

24 More than a month later, on March 13, Plaintiffs filed the currently pending motion for
25 temporary restraining order and preliminary injunction. (Dkt. No. 350.) Specifically, Plaintiffs
26 ask the Court to order Microsoft maintain Activision as an independent subsidiary, without (1)
27 terminating more Activision employees; (2) further interfering with the development of new
28 Activision game content; (3) severing relationships with or closing more Activision game studios;

3

1  or (4) taking any other action that would further irreparably harm Activision's ability to compete
2  as an independent company.  (*Id*. at 4.)

### Related FTC Case

While Plaintiffs' appeal of the preliminary injunction denial was pending before the Ninth Circuit, the FTC filed its own action for a preliminary injunction of the merger.  (Case No. 3:23-cv-02880-JSC, Dkt. No. 1.)  The FTC sought a court order to enjoin the merger pending the FTC administrative action's completion.  (*Id*.)  The case was related to Plaintiffs' case in front of the Court.  (Case No. 3:23-cv-02880-JSC, Dkt. No. 21.)  On July 10, 2023, and following a several-day evidentiary hearing, the Court denied the FTC's requested preliminary injunction for failure to show a likelihood the FTC will succeed on the merits.  (Case No. 3:23-cv-02880-JSC, Dkt. No. 305.)  The FTC appealed the Court's denial to the Ninth Circuit.  (Case No. 3:23-cv-02880-JSC, Dkt. No. 307; *see also FTC v. Microsoft Corp.*, Case No. 23-15992 (9th Cir.).)

The Ninth Circuit heard the FTC's appeal on December 6, 2023—same day as Plaintiffs' appeal hearing.  (Case No. 23-15992 (9th Cir.), Dkt. No. 114.)  On February 7, 2024, the FTC submitted a letter to the Ninth Circuit notifying it of Microsoft's publicly reported plan to lay off employees in its video game division, including the Activision unit.  (Case No. 23-15992 (9th Cir.), Dkt. No. 117.)  The FTC argued the layoff plan was inconsistent with Microsoft's representation Activation would operate independently post-merger and would undermine the FTC's ability to order effective relief should it prevail on the pending administrative proceeding.  (*Id*. at 2.)  To date, the Ninth Circuit has not ruled on the FTC's appeal.  (Case No. 23-15992 (9th Cir.).)

### DISCUSSION

"Once a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed." *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001).  The only exception to the jurisdictional transfer principle is when the district court acts to "preserve the status quo." *Id*.  Any action taken by the district court "may not materially alter the status of the case on appeal." *Id*.  This exception "does not restore jurisdiction to the district court to adjudicate anew the merits of the case." *Id*. (quoting *McClatchy*

4

1   *Newspapers v. Cent. Valley Typographical Union No. 46*, 686 F.2d 731, 734 (9th Cir.1982)).

2       Here, Plaintiffs' appeal of the Court's denial of a preliminary injunction enjoining the
3   proposed merger between Microsoft and Activision is still pending before the Ninth Circuit.
4   (Case No. 23-15846 (9th Cir.).)  In their latest motion for TRO and preliminary injunction,
5   Plaintiffs address the jurisdiction issue only in a footnote, stating "[t]his Court has jurisdiction to
6   issue a TRO because 'the district court retains jurisdiction during the pendency of an appeal to act
7   to preserve the status quo.'"  (Dkt. No. 350 at 2, n.1, quoting *Sw. Marine*, 242 F.3d at 1166.)  In
8   their reply, Plaintiffs argue further that the Court has jurisdiction because the "factual predicate"
9   of this motion is different from the previous motion to hold separate, which the Court denied for,
10  among other reasons, a lack of jurisdiction.  (Dkt. No. 375 at 13.)  Unlike the motion to hold
11  separate, which Plaintiffs made before the merger closed, the current motion is based on
12  Microsoft's "actual post-merger actions." (*Id*.)  Relying on certain post-merger events, including
13  the recent layoff at Microsoft's gaming division, Plaintiffs insist Microsoft is "diminishing
14  Activision Blizzard's ability to compete as an independent company" and a divestiture will be "an
15  increasingly impotent remedy" without the requested injunctive relief.  (*Id*.)

16      Plaintiffs fail to meet their burden to show the Court has jurisdiction to impose their
17  requested relief.  In *Southwest Marine*—the only case Plaintiffs cite to support jurisdiction—the
18  district court found the defendant liable under the Clean Water Act and imposed an injunction
19  requiring the defendant to, among other things, (1) conduct water column testing by taking water
20  sample "at the surface" and (2) construct a storm water capture facility in "a reasonably
21  expeditious manner."  242 F.3d at 1165.  The defendant appealed the judgment, including the
22  injunction.  *Id*.  While the appeal was pending, the district court received additional briefing on the
23  injunctive measures and subsequently modified the injunction measures by substituting vague
24  language with more concrete requirements: (1) "at the surface" to "microlayer" and (2)
25  "reasonably expeditious" to a specific 18-month deadline.  *Id*.  The defendant challenged the
26  modifications for lack of jurisdiction, but the Ninth Circuit affirmed the modifications because
27  they "preserved the status quo." *Id*. at 1167.  The Ninth Circuit reasoned the modifications did not
28  change but instead "effectuated the underlying purposes of the original requirements."  *Id*.  More

importantly, the modifications did not materially alter the status of the defendant's appeal, the core issues of which were whether the district court could permissibly require (1) any water column testing or (2) the construction of the storm water capture facility. *Id*. If the core issues were ultimately reversed on appeal, the modifications would also effectively be reversed. *Id*.; *see also Hoffman v. Beer Drivers & Salesmen's Local Union No. 888,* 536 F.2d 1268, 1276 (9th Cir. 1976) (holding where the district court "supervises a continuing course of conduct" and whereas new facts develop additional supervision action is required, "an appeal from the supervisory order does not divest the district court of jurisdiction to continue its supervision, even though in the course of that supervision the court acts upon or modifies the order from which the appeal is taken.").

Here, the pending appeal challenges the Court's denial of the requested preliminary injunction to enjoin Microsoft's merger with Activision. One of the issues on appeal is whether the named plaintiffs are likely to suffer irreparable harm in the absence of an injunction; the Court held they are not. But to grant Plaintiffs' most recent motion for preliminary injunctive relief, the Court would have to find that Plaintiffs are likely to suffer irreparable harm in the absence of an injunction—exactly the opposite of what the Court previously found and the precise issue on appeal. So, Plaintiffs' requested relief alters rather than maintains the status quo. *See Sw. Marine*, 242 F.3d at 1166 (defining "status quo" in the context of jurisdictional transfer as "the status of the case on appeal," not the status of the parties); *see also Kern Oil & Refining Co. v. Tenneco Oil Co.*, 840 F.2d 730, 734 (9th Cir. 1988) ("The appellate court is entitled to review a fixed, rather than a mobile, record."). Further, the status quo is that there is presently no order enjoining Microsoft from doing anything; Plaintiffs ask the Court to impose significant restrictions on Microsoft's conduct. Again, such relief alters rather than maintains the status quo. Plaintiffs cite no case, and the Court is not aware of any, that holds the district court has jurisdiction to take such action while an appeal of its denial of injunctive relief is pending. *See Sw. Marine,* 242 F.3d at 1166 (internal citation omitted) ("[The exception to the jurisdictional transfer principle] does not restore jurisdiction to the district court to adjudicate anew the merits of the case.").

**CONCLUSION**

For the reasons stated above, the Court is divested of jurisdiction to order a preliminary injunction while the Court's previous denial of a similar preliminary injunction is pending appeal. Accordingly, Plaintiffs' motion for temporary restraining order and preliminary injunction is DENIED. Microsoft's administrative motion to supplement the record is DENIED as moot.

This Order disposes of Docket Nos. 350, 379.

**IT IS SO ORDERED.**

Dated: April 8, 2024

JACQUELINE SCOTT CORLEY
United States District Judge