Joseph M. Alioto (State Bar No. 42680)
Tatiana V. Wallace (State Bar No. 233939)
**ALIOTO LAW FIRM**
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone:     (415) 434-8900
Facsimile:      (415) 434-9200
Email:            jmalioto@aliotolaw.com
                      twallace@aliotolaw.com

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Elissa Buchanan (State Bar No. 249996)
David H. Seidel (State Bar No. 307135)
Kathleen J. McMahon (State Bar No. 340007)
Evan A. Creutz (State Bar No. 349728)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone:     (415) 500-6800
Facsimile:      (415) 395-9940
Email:            jsaveri@saverilawfirm.com
                      czirpoli@saverilawfirm.com
                      eabuchanan@saverilawfirm.com
                      dseidel@saverilawfirm.com
                      kmcmahon@saverilawfirm.com
                      ecreutz@saverilawfirm.com
                      acera@saverilawfirm.com

(Additional Counsel on Signature Page)

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| DANTE DEMARTINI, et al., | Case No. 3:22-cv-08991-JSC |
| Plaintiffs, | **JOINT STATUS CONFERENCE STATEMENT** |
| v. | Status Conference Date: May 2, 2024<br>Time: 1:30 p.m. |
| MICROSOFT CORPORATION, a Washington corporation, | Location: Zoom<br>Judge: Hon. Jacqueline Scott Corley |
| Defendant. | |

The parties through their undersigned counsel submit the following joint status report.

I. **Case Status**

**Plaintiffs' Position:**

The case status remains unchanged since the last status conference. As the Court has instructed, the parties are patiently awaiting the decisions of the Ninth Circuit on the appeals from (1) the Court's order in this case denying Plaintiffs' motion for a preliminary injunction on the ground that they could not show immediate irreparable harm, in part because they could seek divestiture after the merger's consummation; and (2) the Court's order in the related FTC case denying the FTC's motion for a preliminary injunction on the ground that the FTC failed to show a likelihood that it would prevail on its claim that the merger might substantially lessen competition in the video game library subscription, cloud gaming, and console markets.

Plaintiffs believe that a trial should be scheduled in this matter promptly after the Ninth Circuit rules. Plaintiffs seek divestiture, which is "an important antitrust remedy that 'is simple, relatively easy to administer, and sure.'" ECF No. 189 at 8 (quoting *California v. American Stores Co.*, 495 U.S. 271, 281 (1990)). But as demonstrated in Plaintiffs' motion for a temporary restraining order and preliminary injunction to preserve the status quo, Microsoft is taking various actions that are (1) irreparably harming Plaintiffs—such as cancelling AAA video games and raising prices—and (2) further harming competition in ways that may prove irreparable, such as firing a significant number of Activision Blizzard employees and rapidly increasing its Game Pass subscriber base. As Mr. Nadella recently testified, there are network effects that ensure that a platform that grows to scale first will have significant competitive advantages over smaller platforms, because the larger platforms will receive more content from third-party developers and thereby further increase their user bases at the expense of smaller platforms. *See, e.g.*, Deposition of Satya Nadella, dated April 23, 2024, at 23:18-24:10 (explaining how "network effects" work, using the "search" market as an example). Indeed, Microsoft's own documents state that when it comes to content subscriptions, "the first to scale wins." ECF No. 133-5. Game Pass grew from roughly 25 million subscribers in 2022 to over 35 million subscribers as of November 2024, just after the merger, and that subscriber count has almost certainly increased further since then. As time passes, Microsoft continues to increase its market power, prices have increased,

1  games continue to be cancelled, development capacities continue to diminish, and Game Pass continues
2  to trend towards a monopoly.

3      Plaintiffs are preparing a proposed pre-trial schedule that Plaintiffs will share with Microsoft for
4  comments and any counter proposals. Plaintiffs propose that the parties submit to the Court a proposed
5  pre-trial schedule by May 10, 2024.

6      Finally, on April 9, 2024, the Court issued an order denying the administrative motions to seal
7  that were pending at that time and requiring that any renewed omnibus motion to seal be filed by April
8  26, 2024. *See* ECF No. 388. The Court did not set a deadline for Plaintiffs' response to such a motion.
9  *See id.* On April 26, 2024, Microsoft, Activision Blizzard, Inc., and Sony Interactive Entertainment LLC
10 ("Sony") filed a 39-page omnibus motion to seal materials related to Plaintiffs' motion for a temporary
11 restraining order. ECF No. 392. Microsoft and Sony have agreed that Plaintiffs will have until May 10,
12 2024, to respond to the renewed omnibus motion to seal.

13 **Microsoft's Position:**

14     Deciding on a pretrial schedule at this time makes little sense, when there is no trial date set and
15 the parties agree that none should be set until *at least* after the Ninth Circuit ruling in this action and the
16 FTC action. Microsoft continues to submit that a trial date (and pretrial deadlines) should be set after
17 the trial in the FTC's administrative proceeding, the timing of which is currently uncertain.

18     Plaintiffs' unfocused recitation of deposition testimony is irrelevant to this status conference, but
19 Microsoft is compelled to note that it is mischaracterized. For example, the cited portions of Mr.
20 Nadella's deposition testimony discuss Microsoft *not* being the dominant player in certain markets,
21 which does not support Plaintiffs' case. And as Microsoft has repeatedly explained, the Game Pass
22 subscriber numbers that Plaintiffs cite are a meaningless apples-to-oranges comparison. *E.g.*, Dkt. 342
23 at 4. Notably, much of this out-of-context evidence is unrelated to Plaintiffs' surviving vertical
24 foreclosure claim—which is about Microsoft's incentives and ability to make *Call of Duty* exclusive to
25 its platforms—and does not suggest any increased urgency in setting a trial schedule.

26                    **II.    Discovery**

27 **Plaintiffs' Position:**

28     Plaintiffs took the depositions of Dr. Elizabeth Bailey on March 25, 2024, and Satya Nadella on

April 23, 2024. Microsoft is scheduled to take the deposition of Dr. Luis Cabral on May 14, 2024. No further depositions are scheduled.

**Microsoft's Position:**

Fact discovery and expert discovery are closed, except for the deposition of Dr. Luis Cabral, which is scheduled for May 14, 2024.

### III. Dispositive and Daubert Motions

**Microsoft's Position:**

Expert discovery closed on April 19. However, the parties have set the deposition of Plaintiffs' expert, Dr. Luis Cabral, for May 14. (*See* Dkt. 390.) The parties continue to await a Ninth Circuit ruling and a trial in the FTC matter. Accordingly, Microsoft requests that the Court continue the deadline for dispositive motions (which, if based on the April 19 close of expert discovery, would fall on May 20 under Federal Rule of Civil Procedure 56). It requests that a deadline for dispositive and Daubert motions be reset following the Ninth Circuit's ruling.

**Plaintiffs' Position:**

Microsoft's attempt to use the May 14 deposition of Luis Cabral in order to postpone the dispositive motions deadline is disingenuous and frivolous. As Microsoft concedes, expert discovery closed on April 19, and Microsoft's demand that the Cabral deposition occur *after* the close of expert discovery changes nothing. Indeed, as is memorialized in the joint stipulation, Microsoft assured Plaintiffs and the Court that allowing Microsoft to take the Cabral deposition after the close of expert discovery would "not alter any other deadlines in the case." ECF No. 390. When Microsoft filed that stipulation, their summary judgment motion was due by May 20, 2024. Microsoft cannot now seek to change the May 20 dispositive motion deadline.

### IV. Alternative Dispute Resolution

**Microsoft's Position:**

The Court instructed the parties to be prepared to discuss an ADR referral at the upcoming status conference. (*See* Dkt. 369.) Microsoft believes that it would be beneficial for the Court to refer this case to mediation.

**Plaintiffs' Position**:

    Plaintiffs do not believe ADR is warranted in this case because Plaintiffs are seeking divestiture, a remedy which Microsoft will not agree to.

Dated: April 30, 2024             By: */s/ Joseph R. Saveri*

    Joseph R. Saveri (State Bar No. 130064)
    Cadio Zirpoli (State Bar No. 179108)
    Elissa Buchanan (State Bar No. 249996)
    David H. Seidel (State Bar No. 307135)
    Kathleen J. McMahon (State Bar No. 340007)
    Evan A. Creutz (State Bar No. 349728)
    Aaron Cera (State Bar No. 351163)
    **JOSEPH SAVERI LAW FIRM, LLP**
    601 California Street, Suite 1505
    San Francisco, California 94108
    Telephone: (415) 500-6800
    Facsimile: (415) 395-9940
    Email: jsaveri@saverilawfirm.com
    czirpoli@saverilawfirm.com
    eabuchanan@saverilawfirm.com
    dseidel@saverilawfirm.com
    kmcmahon@saverilawfirm.com
    ecreutz@saverilawfirm.com
    acera@saverilawfirm.com

*Plaintiffs' Counsel*

Dated: April 30, 2024             By: */s/ Valarie C. Williams*

Valarie C. Williams
B. Parker Miller
Tania Rice
Robert Poole
**ALSTON & BIRD LLP**

Beth A. Wilkinson
Rakesh N. Kilaru
Kieran G. Gostin
Anastasia M. Pastan
Jenna Pavelec
**WILKINSON STEKLOFF LLP**

*Counsel for Defendant Microsoft Corporation*

**FILER'S ATTESTATION**

Each of the other Signatories have concurred in the filing of the document, which shall serve in lieu of their signatures on the document.

Dated: April 30, 2024                    By:     */s/ Joseph R. Saveri*
                                                      Joseph R. Saveri